LODGED

2011 OCT 11 AM 10: 21

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

ORIGINAL

FILED
CLERK, U.S. DISTRICT COURT
OCT 11 2011
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION
BY DEPUTY

MARICELA SEGURA, CA Bar No. 225999
RAYMOND E. MCKOWN, CA Bar No. 150975
e-mail: msegura@ftc.gov and rmckown@ftc.gov
FEDERAL TRADE COMMISSION
10877 Wilshire Blvd., Suite 700
Los Angeles, CA 90024
Telephone: (310) 824-4343
Facsimile: (310) 824-4380

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

FEDERAL TRADE COMMISSION,

Plaintiff,

v.

RINCON MANAGEMENT SERVICES, LLC, a California limited liability company, also d/b/a "Rincon Debt Management," "Rincon Filing Services," and "Pacific Management Recovery"; PRIME WEST MANAGEMENT RECOVERY, LLC, a Delaware limited liability company; UNION MANAGEMENT SERVICES, LLC, a California limited liability company, also d/b/a "Union Filing Services"; NATIONAL FILING SERVICES, LLC, a California limited liability company; CITY INVESTMENT SERVICES, LLC, a California limited liability company; GLOBAL FILING SERVICES, LLC, a California limited liability company; PACIFIC MANAGEMENT RECOVERY, LLC, a Delaware limited liability company; JASON R. BEGLEY, an individual; and WAYNE W. LUNSFORD, an individual,

Defendants.

Case no. ED CV 11 - 01623 VAP SPx

PLAINTIFF'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER WITH ASSET FREEZE, APPOINTMENT OF TEMPORARY RECEIVER, IMMEDIATE ACCESS TO BUSINESS PREMISES, AND OTHER EQUITABLE RELIEF, AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; STATEMENT RE NOTICE TO COUNSEL (LOCAL RULE 7-19.1)

MARICELA SEGURA, CA Bar No. 225999
RAYMOND E. MCKOWN, CA Bar No. 150975
e-mail: msegura@ftc.gov and rmckown@ftc.gov
FEDERAL TRADE COMMISSION
10877 Wilshire Blvd., Suite 700
Los Angeles, CA 90024
Telephone: (310) 824-4343
Facsimile: (310) 824-4380

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

LODGED
2011 OCT 11 AM 10:2?
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY

FILED
CLERK, U.S. DISTRICT COURT
OCT 11 2011
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION
BY DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>Plaintiff,<br>v.<br>RINCON MANAGEMENT SERVICES, LLC, a California limited liability company, also d/b/a "Rincon Debt Management," "Rincon Filing Services," and "Pacific Management Recovery"; PRIME WEST MANAGEMENT RECOVERY, LLC, a Delaware limited liability company; UNION MANAGEMENT SERVICES, LLC, a California limited liability company, also d/b/a "Union Filing Services"; NATIONAL FILING SERVICES, LLC, a California limited liability company; CITY INVESTMENT SERVICES, LLC, a California limited liability company; GLOBAL FILING SERVICES, LLC, a California limited liability company; PACIFIC MANAGEMENT RECOVERY, LLC, a Delaware limited liability company; JASON R. BEGLEY, an individual; and WAYNE W. LUNSFORD, an individual,<br>Defendants. | Case no. ED CV 11 - 01623 VAP SPx<br><br>PLAINTIFF'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER WITH ASSET FREEZE, APPOINTMENT OF TEMPORARY RECEIVER, IMMEDIATE ACCESS TO BUSINESS PREMISES, AND OTHER EQUITABLE RELIEF, AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; STATEMENT RE NOTICE TO COUNSEL (LOCAL RULE 7-19.1) |

*EX PARTE* TRO APPLICATION

Plaintiff Federal Trade Commission ("FTC"), pursuant to Rule 65(b) of the Federal Rules of Civil Procedure and Local Rule 7-19, applies to this Court on an *ex parte* basis without notice for a temporary restraining order with asset freeze, the appointment of a temporary receiver, an order permitting immediate access to Defendants' business premises, limited expedited discovery, and other equitable relief, and an order to show cause why a preliminary injunction should not issue and a permanent receiver should not be appointed ("TRO") against Defendants Rincon Management Services, LLC, also d/b/a "Rincon Debt Management," "Rincon Filing Services," and "Pacific Management Recovery"; Prime West Management Recovery, LLC; Union Management Services, LLC, also d/b/a "Union Filing Services"; National Filing Services, LLC; City Investment Services, LLC; Global Filing Services, LLC; Pacific Management Recovery, LLC; Jason R. Begley; and Wayne W. Lunsford ("Defendants").

As grounds for this application, Plaintiff states that Defendants have engaged, and continue to engage, in acts and practices that violate Section 5(a) of the Federal Trade Commission Act, 15 U.S.C. § 45(a), and various provisions of the Fair Debt Collection Practices Act, 15 U.S.C.§ 1692 *et seq.*, as set forth in the FTC's Complaint, its Memorandum of Points and Authorities in support of this Application, and the supporting declarations and exhibits. Through this action, Plaintiff FTC seeks equitable relief, including rescission or reformation of contracts, restitution, disgorgement of Defendants' ill-gotten gains, and refunds for consumers. The immediate and temporary relief requested by this Application is necessary to halt Defendants' unlawful conduct and prevent Defendants from dissipating or concealing assets or destroying documents before a preliminary injunction can be issued.

As discussed in "Plaintiff's *Ex Parte* Application for Order Waiving the Requirement that Advance Notice of Plaintiff's *Ex Parte* Application for

Temporary Restraining Order, Order Sealing Court File, and Order Granting Leave to Exceed Page Limit" ("Waiver Application"), filed concurrently herewith, the interests of justice require that this *ex parte* Application be heard without notice, pursuant to Fed. R. Civ. P. 65(b). Advance notice of this action to Defendants may result in dissipation or concealment of assets and destruction of documents. Such actions will cause immediate and irreparable damage by impeding Plaintiff's efforts and the Court's ability to redress consumer losses that have resulted from Defendants' violations. Issuing the TRO with asset freeze and other requested relief without notice will facilitate full and effective relief by preserving the *status quo* pending a hearing on the requested Preliminary Injunction. *See* Certification and Declaration of Plaintiff's Counsel, and Plaintiff's Waiver Application, filed concurrently herewith.

In addition, Plaintiff seeks to avoid any inadvertent premature notice to Defendants by other sources regarding the filing of these documents, which might result in the dissipation or concealment of assets or the destruction or concealment of documents. Thus, Plaintiff is concurrently filing an *ex parte* application to file all documents in this matter under seal for a short duration.

STATEMENT RE NOTICE TO COUNSEL (LOCAL RULE 7-19.1)

Plaintiff's counsel does not know who will represent Defendants in this matter. Plaintiff has not provided Defendants with prior notice of this *ex parte* TRO Application, or of the accompanying *ex parte* applications for orders to temporarily seal the court file, to waive the notice requirement for *ex parte* applications, and for leave to file a memorandum in support of Plaintiff's TRO Application which exceeds the page limit set forth in the Local Rules. This is because if Defendants are provided notice of this action, there is a strong likelihood that Defendants will dissipate assets and destroy records. *See* Certification and Declaration of Plaintiff's Counsel, filed concurrently herewith. Consequently,

Plaintiff requests that, in the interests of justice, this Court waive the notice requirement pursuant to Local Rule 7-19.2.

Dated: October 10, 2011

Respectfully submitted,

Maricela Segura
Raymond E. McKown
Attorneys for Plaintiff
FEDERAL TRADE COMMISSION