

LODGED

2011 OCT 11 AM 10: 21

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY _____

FILED
CLERK, U.S. DISTRICT COURT

OCT 11 2011

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

1  MARICELA SEGURA, CA Bar No. 225999
2  RAYMOND E. MCKOWN, CA Bar No. 150975
   e-mail: msegura@ftc.gov and rmckown@ftc.gov
3  FEDERAL TRADE COMMISSION
   10877 Wilshire Blvd., Suite 700
   Los Angeles, CA 90024
4  Telephone: (310) 824-4343
   Facsimile: (310) 824-4380
5
6  Attorneys for Plaintiff
   FEDERAL TRADE COMMISSION
7
8              UNITED STATES DISTRICT COURT
               CENTRAL DISTRICT OF CALIFORNIA
9
   FEDERAL TRADE COMMISSION,        Case no.
10
                                    ED CV 11 - 01623 VAP
11                 v.                                          SPx
12 RINCON MANAGEMENT                [PROPOSED] TEMPORARY
   SERVICES, LLC, a California limited  RESTRAINING ORDER WITH
13 liability company, also d/b/a "Rincon  ASSET FREEZE, APPOINTMENT
   Debt Management," "Rincon Filing  OF TEMPORARY RECEIVER,
14 Services," and "Pacific Management  IMMEDIATE ACCESS TO
   Recovery"; PRIME WEST           BUSINESS PREMISES, EXPEDITED
15 MANAGEMENT RECOVERY, LLC,       DISCOVERY, AND ORDER TO
   a Delaware limited liability company;  SHOW CAUSE WHY A
16 UNION MANAGEMENT               PRELIMINARY INJUNCTION
   SERVICES, LLC, a California limited  SHOULD NOT ISSUE
17 liability company, also d/b/a "Union
   Filing Services"; NATIONAL FILING
18 SERVICES, LLC, a California limited
   liability company; CITY
19 INVESTMENT SERVICES, LLC, a
   California limited liability company;
20 GLOBAL FILING SERVICES, LLC,
   a California limited liability company;
21 PACIFIC MANAGEMENT
   RECOVERY, LLC, a Delaware limited
22 liability company; JASON R.
   BEGLEY, an individual; and WAYNE
23 W. LUNSFORD, an individual,
24                 Defendants.
25
26
27
28

ORIGINAL





1  MARICELA SEGURA, CA Bar No. 225999
2  RAYMOND E. MCKOWN, CA Bar No. 150975
   e-mail: msegura@ftc.gov and rmckown@ftc.gov
3  FEDERAL TRADE COMMISSION
   10877 Wilshire Blvd., Suite 700
4  Los Angeles, CA 90024
   Telephone: (310) 824-4343
5  Facsimile: (310) 824-4380

6  Attorneys for Plaintiff
   FEDERAL TRADE COMMISSION
7
8                UNITED STATES DISTRICT COURT
                 CENTRAL DISTRICT OF CALIFORNIA
9
   FEDERAL TRADE COMMISSION,          Case no.
10
                        Plaintiff,    ED CV 11 - 01623 VAP SPx
11
                 v.
12 RINCON MANAGEMENT                   [PROPOSED] TEMPORARY
   SERVICES, LLC, a California limited  RESTRAINING ORDER WITH
13 liability company, also d/b/a "Rincon  ASSET FREEZE, APPOINTMENT
   Debt Management," "Rincon Filing     OF TEMPORARY RECEIVER,
14 Services," and "Pacific Management    IMMEDIATE ACCESS TO
   Recovery"; PRIME WEST               BUSINESS PREMISES, EXPEDITED
15 MANAGEMENT RECOVERY, LLC,           DISCOVERY, AND ORDER TO
   a Delaware limited liability company;  SHOW CAUSE WHY A
16 UNION MANAGEMENT                    PRELIMINARY INJUNCTION
   SERVICES, LLC, a California limited  SHOULD NOT ISSUE
17 liability company, also d/b/a "Union
   Filing Services"; NATIONAL FILING
18 SERVICES, LLC, a California limited
   liability company; CITY
19 INVESTMENT SERVICES, LLC, a
   California limited liability company;
20 GLOBAL FILING SERVICES, LLC,
   a California limited liability company;
21 PACIFIC MANAGEMENT
   RECOVERY, LLC, a Delaware limited
22 liability company; JASON R.
   BEGLEY, an individual; and WAYNE
23 W. LUNSFORD, an individual,

24                      Defendants.
25
26
27
28

FILED
CLERK, U.S. DISTRICT COURT

OCT 11 2011

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION        BY DEPUTY

Plaintiff Federal Trade Commission ("Commission" or "FTC"), pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and Section 814 of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692*l*, has filed its Complaint for injunctive and other equitable relief, and applied *ex parte* for a temporary restraining order with asset freeze, the appointment of a temporary receiver, immediate access to business premises, expedited discovery, and an order to show cause why a preliminary injunction should not issue pursuant to Rule 65 of the Federal Rules of Civil Procedure.

## FINDINGS OF FACT

This Court has considered plaintiff's Complaint, *ex parte* Application for Temporary Restraining Order ("TRO Application"), Memorandum of Points and Authorities, Declarations and Exhibits in support of Plaintiff's TRO Application, and all other papers filed herein. It appears to the satisfaction of the Court that:

1.     This Court has jurisdiction over the subject matter of this case. There is also good cause to believe the Court will have jurisdiction over the parties, and that venue in this district is proper.

2.     There is good cause to believe that Defendants Rincon Management Services, LLC also d/b/a "Rincon Debt Management," "Rincon Filing Services," and "Pacific Management Recovery"; Prime West Management Recovery, LLC; Union Management Services, LLC also d/b/a "Union Filing Services"; National Filing Services, LLC; City Investment Services, LLC; Global Filing Services, LLC; Pacific Management Recovery, LLC; Jason R. Begley; and Wayne W. Lunsford have engaged in and are likely to engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FDCPA, 15 U.S.C. § 1692 - 1692p, and that the Commission is likely to prevail on the merits of this action;

3.     There is good cause to believe that immediate and irreparable harm will result from Defendants' ongoing violations of the FTC Act and the FDCPA

1  unless Defendants are immediately restrained and enjoined by order of this Court.

2       4.     There is good cause to believe that immediate and irreparable damage

3  to the Court's ability to grant effective final relief for consumers in the form of

4  monetary restitution and disgorgement of ill-gotten gains will occur from the

5  transfer, dissipation, or concealment by Defendants of their assets or business

6  records unless Defendants are immediately restrained and enjoined by order of this

7  Court; and that in accordance with Fed. R. Civ. P.65(b) and Local Rules 7-19 and

8  65-1, there is good cause for issuing this Temporary Restraining Order.

9       5.     Good cause exists for appointment of a Temporary Receiver over

10  Business Entity Defendants Rincon Management Services, LLC also d/b/a "Rincon

11  Debt Management," "Rincon Filing Services," and "Pacific Management

12  Recovery"; Prime West Management Recovery, LLC; Union Management

13  Services, LLC also d/b/a "Union Filing Services"; National Filing Services, LLC;

14  City Investment Services, LLC; Global Filing Services, LLC; and Pacific

15  Management Recovery, LLC.

16       6.     Weighing the equities and considering the Commission's likelihood of

17  ultimate success, a Temporary Restraining Order ("Order") with an asset freeze, the

18  appointment of a Temporary Receiver, immediate access, and other equitable relief

19  is in the public interest.

20       7.     No security is required of any agency of the United States for issuance

21  of a restraining order.  Fed. R. Civ. P. 65(c).

22  **ORDER**

23  **Definitions**

24  For purposes of this Order, the following definitions shall apply:

25       1.     **"Plaintiff"** means the Federal Trade Commission.

26       2.     **"Defendants"** means Defendants Rincon Management Services, LLC

27  also d/b/a "Rincon Debt Management," "Rincon Filing Services," and "Pacific

28  Management Recovery"; Prime West Management Recovery, LLC; Union

3

1  Management Services, LLC also d/b/a "Union Filing Services"; National Filing
2  Services, LLC; City Investment Services, LLC; Global Filing Services, LLC;
3  Pacific Management Recovery, LLC; Jason R. Begley; and Wayne W. Lunsford,
4  and each of them by whatever names each might be known, as well as their
5  successors and assigns, whether acting directly or through any corporation,
6  subsidiary, division, or other device, including, but not limited to, fictitious business
7  names.

8      3.   **"Business Entity Defendants"** means Defendants Rincon Management
9  Services, LLC also d/b/a "Rincon Debt Management," "Rincon Filing Services," and
10  "Pacific Management Recovery"; Prime West Management Recovery, LLC; Union
11  Management Services, LLC also d/b/a "Union Filing Services"; National Filing
12  Services, LLC; City Investment Services, LLC; Global Filing Services, LLC; and
13  Pacific Management Recovery, LLC and each of them by whatever names each
14  might be known.

15      4.   **"Individual Defendants"** means Jason R. Begley and Wayne W.
16  Lunsford, and each of them by whatever names each might be known.

17      5.   **"Receivership Defendants"**  refers to Defendants Rincon Management
18  Services, LLC also d/b/a "Rincon Debt Management," "Rincon Filing Services," and
19  "Pacific Management Recovery"; Prime West Management Recovery, LLC; Union
20  Management Services, LLC also d/b/a "Union Filing Services"; National Filing
21  Services, LLC; City Investment Services, LLC; Global Filing Services, LLC; and
22  Pacific Management Recovery, LLC, as well as any successors, assigns, affiliates,
23  and subsidiaries that conduct any business related to the Defendants' debt collection
24  business and which the Temporary Receiver has reason to believe are owned or
25  controlled in whole or in part by any of the Defendants.

26      6.   **"Assets"** means any legal or equitable interest in, right to, or claim to,
27  any real or personal property, including, without limitation, chattels, goods,
28  instruments, equipment, fixtures, general intangibles, leaseholds, mail or other

4

deliveries, inventory, checks, notes, accounts, credits, contracts, receivables, shares of stock, and all cash, wherever located.

7.   **"Debt"** means any obligation or alleged obligation to pay money arising out of a transaction, whether or not such obligation has been reduced to judgment.

8.   **"Document"** is equal in scope and synonymous in meaning to the terms "document" and "electronically stored information," as described and used in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and any other data compilations from which information can be obtained. A draft or non-identical copy is a separate document within the meaning of the term.

9.   **"Financial Institution"** means any bank, savings and loan institution, credit union, or any financial depository of any kind, including but not limited to any brokerage house, trustee, broker-dealer, escrow agent, title company, money market or mutual fund, commodity trading company, merchant account processor, payment processor, or precious metal dealer, or any entity or person that holds, controls, or maintains custody of any account or asset of any Defendant.

11.   **"Material"** means likely to affect: (1) a person's choice of, or conduct regarding, goods or services, or (2) a person's conduct regarding payment of a debt.

12.   **"Person"** means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, or any other group or combination acting as an entity.

13.   **"Temporary Receiver"** means the temporary receiver appointed by the Court herein.

# I.

# PROHIBITION AGAINST DEFENDANTS' USE OF UNFAIR, DECEPTIVE, OR ABUSIVE ACTS OR PRACTICES

**IT IS THEREFORE ORDERED** that in connection with the collection or

attempted collection of debts, Defendants and their officers, directors, agents,

servants, employees, representatives, divisions, attorneys, successors, and assigns,

and all other persons or entities in active concert or participation with any of them

who receive actual notice of this Order by personal service, ~~facsimile, email, or~~ personal delivery

~~otherwise~~, are hereby temporarily restrained and enjoined from, directly or

indirectly violating Section 5 of the FTC Act, 15 U.S.C. § 45, and any Section of

the FDCPA, 15 U.S.C. §§ 1692-1692p, by engaging in unfair, deceptive, or abusive

acts or practices, including but not limited to:

     A.    Misrepresenting, either orally or in writing, expressly or by

implication:

          1.    That Defendants' agent is a process server seeking to serve the

consumer with pleadings or legal papers pertaining to a lawsuit filed, or to be filed,

against the consumer;

          2.    That Defendants' agent is an attorney, or Defendants'

communication is from an attorney;

          3.    That nonpayment of a debt will result in a consumer's

imprisonment, arrest, or in the seizure, garnishment, or attachment of a consumer's

property or wages;

          4.    That Defendants have filed or intend to file a lawsuit against a

consumer;

          5.    The character, amount, or legal status of a debt;

          6.    Any material fact in the collection of a debt, in the attempt to

collect a debt, or in obtaining information concerning a consumer.

     B.    Failing to disclose or disclose adequately:

          1.    The debt collector's name and position, and that the purpose of

the call is to collect a debt when speaking with the consumer;

          2.    The consumer's right to dispute his or her debt and to obtain

verification of the debt, either in the initial communication with the consumer, or

1 | within five days thereafter; and

2 |         3.      All material information relating to a consumer's decision to pay

3 | any alleged debt.

4 |       C.      Communicating with third parties for purposes other than acquiring

5 | location information about a consumer, without having obtained directly the prior

6 | consent of the consumer or the express permission of a court of competent

7 | jurisdiction.

8 |                                         **II.**

9 |                                   **ASSET FREEZE**

10 |       **IT IS FURTHER ORDERED** that each of the Defendants is hereby

11 | temporarily restrained and enjoined, until further order of this Court, from:

12 |       A.      Transferring, encumbering, selling, concealing, pledging,

13 | hypothecating, assigning, spending, withdrawing, disbursing, conveying, ~~gifting~~, giving

14 | dissipating, or otherwise disposing of any funds, property, coins, lists of consumer

15 | names, shares of stock, or other assets, wherever located, that are:

16 |         1.      owned or controlled by any of the Defendants, in whole or in

17 | part;

18 |         2.      in the actual or constructive possession of any of the

19 | Defendants;

20 |         3.      held by an agent of any of the Defendants, as a retainer for the

21 | agent's provision of services to a Defendant;

22 |         4.      owned, controlled by, or in the actual or constructive possession

23 | of, or otherwise held for the benefit of, any corporation, partnership, or other entity

24 | directly or indirectly owned or controlled by any of the Defendants; including, but

25 | not limited to assets held by any Defendant in any account at any bank or savings

26 | and loan institution, such as accounts over which the Individual Defendants, Jason

27 | R. Begley or Wayne W. Lunsford, have signatory authority, with any broker-dealer,

28 | escrow agent, title company, commodity trading company, precious metal dealer,

merchant account processor, credit card processing agent, automated clearing house, transaction processor, bank debt processing agent, customer service agent, commercial mail receiving or forwarding agency, freight holding or forwarding agency, or other financial institution of any kind, including, but not limited to the following accounts:

1.  HSBC Account in the name of any Defendant;

2.  Bank of America Account in the name of any Defendant;

3.  Bank of America Account #xxxxxx7915 (Rincon Management Services, LLC);

4.  Bank of America Account #xxxxxx8122 (National Filing Services, LLC);

5.  Bank of America Account #xxxxxx8108 (Global Filing Services, LLC);

6.  Bank of America Account #xxxxxx8130 (Heavy Hitters Investments, Inc.);

7.  Citibank Account # xxxxx2924 (Wayne W. Lunsford);

8.  Citibank Account # xxxxx0762 (City Investment Services, LLC);

9.  Citibank Account #xxxxx1419 (Pacific Management Recovery, LLC);

10. Citibank Account #xxxxx7686 (Prime West Management Recovery, LLC);

11. Citibank Account #xxxxx0671 (Union Management Services, LLC);.

12. Citibank Account #xxxxx4965 (Portfolio Investment Group, LP);

13. Citibank Account #xxxxx7793 (Lunsford Investment and Management Services, Inc.);

8

14.    Citibank Account #xxxxx9206 (Universal Filing Services, Inc.);

15.    Citibank Account #xxxxx5332 (Portfolio Investment Financial, Inc.);

16.    ~~Citibank Account #xxxxx8869 (Asset Filing Services, Inc.);~~

17.    Citibank Account #xxxxx5407 (Portfolio Investment Partners, Inc.);

18.    ~~Citibank Account #xxxxx8653 (County Filing Services, Inc.);~~

19.    Citibank Account #xxxxx9903 (Raincross Filing Services, Inc.);

20.    ~~Citibank Account #xxxxx9937 (Raincross Filing Services, Inc.);~~

21.    Citibank Account #xxxxx2402 (National Filing Services, Inc.);

22.    Citibank Account #xxxxx2286 (National Filing Services, Inc.);

23.    ~~Citibank Account #xxxxx7716 (Capital Filing Services, Inc.);~~

24.    Citibank Account #xxxxx7724 (Capital Filing Services, Inc.);

25.    Citibank Account #xxxxx8729 (Capital Filing Services, Inc.);

26.    Citibank Account #xxxxx4068 (Worldwide Filing Services, Inc.);

27.    Citibank Account #xxxxx4076 (Worldwide Filing Services, Inc.);

28.    Citibank Account #xxxxx6732 (Asset Filing Services, Inc.);

29.    Citibank Account #xxxxx2212 (County Filing Services, Inc.);

30.    Citibank Account #xxxxx2204 (County Filing Services, Inc.);

31.    Citibank Account #xxxxx0033 (Superior Filing Services, Inc.);

32.    Citibank Account #xxxxx0041 (Superior Filing Services, Inc.);

33.    Citibank Account #xxxxx0009 (Eagle Filing Services, Inc.);

34.    Citibank Account #xxxxx9977 (Eagle Filing Services, Inc.);

35.    Citibank Account #xxxxx2147 (Southcoast Financial Services, Inc.);

36.    ~~Citibank Account #xxxxx2154 (Southcoast Financial Services,~~

Inc.);

37. Citibank Account #xxxxx1867 (West Coast Filing Services, Inc.);

38. Citibank Account #xxxxx1883 (West Coast Filing Services, Inc.);

39. Citibank Account #xxxxx9993 (Universal Filing Services, Inc.); and

40. Citibank Account #xxxxx9985 (Universal Filing Services, Inc.).

41. Wells Fargo Bank N.A. #xxxxxx2611 (Bagels Consulting Firm, Inc.);

42. Wells Fargo Bank N.A. Account #xxxxx8664 (WAL Legacy Gift and Trust); and

43. Wells Fargo Bank N.A. Account in the name of Skyridge Legacy and Trust;

B. Opening or causing to be opened any safe deposit boxes titled in the name of any of the Defendants, or subject to access by any of the Defendants;

C. Incurring charges or cash advances on any credit or debit card issued in the name, singly or jointly, of any of the Defendants, or any corporation, partnership, or other entity directly or indirectly owned or controlled by any of the Defendants; and

D. Failing to disclose to Plaintiff and the Temporary Receiver, immediately upon service of this Order, information that fully identifies each asset of the Defendants, and each entity holding such asset, including, without limitation, the entity's name, address, and telephone number, the number of the account, and the name under which the account is held.

*Provided,* that the freeze imposed in this Section shall be construed to not apply to assets that an Individual Defendant acquires following service of this Order if the Individual Defendant can prove that such assets are not derived from activity

10

1    prohibited by this Order.

2                                    **III.**

3                        **FINANCIAL REPORTS**

4         **IT IS FURTHER ORDERED** that within forty-eight (48) hours after

5    service of this Order:

6         A.    Each Individual Defendant shall complete and deliver to Plaintiff the

7    Financial Statement form titled "Financial Statement of Individual Defendant," a

8    copy of which is attached as Attachment 1 to the "Financial Statement Forms for

9    Section III (Financial Reports) of the Temporary Restraining Order with Asset

10   Freeze, Appointment of Temporary Receiver, Immediate Access, and Other

11   Equitable Relief, and Order to Show Cause Why a Preliminary Injunction Should

12   Not Issue and a Permanent Receiver Should Not Be Appointed" lodged in this

13   action;

14        B.    Each Individual Defendant shall complete and deliver to Plaintiff and

15   the Temporary Receiver, on behalf of each Business Entity Defendant, the Financial

16   Statement form titled "Financial Statement of Business Entity Defendant," a copy

17   of which is attached as Attachment 2 to the "Financial Statement Forms for Section

18   III (Financial Reports) of the Temporary Restraining Order with Asset Freeze,

19   Appointment of Temporary Receiver, Immediate Access, and Other Equitable

20   Relief, and Order to Show Cause Why a Preliminary Injunction Should Not Issue

21   and a Permanent Receiver Should Not Be Appointed" filed in this action;

22        C.    Each of the Individual Defendants shall, complete and deliver to

23   Plaintiff and the Temporary Receiver, on behalf of each business entity (whether a

24   partnership, limited partnership, joint venture, sole proprietorship, limited liability

25   company, corporation, or otherwise) of which he is the majority owner, or ~~that he~~

officer, partner   sole proprietor

26   ~~otherwise controls~~, other than the Business Entity Defendants, a separate copy of

27   the "Financial Statement of Business Entity Defendant"; and

28        D.    Defendants shall provide access to records and documents pertaining

                                        11

1  to assets of any of the Defendants that are held by financial institutions outside the

2  territory of the United States by signing a Consent to Release of Financial Records

3  if requested by Plaintiff or the Temporary Receiver.

### IV.

### PRESERVATION OF RECORDS

6  **IT IS FURTHER ORDERED** that Defendants, and their officers, agents,

7  servants, employees, and attorneys, and all persons or entities directly or indirectly

8  under the control of any of them, and all other persons or entities in active concert

9  or participation with any of them who receive actual notice of this Order by

10  personal service or otherwise, and each such person, are hereby temporarily

11  restrained and enjoined from destroying, erasing, mutilating, concealing, altering,

12  transferring or otherwise disposing of, in any manner, directly or indirectly, any

13  documents that relate to the business practices or finances of any of the Defendants,

14  including, but not limited to, such documents as any contracts, accounting data,

15  correspondence, advertisements, computer tapes, discs or other computerized

16  records, books, written or printed records, handwritten notes, telephone logs,

17  telephone scripts, receipt books, ledgers, personal and business canceled checks and

18  check registers, bank statements, appointment books, copies of federal, state, or

19  local business or personal income or property tax returns.

### V.

### RECORD KEEPING

22  **IT IS FURTHER ORDERED** that each of the Individual Defendants is

23  hereby temporarily restrained and enjoined from failing to make and keep, and to

24  provide to Plaintiff's counsel promptly upon request, an accounting that, in

25  reasonable detail, accurately, fairly, and completely reflects his income (including

26  all income resulting from any services, activity, or efforts rendered by the

27  Individual Defendant), disbursements, transactions, and use of money, beginning

28  immediately upon service or actual notice of this Order, and continuing daily until

1    otherwise ordered by the Court.

2                                              **VI.**

3                    **NOTIFICATION OF BUSINESS OPERATIONS**

4          **IT IS FURTHER ORDERED** that:

5          A.     Each of the Individual Defendants is hereby temporarily restrained and

6    enjoined from directly or indirectly creating, operating, or exercising any control

7    over any business entity, including any partnership, limited partnership, joint

8    venture, sole proprietorship, limited liability company, or corporation, without first

9    serving on counsel for the Commission a written statement disclosing the following:

10   (1) the name of the business entity; (2) the address and telephone number of the

11   business entity; (3) the names of the business entity's officers, directors, principals,

12   managers, and employees; and (4) a detailed description of the business entity's

13   intended activities; and

14         B.     Each of the Individual Defendants shall notify the Commission at least

15   seven (7) days prior to affiliating with, becoming employed by, or performing any

16   work for any business that is not a named Defendant in this action.  Each notice

17   shall include the Defendant's new business address and a statement of the nature of

18   the business or employment and the nature of his duties and responsibilities in

19   connection with that business or employment.

20                                             **VII.**

21                        **FINANCIAL INSTITUTIONS**

22         ~~IT IS FURTHER ORDERED~~ that any financial or brokerage institution,

23   any business entity, or any other person having possession, custody, or control of

24   any records of any of the Defendants, or of any account, safe deposit box, or other

25   asset titled in the name of any of the Defendants, either individually or jointly, or

26   held for the benefit of any of the Defendants, including accounts over which the

27   Individual Defendants, Jason R. Begley and Wayne W. Lunsford, either jointly or

28   ~~separately, have signatory authority, at any time since January 1, 2009, who is~~

                                             13

1  served with a copy of this Order, or who otherwise has actual knowledge of this

2  Order, shall:

3       A.    Hold and retain within its control and prohibit the transfer,

4  encumbrance, pledge, assignment, removal, withdrawal, dissipation, sale, or other

5  disposal of any such account or other asset, except for transfers or withdrawals

6  authorized in writing by counsel for Plaintiff, by the Temporary Receiver, or by

7  further order of this Court, including, but not limited to the financial accounts listed

8  in the Asset Freeze Section II.A.4;

9       B.    Deny access to any safe deposit box titled individually or jointly in the

10  name of, or otherwise subject to access by, any of the Defendants;

11      C.    Preserve and maintain all records and documentation pertaining to

12  such account or asset until otherwise directed by the Court or by counsel for the

13  Commission;

14      D.    Provide to Plaintiff and to the Temporary Receiver, within three (3)

15  business days of notice of this Order, a sworn statement setting forth:

16           1.   The identification of each account or asset;

17           2.   The balance of each account or a description of the nature and

18                value of each asset as of the close of business on the day

19                notification of this Order is received, and, if the account or asset

20                has been closed or moved, the balance or value removed and the

21                person or entity to whom it was transferred; and

22           3.   The identification of any safe deposit box titled in the name of

23                or subject to access by any of the Defendants.

24      E.    Upon request by counsel for Plaintiff (or by the Temporary Receiver,

25  with respect to assets held for any of the Receivership Defendants), promptly

26  provide Plaintiff or the Temporary Receiver with copies of all records or other

27  documentation pertaining to such account or asset, including but not limited to

28  originals or copies of account applications, account statements, signature cards,

1  ~~checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and~~

2  credit instruments or slips, currency transaction reports, 1099 forms, ~~and safe~~

3  ~~deposit box logs; and~~

4        F.     At the direction of Plaintiff (or the Temporary Receiver, with respect

5  to assets held for any of the Receivership Defendants), and without further order of

6  this Court, convert any stocks, bonds, options, mutual funds, or other securities to

7  ~~their cash equivalents.~~

8  **VIII.**

9  **REPATRIATION OF ASSETS**

10        **IT IS FURTHER ORDERED** that Defendants shall, within seven (7) days

11  following service of this Order, do the following:

12        A.     Repatriate to the United States all funds, documents, or assets in

13  foreign countries held either: (1) by them; (2) for their benefit; or (3) under their

14  direct or indirect control, jointly or individually;

15        B.     On the same business day as any repatriation under paragraph A above,

16  (1) notify the Commission and the Temporary Receiver of the name and location of

17  the financial institution or other entity that is the recipient of such funds,

18  documents, or assets; and (2) serve this Order on any such financial institution or

19  other entity;

20        C.     Provide the Commission and the Temporary Receiver with a full

21  accounting of all funds, documents and assets outside of the territory of the United

22  States held either: (1) by them; (2) for their benefit; or (3) under their direct or

23  indirect control, jointly or individually; and

24        D.     Hold and retain all repatriated funds, documents, and assets and

25  prevent any transfer, disposition, or dissipation whatsoever of any such assets,

26  documents, or funds in full compliance with this Order until further order of this

27  Court.

28

15

# IX.

## IMMEDIATE ACCESS TO DEFENDANTS'
## BUSINESS PREMISES, BOOKS, AND RECORDS

**IT IS FURTHER ORDERED** that

A.     Defendants and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, and the Temporary Receiver, shall allow Plaintiff's representatives immediate access to the business premises, mail drops, storage facilities, and all other business locations owned, controlled, or used by Defendants, including, but not limited to business premises at the following street addresses:

> 980 Montecito Drive, Suite 205, Corona, CA 92879

> 495 E. Rincon St., Suites 201 & 204, Corona, CA 92879

> 268 N. Lincoln Ave., #9, Corona, CA 92882

> 109 N. Maple St., Suite C, Corona, CA 92880

> 1191 Magnolia Ave., ##D-381 & D-396, Corona, CA 92879

The purpose of the access shall be to effect service and to inspect and copy materials relevant to this action. Plaintiff shall have the right to remove documents from Defendants' premises in order that they may be inspected, inventoried, and copied. Plaintiff shall return any such removed documents within three (3) business days, or such time-period that is agreed upon by Plaintiff and Defendants. Defendants, to the extent they are in possession of documents relevant to this action, shall provide Plaintiff with the means necessary to access these documents, including without limitation keys and combinations to locks, passwords, computer access codes, and storage area access information;

B.     The Temporary Receiver shall subsequently allow the Commission's representatives, the representatives of the Defendants, and each of the Individual

16

1   Defendants reasonable access to the business premises of the Receivership

2   Defendants. The purpose of this access shall be to inspect and copy any and all

3   books, records, accounts, and other property owned by or in the possession of the

4   Receivership Defendants. The Temporary Receiver shall have the discretion to

5   determine the time and manner of this access; and

6         C.    If, at the time of service of this Order, any records or property relating

7   to Defendants' business or assets are located in the personal residence of any of the

8   Individual Defendants or in any other non-business location in their personal

9   control, then such Defendant shall, within forty-eight (48) hours of service of this

10   Order, produce to Plaintiff, at a location designated by Plaintiff, the following:

11         1.    All contracts, accounting data, written or electronic

12   correspondence, advertisements, computer tapes, discs, or other computerized or

13   electronic records, books, written or printed records, handwritten notes, telephone

14   logs, telephone scripts, telephone bills, receipt books, ledgers, membership records

15   and lists, refund records, receipts, ledgers, bank records (including personal and

16   business monthly statements, canceled checks, records of wire transfers, and check

17   registers), appointment books, copies of federal, state, and local business or

18   personal income or property tax returns, 1099 forms, title records, and other

19   documents or records of any kind that relate to Defendants' business and assets; and

20         2.    All computers and data in whatever form, relating, in whole or

21   in part, to Defendants' business and assets.

## X.

## APPOINTMENT OF TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that ___Richard Weissman___ is

appointed Temporary Receiver with the full power of an equity receiver, for

Defendants Rincon Management Services, LLC also d/b/a "Rincon Debt

Management," "Rincon Filing Services," and "Pacific Management Recovery";

Prime West Management Recovery, LLC; Union Management Services, LLC also

d/b/a "Union Filing Services"; National Filing Services, LLC; City Investment
Services, LLC; Global Filing Services, LLC; and Pacific Management Recovery,
LLC, as well as for any successors, assigns, affiliates, or subsidiaries that conduct
any business related to Defendants' debt collection business and which the
Temporary Receiver has reason to believe are owned or controlled in whole or in
part by any of the Defendants.  The Temporary Receiver shall be the agent of this
Court and solely the agent of this Court in acting as Receiver under this Order.  The
Temporary Receiver shall be accountable directly to this Court.  The Temporary
Receiver shall comply with all Local Rules of this Court governing receivers.

## XI.

## RECEIVERSHIP DUTIES

**IT IS FURTHER ORDERED** that the Temporary Receiver is directed and
authorized to accomplish the following:

A.  Assume full control of the Receivership Defendants by removing, as
the Temporary Receiver deems necessary or advisable, any director, officer,
manager, independent contractor, employee, or agent of the Receivership
Defendants, including any Individual Defendant, from control of, management of,
or participation in, the affairs of the Receivership Defendants;

B.  Take exclusive custody, control, and possession of all assets and
documents of, or in the possession, custody, or under the control of, the
Receivership Defendants, wherever situated.  The Temporary Receiver shall have
full power to divert mail and to sue for, collect, receive, take in possession, hold,
and manage all assets and documents of the Receivership Defendants and other
persons or entities whose interests are now held by or under the direction,
possession, custody, or control of the Receivership Defendants;

C.  Take all steps necessary to secure all premises owned, rented, leased,
or otherwise controlled by the Receivership Defendants, including but not limited to
all such premises located at:

18

1    980 Montecito Drive, Suite 205, Corona, CA 92879

2    495 E. Rincon St., Suites 201 & 204, Corona, CA 92879

3    268 N. Lincoln Ave., #9, Corona, CA 92882

4    109 N. Maple St., Suite C, Corona, CA 92880

5    1191 Magnolia Ave., ##D-381 & D-396, Corona, CA 92879

6  Such steps may include, but are not limited to, the following, as the Temporary

7  Receiver deems necessary or advisable: (1) serving and filing this Order;

8  (2) completing a written inventory of all receivership assets; (3) obtaining pertinent

9  information from all employees and other agents of the Receivership Defendants,

10 including, but not limited to, the name, home address, social security number, job

11 description, method of compensation, and all accrued and unpaid commissions and

12 compensation of each such employee or agent; (4) photographing and video taping

13 all portions of the location; (5) securing the location by changing the locks and

14 disconnecting any computer modems or other means of access to the computer or

15 other records maintained at that location; or (6) requiring any persons present on the

16 premises at the time this Order is served to leave the premises, to provide the

17 Temporary Receiver with proof of identification, or to demonstrate to the

18 satisfaction of the Temporary Receiver that such persons are not removing from the

19 premises documents or assets of the Receivership Defendants. Law enforcement

20 officers may assist the Temporary Receiver in implementing these provisions to

21 keep the peace and maintain security;

22    D.    Continue to conduct the business, or cease operation of the business, of

23 the Receivership Defendants in such manner, to such extent, and for such duration

24 as the Temporary Receiver may in good faith deem to be necessary or appropriate

25 to operate the businesses profitably and lawfully;

26    E.    Conserve, hold, and manage all receivership assets, and perform all

27 acts necessary or advisable to preserve the value of those assets, in order to prevent

28 any irreparable loss, damage, or injury to consumers or to creditors of the

1  Receivership Defendants, including, but not limited to, obtaining an accounting of

2  the assets and preventing transfer, withdrawal, or misapplication of assets;

3        F.    Enter into contracts and purchase insurance as advisable or necessary;

4        G.    Prevent the inequitable distribution of assets and to determine, adjust,

5  and protect the interests of consumers and creditors who have transacted business

6  with the Receivership Defendants;

7        H.    Manage and administer the business of the Receivership Defendants

8  until further order of this Court by performing all incidental acts that the Temporary

9  Receiver deems to be advisable or necessary, which includes retaining, hiring, or

10  dismissing any employees, independent contractors, or agents;

11        I.    Choose, engage, and employ attorneys, accountants, appraisers, and

12  other independent contractors and technical specialists, as the Temporary Receiver

13  deems advisable or necessary in the performance of duties and responsibilities

14  under the authority granted by this Order;

15        J.    Make payments and disbursements from the receivership estate that are

16  necessary or advisable for carrying out the directions of, or exercising the authority

17  granted by, this Order.  The Temporary Receiver shall apply to the Court for prior

18  approval of any payment of any debt or obligation incurred by the Receivership

19  Defendants prior to the date of entry of this Order, except payments that the

20  Temporary Receiver deems necessary or advisable to secure assets of the

21  Receivership Defendants, such as rental payments;

22        K.    Determine and implement the manner in which the Receivership

23  Defendants will comply with, and prevent violations of, this Order and all other

24  applicable laws;

25        L.    Institute, compromise, adjust, appear in, intervene in, or become party

26  to such actions or proceedings in state, federal, or foreign courts that the Temporary

27  Receiver deems necessary and advisable to preserve or recover the assets of the

28  Receivership Defendants or that the Temporary Receiver deems necessary and

1   advisable to carry out the Temporary Receiver's mandate under this Order;

2       M.    Defend, compromise, adjust, or otherwise dispose of any or all actions

3   or proceedings instituted in the past or in the future against the Temporary Receiver

4   in his role as Temporary Receiver, or against the Receivership Defendants that the

5   Temporary Receiver deems necessary and advisable to preserve the assets of the

6   Receivership Defendants or that the Temporary Receiver deems necessary and

7   advisable to carry out the Temporary Receiver's mandate under this Order;

8       N.    Issue subpoenas to obtain documents and records pertaining to the

9   receivership, and conduct discovery in this action on behalf of the receivership

10  estate;

11      O.    Open one or more bank accounts as designated depositories for funds

12  of the Receivership Defendants.  The Temporary Receiver shall deposit all funds of

13  the Receivership Defendants in such designated accounts and shall make all

14  payments and disbursements from the receivership estate from such accounts;

15      P.    Maintain accurate records of all receipts and expenditures that he

16  makes as Temporary Receiver; and

17      Q.    Cooperate with reasonable requests for information or assistance from

18  any state or federal law enforcement agency.

19                                    **XII.**

20          **COOPERATION WITH THE TEMPORARY RECEIVER**

21          **IT IS FURTHER ORDERED** that Defendants, and their officers, agents,

22  servants, employees, and attorneys, and all persons or entities directly or indirectly

23  under the control of any of them, and all other persons or entities in active concert

24  or participation with any of them who receive actual notice of this Order by

25  personal service or otherwise, and each such person, shall fully cooperate with and

26  assist the Temporary Receiver.  Such cooperation and assistance shall include, but

27  not be limited to, providing any information to the Temporary Receiver that the

28  Temporary Receiver deems necessary to exercising the authority and discharging

21

the responsibilities of the Temporary Receiver under this Order; providing any password required to access any computer or electronic files in any medium; or advising all persons who owe money to the Receivership Defendants that all debts should be paid directly to the Temporary Receiver. Defendants are hereby temporarily restrained and enjoined from directly or indirectly:

   A. Transacting any of the business of the Receivership Defendants, or transacting business under the name Rincon Management Services, Rincon Debt Management, Rincon Filing Services, Pacific Management Recovery, Prime West Management Recovery, Union Management Services, Union Filing Services, National Filing Services, City Investment Services, Global Filing Services, Pacific Management Recovery, or any substantially similar name;

   B. Destroying, secreting, defacing, transferring, or otherwise altering or disposing of any documents of the Receivership Defendants, including, but not limited to, books, records, accounts, or any other papers of any kind or nature;

   C. Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Defendants, or the Temporary Receiver;

   D. Excusing debts owed to the Receivership Defendants;

   E. Failing to notify the Temporary Receiver of any asset, including accounts, of any Receivership Defendant held in any name other than the name of any Receivership Defendant, or by any person or entity other than the Receivership Defendants, or failing to provide any assistance or information requested by the Temporary Receiver in connection with obtaining possession, custody, or control of such assets; or

   F. Doing any act or refraining from any act whatsoever to interfere with the Temporary Receiver's taking custody, control, possession, or managing of the assets or documents subject to this receivership; or to harass or interfere with the

22

1  Temporary Receiver in any way; or to interfere in any manner with the exclusive

2  jurisdiction of this Court over the assets or documents of the Receivership

3  Defendants; or to refuse to cooperate with the Temporary Receiver or the

4  Temporary Receiver's duly authorized agents in the exercise of their duties or

5  authority under any order of this Court.

6                                          **XIII.**

7                  **DELIVERY OF RECEIVERSHIP PROPERTY**

8          **IT IS FURTHER ORDERED** that:

9          A.     Immediately upon service of this Order upon them, or within a period

10  permitted by the Temporary Receiver, Defendants and all other persons in

11  possession, custody, and control of assets or documents of the Receivership

12  Defendants shall transfer or deliver possession, custody, and control of the

13  following to the Temporary Receiver:

14                1.     All assets of the Receivership Defendants;

15                2.     All documents of the Receivership Defendants, including, but

16                       not limited to, books and records of accounts, all financial and

17                       accounting records, balance sheets, income statements, bank

18                       records (including monthly statements, canceled checks, records

19                       of wire transfers, and check registers), client lists, title

20                       documents and other papers;

21                3.     All assets belonging to members of the public now held by the

22                       Receivership Defendants; and

23                4.     All keys and codes necessary to gain or to secure access to any

24                       assets or documents of the Receivership Defendants, including,

25                       but not limited to, access to their business premises, means of

26                       communication, accounts, computer systems, or other property.

27          B.     In the event any person or entity fails to deliver or transfer any asset or

28  otherwise fails to comply with any provision of this Section, the Temporary

                                              23

1  Receiver may file, on an *ex parte* basis, an Affidavit of Non-Compliance regarding

2  the failure.  Upon filing of the affidavit, the Court may authorize, without additional

3  process or demand, Writs of Possession or Sequestration or other equitable writs

4  requested by the Temporary Receiver.  The writs shall authorize and direct the

5  United States Marshal or any sheriff or deputy sheriff of any county  to seize the

6  asset, document, or other thing and to deliver it to the Temporary Receiver.

7                                          **XIV.**

8                          **BANKRUPTCY PETITIONS**

9  ~~IT IS FURTHER ORDERED that, in light of the asset freeze and~~

10  appointment of the Temporary Receiver, Defendants are hereby prohibited from

11  filing, or causing to be filed, on behalf of any of the Receivership Defendants, a

12  petition for relief under the United States Bankruptcy Code, 11 U.S.C. § 101 *et.*

13  ~~seq., without prior permission from this Court.~~

14                                          **XV.**

15                **TRANSFER OF FUNDS TO THE RECEIVER**

16          **IT IS FURTHER ORDERED** that, upon service of a copy of this Order, all

17  banks, broker-dealers, savings and loans, escrow agents, title companies,

18  commodity trading companies, or other financial institutions shall cooperate with

19  all reasonable requests of the Temporary Receiver relating to implementation of this

20  Order, including transferring funds at the Temporary Receiver's direction and

21  producing records related to the assets of the Receivership Defendants.

22                                          **XVI.**

23                          **STAY OF ACTIONS**

24          **IT IS FURTHER ORDERED** that:

25          A.      Except by leave of this Court, during pendency of the receivership

26  ordered herein, Defendants and all other persons and entities (except for Plaintiff)

27  are hereby stayed from taking any action to establish or enforce any claim, right, or

28  interest for, against, on behalf of, in, or in the name of:  a) any of the Business

                                          24

1    Entity Defendants, or b) any of their assets, or c) the Temporary Receiver or the

2    Temporary Receiver's duly authorized agents acting in their capacities as such,

3    including, but not limited to, the following actions:

4            1.    Commencing, prosecuting, continuing, entering, or enforcing

5    any suit or proceeding, except that such actions may be filed to toll any applicable

6    statute of limitations;

7            2.    Accelerating the due date of any obligation or claimed

8    obligation; filing or enforcing any lien; taking or attempting to take possession,

9    custody, or control of any asset; attempting to foreclose, forfeit, alter, or terminate

10   any interest in any asset, whether such acts are part of a judicial proceeding, are acts

11   of self-help, or otherwise;

12           3.    Executing, issuing, serving, or causing the execution, issuance

13   or service of, any legal process, including, but not limited to, attachments,

14   garnishments, subpoenas, writs of replevin, writs of execution, or any other form of

15   process whether specified in this Order or not; or

16           4.    Doing any act or thing whatsoever to interfere with the

17   Temporary Receiver taking custody, control, possession, or management of the

18   assets or documents subject to this receivership, or to harass or interfere with the

19   Temporary Receiver in any way, or to interfere in any manner with the exclusive

20   jurisdiction of this Court over the assets or documents of the Receivership

21   Defendants.

22       B.    This paragraph does not stay:

23           1.    The commencement or continuation of a criminal action or

24   proceeding;

25           2.    The commencement or continuation of an action or proceeding

26   by a governmental unit to enforce such governmental unit's police or regulatory

27   power;

28           3.    The enforcement of a judgment, other than a money judgment,

25

1   obtained in an action or proceeding by a governmental unit to enforce such

2   governmental unit's police or regulatory power;

3         4.      The commencement of any action by the Secretary of the United

4   States Department of Housing and Urban Development to foreclose a mortgage or

5   deed of trust in any case in which the mortgage or deed of trust held by the

6   Secretary is insured or was formerly insured under the National Housing Act and

7   covers property, or combinations of property, consisting of five or more living

8   units; or

9         5.      The issuance to a Receivership Defendant of a notice of tax

10  deficiency.

11        C.      Except as otherwise provided in this Order, all persons and entities in

12  need of documentation from the Temporary Receiver shall in all instances first

13  attempt to secure such information by submitting a formal written request to the

14  Temporary Receiver, and, if such request has not been responded to within thirty

15  (30) days of receipt by the Temporary Receiver, any such person or entity may

16  thereafter seek an Order of this Court with regard to the relief requested.

## XVII.

## COMPENSATION OF TEMPORARY RECEIVER

19  **IT IS FURTHER ORDERED** that the Temporary Receiver and all

20  personnel hired by the Temporary Receiver as herein authorized, including counsel

21  to the Temporary Receiver and accountants, are entitled to reasonable compensation

22  for the performance of duties pursuant to this Order and for the cost of actual out-

23  of-pocket expenses incurred by them, from the assets now held by or in the

24  possession or control of or which may be received by the Receivership Defendants.

25  The Temporary Receiver shall file with the Court and serve on the parties periodic

26  requests for the payment of such reasonable compensation, with the first such

27  request filed no more than sixty days after the date of this Order.  The Temporary

28  Receiver shall not increase the hourly rates used as the bases for such fee

applications without prior approval of the Court.

## XVIII.

### RECEIVER'S BOND

**IT IS FURTHER ORDERED** that the Temporary Receiver shall file with the Clerk of this Court a bond in the sum of _____$100,000_____, with sureties to be approved by the Court, conditioned that the Temporary Receiver will well and truly perform the duties of the office and abide by and perform all acts the Court directs.

## XIX.

### DISTRIBUTION OF ORDER

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to each of the Business Entity Defendants' affiliates, franchises, subsidiaries, divisions, successors, assigns, directors, officers, managing agents, employees, representatives, and independent contractors and shall, within three (3) business days from the date of service of this Order, serve on Plaintiff affidavits identifying the names, titles, addresses, and telephone numbers of the persons and entities whom they have served pursuant to this provision. The Temporary Receiver has no obligation under this provision.

## XX.

### CREDIT REPORTS

**IT IS FURTHER ORDERED** that Plaintiff may obtain credit reports concerning any of the Defendants pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), and that, upon written request, any credit reporting agency from which such reports are requested shall provide them to Plaintiff.

## XXI.

### LIMITED EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that the Commission is granted leave at any

1  time after service of this Order to:

2       A.    Take the deposition of any person or entity, without limitation, for the

3  purpose of:

4            1.    discovering the nature, location, status, and extent of assets of

5  any of the Defendants, including Receivership Defendants, or of their affiliates or

6  of their subsidiaries;

7            2.    discovering the nature, location, status, and extent of documents

8  reflecting the business transactions of any of the Defendants; and

9            3.    discovering the nature and extent of Defendants' business

10 activities.

11      B.    Demand the production of documents from any person or entity

12 relating to the nature, status, location, and extent of any of the Defendants' assets,

13 and the location of any documents reflecting the Defendants' business transactions

14 or the nature and extent of Defendants' business operations.

15      Thirty-six (36) hours notice shall be deemed sufficient for any such

16 deposition and forty-eight (48) hours notice shall be deemed sufficient for the

17 production of any such documents.  The limitations and conditions set forth in Fed.

18 R. Civ. P. 30(a)(2) and 31(a)(2) shall not apply to depositions taken pursuant to this

19 Section.  Any such depositions taken pursuant to this Section shall not be counted

20 toward the ten-deposition limit set forth in Fed. R. Civ. P. 30(a)(2)(A) and

21 31(a)(2)(A).  Service of discovery taken pursuant to this Section shall be sufficient

22 if made by facsimile or by overnight delivery.

23 ///

24 ///

25 ///

26 ///

27

28

## XXII.

## CORRESPONDENCE

**IT IS FURTHER ORDERED** that, for the purposes of this Order, all correspondence and service of pleadings on Plaintiff shall be addressed to:

> Maricela Segura and Raymond E. McKown
> Federal Trade Commission
> 10877 Wilshire Blvd., Suite 700
> Los Angeles, CA 90024
> Fax: (310) 824-4380
> E-mail: msegura@ftc.gov and rmckown@ftc.gov

## XXIII.

## PRELIMINARY INJUNCTION HEARING

**IT IS FURTHER ORDERED** that Defendants Rincon Management Services, LLC also d/b/a "Rincon Debt Management," "Rincon Filing Services," and "Pacific Management Recovery"; Prime West Management Recovery, LLC; Union Management Services, LLC also d/b/a "Union Filing Services"; National Filing Services, LLC; City Investment Services, LLC; Global Filing Services, LLC; Pacific Management Recovery, LLC; Jason R. Begley; and Wayne W. Lunsford shall appear before this Court on the 24th day of October, 2011, at 11 o'clock a.m., to show cause, if any there be, why this Court should not enter a preliminary injunction, pending final ruling on the Complaint, against said Defendants enjoining them from violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 - 1692p, imposing such additional relief as may be appropriate, and appointing a permanent receiver over Rincon Management Services, LLC also d/b/a "Rincon Debt Management," "Rincon Filing Services," and "Pacific Management Recovery"; Prime West Management Recovery, LLC; Union Management Services, LLC also d/b/a "Union Filing Services"; National Filing Services, LLC; City Investment Services, LLC; Global Filing Services, LLC; and Pacific Management Recovery, LLC.

**IT IS FURTHER ORDERED** that, in support of its application for a

29

1  preliminary injunction, Plaintiff may submit supplemental evidence discovered
2  subsequent to the filing of its application for a TRO, as well as a supplemental
3  memorandum.  Plaintiff shall file and serve any supplemental evidence and
4  memorandum by no later than 4:30 p.m. on the sixth court day prior to the
5  preliminary injunction hearing as scheduled above.  Such documents may be served
6  on each Defendant by e-mailing, faxing or delivering the document(s) to the attorney
7  for the Defendant, or, if the Defendant is not represented by counsel, to a fax number
8  or email address previously designated by the Defendant in writing to counsel for
9  Plaintiff; if the Defendant has not so designated a fax number or email address,
10 service may be effected by mailing the documents to an address designated in
11 writing by the Defendant to counsel for Plaintiff; if no address has been so
12 designated, service shall be complete upon filing of the documents with this Court.
13     **IT IS FURTHER ORDERED** that Defendants shall file and serve any
14 declarations, exhibits, memoranda or other evidence on which they intend to rely,
15 and objections to any evidence submitted by Plaintiff, by no later than 4:30 p.m. of
16 the fourth court day prior to the hearing on the preliminary injunction.  Such
17 documents may be served by e-mail or fax upon Plaintiff's counsel and the
18 Temporary Receiver.
19     **IT IS FURTHER ORDERED** that Plaintiff shall file and serve any reply to
20 Defendants' opposition by no later than the second court day prior to the
21 preliminary injunction hearing.
22     ~~IT IS FURTHER ORDERED that there will be no direct examination of~~
23 witnesses at the preliminary injunction ~~hearing in this~~ matter.  Direct testimony
24 ~~shall be presented~~ in the form of declarations or affidavits.

                                    XXIV.

                                  **EXPIRATION**

27     **IT IS FURTHER ORDERED** that this Order shall expire as to each
28 Defendant fourteen (14) court days after entry unless, within such time, for good

                                      30

1  cause shown, it is extended for a like period, or unless the Defendant consents that
2  it may be extended for a longer period and the reasons therefor are entered of
3  record.

### XXV.

### SERVICE OF THIS ORDER ON THIRD PARTIES

6      **IT IS FURTHER ORDERED** that copies of this Order may be served by
7  any means, including facsimile transmission, upon any financial institution or other
8  entity or person that may have possession, custody, or control of any documents or
9  assets of any Defendant, or that may be subject to any provision of this Order.

10 **SO ORDERED:**

11 Dated this 11ᵗʰ day of _October_, 2011, at _5:00_ o'clock ~~a.m.~~/p.m.

Virginia A Phillips
United States District Judge