ORIGINAL

1  MARICELA SEGURA, CA Bar No. 225999
   RAYMOND E. MCKOWN, CA Bar No. 150975
2  e-mail: msegura@ftc.gov and rmckown@ftc.gov
   FEDERAL TRADE COMMISSION
3  10877 Wilshire Blvd., Suite 700
   Los Angeles, CA 90024
4  Telephone: (310) 824-4343
   Facsimile: (310) 824-4380
5
   Attorneys for Plaintiff
6  FEDERAL TRADE COMMISSION
7
8              UNITED STATES DISTRICT COURT
               CENTRAL DISTRICT OF CALIFORNIA
9
10 FEDERAL TRADE COMMISSION,        Case no.
                                    ED CV 11 - 01623 VAP SPX
11                 Plaintiff,
12         v.
13 RINCON MANAGEMENT              DECLARATIONS IN SUPPORT OF
   SERVICES, LLC, a California limited   PLAINTIFF FTC'S *EX PARTE* TRO
   liability company, also d/b/a "Rincon   APPLICATION
14 Debt Management," "Rincon Filing
   Services," and "Pacific Management    VOLUME TWO
15 Recovery"; PRIME WEST             (Declaration of FTC Investigator)
   MANAGEMENT RECOVERY, LLC,
16 a Delaware limited liability company;
   UNION MANAGEMENT
17 SERVICES, LLC, a California limited
   liability company, also d/b/a "Union
18 Filing Services"; NATIONAL FILING
   SERVICES, LLC, a California limited
19 liability company; CITY
   INVESTMENT SERVICES, LLC, a
20 California limited liability company;
   GLOBAL FILING SERVICES, LLC,
21 a California limited liability company;
   PACIFIC MANAGEMENT
22 RECOVERY, LLC, a Delaware limited
   liability company; JASON R.
23 BEGLEY, an individual; and WAYNE
   W. LUNSFORD, an individual,
24
                   Defendants.
25
26
27
28

ORIGINAL



1   MARICELA SEGURA, CA Bar No. 225999
2   RAYMOND E. MCKOWN, CA Bar No. 150975
    e-mail: msegura@ftc.gov and rmckown@ftc.gov
3   FEDERAL TRADE COMMISSION
    10877 Wilshire Blvd., Suite 700
4   Los Angeles, CA 90024
    Telephone: (310) 824-4343
5   Facsimile: (310) 824-4380

6   Attorneys for Plaintiff
    FEDERAL TRADE COMMISSION

7

8                     UNITED STATES DISTRICT COURT
                      CENTRAL DISTRICT OF CALIFORNIA
9

10  FEDERAL TRADE COMMISSION,          Case no.   ED CV 11- 01623

11                 Plaintiff,
           v.
12
    RINCON MANAGEMENT                   DECLARATIONS IN SUPPORT OF
13  SERVICES, LLC, a California limited PLAINTIFF FTC'S *EX PARTE* TRO
    liability company, also d/b/a "Rincon APPLICATION
14  Debt Management," "Rincon Filing
    Services," and "Pacific Management   VOLUME TWO
15  Recovery"; PRIME WEST              (Declaration of FTC Investigator)
    MANAGEMENT RECOVERY, LLC,
16  a Delaware limited liability company;
    UNION MANAGEMENT
17  SERVICES, LLC, a California limited
    liability company, also d/b/a "Union
18  Filing Services"; NATIONAL FILING
    SERVICES, LLC, a California limited
19  liability company; CITY
    INVESTMENT SERVICES, LLC, a
20  California limited liability company;
    GLOBAL FILING SERVICES, LLC,
21  a California limited liability company;
    PACIFIC MANAGEMENT
22  RECOVERY, LLC, a Delaware limited
    liability company; JASON R.
23  BEGLEY, an individual; and WAYNE
    W. LUNSFORD, an individual,
24
                   Defendants.
25

26

27

28

LODGED
CLERK, U.S. DISTRICT COURT

OCT 11 2011

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION        BY DEPUTY

FILED
CLERK, U.S. DISTRICT COURT

OCT 11 2011

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION        BY DEPUTY

# **TABLE OF CONTENTS**

## **Declarations - Volume One**

<u>Consumer and Third-party witness Declarations</u>

Declaration of consumer Edie Abbott . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Declaration of consumer David Bailey . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Declaration of consumer Robin Barleycorn . . . . . . . . . . . . . . . . . . . . . . . . 7

Declaration of consumer Chastity Beaver . . . . . . . . . . . . . . . . . . . . . . . . . 10

Declaration of consumer Matthew Bergmann . . . . . . . . . . . . . . . . . . . . . . 13
    Attachment 1: City Investment Services' BBB Response . . . . . . . . . 17
    Attachment 2: Union Filing Services' email and Offer of Settlement . . . . 18
    Attachment 3: Bergmann email to Union Filing Services . . . . . . . . . . . 20

Declaration of consumer Ryan Borey . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Declaration of Julie Byrd . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Declaration of consumer Joshua Calhoun . . . . . . . . . . . . . . . . . . . . . . . . . 26
    Attachment 1: Pacific Management "paid in full" letter . . . . . . . . . . . . . 29

Declaration of former employee Russell Delbridge . . . . . . . . . . . . . . . . . . 30
    Attachment 1: Rincon's script and instruction sheets . . . . . . . . . . . . . . . 38

Declaration of consumer Charolett Feldman . . . . . . . . . . . . . . . . . . . . . . . 57
    Attachment 1: City Investment Services' BBB Response . . . . . . . . . . . 59

Declaration of consumer Tiffany Fisher . . . . . . . . . . . . . . . . . . . . . . . . . . 60
    Attachment 1: National Filing Services' email and Offer of Settlement . . 63

Declaration of consumer Wendy Garza . . . . . . . . . . . . . . . . . . . . . . . . . . . 65
    Attachment 1: Prime West management email and Offer of Settlement . . 67

Declaration of consumer Denise Gattorno . . . . . . . . . . . . . . . . . . . . . . . . . 69

Declaration of consumer Daniel Gonzalez . . . . . . . . . . . . . . . . . . . . . . . . . 74

Declaration of consumer Dana Guidry . . . . . . . . . . . . . . . . . . . . . . . . . . . 77

Declaration of consumer Sang Hong . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 79

Declaration of consumer Laurie Hunter . . . . . . . . . . . . . . . . . . . . . . . . . . 82
    Attachment 1: Global Filing Services' Offer of Settlement . . . . . . . . . . 85

Declaration of consumer Bob Jackson . . . . . . . . . . . . . . . . . . . . . . . . . . . 86

Declaration of consumer Robert Lawson . . . . . . . . . . . . . . . . . . . . . . . . . . 89

Declaration of consumer Luke Mandle . . . . . . . . . . . . . . . . . . . . . . . . . . . 92

i

Declaration of consumer George Marovic . . . . . . . . . . . . . . . . . . . . . . . . . . . . 94

Declaration of consumer Shannon McNamara . . . . . . . . . . . . . . . . . . . . . . . . 98

Declaration of consumer Ronald E. Niday . . . . . . . . . . . . . . . . . . . . . . . . . . . 101
    Attachment 1: West Managements' Offer of Settlement . . . . . . . . . . . . 104
    Attachment 2: Bank Account Statement for Niday . . . . . . . . . . . . . . . . . 105

Declaration of consumer Colin O'Keefe . . . . . . . . . . . . . . . . . . . . . . . . . . . . 108

Declaration of consumer Christy Padelford . . . . . . . . . . . . . . . . . . . . . . . . . 110

Declaration of consumer Sylvia Moore Pickelsimer . . . . . . . . . . . . . . . . . . . . 113

Declaration of consumer Stacy Ratner . . . . . . . . . . . . . . . . . . . . . . . . . . . . 118
    Attachment 1: Global Filing Services' Offer of Settlement . . . . . . . . . . . 121

Declaration of Bonita Rhoads . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 122

Declaration of Kristie Robertson . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 124

Declaration of consumer Scottie Robertson . . . . . . . . . . . . . . . . . . . . . . . . . 128
    Attachment 1: Robertson's letter to Rincon Filing Services . . . . . . . . . . 133
    Attachment 2: Returned envelope . . . . . . . . . . . . . . . . . . . . . . . . . . . . 135
    Attachment 3: Certified mail receipt . . . . . . . . . . . . . . . . . . . . . . . . . . 136
    Attachment 4: Personal notes of contacts with Rincon Filing Services . . 137

Declaration of consumer David Savage . . . . . . . . . . . . . . . . . . . . . . . . . . . . 138

Declaration of Howard Shane Jr. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 142

Declaration of Howard Shane III . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 144
    Attachment 1: Shane III's letter to Rincon Management Services . . . . . . 148
    Attachment 2: Certified mail receipt . . . . . . . . . . . . . . . . . . . . . . . . . . 149

Declaration of consumer Latonya Sims . . . . . . . . . . . . . . . . . . . . . . . . . . . . 150
    Attachment 1: Email to Sims' mother regarding the process server call . . 152
    Attachment 2: Email to Sims from her mother regarding the "case" . . . . 153
    Attachment 3: Letter from Sims to Prime West Management . . . . . . . . . 154

Declaration of Beverly Smith. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 155

Declaration of consumer Brian Smith. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 158

Declaration of consumer Donna Smith . . . . . . . . . . . . . . . . . . . . . . . . . . . . 162
    Attachment 1: Email to Smith from co-worker . . . . . . . . . . . . . . . . . . . 164
    Attachment 2: Smith's Experian credit report page print out . . . . . . . . . 165
    Attachment 3: Smith's Letter to Pacific Management Recovery, LLC . . 166

Declaration of consumer Kimberly Stump . . . . . . . . . . . . . . . . . . . . . . . . . . 167
    Attachment 1: Bank account print out showing payment of debt . . . . . . . 173
    Attachment 2: Rincon Filing Offer of Settlement . . . . . . . . . . . . . . . . . 175
    Attachment 3: Stump's Bank Statement. . . . . . . . . . . . . . . . . . . . . . . . 176
    Attachment 4: Stump's dispute of charge by Rincon Mgt. Serv. . . . . . . . 177
    Attachment 5: Bank's response to Stump's dispute . . . . . . . . . . . . . . . . 179

ii

Attachment 6: Stump's complaint to the Virginia Attorney General . . . .  180
Attachment 7: Virginia Attorney General's response . . . . . . . . . . . . . . . .  186
Attachment 8: Rincon Filing's response to Stump's complaint . . . . . . . .  188
Attachment 9: Paid in full letter from Goldman Roth Acquisitions . . . . .  190

Declaration of Vickie Taylor. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  191

Declaration of consumer Saeed Tehrani. . . . . . . . . . . . . . . . . . . . . . . . . . .  193

Declaration of consumer Victoria Torok. . . . . . . . . . . . . . . . . . . . . . . . . .  196
Attachment 1: Email from Torok to Prime West Recovery . . . . . . . . . . .  199

Declaration of consumer Christina Underwood . . . . . . . . . . . . . . . . . . . . .  202

Declaration of consumer Christina Wafer . . . . . . . . . . . . . . . . . . . . . . . . .  206
Attachment 1: City Investment Services' BBB response . . . . . . . . . . . . .  209

Declaration of Alan Waterstreet . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  210

Declaration of consumer Andrew Weisz . . . . . . . . . . . . . . . . . . . . . . . . . .  211

Declaration of consumer Tracey Wells . . . . . . . . . . . . . . . . . . . . . . . . . . .  214

Declaration of Ralph Wesner . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  218

Declaration of consumer Pamela Wolfe . . . . . . . . . . . . . . . . . . . . . . . . . .  222
Attachment 1: Prime West Recovery email and Offer of Settlement . . . .  225
Attachment 2: Email exchange regarding zero balance on account . . . . .  227


Better Business Bureau Declaration

Declaration of Kim Burge, BBB, Southland, Inc. . . . . . . . . . . . . . . . . . . .  229
Attachment 1: Business Review for Rincon Management Services . . . . .  239
Attachment 2: Rincon Management Services' consumer complaints and
company responses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  241
Attachment 3: Business Review for Pacific Management Recovery . . . . .  245
Attachment 4: Pacific Management Recovery's consumer complaints and
company responses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  247
Attachment 5: Business Review for Pacific Management . . . . . . . . . . . . .  250
Attachment 6: Pacific Management's consumer complaints . . . . . . . . . .  252
Attachment 7: Business Review for Prime West Management . . . . . . . . .  261
Attachment 8: Prime West Management's consumer complaints and
company responses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  263
Attachment 9: Business Review for National Filing Services . . . . . . . . .  279
Attachment 10: National Filing Services' consumer complaints and company
responses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  282
Attachment 11: Business Review for City Investment Services . . . . . . . .  301
Attachment 12: City Investment Services' consumer complaints and
company responses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  303
Attachment 13: Business Review for Union Management . . . . . . . . . . . .  328
Attachment 14: Union Management's consumer complaints . . . . . . . . . .  330
Attachment 15: Business Review for Union Filing Services . . . . . . . . . . .  331
Attachment 16: Union Filing Services' consumer complaints and company
responses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  333

Attachment 17: Business Review for Global Filing Services . . . . . . . . . . . . . . 334
Attachment 18 Global Filing Services' consumer complaints and company responses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 336

**Declarations – Volume Two**

Declaration of FTC Investigator

Bruce P. Gale . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 338
   Attachment 1: Certified translation of Spanish script . . . . . . . . . . . . . 369
   Attachment 2: Customer documents provided to the FTC . . . . . . . . . . 371
   Attachment 3: CA Secretary of State Filing (Rincon) . . . . . . . . . . . . 376
   Attachment 4: CA Secretary of State Filing (Pacific Management) . . . . . 378
   Attachment 5: DE Secretary of State Filing (Prime West) . . . . . . . . . . 390
   Attachment 6: CA Secretary of State Filing (Prime West) . . . . . . . . . . 392
   Attachment 7: CA Secretary of State Filing (Union Management) . . . . . 400
   Attachment 8: CA Secretary of State Filing (City Investment) . . . . . . . 404
   Attachment 9: CA Secretary of State Filing (Global Filing) . . . . . . . . 412
   Attachment 10: CA Secretary of State Filing (National Filing) . . . . . . . 416
   Attachment 11: CA Secretary of State Filing (Portfolio Investment) . . . . 420
   Attachment 12: CA Secretary of State Filing (Bagels Consulting) . . . . 422
   Attachment 13: CA Secretary of State Filing (Lunsford Investment) . . . . 428
   Attachment 14: CA Secretary of State Filing (Heavy Hitters) . . . . . . . . 434
   Attachment 15: Citibank custodian of records declaration . . . . . . . . . . 440
   Attachment 16: Citibank signature cards (City Investment, Pacific Management, Prime West, Union Management, Portfolio Investment, Lunsford Investment accounts) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 442
   Attachment 17: Citibank bank statements excerpts (City Investment, Pacific Management, Prime West, Union Management, Portfolio Investment) . . . . . . . 448
   Attachment 18: Citibank signature cards (other bank accounts over which Begley and Lunsford have signatory authority) . . . . . . . . . . . . . . . . . . 463
   Attachment 19: Bank of America custodian of records declaration . . . . . 480
   Attachment 20: Bank of America signature cards (Rincon, National Filing, Global Filing) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 482
   Attachment 21: Bank of America bank statements excerpts (Rincon, National Filing, Global Filing) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 490
   Attachment 22: Cancelled checks showing payments between business entity defendants . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 496
   Attachment 23: Cancelled check showing payment from Pacific Management to Lunsford . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 501
   Attachment 24: Cancelled checks showing payments between Portfolio and business entity defendants . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 502
   Attachment 25: Cancelled checks showing payments to Lunsford Investment from business entity defendants . . . . . . . . . . . . . . . . . . . . . . . . . . . 513
   Attachment 26: Cancelled checks showing payments from Lunsford Investment to business entity defendants and for personal services . . . . . . . . . . 521
   Attachment 27: Cancelled checks showing payments to Bagels Consulting from business entity defendants . . . . . . . . . . . . . . . . . . . . . . . . . . . 531
   Attachment 28: Cancelled checks showing payments to Skyridge Trust from business entity defendants . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 540
   Attachment 29: Cancelled checks showing payments to WAL Trust from business entity defendants . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 548
   Attachment 30: Cancelled check showing payment to Lunsford Investment from WAL Trust . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 555
   Attachment 31: Cancelled checks showing payments to Heavy Hitters from

iv

business entity defendants and Portfolio . . . . . . . . . . . . . . . . . . . . . . . . . . . . 556
    Attachment 32: Citibank documents showing wire transfers to BAL
Financial, LLC . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 567
    Attachment 33: BAL Financial website page pdf print outs . . . . . . . . . . 570
    Attachment 34: VISA CID return   . . . . . . . . . . . . . . . . . . . . . . . . . . . 573
    Attachment 35: MasterCard CID return  . . . . . . . . . . . . . . . . . . . . . . . 587
    Attachment 36: United States Postal Service records . . . . . . . . . . . . . . . 607
    Attachment 37: Cbeyond Communications CID return excerpts . . . . . . . 614
    Attachment 38: *Pepion v. Global Filing Srvs, LLC* complaint, docket report
and default . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 622
    Attachment 39: *Therrien v. Global Filing Srvs., LLC* complaint, docket report
and default . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 632
    Attachment 40: *Constantine v. Union Mgt. Srvs., LLC* complaint, docket
report and judgment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 642
    Attachment 41: *Garay v. Prime West Mgt. Srvs., LLC* complaint and docket
report . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 652
    Attachment 42: *Taylor v. Pacific Mgt. Srvs., LLC* complaint, docket report
and default . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 663
    Attachment 43: Defendants' Craigslist job postings as of 6/28/11 . . . . . . 673
    Attachment 44: Defendants' Internet job postings as of 9/9/11 . . . . . . . . 675

1

## DECLARATION OF BRUCE GALE

2   1.   My name is Bruce Gale.  I am an investigator with the Federal Trade

3   Commission ("FTC").  I work in the Western Region, Los Angeles office.  The

4   following statements are within my personal knowledge and if called upon as a

5   witness I could and would competently testify thereto.

6   2.   In the course of the FTC's investigation of Defendants Pacific

7   Management Recovery, LLC ("Pacific Management"); Prime West Management

8   Recovery, LLC ("Prime West"); City Investment Services, LLC ("City

9   Investment"); Rincon Management Services, LLC dba "Rincon Debt

10  Management," "Rincon Filing Services," and "Pacific Management Recovery"

11  ("Rincon"); Global Filing Services, LLC ("Global"); National Filing Services,

12  LLC ("National Filing"); Union Management Services, LLC also d/b/a "Union

13  Filing Services" ("Union Management") (collectively "business entity

14  defendants"), Jason R. Begley, and Wayne W. Lunsford ("Individual Defendants")

15  (hereinafter collectively referred to as "Defendants"), the FTC obtained

16  information, including over 200 consumer complaints, consumer declarations and

17  copies of numerous records pertaining to Defendants' business acts and practices.

18  This declaration discusses information obtained in the course of the FTC's

19  investigation and supports the FTC's *Ex Parte* TRO Application, filed concurrently

20  herewith.  Business entity defendants are debt collectors that collect consumer

21  debt.

22  ### Translation of Defendants' Spanish Language Script

23  3.   Russell Delbridge a former employee of Rincon Debt Management

24  provided the FTC with a script and documents used by Defendants in the collection

25  of debts from consumers.  *See* Delbridge declaration ¶ 5, Attachment ("Att.") 1.

26  The script provided by Mr. Delbridge titled "Spanish Sto" was in Spanish and did

27  not contain a translation.  After receiving this script, the FTC provided a copy to

28  The Language Doctors, Inc. ("TLD, Inc.") (a transcription and translation service

used by the FTC) to be transcribed and translated.  **Attachment 1** is a true and correct copy of the certified translation of the Spanish language script that Mr. Delbridge provided to the FTC.

### Consumer complaints

4.      Over 270 consumers have complained to the FTC and the Better Business Bureau ("BBB") about Defendants' collections practices.  More than 200 of those consumers complained to the FTC between April 2008 and September 2011.  I have reviewed and analyzed most of the FTC complaints against Defendants, and below is a summary of pertinent portions of those complaints pursuant to Rule 1006 of the Federal Rules of Evidence ("FRE").  Because the consumer complaint documents are voluminous and contain personal identifying information, they have not been submitted as an exhibit to the FTC's papers. However, the FTC complaints will be made available to the Court upon request. The complaints will also be made available to the parties upon request and pursuant to a protective order.

### FTC Consumer Sentinel Complaints

5.      I reviewed 213 complaints against the business entity defendants contained in the FTC's Consumer Sentinel complaint database, received from April 2008 through July 2011.  Fourteen (14) of these complaints were referred to the FTC by the North Carolina Department of Justice and lacked sufficient detail to do an appropriate review.  Another several complaints contained little, or very little details of the Defendants' practices except to say that Defendants violated the law. Some of the consumer complaints in the FTC's database identify the business entity defendant by its legal name, while others complaints provided a variation of the business entity's legal name, or one of its unregistered dbas.  For example, the Consumer Sentinel database contained complaints against Rincon Risk Management, Rincon Corporate Office, Mike Davis Processing Services, Pacific Management, West Management and other variations.  When a name other than the

339

legal name was contained in the complaint, I reviewed the other identifying information, such as the company's telephone number or address to ensure that the complaint was related to Defendants.

6.    Many of the consumer complaints were similar to each other, recounting the same deceptive and abusive collection practices.  For example, many complaints stated that Defendants' collector called the consumer's employer, or some other third party close to the consumer claiming to be a process server seeking to serve the consumer with a complaint.  Consumer complainants also stated that Defendants' threatened the consumer that a lawsuit had been filed, or would soon be filed against him or her.  I have also reviewed the consumer declarations that are being filed in this action in support of the FTC's *Ex Parte* TRO Application and found that the declarants also claim Defendants engaged in deceptive and abusive conduct similar to what is contained in the consumer complaints.  Below is a summary of 199 FTC complaints submitted between September 2009 and July 2011:

7.    More than half of the consumers indicated that Defendants' employee called a third party, such as the consumer's employer, friend or family members for a purpose other than to obtain the consumer's contact information.  Most of these complaints state that Defendants' collector told that third party that the consumer was going to be served with a complaint, or that the consumer was in some form of legal trouble and needed to call their office immediately.  This was stated in:

    a.    31 out of 65 consumer complaints against Rincon;

    b.    21 out of 34 consumer complaints against Pacific Management;

    c.    22 out of 33 consumer complaints against Prime West;

    d.    7 out of 10 consumer complaints against City Investment;

    e.    4 out of 13 consumer complaints against Global Filing;

    f.    10 out of 23 consumer complaints against National Filing; and

g.      14 out of 21 consumer complaints against Union Management.

8.      More than half of the consumers indicated that one of Defendants' employees threatened that the consumer was being served with a lawsuit.  This was stated in:

a.      34 out of 65 consumer complaints against Rincon;

b.      19 out of 34 consumer complaints against Pacific Management;

c.      24 out of 33 consumer complaints against Prime West;

d.      7 out of 10 consumer complaints against City Investment;

e.      6 out of 13 consumer complaints against Global Filing;

f.      15 out of 23 consumer complaints against National Filing; and

g.      14 out of 21 consumer complaints against Union Management.

A number of these consumers also complained that Defendants' collector represented that he or she was a process server, or a law enforcement officer.

9.      Almost a third of the consumers complained that when they called Defendants, their employee did not identify his or her employer, and did not identify him or herself as a debt collector who was attempting to collect a debt from the consumer.  This was stated in:

a.      25 out of 65 consumer complaints against Rincon;

b.      13 out of 34 consumer complaints against Pacific Management;

c.      10 out of 33 consumer complaints against Prime West;

d.      2 out of 10 consumer complaints against City Investment;

e.      4 out of 13 consumer complaints against Global Filing;

f.      2 out of 23 consumer complaints against National Filing; and

g.      7 out of 21 consumer complaints against Union Management.

10.      Well over half of consumers complained that Defendants' employee threatened that a lawsuit had been filed, or would soon be filed against the consumer.  This was stated in:

a.      42 out of 65 consumer complaints against Rincon;

341

  b.  21 out of 34 consumer complaints against Pacific Management;

  c.  27 out of 33 consumer complaints against Prime West;

  d.  7 out of 10 consumer complaints against City Investment;

  e.  8 out of 13 consumer complaints against Global Filing;

  f.  16 out of 23 consumer complaints against National Filing; and

  g.  13 out of 21 consumer complaints against Union Management.

  11.  Over a third of consumers complained that Defendants' employee threatened him or her with arrest, wage garnishment, the seizure, garnishment, or attachment of the consumer's property or wages.  This was stated in:

  a.  21 out of 65 consumer complaints against Rincon;

  b.  11 out of 34 consumer complaints against Pacific Management;

  c.  13 out of 33 consumer complaints against Prime West;

  d.  4 out of 10 consumer complaints against City Investment;

  e.  5 out of 13 consumer complaints against Global Filing;

  f.  5 out of 23 consumer complaints against National Filing; and

  g.  19 out of 21 consumer complaints against Union Management.

  12.  Over a third of consumers complained that Defendants representative did not inform them of their right to dispute and obtain verification of their debts, either in the initial communication, or in writing within five days thereafter.  This was stated in:

  a.  23 out of 65 consumer complaints against Rincon;

  b.  10 out of 34 consumer complaints against Pacific Management;

  c.  12 out of 33 consumer complaints against Prime West;

  d.  4 out of 10 consumer complaints against City Investment;

  e.  7 out of 13 consumer complaints against Global Filing;

  f.  9 out of 23 consumer complaints against National Filing; and

  g.  5 out of 21 consumer complaints against Union Management.

**Consumer documents provided to the FTC**

13.     In the course of the FTC's investigation, consumers have provided the FTC with documents relating to Defendants' collection practices.  Some of these documents include, but are not limited to, offer of settlement letters, emails, and Defendants' written responses consumer complaints to third-party consumer protection agencies.  **Attachment 2** collectively are true and correct copies of such documents the FTC received from consumers who did not submit a declaration in this case.

### Secretary of State Records

14.     The FTC has obtained from the California Secretary of State certified copies of records that **Rincon Management Services, LLC** ("Rincon") has filed. **Attachment 3** is a certified copy of the California Secretary of State's records relating to Rincon, which consist of "Limited Liability Company Articles of Organization" filed on June 30, 2010.  Also included was a notice that Rincon has not filed a "Statement of Information" with the Secretary of State.

15.     The FTC has obtained from the California Secretary of State certified copies of records that **Pacific Management Recovery, LLC** ("Pacific Management") has filed.  **Attachment 4** is a certified copy of the California Secretary of State's records relating to Pacific Management, which consist of:

a.     Delaware Secretary of State certification that Pacific Management Recovery, LLC is a limited liability company formed under the laws of the state of Delaware.  This certification was signed March 26, 2009.

b.     "Limited Liability Company Application for Registration" filed on April 30, 2009.  This application is signed by Jason Begley who is identified as "President," and lists Pacific Management's principal executive office as 541 N. Main St., Suite 104-261, Corona, CA 92880.

c.     "Statement of Information (Limited Liability Company)" filed on July

343

27, 2009, signed by Alan Smith, "Agent." The form lists Jason Begley as the manager/member of Pacific Management.

d.     "Statement of Information (Limited Liability Company)" filed on December 22, 2009, listing Begley as the "Manager."

e.     "Limited Liability Company Certificate of Cancellation" filed on May 3, 2010, which is also signed by Jason Begley.

f.     "Resignation of Agent Upon Whom Process May Be Served" filed in July 21, 2010, stating that Jason R. Begley resigns as agent for service of process in California.

16.     The FTC has obtained from the Delaware Secretary of State a certified copy of the Certificate of Formation of Limited Liability Company **Prime West Management Recovery, LLC** ("Prime West") filed on January 20, 2010. **Attachment 5** is a true and correct copy of the Certificate of Formation that Prime West filed with the Delaware Secretary of State. The FTC has also obtained certified copies of records that Prime West has filed with the California Secretary of State. **Attachment 6** is a certified copy of the California Secretary of State's records relating to Prime West, which consist of:

a.     "Limited Liability Company Application for Registration" filed on January 27, 2010. This application is signed by Wayne W. Lunsford, who is identified as "Manager." It lists the principal executive office as 109 North Maple St., Suite C, Corona, CA 92880.

b.     Delaware Secretary of State certification that Prime West Management Recovery, LLC is a limited liability company formed under the laws of the state of Delaware. This form was signed January 27, 2010.

c.     "Statement of Information (Limited Liability Company)" filed May 26, 2010, signed by Jason Begley identified as managing member. This form lists the principal executive office as 541 N. Main St., Suite 104-261, Corona, CA 92882.

344

    d.    "Statement of Information (Limited Liability Company)" filed August 23, 2010, signed by Jason Begley identified as "CEO"  This form lists the principal executive office as 541 N. Main St., Suite 104-261, Corona, CA 92882.

17.    The FTC has obtained from the California Secretary of State certified copies of records that **Union Management Services, LLC** ("Union Management") has filed.  **Attachment 7** is a certified copy of the California Secretary of State's records relating to Union Management, which consist of:

    a.    "Limited Liability Company Articles of Organization" filed on March 29, 2010.  This application is signed by L. Mitchell.

    b.    "Statement of Information (Limited Liability Company)" filed April 26, 2010, signed by Jason Begley identified as "CEO"  This form also lists Wayne Lunsford as manager/member of Union Management, and its principal executive office as 541 N. Main St., Suite 104-261, Corona, CA 92882.

18.    The FTC has obtained from the California Secretary of State certified copies of records that **City Investment Services, LLC** ("City Investment") has filed.  **Attachment 8** is a certified copy of the California Secretary of State's records relating to City Investment, which consist of:

    a.    "Limited Liability Company Articles of Organization" filed on March 29, 2010.  This application is signed by L. Mitchell.

    b.    "Statement of Information (Limited Liability Company)" filed April 26, 2010, signed by Jason Begley identified as "CEO"  This form also lists Wayne Lunsford as manager/member of City Investment, and its principal executive office as 541 N. Main St., Suite 104-261, Corona, CA 92882.

19.    The FTC has obtained from the California Secretary of State certified copies of records that **Global Filing Services, LLC** ("Global Filing") has filed.

345

**Attachment 9** is a certified copy of the California Secretary of State's records relating to Global Filing, which consist of:

    a.    "Limited Liability Company Articles of Organization" filed on August 9, 2010.  This application is signed by L. Mitchell.

    b.    "Statement of Information (Limited Liability Company)" filed April 26, 2010, signed by Jason Begley identified as managing member.  This form also lists Wayne Lunsford as manager/member of Global Filing, and its principal executive office as 980 Montecito Drive, Suite 205, Corona, CA 92879.

20.    The FTC has obtained from the California Secretary of State certified copies of records that **National Filing Services, LLC** ("National Filing") has filed.  **Attachment 10** is a certified copy of the California Secretary of State's records relating to National Filing, which consist of:

    a.    "Limited Liability Company Articles of Organization" filed on August 9, 2010.  This application is signed by L. Mitchell.

    b.    "Statement of Information (Limited Liability Company)" filed October 1, 2010, signed by Jason Begley identified as managing member.  This form also lists Wayne Lunsford as manager/member of National Filing, and its principal executive office as 980 Montecito Drive, Suite 205, Corona, CA 92879.

21.    The FTC also searched for records pertaining to entities that, as discussed below, received significant sums of money gained from business entity defendants' operations.  These entities are Portfolio Investment Group, LP; Bagels Consulting Firm, Inc.; Lunsford Investment and Management Services, Inc.; and Heavy Hitters Investments, Inc.

22.    **Attachment 11** is a certified copy of **Portfolio Investment Group, LP's** Certificate of Limited Partnership filed with the California Secretary of State on November 8, 2010.  Attachment 11 shows that the business office for Portfolio

Investment Group, LP is 980 Montecito Drive, Suite 205, Corona, CA 92881, an address shared with all of business entity defendants.  Attachment 11 states that the general partners of Portfolio Investment Group, LP is an entity called Heavy Hitters, Inc. and that Jason Begley is its President.

23.    **Attachment 12** are true and correct certified copies of the California Secretary of State records relating to **Bagels Consulting Firm, Inc**. (Bagels Consulting), which was incorporated on July 12, 2008.  The Statement of Information for Bagels Consulting filed on March 17, 2010 shows that Jason Begley is the company's Chief Executive Officer and Chief Financial Officer, and that Shantel Begley is the company's Secretary.  It also shows that Bagels Consulting's principal business office is listed as 541 Main Street, Suite #104-261, Corona, CA 92882, a mail drop address shared by a number of the business entity defendants.  The Statement of Information subsequently filed on May 12, 2011, lists Jason Begley as the sole officer of the company holding the positions of Chief Executive Officer, Secretary, and Chief Financial Officer.  Shantel Begley is no longer listed as holding a position with Bagels Consulting.  The revised Statement of Information also lists the new principal business address as 980 Montecito Drive, Suite 205, Corona, CA 92879, an address shared with all of the business entity defendants.

24.    **Attachment 13** are true and correct certified copies of the California Secretary of State records relating to **Lunsford Investment and Management Services, Inc.** ("Lunsford Investment").  The Statement of Information for Lunsford Investment filed on March 17, 2010 shows that Wayne William Lunsford is the company's Chief Executive Officer and Chief Financial Officer, and that Amber Lunsford is the company's Secretary.  It also shows that Lunsford Investment's principal business office is listed as 541 Main Street, Suite #104-261, Corona, CA 92882, a mail drop address shared by a number of the business entity defendants.  The Statement of Information subsequently filed on May 12, 2011,

lists Wayne Lunsford as the sole officer of the company holding the positions of Chief Executive Officer, Secretary, and Chief Financial Officer. Amber Lunsford is no longer listed as holding a position with Lunsford Investment. The revised Statement of Information also lists the new principal business address as 980 Montecito Drive, Suite 205, Corona, CA 92879, an address shared with all of the business entity defendants.

25.   **Attachment 14** are true and correct certified copies of the California Secretary of State records relating to **Heavy Hitters Investments, Inc.** ("Heavy Hitters"). The Statement of Information for Heavy Hitters filed on May 26, 2010 shows that Jason Begley is the company's Chief Executive Officer and Chief Financial Officer, and that Wayne Lunsford is the company's Secretary. It also shows that Heavy Hitters' principal business office is listed as 541 Main Street, Suite #104-261, Corona, CA 92882, a mail drop address shared by a number of the business entity defendants. The Statement of Information subsequently filed on May 12, 2011, lists Jason Begley as continuing as the company's Chief Executive Officer, but lists Wayne Lunsford as holding the positions of Secretary, and Chief Financial Officer. The revised Statement of Information also lists the new principal business address as 980 Montecito Drive, Suite 205, Corona, CA 92879, an address shared with all of the business entity defendants.

### Unregistered fictitious business names

26.   From reviewing the consumer complaints and documents received from consumers, the FTC has learned that some of the business entity defendants use fictitious business names. Rincon Management Services, LLC has held itself out as "Rincon Debt Management" (*see e.g.,* Delbridge declaration ¶ 2) and "Rincon Filing Services" (*see e.g.,* Delbridge declaration ¶ 2; Gale Att. 2 at p. 371; Stump declaration ¶ 19, Att. 8). Because in California fictitious business names are registered by the county in which the business is located, I have searched the fictitious business name databases for Riverside, Orange, Los Angeles, and San

Bernardino counties, and have not found any registration information for the names "Rincon Debt Management" or "Rincon Filing Services."

27.    In addition, although Pacific Management Recovery, LLC cancelled its status as an LLC with the California Secretary of State in May 2010 (*see* Attachment 4 at p. 388), it appears from the consumer complaints that the company was still operating as of July 2011, and has also used the same toll-free telephone number (877-717-9946) that is registered to Rincon Management Services.  Thus, Rincon Management Services, LLC, is likely also utilizing the fictitious business name "Pacific Management Recovery."  My search of the fictitious business name databases for Riverside, Orange, Los Angeles, and San Bernardino counties, however, did not show a registration for the use of the name Pacific Management by Rincon.

28.    The consumer complaints and documents received from consumers, also showed that Union Management Services, LLC, has held itself out as "Union Filing Services."  *See e.g.*, Bergmann declaration ¶ 13, Att. 2.  My search of the fictitious business name databases for Riverside, Orange, Los Angeles, and San Bernardino counties, did not reveal any registration information for the fictitious business name "Union Filing Services" by Union Management Services, LLC.

**Business entity defendants' bank records**

29.    **Citibank records.**  In July 2011, the FTC issued a CID to Citibank N.A. for records pertaining to Rincon, Pacific Management, City Investment, Prime West, Global Filing, National Filing, and Union Management.  **Attachment 15** is a true and correct copy of the custodian of records declaration relating to the Citibank CID return.  Citibank produced voluminous bank records relating to accounts held by some of the business entity defendants and accounts for entities controlled by Begley and Lunsford.  Citibank produced records up to July 2011.  I have reviewed the Citibank records, and in my declaration I summarize pertinent portions of those records pursuant to Federal Rule of Evidence ("FRE") 1006.  The

349

Citibank records contain sensitive account information; thus, the complete records are not being submitted as an exhibit to the FTC's moving papers. I have, however, attached redacted excerpts of some of the records to demonstrate the type of record upon which I base my summary below. The Citibank records will be made available to the Court and the parties upon request pursuant to FRE 1006.

30. **Attachment 16** are true and correct copies of redacted excerpted signature cards from Citibank's CID response for bank accounts belonging to the following entities: City Investment; Pacific Management; Prime West; Union Management; Portfolio Investment Group, LP; and Lunsford Investment and Management Services, Inc. Attachment 16 shows that Begley and Lunsford are the two individuals with signatory authority over the accounts held by City Investment; Pacific Management; Prime West; Union Management; and Portfolio Investment Group, LP. The signature card for the account belonging Lunsford Investment and Management Services, Inc. shows that Lunsford is one of the individuals with signatory authority over that account.

31. Citibank produced bank statements for City Investment, Pacific Management, Prime West, Union Management, and Portfolio Investment Group, LP. **Attachment 17** are true and correct copies of redacted excerpted bank statements from Citibank's CID response. Attachment 17 are the first pages of the excerpted bank statements, showing, among other things, the entity's name and business address.

32. Citibank produced signature cards for other business entity accounts over which Jason Begley and/or Wayne Lunsford have signatory authority. **Attachment 18** are true and correct copies of redacted signature cards for other business entity accounts over which Begley and/or Lunsford have signatory authority.

33. **Bank of America records**. In August 2011, the FTC issued a CID to Bank of America N.A. ("Bank of America") for records pertaining to Rincon,

Pacific Management, City Investment, Prime West, Global Filing, National Filing, and Union Management. **Attachment 19** is a true and correct copy of the custodian of records declaration relating to the Bank of America CID return. Bank of America produced voluminous bank records relating to accounts held by Rincon, National Filing, and Global Filing. Bank of America produced records up to August 2011. I have reviewed the Bank of America records, and in my declaration I summarize pertinent portions of those records pursuant to Federal Rule of Evidence ("FRE") 1006. The Bank of America records contain sensitive account information; thus, the records are not being submitted as an exhibit to the FTC's moving papers. I have, however, attached redacted excerpts of some of the records to demonstrate the type of record upon which I base my summary below. The Bank of America records will be made available to the Court and the parties upon request pursuant to FRE 1006.

34.    **Attachment 20** are true and correct copies of redacted signature cards from Bank of America's CID response. Attachment 20 are signature cards for bank accounts belonging to the entities Rincon Management Services, LLC; National Filing Services, LLC; and Global Filing Services, LLC. The signature cards in attachment 20 show that Begley and Lunsford are the only two individuals with signatory authority over those accounts. Attachment 20 also shows that Begley and Lunsford hold themselves out as managing members of Rincon, National Filing, and Global Filing.

35.    **Attachment 21** are true and correct copies of redacted excerpted bank statements from Bank of America's CID response. Attachment 21 are the first pages of the excerpted bank statements for Rincon, National Filing and Global Filing showing, among other things, the entity's name and business address.

### Payments between the business entity defendants

36.    Among the records produced by Citibank were copies of checks drafted from the accounts held by some of the business entity defendants to other

business entity defendants. **Attachment 22** are true and correct copies of redacted excerpted checks showing payments from Prime West to City Investment, from City Investment to Prime West, and from Union Management to Prime West.

### Payments from Pacific Management to Wayne Lunsford

37.     Among the records produced by Citibank were copies of checks drafted from the account held by Pacific Management to Wayne Lunsford. **Attachment 23** is a true and correct copy of a redacted excerpted check showing a payment to Lunsford from Pacific Management. The Pacific Management cancelled checks showed regular payments to Lunsford on a monthly and sometimes more than monthly basis. I have added together the cancelled checks received by Lunsford from Pacific Management and between May 2009 and February 2010, Lunsford received approximately $103,000 from Pacific Management.

### Payments between Defendants and Portfolio Investment Group, LP

38.     Both Citibank and Bank of America produced copies of cancelled checks written to Portfolio Investment Group, LP ("Portfolio") by six of the seven business entity defendants. Citibank also produced checks to some of the business entity defendants that were drafted from the Portfolio account. As discussed in paragraph 22 above, Portfolio is a limited partnership, including the entity, Heavy Hitters, Inc., for which Begley serves as President. *See* Att. 11. **Attachment 24**, collectively, are true and correct redacted copies of excerpted cancelled checks between Portfolio and Prime West, Rincon, Union Management, City Investment, Global Filing, National Filing, Wayne Lunsford, and Bagels Consulting Firm, Inc. The last check in Attachment 24 shows that Wayne W. Lunsford paid Portfolio with $400,000 from his personal Citibank account in December 2010. Some of the cancelled checks in Attachment 24 also show that six of the seven business entity defendants (Rincon, Prime West, City Investment, Union Management, Global Filing and National Filing) have written checks of significant sums of money to

Portfolio that were deposited in Portfolio's Citibank account.  Portfolio's Citibank account is controlled by Begley and Lunsford who are the two individuals with signatory authority.  *See* Attachment 16.  The excerpted checks also show that Rincon, Global Filing, and National Filing have written checks to Portfolio from a Bank of America account.  As discussed in paragraph 34 above, Begley and Lunsford are the only two authorized signers on those Bank of America accounts.  *See* Att. 20.  I have reviewed and added together all of the checks written to Portfolio by Rincon, Prime West, Union Management, City Investment, Global Filing, and National Filing that were produced by Citibank, and found that from December 2010 to August 2011, these six entities have provided Portfolio with over $1.6 million.

39.     Attachment 24 also shows checks drafted from the Portfolio, which is noted as "P.I.G." on its checks, to National Filing Services, Prime West Management Recovery, and Rincon Management Services.  I have compared the account number on the P.I.G. cancelled checks with the account number on Portfolio's signature card and confirmed that this is the same account over which Begley and Lunsford have signatory authority.

**Payments to and from Lunsford Investment and Management Services, Inc.**

40.     Both Citibank and Bank of America produced copies of checks drafted from the accounts held by <u>all</u> of the business entity defendants, and Portfolio to an entity called Lunsford Investment and Management Services, Inc. ("Lunsford Investment").  As discussed in paragraph 24 above, Lunsford is President of Lunsford Investment (*see* Att. 13), and is one of two individuals with signatory authority over the Lunsford Investment's Citibank account.  *See* Att. 16.  **Attachment 25** are true and correct redacted copies of excerpted cancelled checks written to Lunsford Investment by the business entity defendants and Portfolio.  Citibank also produced copies of checks from the account held by Lunsford Investment to Prime West, Portfolio, and to other businesses in payment for what

appear to be personal expenses drafted from the account held by Lunsford Investment. **Attachment 26** are true and correct redacted copies of excerpted cancelled checks to Prime West, Portfolio, and other businesses from Lunsford Investment.

41.     I have reviewed all of the checks produced by Citibank and Bank of America that were written to Lunsford Investment by Rincon, Prime West, Pacific Management, Union Management, City Investment, Global Filing, and National Filing. The checks from these entities to Lunsford Investment were written on a monthly basis for amounts ranging from as much as $36,000, in one instance, to approximately $2,800. I have added together the checks written to Lunsford Investment by Rincon, Prime West, Pacific Management, Union Management, City Investment, Global Filing, and National Filing and found that from February 2010 to August 2011, these business entity defendants paid Lunsford Investment over $389,000. I also found that Portfolio made a payment of $20,000 to Lunsford Investment. *See* Att. 25 at Citibank-000267. Taken together the payments made to Lunsford Investment by the business entity defendants and Portfolio total over $409,000.

42.     The cancelled checks produced by Citibank also suggest that the account held by Lunsford Investment was used, in part, as a personal checking account. These checks show payments made for what appears to be personal expenses and services. For example, there are checks written to an individual with the memo lines of "Happy B-Day" and "house cleaning," as well as to businesses called "Lara Pools and Spas" and "Temecula Dance Company." *See e.g.,* Gale Att. 26 at Citibank-001648, -001592, -001670, -001655, -001672.

### Payments to Bagels Consulting Firm, Inc.

43.     Both Citibank and Bank of America produced copies of cancelled checks drafted from accounts held by <u>all</u> of the business entity defendants and Portfolio to an entity called Bagels Consulting Firm, Inc. ("Bagels Consulting").

As discussed in paragraph 23 above, Begley is President of Bagels Consulting. *See* Att. 12. The cancelled checks produced by Citibank and Bank of America show regular monthly payments to Bagels Consulting by the business entity defendants ranging from as much as $36,000 to approximately $2,800. **Attachment 27** are true and correct redacted copies of excerpted cancelled checks written to Bagels Consulting from accounts held by the business entity defendants, as well as two checks from Portfolio to Bagels Consulting.

44.     I have reviewed and added together all of the checks produced by Citibank and Bank of America that were written to Bagels Consulting by all of the business entity defendants and found that from May 2009 to August 2011, the business entity defendants paid Bagels Consulting over $582,000. In addition Portfolio made two payments to Bagels Consulting in December 2010 and January 2011 totaling $80,000. Taken together the payments made to Bagels Consulting by the business entity defendants and Portfolio total over $662,000.

## Payments to Skyridge Legacy and Trust

45.     Both Citibank and Bank of America produced copies of cancelled checks drafted from accounts held by Union Management, City Investment, Rincon, National Filing, Global Filing, and Portfolio to a trust called Skyridge Legacy and Trust ("Skyridge Trust"). **Attachment 28** are true and correct redacted copies of excerpted cancelled checks showing payments to Skyridge Trust from Union Management, City Investment, Rincon, National Filing, Global Filing and Portfolio. Some of the checks in Attachment 28 show the address for Skyridge Trust. The FTC has obtained a copy of Begley's California driver's license. I have compared the address for Skyridge Trust on the checks in Attachment 28 with Begley's home address listed on his driver's license and confirmed that it is the same address. The checks written to Skyridge Trust also appear to be signed by Begley, as it matches his signature from the signature cards he signed on behalf of the business entity defendants. *See* Atts. 16, 20. The cancelled checks in

355

Attachment 28 also show that Skyridge Trust has a bank account with Wells Fargo.

46.     I have reviewed and added together all of the checks produced by Citibank and Bank of America that were written to Skyridge Trust by Union Management, City Investment, Rincon, National Filing and Global Filing, and have found that between January 2011 and August 2011, these entities paid over $734,000 to Skyridge Trust.  In addition, Portfolio has written two checks to Skyridge Trust totaling $475,000.  *See* Att. 28 at Citibank-000247-48, Citibank-000263.  Taken together the payments made to Skyridge Trust by Union Management, City Investment, Rincon, National Filing, Global Filing, and Portfolio total over $1.2 million.

### Payments to WAL Legacy Gift and Trust

47.     Both Citibank and Bank of America produced copies of cancelled checks drafted from accounts held by Union Management, City Investment, Rincon, National Filing, Global Filing, and Portfolio to a trust called WAL Legacy Gift and Trust ("WAL Trust").  **Attachment 29** are true and correct redacted copies of excerpted cancelled checks showing payments to WAL Trust from Union Management, City Investment, Rincon, National Filing, Global Filing, and Portfolio.  Citibank also produced a copy of a cancelled check written from an account held by WAL Trust to Lunsford Investments in the amount of $25,000.  **Attachment 30** is a true and correct copy of a cancelled check to Lunsford Investment from WAL Trust.  Attachment 30 shows that Wayne Lunsford is the trustee for WAL Trust.

48.     I have reviewed and added together all of the checks produced by Citibank and Bank of America that were written to WAL Trust by Union Management, City Investment, Rincon, National Filing and Global Filing, and have found that between January 2011 and July 2011, these entities paid over $623,000 to WAL Trust.  The check written by Portfolio to WAL Trust on 12/29/10 was for $400,000.  *See* Att. 29 at Citibank-000241-42.  Taken together

the payments made to WAL Trust by Union Management, City Investment, Rincon, National Filing, Global Filing, and Portfolio total over $1 million.

## Payments to Heavy Hitters Investment, Inc.

49.     Both Citibank and Bank of America produced copies of cancelled checks to Heavy Hitters Investment, Inc. ("Heavy Hitters") from Rincon, Union Management, City Investment, Global Filing, National Filing, and Portfolio. Heavy Hitters is an entity controlled by Begley and Lunsford. *See* Att. 14. The payments to Heavy Hitters are more recent. Payments from Portfolio started in April 2011 and from the business entity defendants in May 2011. The memo on some of the checks from the business entity defendants includes the note "administrative." The memo on some of the checks from Portfolio to Heavy Hitters includes the note "royalty." **Attachment 31** are true and correct redacted copies of excerpted cancelled checks showing payments to Heavy Hitters from Rincon, Union Management, City Investment, Global Filing, National Filing, and Portfolio. Also included in Attachment 31 is a redacted cancelled check from Heavy Hitters to Portfolio from a Bank of America account. Between April 2011 and July 2011, the payments to Heavy Hitters from Rincon, Union Management, City Investment, Global Filing, National Filing, and Portfolio totaled approximately $119,000.

## Total payments to entities under Begley and/or Lunsford's control

50.     From reviewing the records produced by Citibank and Bank of America, I saw relatively few payments made directly to Begley or Lunsford from accounts held by the business entity defendants. There were very few checks written directly to Begley from any of these accounts. And with the exception of checks written to Lunsford by Pacific Management, discussed in paragraph 37 above, I found little evidence of payments made directly to Lunsford by the other business entity defendants. Instead, as discussed above, I found that the business entity defendants and Portfolio made regular payments to entities that were under

Begley's exclusive control (Bagels Consulting, Skyridge Trust) and Lunsford's exclusive control (Lunsford Investment, WAL Trust). From approximately May 2009 to August 2011, the total draws for these entities under Begley's control was over $1.8 million. *See* paragraphs 44 and 46, above. Of that amount, the business entity defendants alone paid Bagels Consulting Firm and Skyridge Legacy and Trust, collectively, over $1.3 million.

51. From approximately February 2010 to August 2011, the total draws for these entities under Lunsford's control was over $1.4 million. *See* paragraphs 41 and 48, above. Of that amount, the business entity defendants alone paid Lunsford Investment and Management Services and WAL Legacy Gift and Trust, collectively, over $1 million.

52. More recently, starting in April 2011, payments were made by some of the business entity defendants to Heavy Hitters, Inc. an entity under Begley and Lunsford's control. *See* Att. 14. From approximately April 2011 to July 2011, the total draws for Heavy Hitters was over $119,000.

### Wire transfers to BAL Financial

53. Citibank also produced documents reflecting wire transfers made by Portfolio to an entity called BAL Financial, LLC ("BAL Financial") located in Arlington, Texas. **Attachment 32** are true and correct redacted copies of excerpted documents showing wire transfers from Portfolio to BAL Financial located in Arlington, Texas. BAL Financial is a debt buyer/seller. I have visited BAL Financial's website at balfinancialllc.com. **Attachment 33** is a true and correct copy of the pdf version of the "home" and "available portfolios" tabs of BAL financial's website www.balfinancialllc.com as it existed on August 12, 2011. I have reviewed and added together all of these wire transfers and found that between January 2011 and July 2011, Portfolio has wired over $2 million to BAL Financial.

## Credit card volume

54.     Consumers have told the FTC that Defendants' collectors have collected, or attempt to collect payment from them, and that Defendants accept payment by check, credit card, or money order.

55.     The FTC issued a Civil Investigative Demand ("CID") to VISA U.S.A., Inc., the operator of a payments network over which payments made to Defendants were processed. **Attachment 34** are true and correct copies of the documents produced to the FTC by VISA pertaining to all of the business entity defendants with VISA's confidential information redacted.

56.     Attachment 34 consists of a spreadsheet for each entity that cuts across two pages that should be read side by side. For example, the spreadsheet for City Investment consists of pages bate-stamped VISA0001-0002. The spreadsheet shows the monthly volume of charges made by the entities. I added the total amount of charges for all of the entities, and found that in the approximately two year period between April 2009 and June 2011, the business entity defendants' charges to consumers' VISA credit cards totaled approximately $7,490,117. I also added the number of separate charges for all of the entities together and found that the over $7.4 million was collected through 23,530 separate charges to VISA credit cards.

57.     The FTC also issued a Civil Investigative Demand ("CID") to MasterCard Worldwide ("MasterCard"). Like VISA, MasterCard which is also an operator of a payments network over which payments made to Defendants were processed. **Attachment 35** are true and correct copies of the documents produced to the FTC by MasterCard pertaining to all of the business entity defendants.

58.     Attachment 35 consists of a spreadsheet for each entity that shows the monthly volume of charges made by the entities. Unlike VISA, MasterCard's spreadsheet for each entity does not cut across two pages. I added the total amount of charges for all of the entities and found that in the almost two year period

**359**

between September 2009 and July 2011, Defendants' charges to consumers' MasterCard credit cards totaled approximately $2,070,536. I also added together the number of separate MasterCard charges for all of the entities. I found that the over $2 million was collected through 6,304 separate charges to MasterCard credit cards.

59.    I added together the total amount of charges to VISA and MasterCard credit cards made by the business entity defendants and found that, taken together, these entities charged approximately $9,479,653 to consumers' credit cards. This amount was collected through 29,834 separate charges.

**United States Postal Service Records**

60.    The FTC obtained records from the United States Postal Service ("USPS") relating to Defendants. **Attachment 36** are true and correct copies of the documents provided to the FTC by the USPS with personal identifying information redacted, and the Postal Service's cover letter for the return. The return consists of two USPS Form 1583, "Application for Delivery of Mail Through Agent," which is a form used to have mail sent to a private mail box. Both the 1583 forms were signed by Begley. It is my understanding that Begley signed the forms because I recognize his signature from the Secretary of State and other documents I have reviewed, and also because I confirmed that the California driver's license number listed on the form matches Begley's driver's license number.

61.    The 1583 form dated May 28, 2010, showed that Begley requested that mail be sent to the UPS private mail box at 1181 Magnolia Ave., Ste. D, Corona, CA 92879 on behalf of Prime West, Union Management, and City Investment. Begley listed the business address for these entities as 541 N. Main, #104-261, Corona, CA 92880. This business address was also an UPS private mail box, which, I've learned from the USPS is now closed. Business entity defendants, Prime West, Union Management, City Investment, Pacific Management, and

Rincon, used this private mail box address as a business address. *See* Atts. Att. 4 at p.378 (Pacific Management); Att. 6 at p. 396 (Prime West); Att. 7 at p. 402 (Union Management); Att. 8 at p. 406 (City Investment); and Att. 21 at p. 490 (Rincon). Begley indicated on the 1583 form that Prime West, Union Management, and City Investment were engaged in "financial consulting."

62.     The 1583 form dated April 5, 2011, showed that Begley requested that mail be sent to the UPS private mail box at 1181 Magnolia Ave., Ste. D, Corona, CA 92879 on behalf of entity defendants Prime West, Union Management, Rincon Management, City Investment, Global Filing, and National Filing. Begley listed the business address for the entities as 980 Montecito, #205, Corona, CA 92879.

63.     Begley indicated on the 1583 form that Prime West, Union Management, Rincon Management, City Investment, Global Filing, and National Filing engaged in "investments/filing serv."

### Toll-free service provider records

64.     The FTC issued a CID to a telephone service provider called Cbeyond Communications for records relating to the business entity defendants. Cbeyond produced to the FTC telephone records relating to an account for telephone service held by Rincon Management Services, Rincon Management Services II, and City Investment Services. **Attachment 37** is a true and correct copy of excerpts of records produced by Cbeyond and the custodian of records declaration relating to the Cbeyond CID return. Attachment 37 shows that the business addresses used by the entities are the following:

    a.     Rincon Management Services: 495 E. Rincon St., Suite 201, Corona, CA 92879;

    b.     Rincon Management Services II: 495 E. Rincon St., Suite 204, Corona, CA 92879;

    c.     City Investment Services: 268 N. Lincoln Ave., #9, Corona, CA 92882.

65.     Attachment 37 also shows that Jason Begley is the primary contact for the Cbeyond accounts and, that after Begley, Wayne Lunsford is a secondary contact for the companies.  Some of the following toll-free telephone numbers are included in the Cbeyond account records and are registered to the business entity defendants below:

a.     Telephone numbers registered to Rincon Management Services:

    i.     877-717-9946: this telephone number is noted in the declarations of consumers and third parties who dealt with Rincon (*see e.g.,* Barleycorn ¶ 4; Gattorno ¶ 3; Padelford ¶ 2; Rhoads ¶ 3; Robertson, Scottie ¶ 5; Stump ¶¶ 2, 3; Wells ¶¶ 2, 6), as well as an FTC complaint against Pacific Management. *See* CD with consumer complaints of Terri Harrison.

    ii.     877-401-6202: this telephone number is listed on Rincon's offer of settlement received by declarant Kimberly Stump (Stump ¶ 8, Att. 2), and consumers' FTC complaints against Rincon. *See e.g.,* CD with consumer complaints of Richele Silvestre, Joni James, Zane Wiggins, and Chen Peichi.

b.     Telephone numbers registered to Rincon Management Services II:

    i.     877-527-9806: this telephone number is noted in the FTC complaints against National Filing Services (*see* CD containing consumer complaint of Albert Lee), and Global Filing Services (*see e.g.,* CD containing consumer complaints of Laurie Hunter, Wennona Bell, and Andrea Smith).  It is also noted in the consumer declarations regarding Global Filing and the company's correspondence to consumers. *See* Borey ¶ 2; Hunter ¶¶ 3, 5, Att. 1; Ratner ¶¶ 2, 7, Att. 1.

    ii.     877-696-8121: this telephone number is noted in the FTC complaint against Union Management/Union Filing as well as

the company's correspondence with consumers. *See* CD with consumer complaint of William Flynn, Begmann ¶ 13, Att. 2 (Union Management email and Offer of Settlement letter). It is also noted in FTC complaints against Rincon (*see* CD with consumer complaints of Megan Paulk and David Weidick); and in City Investment Services' correspondence with consumers. *See* Wafer ¶ 10, Att. 1 (City Investment Services' response to Wafer's BBB complaint).

 c. Telephone numbers registered to City Investment Services:

  i. 877-489-2120: this telephone number is noted the FTC complaints against City Investment. *See* CD with consumer complaint of Julie Judge).

  ii. 877-571-5190: this number is noted in the FTC complaints against City Investment (*see e.g.* CD with consumer complaints of Catherine Jadu Singh, David Savage, Loya Love, and Gerald Dwyer) and a consumer declarations regarding City Investment (Tehrani ¶¶ 4, 7) and Union Filing/City Investment. *See* Bergmann ¶¶ 2, 5.

**Additional telephone numbers shared by the business entity defendants**

66. I reviewed the consumer declarations submitted in this case, the consumer complaints against Defendants, and correspondence sent by Defendants to consumers and found that in addition to the telephone numbers listed in the Cbeyond materials, the business entity defendants used other common toll-free numbers in the course of their business. The following are two of the other toll-free numbers that used by more than one Business Entity Defendant in the course of their collection of consumer debt.

 a. 877-866-1313. This telephone number is used by both Prime West and City Investment. It is noted in the consumer declarations

regarding Prime West and well as the company's correspondence to consumers. *See* Garza ¶ 4, Att.1; Guidry ¶ 3; Jackson ¶ 2; Torok ¶ 2; *see also* Burge ¶ 18, Att. 8 at pp. 275, 276, 277, 278. It is also noted in City Investment's correspondence to consumers. *See e.g.,* Bergmann ¶ 8, Att. 1, Burge ¶ 22, Att. 12 at pp. 304, 305, 306.

b.   866-767-8814. This telephone number is used by both Union Management/Union Filing and Pacific Management. It is noted in consumer declarations regarding Union Filing (*see* Hong ¶ 2, Weisz ¶ 3; Wesner ¶ 2), and Pacific Management. *See* Smith, Donna ¶ 3, Att. 1, ¶ 7, Att. 3.

**Business entity defendants use the "desk name" Mike Davis**

67.   Mr. Delbridge, Defendants' former collector, stated that on calls with consumers and third-parties, collectors were instructed to use the name "Mike Davis" (Delbridge declaration ¶ 5), or "Miguel Davis" on calls with Spanish-speaking consumers. Delbridge ¶ 2, Att. 1. The name Mike Davis, is a "desk name" used by Defendants' collectors in place of their own name.

68.   FTC staff has reviewed the consumer declarations and FTC consumer sentinel complaints for instances where the desk name Mike Davis was used on calls with consumers. In many instances, the complaint was silent as to the desk name used. Nevertheless, the FTC found that evidence from the consumer statements, that following business entity defendants used the desk name "Mike Davis" in their calls with consumers and/or third parties: Rincon (*see* Barleycorn ¶ 9, Gattorno ¶ 15), Union Management (*see* Hong ¶ 2). There were also consumers who complained to the FTC that noted he or she spoke with an agent named Mike Davis.

**LEXIS judgment and liens database search**

69.   I conducted an "all states" search of the LexisNexis ("LEXIS") database for judgment and liens to find any instance in which a Business Entity

Defendant has had a judgment entered on its behalf. I searched the following names in the LEXIS database: Pacific Management Recovery, LLC; Prime West Management Recovery, LLC; City Investment Services, LLC; Rincon Management Services, LLC dba "Rincon Debt Management," "Rincon Filing Services," and "Pacific Management Recovery"; Global Filing Services, LLC; National Filing Services, LLC; Union Management Services, LLC also d/b/a "Union Filing Services" and did not find any instance of a recorded judgment in favor of these entities. I then did a search of a variation of the Business Entity Defendant names, such as "Rincon Management," "Rincon Filing," "Pacific Management," "City Investment," "Global Filing," "National Filing," "Union Management," and "Union Filing," and again did not find any instance of a judgment or lien registered in favor of any of those business names.

## Legal actions taken against business entity defendants

70.     FTC staff conducted a search of the PACER electronic document filing system for the United States District Court, Central District of California for cases involving the business entity defendants. A name search for the business entity defendants pulled up a number of private lawsuits against some of the entities for violations of the FDCPA as well as the relevant California debt collection statute. The PACER system had records of two cases filed against Global Filing Services, LLC and in both of those actions a default was entered by the clerk against the company. **Attachment 38** are true and correct copies of the following documents in the case *Pepion v. Global Filing Services, LLC*, case no. 2:11-cv-05164-CAS-OP: the complaint, the docket report as of September 14, 2011, and the default entered by the clerk on September 6, 2011. **Attachment 39** are true and correct copies of the following documents in the case *Therrien v. Global Filing Services. LLC*, case no. 8:11-cv-00971-JVS-MLG: the complaint, the docket report as of September 14, 2011, and the default entered by the clerk on September 14, 2011.

71.     The FTC also obtained documents relating to the case *Constantine v. Union Management Services, LLC*, case no. 5:11-cv-00018-AG-OP in which a judgment was entered against the company due to its default. **Attachment 40** are true and correct copies of the following documents in the case *Constantine v. Union Management Services, LLC*: the complaint, the docket report as of July 6, 2011, and judgment entered by the Court on July 8, 2011.

72.     Finally, the FTC's search pulled up cases against Prime West Management Recovery, LLC and Pacific Management Recovery, LLC. A number of these cases were voluntarily dismissed by the plaintiff. Attached to this declaration are two of the cases the FTC found against Prime West and Pacific Management. **Attachment 41** are true and correct copies of the following documents in the case *Garay v. Prime West Management Recovery, LLC*, case no. 2:11-cv-00683-VBF-E: the complaint and the docket report as of July 7, 2011. **Attachment 42** are true and correct copies of the following documents in the case *Taylor v. Pacific Management Recovery, LLC*, case no. 2:10-cv-03054-DDP-JEM: the complaint, the docket report as of July 7, 2011, and the default entered by the clerk on August 19, 2010.

## Defendants' job postings

73.     I searched on-line for job postings related to Defendants. On June 28, 2011, I visited the website www.craigslist.org and clicked on the listing for Inland Empire listed under California on the home page. I clicked on the "jobs" link and then clicked on the link for "admin/office jobs." Within the admin/office jobs link, I entered searches for the names of the business entity defendants, and those searches did not pull up any job listings. I then entered a search for telephone numbers that we had for the business entity defendants that consumers provided in their FTC complaints, and came up with two hits with the telephone number: (909) 771-9752. This is the telephone number listed in a few consumer FTC complaints against Rincon. **Attachment 43** are true and correct of the pdf versions of the job postings from www.craigslist.org. The first job posting for "telephone collections

1  positions" touts "$100,000+earning possibilities" for "commission only" positions,

2  listing the contact as "John" at (909) 771-9752. *See* Att. 43 at p. 674.  The second

3  job posting also lists the contact number as (909) 771-9752.

4          74.     On September 9, 2011, I searched www.google.com for the telephone

5  number "(909) 771-9752," a number, which as discussed above has been

6  associated with Rincon in the consumer complaints.  My search pulled up two job

7  postings.  One of the postings was in the "morenovalleyjobspot.com," an

8  online-classified job search website.  The other posting was in "daype.com,"

9  another online-classified job search website. **Attachment 44** are true and correct

10  copies of pdf versions of these two job postings.

11          I declare under penalty of perjury that the foregoing is true and correct.

12  Executed at Los Angeles, California on October 10, 2011.

13

14                                      _____
                                           Bruce Gale
15

16

17

18

19

20

21

22

23

24

25

26

27

28

PAGE INTENTIONALLY LEFT BLANK

Spanish Sto

I am (Miguel Davis/Verónica García) and am calling to see if there will be someone at home to receive legal documents to go to court.

Sir/Madam, the service processors will try to serve these documents twice (2x).

Sir/Madam must respond or appear in court. If unable to do so, [they] should say so immediately.

What I will do is give you the number of the legal office and the case number. Do you have pencil and paper?

The phone number is 1(???)???-???? and the case number is (10??-?????).

Now I'm going to write down that I spoke to _____ and if Sir/Madam do not say anything I will have the processor deliver these legal documents.

DECLARATION OF TRANSLATOR / CERTIFICATE OF ACCURACY
Pursuant to 28 U.S.C. § 1746

1.      My name is _Natalia M. Tizón_ . I am over 18 years of age. I have personal knowledge of the matters contained in this declaration.

2.      I am competent to translate from Spanish into English. I currently work as a translator for The Language Doctors. The Language Doctors is located at 500 H St. N.E., Suite 300, Washington, DC, 20002. Its telephone number is (202) 544-2942.

3.      TLD assigned me to translate the attached document from Spanish into English.

4.      The translation of the attached document: Rincon Standard Talk Off – Spanish.pdf is true and accurate to the best of my ability.

5.      I declare under penalty of perjury that the foregoing is true and correct.

Executed this 16th day of August, 2011.

Signed:_____

Printed name:__Natalia M. Tizón_____

**Rincon Filing**
1191 Magnolia Ave. Ste. D381
Corona, CA 92879

APR 18 2011



Re: Chalette R. Furches
File #: 1104367

Dear Rosemary D. Revis,

We have reviewed the complaint issued by Chalette R. Furches against Rincon Filing.  As a third party in this matter, we are unable to provide full details about this file without consent by Chalette Furches.  However, we have confirmed that Chalette Furches does have a case on file in our office in regards to debt she incurred with Ameritech.

In her complaint, she made reference to having made a payment for this debt but later attempted to obtain a refund from her financial institution after being instructed to file a complaint with your offices out of fear of being involved in a "scam."  We can ensure you that Rincon Filing is a legitimate company operating by all rules and regulations and in no way takes part in unlawful practices.   The payment she made was in fact due and will remain due if left unpaid.  It is our goal to satisfy our clients and resolve misunderstandings like this as quickly and efficiently as possible.

We have sent Chalette Furchess information regarding this file and are waiting for her to make contact with us.

If your office makes further contact with Chalette Furches, please inform her that she can contact our attorney, Paul St. Amant, at 877-252-5402 if she has further questions or she can contact her account representative on this case at the corporate office at the number she was given.

Sincerely,

Rincon Filing

Gale Attachment 2

# Rincon Filing

### 1191 Magnolia Ave  Ste D-381
### Corona, CA 92879
### Tel: 877-401-6202  Fax: 951-272-1727

***Personal and Confidential***

March 30, 2011

URGENT:  SIGN AND RETURN TO Rincon Filing

CHARLETTE R FURCHES

WINSTON-SALEM, NC

        Original Creditor:   Ameritech/Non Prime
        Original Account #:
        File Number:   HHI1067-02944

## OFFER OF SETTLEMENT

This office has been retained to collect an outstanding balance owed on the above referenced account.  Any information obtained will be used for that purpose.

Our client is willing to settle any known or unknown obligations in this matter with respect to the above mentioned account for the sum of $719.34, if paid by 03/30/2011 and in accordance with the terms which are stated here.  Upon receipt of certified funds and your authorized signature, the file will be closed.

We shall notify our client that the obligation has been paid and satisfied and you will receive the proper documentation needed to notify the credit bureaus and update the credit account to a PAID IN FULL status.

Sincerely,

Rincon Filing
Administrative Department

RINCON FILING IS WILLING TO SETTLE THE REFERENCED ACCOUNT, ON YOUR BEHALF, FOR THE AMOUNT THAT YOU HAVE AGREED UPON.  YOUR AUTHORIZED SIGNATURE IS REQUIRED TO UPHOLD ANY SETTLEMENT AGREEMENT BETWEEN YOU AND RINCON FILING.  FAILURE TO DO SO WILL RENDER THIS SETTLEMENT OFFER NULL AND VOID.

AUTHORIZED SIGNATURE: _____

** PLEASE MAIL OR FAX THIS PAGE OF YOUR DOCUMENT TO RINCON FILING **

*Federal law requires we notify you that this communication is from a debt collector in an attempt to collect a debt and any information obtained will be used for that purpose.*

372                    Gale Attachment 2



# Global Filing Services

**1191 Magnolia Ave  Ste D-396**
**Corona, CA 92879**
Tel:  877-527-9806   Fax: 951-272-1727

---

\*\*\*Personal and Confidential\*\*\*                                                        May 12, 2011

URGENT:  SIGN AND RETURN TO Global Filing Services

MICHAEL BASSETT

TAVERNIER, FL

|  |  |
|---|---|
| Original Creditor: | Chevron and Texaco |
| Original Account #: | |
| File Number: | HHI1069-04947 |

## OFFER OF SETTLEMENT

This office has been retained to collect an outstanding balance owed on the above referenced account.  Any information obtained will be used for that purpose.

Our client is willing to settle any known or unknown obligations in this matter with respect to the above mentioned account for the sum of $2,000.00, if paid by 05/25/2011 and in accordance with the terms which are stated here.  **Upon receipt of certified funds and your authorized signature, the file will be closed.**

We shall notify our client that the obligation has been paid and satisfied and you will receive the proper documentation needed to notify the credit bureaus and update the credit account to a PAID IN FULL status.

Sincerely,

Global Filing Services
Administrative Department

GLOBAL FILING SERVICES IS WILLING TO SETTLE THE REFERENCED ACCOUNT, ON YOUR BEHALF, FOR THE AMOUNT THAT YOU HAVE AGREED UPON.  YOUR AUTHORIZED SIGNATURE IS REQUIRED TO UPHOLD ANY SETTLEMENT AGREEMENT BETWEEN YOU AND GLOBAL FILING SERVICES.  FAILURE TO DO SO WILL RENDER THIS SETTLEMENT OFFER NULL AND VOID.

**AUTHORIZED SIGNATURE:**

\*\* PLEASE MAIL OR FAX THIS PAGE OF YOUR DOCUMENT TO GLOBAL FILING SERVICES \*\*

*Federal law requires we notify you that this communication is from a debt collector in an attempt to collect a debt and any information obtained will be used for that purpose.*

373                          Gale Attachment 2

*TAlKed with*
*Susan*
*HAiKpoe*
*ext. 229*

# Global Filing Services
## 1191 Magnolia Ave Ste D-396
## Corona, CA 92879
### Tel: 877-527-9806 Fax: 951-272-1727

MICHAEL BASSETT                                                   May 12, 2011
TAVERNIER, FL ████

Original Creditor:   Chevron and Texaco
Original Account #:  ████████████
File Number:         HH11069-04947

### Payment Plan Details

The following details the Payment Plan information that we have on file for the above referenced account.

| Date | Type | Amount | Status |
|------|------|--------|--------|
| 05/11/2011 | CBP | $1,000.00 | CBP Submitted |
| 05/25/2011 | CBP | $1,000.00 | Pending |

*Federal law requires we notify you that this communication is from a debt collector in an attempt to collect a debt and any information obtained will be used for that purpose.*

**Gale Attachment 2**

# NATIONAL FILING SERVICES

1191 Magnolia Ave Ste D-381
Corona, Ca 92879
Ph (888) 745-8841 Fax (951) 272-1727

---

*Personal and Confidential*

Date: February 3rd, 2011

Name: CARMEN R. WATCHMAN
Address: ███████████
City, State, Zip: SHIPROCK, NM ████

Original Creditor: PROVIDIAN NATIONAL BANK
Original Account: ████████████
File No: 1060-00562

### OFFER OF SETTLEMENT

This office has been retained to collect an outstanding balance owed on the above referenced contract. Any information obtained will be used for that purpose.

Our client is willing to settle any known or unknown obligations in this matter with respect to the above mentioned for the sum of $2200.00 if paid in accordance with the terms which are stated below. Upon receipt of this settlement we shall notify our client that the obligation has been paid and satisfied.

Our client agrees to accept in full the sum of $2200.00 if received in our office by February 21st, 2011. Upon receipt of certified funds and the authorized signature, the file will be closed. Once your debt has been paid in full, you will receive proper documentation needed to notify the credit bureaus to update the credit file to a PAID IN FULL status.

If you are unsure whether the payment will be received in our offices on or before the due date, you may contact our office to obtain instructions for sending funds via OVERNIGHT DELIVERY SERVICES, or CREDIT CARD. Please feel free to contact us at any time if you should have any questions regarding your account.

Sincerely,

National Filing Services
THIS IS AN ATTEMPT TO COLLECT A DEBT BY A DEBT COLLECTOR AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Credit Card Number

| X | X | X | X | X | X | X | X | X | X | X | X | ████████████ |
|---|---|---|---|---|---|---|---|---|---|---|---|---|

Exp Date

████

Authorized Signature: _____

National Filing Services
1191 Magnolia Ave Ste D-381
Corona, Ca 92879

**375**                                          **Gale Attachment 2**

LLC-1   File # **2 0 1 0 1 8 3 1 0 0 9 4**



## State of California
## Secretary of State

**LIMITED LIABILITY COMPANY
ARTICLES OF ORGANIZATION**

**A $70.00 filing fee must accompany this form.**

**IMPORTANT – Read instructions before completing this form.**



**FILED**
In the Office of the Secretary of State
of the State of California

**JUN 30 2010**

This Space For Filing Use Only

---

**ENTITY NAME** (End the name with the words "Limited Liability Company," or the abbreviations "LLC" or "L.L.C." The words "Limited" and "Company" may be abbreviated to "Ltd." and "Co.," respectively.)

1. NAME OF LIMITED LIABILITY COMPANY

    RINCON MANAGEMENT SERVICES, LLC

---

**PURPOSE** (The following statement is required by statute and should not be altered.)

2. THE PURPOSE OF THE LIMITED LIABILITY COMPANY IS TO ENGAGE IN ANY LAWFUL ACT OR ACTIVITY FOR WHICH A LIMITED LIABILITY COMPANY MAY BE ORGANIZED UNDER THE BEVERLY-KILLEA LIMITED LIABILITY COMPANY ACT.

---

**INITIAL AGENT FOR SERVICE OF PROCESS** (If the agent is an individual, the agent must reside in California and both Items 3 and 4 must be completed. If the agent is a corporation, the agent must have on file with the California Secretary of State a certificate pursuant to Corporations Code section 1505 and Item 3 must be completed (leave Item 4 blank).

3. NAME OF INITIAL AGENT FOR SERVICE OF PROCESS

    INCORPORATING SOLUTIONS GROUP, INC, A CALIFORNIA CORPORATION

4. IF AN INDIVIDUAL, ADDRESS OF INITIAL AGENT FOR SERVICE OF PROCESS IN CALIFORNIA     CITY          .   STATE     ZIP CODE

                                                                                                                         CA

---

**MANAGEMENT** (Check only one)

5. THE LIMITED LIABILITY COMPANY WILL BE MANAGED BY:

    [ ] ONE MANAGER

    [ ] MORE THAN ONE MANAGER

    [✓] ALL LIMITED LIABILITY COMPANY MEMBER(S)

---

**ADDITIONAL INFORMATION**

6. ADDITIONAL INFORMATION SET FORTH ON THE ATTACHED PAGES, IF ANY, IS INCORPORATED HEREIN BY THIS REFERENCE AND MADE A PART OF THIS CERTIFICATE.

---

**EXECUTION**

7. I DECLARE I AM THE PERSON WHO EXECUTED THIS INSTRUMENT, WHICH EXECUTION IS MY ACT AND DEED.

6-24-2010
DATE

SIGNATURE OF ORGANIZER

L. MITCHELL
TYPE OR PRINT NAME OF ORGANIZER

---

LLC-1 (REV 04/2007)                                                                     APPROVED BY SECRETARY OF STATE

I hereby certify that the foregoing
transcript of_____|_____ page(s)
is a full, true and correct copy of the
original record in the custody of the
California Secretary of State's office.

MAY 2 3 2011

Date:_____

**Gale Attachment 3**
DEBRA BOWEN, Secretary of State

**377**