**COPY**

1  Todd M. Friedman (216752)
2  Law Offices of Todd M. Friedman, P.C.
3  369 S. Doheny Dr. #415
   Beverly Hills, CA 90211
4  Phone: 877 206-4741
5  Fax: 866 633-0228
6  tfriedman@attorneysforconsumers.com
   **Attorney for Plaintiff**

7

8

9               **UNITED STATES DISTRICT COURT**
           **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
10

11  RAYMOND CONSTANTINE,        )  Case No. **EDCV11-0018 AG (OPx)**
                                )
12  Plaintiff,                  )  **COMPLAINT FOR VIOLATION**
                                )   **OF FEDERAL FAIR DEBT**
13                              )  **COLLECTION PRACTICES ACT**
       vs.                      )  **AND ROSENTHAL FAIR DEBT**
14                              )  **COLLECTION PRACTICES ACT**
15  UNION MANAGEMENT            )
    SERVICES, LLC,              )
16                              )
17  Defendant.                  )
                                )
18  ——————————————————————)

19                       **I. INTRODUCTION**

20     1.  This is an action for damages brought by an individual consumer for

21  Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C.
22
23  §1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection
24
    Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), both of
25
26  which prohibit debt collectors from engaging in abusive, deceptive, and unfair
27
    practices.
28

## II. JURISDICTION

2.     Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).

## III. PARTIES

3.     Plaintiff, Raymond Constantine ("Plaintiff"), is a natural person residing in Los Angeles county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4.     At all relevant times herein, Defendant, Union Management Services, LLC ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## IV. FACTUAL ALLEGATIONS

5.     At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6.     Defendant is attempting to collect a debt that is 6 years old and beyond the statute of limitations.

7.     On more than one occasion, Defendant received phone calls from Defendant, falsely representing that they were calling from the L.A. Sheriff's office.

8.     Defendant falsely represented and implied that a legal action had been taken against Plaintiff for failure to pay the alleged debt, including but not limited to threatening Plaintiff that a summons had been obtained to serve him with legal documents, and giving Plaintiff a law firm's contact information.

9.     On more than one occasion, Defendant threatened Plaintiff that non-payment of the alleged debt would result in a wage garnishment or a seizure of Plaintiff's property.

10.     Defendant used false representations and deceptive practices in an attempt to collect the debt, including but not limited to, threatening Plaintiff that a legal action had been taken against him in an attempt to coerce Plaintiff into a settlement of the alleged debt.

11.     Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

   a) Falsely representing or implying that Plaintiff had committed a crime or other conduct, in order to disgrace Plaintiff (§1692e(7));
   b) Placing (a) telephone call(s) to Plaintiff without disclosure of the caller's true identity or a registered alias name along with the name of the agency authorizing the call (Cal Civ Code §17881(b));
   c) Threatening that the failure by Plaintiff to pay Plaintiffs consumer debt will result in an accusation that Plaintiff had committed a crime, where such accusation is false (Cal Civ Code §1788.10(b));

d) Communicating, or threatening to communicate to a third party the fact that Plaintiff has engaged in conduct, other than the failure to pay a consumer debt, which Defendant knew or had reason to know would defame the debtor (Cal Civ Code §1788.10(c));

e) Threatening Plaintiff to sell or assign Plaintiffs obligation to another person, and threatening that the result of such sale or assignment would be that Plaintiff would lose a defense to the consumer debt (Cal Civ Code §1788.10(d));

f) Threatening Plaintiff that nonpayment of Plaintiffs debt may result in the arrest of Plaintiff or the seizure, garnishment, attachment or sale of any property or the garnishment or attachment of wages of Plaintiff, where such action was not in fact contemplated by the debt collector and permitted by the law (Cal Civ Code §1788.10(e));

g) Communicating with a debtor in the name of an attorney or counselor at law or upon stationery or like written instruments bearing the name of the attorney or counselor at law, where such communication is not by an attorney or counselor at law or would not have been approved or authorized by such attorney or counselor at law (Cal Civ Code §1788.13(c));

h) Representing that Defendant is vouched for, bonded by, affiliated with, or is an instrumentality, agent or official of any federal, state or local government or any agency of federal, state or local government, where Defendant is not actually employed by the particular governmental agency in question or is not acting on behalf of such agency with respect to Plaintiff (Cal Civ Code §1788.13(d));

i) Falsely representing that Plaintiffs debt may be increased by the addition of attorney's fees, investigation fees, service fees, finance charges, or other charges, where, in fact, such fees or charges could not legally have been added to the existing obligation (Cal Civ Code §1788.13(e));

j) Falsely representing or implying that nonpayment of Plaintiffs debt would result in the seizure, garnishment, attachment, or sale of Plaintiffs property or wages, where such action is not lawful or Defendant did not intend to take such action (§1692e(4));

k) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including threatening (§1692e(5));

l) Using or distributing to Plaintiff, a written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any

State, or which creates a false impression as to its source, authorization, or approval (§1692e(9));

m) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§1692e(10);

n) Failing to notify Plaintiff during the initial communication with Plaintiff that the communication was an attempt to collect a debt and any information obtained would be used for that purpose (§1692e(11)); and

o) Failing to notify Plaintiff during each collection contact that the communication was from a debt collector (§1692e(11)).

12.   As a result of the above violations of the FDCPA and RFDCPA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

13.   Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.   Declaratory judgment that Defendant's conduct violated the FDCPA;

B.   Actual damages;

C.   Statutory damages;

D.   Costs and reasonable attorney's fees; and,

E.   For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL
## FAIR DEBT COLLECTION PRACTICES ACT

14.     Plaintiff reincorporates by reference all of the preceding paragraphs.

15.     To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.     Declaratory judgment that Defendant's conduct violated the RFDCPA;

B.     Actual damages;

C.     Statutory damages for willful and negligent violations;

D.     Costs and reasonable attorney's fees,

E.     For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 30th day of December, 2010.

By: _____

**TODD M. FRIEDMAN (216752)**
**LAW OFFICES OF TODD M.**
**FRIEDMAN, P.C.**
**369 S. Doheny Dr. #415**
**Beverly Hills, CA 90211**
**Phone: 877 206-4741**
**Fax: 866 633-0228**
**tfriedman@attorneysforconsumers.com**
**Attorney for Plaintiff**

(OPx), CLOSED, DISCOVERY, MANADR

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## (Eastern Division - Riverside)
## CIVIL DOCKET FOR CASE #: 5:11-cv-00018-AG -OP

Raymond Constantine v. Union Management Services LLC
Assigned to: Judge Andrew J. Guilford
Referred to: Magistrate Judge Oswald Parada
Cause: 15:1692 Fair Debt Collection Act

Date Filed: 01/04/2011
Date Terminated: 07/06/2011
Jury Demand: Plaintiff
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: Federal Question

**Plaintiff**

**Raymond Constantine**       represented by  **Todd M Friedman**
Law Offices of Todd M Friedman PC
369 South Doheny Drive Suite 415
Beverly Hills, CA 90211
877-206-4741
Fax: 866-633-0228
Email: tfriedman@AttorneysForConsumers.com

*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Union Management Services LLC**

| Date Filed | # | Docket Text |
|---|---|---|
| 01/04/2011 | 1 | COMPLAINT filed by plaintiff Raymond Constantine against Defendant Union Management Services LLC. Case assigned to Judge Andrew J. Guilford for all further proceedings. Discovery referred to Magistrate Judge Oswald Parada. (Filing fee $350) Jury Demanded. (ad) (ad). (Entered: 01/11/2011) |
| 01/04/2011 | | 21 DAY Summons Issued re Complaint 1 as to defendant Union Management Services LLC. (ad) (Entered: 01/11/2011) |
| 01/04/2011 | 2 | CERTIFICATION AND NOTICE of Interested Parties filed by plaintiff Raymond Constantine. (ad) (ad). (Entered: 01/11/2011) |
| 01/04/2011 | 3 | NOTICE TO PARTIES OF ADR PROGRAM filed.(ad) (ad). (Entered: 01/11/2011) |
| 01/06/2011 | 4 | MINUTE ORDER IN CHAMBERS by Judge Andrew J. Guilford re Pretrial |

| | | Matters and The Federal Rules of civil Procedure by Judge Andrew J. Guilford. Plaintiff, individually or through counsel, is ORDERED to appear in Court on February 14, 2011, at 9:00 a.m. to review how this matter may be handled in a manner that is just, speedy, and inexpensive, including what would be an appropriate early date for trial. (See Order for details) (db) (Entered: 01/13/2011) |
|---|---|---|
| 02/10/2011 | 5 | PROOF OF SERVICE Executed by Defendant Raymond Constantine, upon Defendant Union Management Services LLC served on 1/25/2011, answer due 2/15/2011. Service of the Summons and Complaint were executed upon Sara Baca, Person Apparently in Charge of Office in compliance with California Code of Civil Procedure by substituted service on a domestic corporation, unincorporated association, or public entity and by also mailing a copy. Original Summons returned. (Friedman, Todd) (Entered: 02/10/2011) |
| 02/14/2011 | 6 | MINUTES OF Scheduling Conference held before Judge Andrew J. Guilford. The Court sets the following dates: Discovery cut-off 4/15/2011. Final Pretrial Conference set for 6/13/2011 08:30 AM before Judge Andrew J. Guilford. Jury Trial set for 6/28/2011 09:00 AM before Judge Andrew J. Guilford. Court Reporter: Denise Paddock. (db) (Entered: 02/14/2011) |
| 02/14/2011 | 7 | ORDER by Judge Andrew J. Guilford Specifying Procedures. (See Order for details) (db) (Entered: 02/14/2011) |
| 03/31/2011 | 8 | APPLICATION for Clerk to Enter Default against defendant Union Management Services LLC filed by plaintiff Raymond Constantine. (Attachments: # 1 Affidavit of Todd M. Friedman)(Friedman, Todd) (Entered: 03/31/2011) |
| 04/01/2011 | 9 | DEFAULT BY CLERK ENTERED as to *Defendant Union Management Services LLC* (twdb) (Entered: 04/01/2011) |
| 05/17/2011 | 10 | MINUTE ORDER To Show Cause RE Dismissal for Lack of Prosecution IN CHAMBERS by Judge Andrew J. Guilford: Alternatively, it will be a sufficient response to this OSC to file on or before the OSC date in this paragraph one of the following: See minute order for more information. ( Response to Order to Show Cause due by 5/31/2011.) (twdb) (Entered: 05/17/2011) |
| 05/25/2011 | 11 | NOTICE OF MOTION AND MOTION for Default Judgment against Defendant Union Management Services, LLC filed by plaintiff Raymond Constantine. Motion set for hearing on 7/18/2011 at 10:00 AM before Judge Andrew J. Guilford. (Attachments: # 1 Declaration of Raymond Constantine, # 2 Affidavit of Todd M. Friedman, # 3 Proposed Order)(Friedman, Todd) (Entered: 05/25/2011) |
| 06/07/2011 | 12 | MINUTE ORDER IN CHAMBERS by Judge Andrew J. Guilford Vacating Pretrial Conference. A pretrial conference is currently set in this matter for June 13, 2011. But Plaintiff recently filed a motion for default judgment and requested a hearing on this motion for July 18, 2011. Although Plaintiff has failed to request that the Court vacate the pretrial conference, based on the previously-discussed development it appears that such action is proper. Accordingly, the pretrial conference and trial date in this matter are |

| | | VACATED. (db) (Entered: 06/07/2011) |
|---|---|---|
| 07/06/2011 | 13 | JUDGMENT by Judge Andrew J. Guilford, in favor of Raymond Constantine against Union Management Services LLC. It is orered that judgment be entered in the amount of $5,890.00. This amount includes plaintiff's reasonable request for attorney fees and costs. Related to: MOTION for Default Judgment against Defendant Union Management Services, LLC 11 (MD JS-6, Case Terminated). (twdb) (Entered: 07/07/2011) |

<table>
<tr><td colspan="4" align="center"><strong>PACER Service Center</strong></td></tr>
<tr><td colspan="4" align="center"><strong>Transaction Receipt</strong></td></tr>
<tr><td colspan="4" align="center">07/08/2011 09:49:43</td></tr>
<tr><td><strong>PACER Login:</strong></td><td>ft0030</td><td><strong>Client Code:</strong></td><td>0000</td></tr>
<tr><td><strong>Description:</strong></td><td>Docket Report</td><td><strong>Search Criteria:</strong></td><td>5:11-cv-00018-AG -OP End date: 7/8/2011</td></tr>
<tr><td><strong>Billable Pages:</strong></td><td>3</td><td><strong>Cost:</strong></td><td>0.24</td></tr>
</table>

**650**      **Gale Attachment 40**

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

**JUL - 6 2011**

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## FOR THE  CENTRAL DISTRICT OF CALIFORNIA

*JS6*

**RAYMOND CONSTANTINE,**

Plaintiff,

vs.

**UNION MANAGEMENT SERVICES, LLC,**

Defendant.

CASE NO.: **EDCV11-00018 AG(OPx)**

~~ORDER~~
*JUDGMENT*

        *AND ADJUDGED*

    GOOD CAUSE SHOWN, IT IS HEREBY ORDERED that ~~Plaintiff's Motion for entry of~~ default judgment be entered ~~as to~~ *against* Defendant/ Union Management Services, LLC, in the amount of five thousand eight hundred and ninety dollars and zero cents ($5,890.00). *This amount includes Plaintiff's reasonable request for attorney fees and costs.*

Dated this __6ᵀᴴ__ day of July, 2011

Honorable Andrew J. Guilford

ORDER

FILED
CLERK, U.S. DISTRICT COURT

JAN 2 1 2011

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

1  Christopher Addy, Esq. (SBN: 256044)
   Krohn & Moss, Ltd.
2  10474 Santa Monica Blvd., Suite 401
   Los Angeles, CA 90025
3  Phone: (323) 988-2400 Ext.271
   Fax: (888) 755-0945
4  caddy@consumerlawcenter.com
   Attorney for Plaintiff,
5  RAQUEL GARAY

6

7

8                  UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF CALIFORNIA
9                       WESTERN DIVISION

10  RAQUEL GARAY,                 )  Case No.: CV11  683  VBF (Ex)
                                  )
11            Plaintiff,          )  COMPLAINT AND DEMAND FOR
                                  )  JURY TRIAL
12       vs.                      )
                                  )  (Unlawful Debt Collection Practices)
13  PRIME WEST MANAGEMENT         )
    RECOVERY, LLC,                )
14                                )
                                  )
15            Defendant.          )

16

17                    VERIFIED COMPLAINT

18      RAQUEL GARAY ("Plaintiff"), by her attorneys, KROHN & MOSS, LTD., alleges the

19  following against PRIME WEST MANAGEMENT RECOVERY, LLC ("Defendant"):

20                       INTRODUCTION

21  1.  Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15*

22      *U.S.C. 1692 et seq.* (FDCPA).

23  2.  Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection

24      Practices Act, *Cal. Civ. Code §1788 et seq.* (RFDCPA).

25

- 1 -

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

4. Defendant conducts business and is located in the state of California, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

6. Plaintiff is a natural person residing in Lancaster, Los Angeles County, California.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)* and *Cal. Civ. Code § 1788.2(h)*.

8. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and *Cal. Civ. Code §1788.2(c)*, and sought to collect a consumer debt from Plaintiff.

9. Defendant is a limited liability company with its headquarters in Corona, California.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Plaintiff received a phone call from Defendant asking for Raquel Mendoza.

12. Plaintiff informed Defendant that there was no one there by that name.

- 2 -

**Gale Attachment 41**

13. Defendant asked Plaintiff "do you know where she is, because this is the number that she gave"

14. Plaintiff did not respond and hung up the telephone.

15. Defendant's representative immediately called back and left a voicemail message for Plaintiff on her in-laws home answering machine.

16. Defendant's representative falsely implied that he was an officer of the law as he stated "it's not very smart to hang up on an officer of the law".

17. Defendant's representative threatened to have Plaintiff arrested if she did not call Defendant's representative back; as he stated "You have one hour to call me back or I will send an officer to your location".

18. Plaintiff called back Defendant as she thought it was law enforcement that was contacting her.

19. Defendant told Plaintiff that it was seeking payment for an alleged credit card debt.

20. Plaintiff informed Defendant that she did not remember having a credit card debt and nothing is outstanding on her credit report.

21. Defendant proceeded to tell Plaintiff that the statue of limitations in California was ten (10) years and that Defendant was going to file a lawsuit against her;

22. Plaintiff told Defendant that she was going to contact the creditors that Defendant claimed she owed money to.

23. Defendant responded and said that she owed them money because they bought the debt.

24. Plaintiff responded and asked "then I owe money to the sheriff's department?"

25. Defendant responded and said "no, you owe Prime West Management".

- 3 -

26. Once Defendant responded Plaintiff realized that she was not dealing with law enforcement and hung up the phone.

27. A few days later, Defendant's representative left a voicemail message for Plaintiff and threatened to file a lawsuit against Plaintiff. (See Exhibit A)

28. Defendant failed to identify itself as a debt collector in subsequent communications. (See Exhibit A)

<u>COUNT I</u>
**<u>DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT</u>**

29. Defendant violated the FDCPA based on the following:

    a.  Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff;

    b.  Defendant violated *§1692e* of the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of a debt;

    c.  Defendant violated *§1692e(1)* of the FDCPA by falsely implying that Defendant is an officer of the law;

    d.  Defendant violated *§1692e(4)* of the FDCPA by falsely implying that Plaintiff's non-payment of her alleged debt would result in Plaintiff's arrest or imprisonment;

    e.  Defendant violated *§1692e(5)* of the FDCPA by threatening to file a lawsuit against Plaintiff even though Defendant does not intend to do so; and

    f.  Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the communication was from a debt collector.

- 4 -

**Gale Attachment 41**

1     WHEREFORE, Plaintiff, RAQUEL GARAY requests that judgment be entered against

2  Defendant, PRIME WEST MANAGEMENT RECOVERY, INC., for the following:

3     30.  Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, *15*

4         *U.S.C. 1692k*,

5     31.  Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act,

6         *15 U.S.C. 1692k.*, and

7     32.  Any other relief that this Honorable Court deems appropriate.

8                  **COUNT II**

**DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION**

9       **PRACTICES ACT (RFDCPA), Cal. Civ. Code § 1788 et seq.**

10  33.  Plaintiff repeats, re-alleges and incorporates by reference all of the foregoing

11     paragraphs.

12  34.  Defendant violated the RFDCPA based on the following:

13       a.  Defendant violated *§1788.10(e)* of the RFDCPA by threatening Plaintiff that the

14          nonpayment of her alleged debt may result in the arrest of Plaintiff when such

15          action is not in fact not contemplated by Defendant or permitted by law;

16       b.  Defendant violated *§1788.13(d)* of the RFDCPA by representing that Defendant

17          is an officer of the law;

18       c.  Defendant violated *§1788.13(j)* of the RFDCPA by falsely representing that a

19          legal proceeding is about to be instituted unless payment of a consumer debt is

20          made by Plaintiff; and

21       d.  Defendant violated the *§1788.17* of the RFDCPA by continuously failing to

22          comply with the statutory regulations contained within the FDCPA, *15 U.S.C. §*

23          *1692 et seq.*, as set forth in paragraph 29 above.

24     WHEREFORE, Plaintiff, RAQUEL GARAY requests that judgment be entered against

25  Defendant, PRIME WEST MANAGEMENT RECOVERY, INC., for the following:

**Gale Attachment 41**

35. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(b)*,

36. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(c)*, and

37. Any other relief that this Honorable Court deems appropriate.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, RAQUEL GARAY, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

KROHN & MOSS, LTD.

DATED: 1/18/11          By:

Christopher Addy
Attorney for Plaintiff

- 6 -

Gale Attachment 41

**<u>VERIFICATION OF COMPLAINT AND CERTIFICATION</u>**

STATE OF CALIFORNIA

     Plaintiff, RAQUEL GARAY, states as follows:

1.    I am the Plaintiff in this civil proceeding.
2.    I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3.    I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4.    I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5.    I have filed this Complaint in good faith and solely for the purposes set forth in it.
6.    Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7.    Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

    Pursuant to 28 U.S.C. § 1746(2), I, RAQUEL GARAY, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: _____

RAQUEL GARAY

- 7 -

PLAINTIFF'S COMPLAINT

# EXHIBIT A

Gale Attachment 41

<u>**Raquel Garay v. Prime West Management Recovery, LLC**</u>
**Transcribed Voicemails**

My name is Roger Sharp. I am the director here at Prime West Management, LLC.  I called and spoke with Raquel the other day.  She was going to try to get back with me. She has not gotten back with me. To avoid _____ full judgment.  I will release paperwork to court tomorrow morning, ahh Monday morning it will go out, _____it will go out tonight.  She can call me at 1-866-990-2990 if she wants to resolve this.  My name is Roger Sharp at extension 206.  If I do not hear from her, then good luck to you people.

(Ex), CLOSED, DISCOVERY, MANADR

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## (Western Division - Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:11-cv-00683-VBF -E

Raquel Garay v. Prime West Management Recovery, LLC
Assigned to: Judge Valerie Baker Fairbank
Referred to: Magistrate Judge Charles F. Eick
Cause: 15:1692 Fair Debt Collection Act

Date Filed: 01/21/2011
Date Terminated: 04/20/2011
Jury Demand: Plaintiff
Nature of Suit: 480 Consumer Credit
Jurisdiction: Federal Question

**Plaintiff**

**Raquel Garay**                     represented by **Christopher G Addy**
                                                    Krohn and Moss Ltd
                                                    10474 Santa Monica Boulevard Suite
                                                    401
                                                    Los Angeles, CA 90025
                                                    323-988-2400
                                                    Fax: 888-755-0945
                                                    Email: caddy@consumerlawcenter.com

                                                    *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Prime West Management Recovery,
LLC**

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 01/21/2011 | 1 | COMPLAINT against Defendant Prime West Management Recovery, LLC. Case assigned to Judge Valerie Baker Fairbank for all further proceedings. Discovery referred to Magistrate Judge Charles F. Eick.(Filing fee $ 350: PAID.) Jury Demanded., filed by plaintiff Raquel Garay.(ghap).(ds). (Additional attachment(s) added on 2/7/2011: # 1 Civil Cover Sheet) (mg). (Entered: 01/25/2011) |
| 01/21/2011 |   | 21 DAY Summons Issued re Complaint - (Discovery) 1 as to Defendant Prime West Management Recovery, LLC. (ghap) (Entered: 01/25/2011) |
| 01/21/2011 | 2 | CERTIFICATION AND NOTICE of Interested Parties filed by Plaintiff Raquel Garay. (ghap) (mg). (Entered: 01/25/2011) |
| 01/21/2011 | 3 | NOTICE TO PARTIES OF ADR PROGRAM filed.(ghap) (Entered: 01/25/2011) |

| 01/25/2011 | 4 | STANDING ORDER by Judge Valerie Baker Fairbank: READ THIS ORDER CAREFULLY. IT CONTROLS THIS CASE AND ADDS TO THE LOCAL RULES. Conformed courtesy copies of all papers filed with the Court, including those filed electronically, shall be delivered on the next day of filing, by 12 noon, to the drop box outside the Chambers of Judge Valerie Baker Fairbank. (kbr) (Entered: 01/25/2011) |
|---|---|---|
| 03/17/2011 | 5 | PROOF OF SERVICE Executed by Plaintiff Raquel Garay, upon Defendant Prime West Management Recovery, LLC served on 3/14/2011, answer due 4/4/2011. Service of the Summons and Complaint were executed upon Lisa Mitchell-Agent for Service in compliance with Federal Rules of Civil Procedure by personal service. Original Summons NOT returned. (Pacitti, James) (Entered: 03/17/2011) |
| 03/18/2011 | 6 | MINUTE ORDER IN CHAMBERS by Judge Valerie Baker Fairbank: Counsel are hereby notified that a Scheduling Conference has been set for 5/16/2011 at 8:30 AM before Judge Valerie Baker Fairbank. Counsel are directed to comply with Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26-1 in a timely fashion and to file a Joint Rule 26(f) Report and a Notice of Settlement Procedure Selection Form ADR-1, on or before 5/2/2011. (jp) (Entered: 03/18/2011) |
| 04/19/2011 | 7 | NOTICE of Voluntary Dismissal filed by plaintiff Raquel Garay. Dismissal is without prejudice. (Addy, Christopher) (Entered: 04/19/2011) |
| 04/20/2011 | 8 | MINUTE ORDER IN CHAMBERS by Judge Valerie Baker Fairbank. The Court hereby DISMISSES this action in its entirety. This matter is closed and all future dates are vacated. (Made JS-6. Case Terminated.) (kbr) (Entered: 04/21/2011) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 07/07/2011 16:01:56 | | |
| **PACER Login:** | ft0030 | **Client Code:** 00000 |
| **Description:** | Docket Report | **Search Criteria:** 2:11-cv-00683-VBF -E End date: 7/7/2011 |
| **Billable Pages:** | 2 | **Cost:** 0.16 |

**Todd M. Friedman (216752)**
**Darin Shaw (251037)**
**Law Offices of Todd M. Friedman, P.C.**
**369 S. Doheny Dr. #415**
**Beverly Hills, CA 90211**
**Phone: 877 206-4741**
**Fax: 866 633-0228**
**tfriedman@attorneysforconsumers.com**
**Attorney for Plaintiff**

FILED

2010 APR 23 AM 12:18
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY ____

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

STEPHANIE TAYLOR,

Plaintiff,

vs.

PACIFIC MANAGEMENT
RECOVERY, LLC,

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. **CV10 3054 DDP (JEMx)**

**COMPLAINT FOR VIOLATION**
**OF FEDERAL FAIR DEBT**
**COLLECTION PRACTICES ACT**
**AND ROSENTHAL FAIR DEBT**
**COLLECTION PRACTICES ACT**

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k (d).

## III. PARTIES

3.    Plaintiff, Stephanie Taylor ("Plaintiff"), is a natural person residing in Los Angeles county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4.    At all relevant times herein, Defendant, Pacific Management Recovery, LLC ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f).  Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## IV. FACTUAL ALLEGATIONS

5.    At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

Gale Attachment 42

a) In connection with collection of a debt, using language the natural consequence of which was to abuse Plaintiff, including, but not limited to, asking Plaintiff is she had been served yet, telling Plaintiff she will be sued if she doesn't accept a settlement offer today, and telling Plaintiff their client has entered a judgment against her (§1692d(2));

b) Falsely representing that any person is an attorney or counselor at law, including, but not limited to, an employee of Defendant telling Plaintiff that they have to speak with an attorney there to see if the debt can be settled in the amount of $715.00(Cal Civ Code §1788.13(b));

c) Failing to notify Plaintiff during each collection contact that the communication was from a debt collector (§1692e(11));

d) Threatening Plaintiff that nonpayment of Plaintiff's debt may result in the arrest of Plaintiff or the seizure, garnishment, attachment or sale of any property or the garnishment or attachment of wages of Plaintiff, where such action was not in fact contemplated by the debt collector and permitted by the law, including, but not limited to, telling Plaintiff that her property can be seized, that Defendant's client has a judgment against her, that her wages can be garnished, that she will be sued if she doesn't accept a settlement offer that day, asking Plaintiff if she had been served with court papers yet, and stating that the attorney has to be spoken with to decide if the debt can be settled for $715.00 (Cal Civ Code §1788.10(e));

e) Falsely representing to Plaintiff that services were rendered or that compensation maybe lawfully received by Defendant for collection of Plaintiff's debt, including, but not limited to, telling Plaintiff her debt is $700.00 but then sending her an email claiming the debt is $4784.00 (§1692e(2)(B));

f) Falsely representing that an individual is an attorney, including, but not limited to, an employee of Defendant stating that an attorney at Defendant's must be spoken with to find out if the debt can be settled for $715.00 (§1692e(3));

g) Falsely representing or implying that nonpayment of Plaintiff's debt would result in the seizure, garnishment,

attachment, or sale of Plaintiff's property or wages, where such action is not lawful or Defendant did not intend to take such action including, but not limited to, telling Plaintiff that her property can be seized, that Defendant's client has a judgment against her, that her wages can be garnished, that she will be sued if she doesn't accept a settlement offer that day, asking Plaintiff if she had been served with court papers yet, and stating that the attorney has to be spoken with to decide if the debt can be settled for $715.00  (§1692e(4));

h) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken including, but not limited to, telling Plaintiff that her property can be seized, that Defendant's client has a judgment against her, that her wages can be garnished, that she will be sued if she doesn't accept a settlement offer that day, asking Plaintiff if she had been served with court papers yet, and stating that the attorney has to be spoken with to decide if the debt can be settled for $715.00 (§1692e(5)); and

i) Falsely representing that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made including, but not limited to, telling Plaintiff that her property can be seized, that Defendant's client has a judgment against her, that her wages can be garnished, that she will be sued if she doesn't accept a settlement offer that day, asking Plaintiff if she had been served with court papers yet, and stating that the attorney has to be spoken with to decide if the debt can be settled for $715.00,  (Cal Civ Code § 1788.13(j)).

6.     As a result of the above violations of the FDCPA and RFDCPA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and

Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT
## COLLECTION PRACTICES ACT

7.     Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

      A.     Declaratory judgment that Defendant's conduct violated the FDCPA;

      B.     Actual damages;

      C.     Statutory damages;

      D.     Costs and reasonable attorney's fees; and,

      E.     For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL
## FAIR DEBT COLLECTION PRACTICES ACT

8.     Plaintiff reincorporates by reference all of the preceding paragraphs.

9.     To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

**Gale Attachment 42**

A.   Declaratory judgment that Defendant's conduct violated the RFDCPA;

B.   Actual damages;

C.   Statutory damages for willful and negligent violations;

D.   Costs and reasonable attorney's fees,

E.   For such other and further relief as may be just and proper.

### PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 19th day of April, 2010.

By: _____

**TODD M. FRIEDMAN (216752)**
**LAW OFFICES OF TODD M.**
**FRIEDMAN, P.C.**
**369 S. Doheny Dr. #415**
**Beverly Hills, CA 90211**
**Phone: 877 206-4741**
**Fax: 866 633-0228**
**tfriedman@attorneysforconsumers.com**
**Attorney for Plaintiff**

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## (Western Division - Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:10-cv-03054-DDP-JEM

| | |
|---|---|
| Stephanie Taylor v. Pacific Management Recovery, LLC | Date Filed: 04/23/2010 |
| Assigned to: Judge Dean D. Pregerson | Date Terminated: 10/07/2010 |
| Referred to: Magistrate Judge John E. McDermott | Jury Demand: Plaintiff |
| Cause: 15:1692 Fair Debt Collection Act | Nature of Suit: 480 Consumer Credit |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Stephanie Taylor**                                    represented by    **Darin Shaw**
Law Offices of Todd M Friedman PC
369 South Doheny Drive Suite 415
Beverly Hills, CA 90211
877-206-4741
Fax: 866-633-0228
Email:
dshaw@attorneysforconsumers.com
*ATTORNEY TO BE NOTICED*

**Todd M Friedman**
Law Offices of Todd M Friedman PC
369 South Doheny Drive Suite 415
Beverly Hills, CA 90211
877-206-4741
Fax: 866-623-0228
Email:
tfriedman@AttorneysForConsumers.com

*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Pacific Management Recovery, LLC**

| Date Filed | # | Docket Text |
|---|---|---|
| 04/23/2010 | 1 | COMPLAINT against Defendant Pacific Management Recovery, LLC. Case assigned to Judge Dean D. Pregerson for all further proceedings. Discovery referred to Magistrate Judge John E. McDermott.(Filing fee $ 350:PAID.) Jury Demanded., filed by plaintiff Stephanie Taylor.(ghap) (ds). (Entered: 04/23/2010) |

| 04/23/2010 | | 21 DAY Summons Issued re Complaint - (Discovery) 1 as to Defendant Pacific Management Recovery, LLC. (ghap) (Entered: 04/23/2010) |
|---|---|---|
| 04/23/2010 | 2 | CERTIFICATION AND NOTICE of Interested Parties filed by Plaintiff Stephanie Taylor. (ghap) (ds). (Entered: 04/23/2010) |
| 06/11/2010 | 3 | PROOF OF SERVICE Executed by Plaintiff Stephanie Taylor, upon Defendant Pacific Management Recovery, LLC served on 6/5/2010, answer due 6/26/2010. Service of the Summons and Complaint were executed upon Jason Begley, Registered Agent for Service in compliance with California Code of Civil Procedure by substituted service at home address and by also mailing a copy. Original Summons returned. (Friedman, Todd) (Entered: 06/11/2010) |
| 06/17/2010 | 4 | MINUTES OF IN CHAMBERS ORDER held before Judge Dean D. Pregerson: This action has been assigned to the calendar of Judge Dean D Pregerson. Counsel are referred to the courts website for additional information. It is not necessary to clear motion date with court clerk prior to filing the motion. Court hears motions only on Mondays at 10:00 AM. The Court requires two non-blue backed courtesy copies of only the following manual and electronic filed documents: (1) All noticed motions and related documents; and (2) All ex parte applications and related documents (3) all exhibits and attachments must be separately tabbed. [Refer to the Court's General Order No. 08-02 regarding ECF Courtesy Paper Copies.] (lc) (Entered: 06/17/2010) |
| 08/12/2010 | 5 | MINUTES (IN CHAMBERS) ORDER TO SHOW CAUSE RE DISMISSAL FOR LACK OF PROSECUTION by Judge Dean D. Pregerson: Plaintiff(s) is ordered to show cause in writing no later than August 30, 2010 why this action should not be dismissed for lack of prosecution. The Court will consider the filing of the following, as an appropriate response to this OSC, on or before the above date: (See document for further details) (yl) (Entered: 08/12/2010) |
| 08/18/2010 | 6 | APPLICATION for Clerk to Enter Default against Defendant Pacific Management Recovery, LLC filed by Plaintiff Stephanie Taylor. (Attachments: # 1 Affidavit of Todd M. Friedman in Support)(Friedman, Todd) (Entered: 08/18/2010) |
| 08/19/2010 | 7 | DEFAULT BY CLERK ENTERED as to Defendant Pacific Management Recovery, LLC. (lc) (Entered: 08/19/2010) |
| 08/20/2010 | 8 | MINUTE ORDER IN CHAMBERS by Judge Dean D. Pregerson: Plaintiff(s) is ordered to show cause in writing no later than September 27, 2010 why this action should not be dismissed for lack of prosecution. The Court will consider the filing of the following, as an appropriate response to this OSC, on or before the above date: Plaintiff's filing of a noticed motion for entry of default judgment.In accordance with Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, no oral argument on this Order to Show Cause will be heard unless ordered by the Court. The Order will stand submitted upon the filing of the response to the Order to Show Cause. (lc) (Entered: 08/20/2010) |
| 10/07/2010 | 9 | NOTICE of Voluntary Dismissal filed by plaintiff Stephanie Taylor. Dismissal is without prejudice. (Friedman, Todd) (Entered: 10/07/2010) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 07/07/2011 16:21:15 | | | |
| **PACER Login:** | ft0030 | **Client Code:** | 00000 |
| **Description:** | Docket Report | **Search Criteria:** | 2:10-cv-03054-DDP-JEM End date: 7/7/2011 |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Stephanie Taylor | CASE NUMBER |
| | CV 10-3054 DDP(JEMx) |
| PLAINTIFF(S) | |
| v. | |
| Pacific Management Recovery, LLC | **DEFAULT BY CLERK** |
| | **F.R.Civ.P. 55(a)** |
| DEFENDANT(S). | |

It appearing from the records in the above-entitled action that summons has been served upon the defendant(s) named below, and it further appearing from the affidavit of counsel for Plaintiff, and other evidence as required by F.R.Civ.P. 55(a), that each of the below defendants have failed to plead or otherwise defend in said action as directed in said Summons and as provided in the Federal Rules of Civil Procedure:

Now, therefore, on request of counsel, the DEFAULT of each of the following named defendant(s) is hereby entered:

Pacific Management Recovery, LLC

Clerk, U. S. District Court

8/19/10

Date

By  L Chai

Deputy Clerk

inland empire craigslist > jobs > admin/office jobs                    email this posting to a friend

Avoid scams and fraud by dealing locally! Beware any deal involving Western Union, Moneygram, wire transfer, cashier check, money order, shipping, escrow, or any promise of transaction protection/certification/guarantee. *More info*

please flag with care: [?]

miscategorized

prohibited

spam/overpost

best of craigslist

# Hiring NOW! (Corona)

Date: 2011-05-20, 4:57AM PDT
Reply to: job-pq5sj-2391932251@craigslist.org [Errors when replying to ads?]

\*Telephone collections positions available
\*$100,000+ earning possibilities
\*Commission only
We are looking for self-motivated individuals who can function in a team setting, if this sounds like you-call John at (909)771-9752

- Location: Corona
- Compensation: Commission ONLY
- Principals only. Recruiters, please don't contact this job poster.
- Please, no phone calls about this job!
- Please do not contact job poster about other services, products or commercial interests.

PostingID: 2391932251

Copyright © 2011 craigslist, inc.    terms of use    privacy policy    feedback forum

http://inlandempire.craigslist.org/ofc/2391932251.html[6/28/2011 5:53:44 PM]

inland empire craigslist > jobs > admin/office jobs          email this posting to a friend

Avoid scams and fraud by dealing locally! Beware any deal involving Western Union, Moneygram, wire transfer, cashier check, money order, shipping, escrow, or any promise of transaction protection/certification/guarantee. *More info*

please flag with care: [?]

miscategorized

prohibited

spam/overpost

best of craigslist

# Call Center

Date: 2011-05-23, 8:12AM PDT
Reply to: job-7hqxk-2397539633@craigslist.org [Errors when replying to ads?]

Looking for people with strong phone skills and the right work ethic in the fields of collections.Strong motivated individuals......Will have to be a hard working employee willing to go the extra mile but reap the benefits as well. ..for more info call 909-771-9752

- Compensation: 1099 commission
- Principals only. Recruiters, please don't contact this job poster.
- Please, no phone calls about this job!
- Please do not contact job poster about other services, products or commercial interests.

PostingID: 2397539633

Copyright © 2011 craigslist, inc.    terms of use    privacy policy    feedback forum

## Positions Available In High Energy Office - (Corona)
Job Listing Created: Friday, September 9, 2011

We have Immediate positions available. Must have customer service skills, and have a good work ethic. We are looking for dedicated, PROFESSIONAL EMPLOYEES, and in return offer the best training and advances will be negotiated based on performance, work ethic and capabilities. We have numerous locations in Riverside County. Please contact John @ (909) 771-9752 if you are interested in the position. Our successful collectors come from fields in telemarketing, sales, telephone customer service, management and a wide variety of other skilled trades. We do not pay hourly. Our success comes from self-managed individuals that will be paid as a 1099 independent contractor. If you are a highly skilled bill collector, please call John direct. Please read the ad carefully before calling. We pay COMMISSION ONLY. Please do not reply by email. Contact Mr. John Cook @(909)771-9752

- Location: Corona
- Compensation: Comm+Residual+Bonus
- Principals only. Recruiters, please don't contact this job poster.
- Phone calls about this job are ok.
- Please do not contact job poster about other services, products or commercial interests.

Moreno Valley Jobs How To Interview Moreno Valley, CA Moreno Valley JobTerms Of UsePrivacy Policy

**675**                    **Gale Attachment 44**

# DA PE
daily postings exchange

Classifieds in **Inland Empire**     [Search field]  Search        **Post your Free ad >**

🖥 **Your Location:** Inland Empire > Jobs > Office and Business > Ad 1205766     Use Inland Empire ,CA[wiki] Classifieds service to publish your local ad!

# Start working TODAY Corona Ad 1205766

Date: June 14,2011

Location: Inland Empire , California

Phone: **(909)771-9752**

All postings with this phone (2)
All postings with this email (0)

map

🏳 Flag this Ad

Telephone collections positions available
$100,000+ earning possibilities
Commission only
We are looking for self-motivated individuals who can function in a team setting, if this sounds like you-call Jon at (909)771-9752

Corona Compensation: Commission ONLY! Principals only. Recruiters, please don't contact this job poster. Please, no phone calls about this job! Please do not contact job poster about other services, products or commercial interests.

Posting ID: Ad 1205766

Help | About | Blog | Contact Us | Most active city: Los Angeles Classifieds    Copyright © 2011 Daype Inc. All rights reserved.