

LODGED

2011 OCT 11 AM 10: 24

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY........

1 | MARICELA SEGURA, CA Bar No. 225999
2 | RAYMOND E. MCKOWN, CA Bar No. 150975
  | e-mail: msegura@ftc.gov and rmckown@ftc.gov
3 | FEDERAL TRADE COMMISSION
  | 10877 Wilshire Blvd., Suite 700
4 | Los Angeles, CA 90024
  | Telephone: (310) 824-4343
5 | Facsimile:  (310) 824-4380

6 | Attorneys for Plaintiff
  | FEDERAL TRADE COMMISSION

7

8 | UNITED STATES DISTRICT COURT
9 | CENTRAL DISTRICT OF CALIFORNIA

10 | FEDERAL TRADE COMMISSION,          | Case no.
11 |                         Plaintiff, | CV 11 - 01623
12 |           v.                        |
13 | RINCON MANAGEMENT              | EX PARTE APPLICATION FOR
   | SERVICES, LLC, a California limited | ORDER:
14 | liability company, also d/b/a "Rincon | (1) TEMPORARILY SEALING
   | Debt Management," "Rincon Filing    | COURT FILE AND DOCKET; AND
15 | Services," and "Pacific Management  | (2) LIFTING TEMPORARY SEAL
   | Recovery"; PRIME WEST               | ON FOURTH COURT DAY AFTER
16 | MANAGEMENT RECOVERY, LLC,      | ENTRY OF TRO;
   | a Delaware limited liability company; | MEMORANDUM OF POINTS AND
17 | UNION MANAGEMENT              | AUTHORITIES IN SUPPORT
   | SERVICES, LLC, a California limited  | THEREOF
18 | liability company, also d/b/a "Union |
   | Filing Services"; NATIONAL FILING | [LOCAL RULE 79-5]
19 | SERVICES, LLC, a California limited  |
   | liability company; CITY             |
20 | INVESTMENT SERVICES, LLC, a    |
   | California limited liability company; |
21 | GLOBAL FILING SERVICES, LLC,    |
   | a California limited liability company; |
22 | PACIFIC MANAGEMENT             |
   | RECOVERY, LLC, a Delaware limited |
23 | liability company; JASON R.         |
   | BEGLEY, an individual; and WAYNE |
24 | W. LUNSFORD, an individual,        |
   |                        Defendants.  |

FILED
CLERK, U.S. DISTRICT COURT

OCT 11 2011

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION        BY DEPUTY

ED

VAP

SPx



1  MARICELA SEGURA, CA Bar No. 225999
   RAYMOND E. MCKOWN, CA Bar No. 150975
2  e-mail: msegura@ftc.gov and rmckown@ftc.gov
   FEDERAL TRADE COMMISSION
3  10877 Wilshire Blvd., Suite 700
   Los Angeles, CA 90024
4  Telephone: (310) 824-4343
   Facsimile:  (310) 824-4380
5
   Attorneys for Plaintiff
6  FEDERAL TRADE COMMISSION

FILED
CLERK, U.S. DISTRICT COURT

OCT 11 2011

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION            BY DEPUTY

7

8                  UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF CALIFORNIA
9

10 FEDERAL TRADE COMMISSION,          Case no.

11              Plaintiff,            ED CV 11 - 01623 VAP  SPx

12      v.                            *EX PARTE* APPLICATION FOR
                                      ORDER:
13 RINCON MANAGEMENT                  (1) TEMPORARILY SEALING
   SERVICES, LLC, a California limited COURT FILE AND DOCKET; AND
14 liability company, also d/b/a "Rincon (2) LIFTING TEMPORARY SEAL
   Debt Management," "Rincon Filing   ON FOURTH COURT DAY AFTER
15 Services," and "Pacific Management  ENTRY OF TRO;
   Recovery"; PRIME WEST              MEMORANDUM OF POINTS AND
16 MANAGEMENT RECOVERY, LLC,          AUTHORITIES IN SUPPORT
   a Delaware limited liability company; THEREOF
17 UNION MANAGEMENT
   SERVICES, LLC, a California limited [LOCAL RULE 79-5]
18 liability company, also d/b/a "Union
   Filing Services"; NATIONAL FILING
19 SERVICES, LLC, a California limited
   liability company; CITY
20 INVESTMENT SERVICES, LLC, a
   California limited liability company;
21 GLOBAL FILING SERVICES, LLC,
   a California limited liability company;
22 PACIFIC MANAGEMENT
   RECOVERY, LLC, a Delaware limited
23 liability company; JASON R.
   BEGLEY, an individual; and WAYNE
24 W. LUNSFORD, an individual,

25              Defendants.

26

27

28

LODGED

2011 OCT 11
CLERK U.S. DIST. COURT
CENTRAL DIST. OF CAL.
RIVERSIDE
BY

Plaintiff Federal Trade Commission ("FTC") hereby applies *ex parte* for an order pursuant to Local Rule 79-5 to:

(1)     temporarily seal the entire file and docket in this matter, including the Complaint, Plaintiff's *"Ex Parte* Application for Temporary Restraining Order, Asset Freeze, Appointment of Receiver, Immediate Access to Business Premises and Other Equitable Relief, and Order to Show Cause Why a Preliminary Injunction Should Not Issue and a Permanent Receiver Should Not Be Appointed" ("TRO Application"), this *ex parte* application, the *ex parte* application for an order allowing Plaintiff's *ex parte* applications to be heard without notice to Defendants, and all other pleadings, exhibits, and papers in this case; and

(2)     lift the temporary seal over the court file on the fourth court day after entry of any temporary restraining order in this case.

Plaintiff FTC requests that the entire court file in this action be temporarily sealed and that the Clerk's Office be prohibited from disclosing the filing of this case until the fourth court day after any temporary restraining order ("TRO") is entered in this case.

The proposed temporary seal order is needed to minimize the risk that Defendants might learn of this action and dissipate or conceal assets or evidence before they can be served with the requested TRO and other pleadings.

If this case were filed and docketed as a matter of public record, a strong possibility exists that Defendants would learn of this action prior to being served with the TRO. If Defendants learn of the pending action before they are under order, they might attempt to dissipate or conceal assets, and destroy or conceal business records given their business practices as described in the Memorandum of Points and Authorities in Support of the FTC's TRO Application. Such dissipation, destruction or concealment would frustrate the FTC's ability to obtain, and the Court's ability to award, effective monetary relief for the victims of Defendants' unlawful scheme. The "Certification and Declaration of Counsel in

1

1  support of Plaintiff's *Ex Parte* Applications For: (1) Temporary Restraining Order

2  [FRCP 65(B) and Local Rule 65-1], (2) Order Waiving *Ex Parte* Notice

3  Requirement [FRCP 65(B) and Local Rule 7-19.2], and (3) Order Temporarily

4  Sealing File [Local Rule 79-5]," filed concurrently with this Seal Order

5  Application, explains why in this type of case it is particularly crucial to seal the

6  file until the FTC has had an opportunity to serve banks, other financial

7  institutions, and Defendants with the TRO.  The four court day time period should

8  be sufficient to effect service of the pleadings.

9        This application is accompanied by a proposed Order (1) Temporarily

10  Sealing Court File and Docket; and (2) Lifting Temporary Seal on Fourth Court

11  Day after Entry of TRO.

12        If the Court denies this application, Plaintiff respectfully requests that this

13  *Ex Parte* Application for Order Temporarily Sealing File and Docket and all other

14  documents filed by Plaintiff in the above-captioned case be returned to Plaintiff's

15  counsel without filing.

16

17  Dated: October 10, 2011      Respectfully submitted,

18

19

20                  Maricela Segura
                Raymond E. McKown
                Attorneys for Plaintiff

21                  FEDERAL TRADE COMMISSION

22

23

24

25

26

27

28