# EXHIBIT

# J

MARKHAM & READ
John J.E. Markham, II (CA Bar No. 69623)
One Commercial Wharf West
Boston, Massachusetts 02110
Tel: (617) 523-6329
Fax: (617) 742-8604
Email: jmarkham@markhamread.com
Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION | CASE NO: ED CV 11-01623- VAP- SPx |
| **Plaintiff,** | |
| **vs.** | |
| RINCON MANAGEMENT SERVICES, LLC, a California limited liability company, also d/b/a "Rincon Debt Management," "Rincon Filing Services," and "Pacific Management Recovery"; PRIME WEST MANAGEMENT SERVICES, LLC, a Delaware limited liability company; UNION MANAGEMENT SERVICES, LLC, a California limited liability company, also d/b/a "Union Filing Services"; NATIONAL FILING SERVICES, LLC, a California limited liability company; CITY INVESTMENT SERVICES, LLC, a California limited liability company; GLOBAL FILING SERVICES, LLC, a California limited liability company; PACIFIC MANAGEMENT RECOVERY, LLC, a Delaware limited liability company; JASON R. BEGLEY, an individual; and WAYNE W. LUNSFORD, an individual **Defendants.** | **DECLARATION OF EDWARD POLACO** |

1

Declaration of Edward Polaco

EDWARD POLACO, declares under pentalty of perjury as follows:

1.)     I am a resident of Robins, Iowa and based upon information known to me about which I can testify from my own personal knowledge, I make this declaration to support the defendants' Motion to modify the present preliminary injunction issued by this Court. I herein set forth information of which I believe this Court has not previously been made aware and I am willing to come to this Court and testify personally and be cross-examined because this involves my employment and I believe that the presentation made to this Court by the FTC was very one-sided and not completely accurate in the ways I will state below.

2.)     I have worked with Rincon affiliate entities for 17 months, Rockwell Management Services, LLC and Asset Filing Services, LLC, most recently as an office manager. I previously worked in the automotive industry for twenty years. I consider myself a very law-abiding person.

3.)     Before becoming manager, my job consisted of taking debt that my company has purchased, for example a credit card debt, and making contact with the person who owes that debt in an attempt to negotiate payment to satisfy the debt. Now I supervise the people in my office making and receiving calls. When I make or supervise these telephone calls to collect debts, I believe I was only collecting on lawful debts from people who owe them.

4.)     While I have discussed debts with tens of thousands of people who owe them, I am not aware of any time that I have attempted to collect a debt that is not owed by them or that already has been paid. Indeed in the overwelming percentage of the times I am speaking with the many tens of thousands of people I called about their debt, they readily acknowledge that it is owed by them. The question is virtually always when they can pay how much of the debt.

5.)        I have never told someone from whom I was attempting to collect a debt that they had been sued, that this matter was in the courts, that a process server had their paperwork to sue them, or any other words to that effect or carrying that import.  I have never told anyone that I am a lawyer or a process server.  I have never made threats of criminal action on a debt collection call.  The only thing I would say about courts is that we were talking about a lawful debt and the owner could take this matter to court if it were not resolved. I do not understand that to be against the law.

6.)        I am always courteous and never threatening to the people with whom I speak about their debts.  I have been informed that the FTC has told this Court that we acted with "a brazen attempt to defraud each consumer out of thousands of dollars through threat of fictitious lawsuits." I never did this. I am also informed that the FTC said that we attempted to "extort people." I never threatened anyone. I understood it was against company policy to mention law enforcement and I did not make any such statements.

7.)        I have never in any collection call I have made, not once, referred to any debtor's military status, much less made any references to any adverse consequences that the debt we were speaking about might impose on his/her status in the military; nor have I otherwise mentioned the military in any debt collection call.

8.)        In fact, I have found that being polite and respectful to people about their debts works much better.  I would explain to them that the debt would not go away until it was paid or reconciled in some lawful way and that if they did agree to a settlement with us, and they made the settlement to which they had agreed, we would send them a letter referring to the debt by its account number and by the original creditor name, and stating that it was "paid in full."  We told them they could then send this letter to the three major credit reporting

3

Declaration of Edward Polaco

services, which we named for them.  I informed the person that noone could collect on the debt thereafter.  We always sent them the "paid-in-full" letter when they had paid the agreed upon amount.

9.)      I am very cordial on the telephone.  I believe that the overwhelming majority of people with whom I spoke would attest to that.  Many of them thanked me for helping them resolve their debts and expressed relief that they had been resolved.  Virtually every debt that I settled on the phone was settled for a fraction of what was owed by the person involved.  Many expressed relief that they could settle the debt for less than one they thought they would have to pay.

10.)     I am not an attorney but I believe that my attempts to collect debts were lawful. I was never told to use any script containing false threats about lawsuits or that suits had begun when a suit had not begun. I was never told to falsely threaten people with lawsuits that were not filed.  I understood I was only to make factual statements to people.

I declare under penalties of perjury that the forgoing is true and correct.

Executed this *15* day of December, 2011 in ___*Robins*___, Iowa.

Edward Polaco

4

Declaration of Edward Polaco

1  MARKHAM & READ
2  John J.E. Markham, II (CA Bar No. 69623)
   One Commercial Wharf West
3  Boston, Massachusetts 02110
   Tel: (617) 523-6329
4  Fax: (617) 742-8604
   Email: jmarkham@markhamread.com
5  Attorney for Defendants
6
                IN THE UNITED STATES DISTRICT COURT
7             FOR THE CENTRAL DISTRICT OF CALIFORNIA
8

| 9  FEDERAL TRADE COMMISSION | CASE NO: ED CV 11-01623- VAP- SPx |
|---|---|
| 10     **Plaintiff,** | |
| 11  vs. | |
| 12  RINCON MANAGEMENT | **DECLARATION OF JADE HARPER-HRONIK** |
| 13  SERVICES, LLC, a California limited | |
| liability company, also d/b/a "Rincon | |
| 14  Debt Management," "Rincon Filing | |
| Services," and "Pacific Management | |
| 15  Recovery"; PRIME WEST | |
| 16  MANAGEMENT SERVICES, LLC, a | |
| Delaware limited liability company; | |
| 17  UNION MANAGEMENT SERVICES, | |
| 18  LLC, a California limited liability | |
| company, also d/b/a "Union Filing | |
| 19  Services"; NATIONAL FILING | |
| 20  SERVICES, LLC, a California limited | |
| liability company; CITY | |
| 21  INVESTMENT SERVICES, LLC, a | |
| 22  California limited liability company; | |
| GLOBAL FILING SERVICES, LLC, a | |
| 23  California limited liability company; | |
| 24  PACIFIC MANAGEMENT | |
| RECOVERY, LLC, a Delaware limited | |
| 25  liability company; JASON R. BEGLEY, | |
| 26  an individual; and WAYNE W. | |
| 27  LUNSFORD,  an individual | |
| **Defendants.** | |
| 28 | |

1

Declaration of Jade Harper-Hronik

JADE HARPER-HRONIK, declares under pentalty of perjury as follows:

1.)       I am a resident of Marion, Iowa and based upon information known to me about which I can testify from my own personal knowledge, I make this declaration to support the defendants' Motion to modify the present preliminary injunction issued by this Court.  I herein set forth information of which I believe this Court has not previously been made aware and I am willing to come to this Court and testify personally and be cross-examined because this involves my employment and I believe that the presentation made to this Court by the FTC was very one-sided and not completely accurate in the ways I will state below.

2.)       I worked with an affiliate company of Rincon Management, Rockwell /Asset, for the last 11 months.  I previously owned multiple businesses including, a hair salon, home audio store, and restaurants.  I consider myself a very law-abiding person.

3.)       My job consisted of taking debt that my company had purchased, for example a credit card debt, and making contact with the person who owes that debt in an attempt to negotiate payment to satisfy the debt.  When I made these telephone calls to collect debts, I believe I was only collecting on lawful debts from people who owe them.

4.)       While I have discussed debts with tens of thousands of people who owe them, I am not aware of any time that I have attempted to collect a debt that is not owed by them or that already has been paid. Indeed in the overwelming percentage of the times I am speaking with the many tens of thousands of people I called about their debt, they readily acknowledge that it is owed by them. The question is virtually always when they can pay how much of the debt.

5.)       I have never told someone from whom I was attempting to collect a debt that they had been sued, that this matter was in the courts, that a process server had their paperwork to sue them, or any other words to that effect or carrying that import.  I deny ever telling people that

I was a lawyer, a process server, or any type of officer of the law. The only thing I would say about courts is that we were talking about a lawful debt and the owner could take this matter to court if it were not resolved. I do not understand that to be against the law.

6.)    I am always courteous and never threatening to the people with whom I speak about their debts. I have been informed that the FTC has told this Court that we acted with "a brazen attempt to defraud each consumer out of thousands of dollars through threat of fictitious lawsuits." I never did this. I am also informed that the FTC said that we attempted to "extort people." I never threatened anyone. I understood it was against company policy to mention law enforcement and I did not make any such statements. I never made any threats to any consumers indicating that criminal actions would be pursued.

7.)    I have never in any collection call I have made, not once, referred to any debtor's military status, much less made any references to any adverse consequences that the debt we were speaking about might impose on his/her status in the military; nor have I otherwise mentioned the military in any debt collection call.

8.)    In fact, I have found that being polite and respectful to people about their debts works much better. I would explain to them that the debt would not go away until it was paid or reconciled in some lawful way and that if they did agree to a settlement with us, and they made the settlement to which they had agreed, we would send them a letter referring to the debt by its account number and by the original creditor name, and stating that it was "paid in full." We told them they could then send this letter to the three major credit reporting services, which we named for them. I informed the person that noone could collect on the debt thereafter. We always sent them the "paid-in-full" letter when they had paid the agreed upon amount.

3

Declaration of Jade Harper-Hronik

9.)  I am very cordial on the telephone. I believe that the overwhelming majority of people with whom I spoke would attest to that. Many of them thanked me for helping them resolve their debts and expressed relief that they had been resolved. Virtually every debt that I settled on the phone was settled for a fraction of what was owed by the person involved. Many expressed relief that they could settle the debt for less than one they thought they would have to pay.

10.)  I am not an attorney but I believe that my attempts to collect debts were lawful. I was never told to use any script containing false threats about lawsuits or that suits had begun when a suit had not begun. I was never told to falsely threaten people with lawsuits that were not filed. I understood I was only to make factual statements to people.

I declare under penalties of perjury that the forgoing is true and correct.

Executed this _15_ day of December, 2011 in _Cedar Rapids_, Iowa.

_____
Jade Harper-Hronik

4

Declaration of Jade Harper-Hronik

1

MARKHAM & READ
John J.E. Markham, II (CA Bar No. 69623)

2

One Commercial Wharf West

3

Boston, Massachusetts 02110
Tel: (617) 523-6329

4

Fax: (617) 742-8604
Email: jmarkham@markhamread.com

5

Attorney for Defendants

6

7

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

8

9

| FEDERAL TRADE COMMISSION | CASE NO: ED CV 11-01623- VAP- SPx |
|---|---|

10

    **Plaintiff,**

11

**vs.**

12

RINCON MANAGEMENT

    **DECLARATION OF STEVEN SMITH**

13

SERVICES, LLC, a California limited
liability company, also d/b/a "Rincon

14

Debt Management," "Rincon Filing
Services," and "Pacific Management

15

Recovery"; PRIME WEST

16

MANAGEMENT SERVICES, LLC, a
Delaware limited liability company;

17

UNION MANAGEMENT SERVICES,

18

LLC, a California limited liability
company, also d/b/a "Union Filing

19

Services"; NATIONAL FILING

20

SERVICES, LLC, a California limited
liability company; CITY

21

INVESTMENT SERVICES, LLC, a

22

California limited liability company;
GLOBAL FILING SERVICES, LLC, a

23

California limited liability company;

24

PACIFIC MANAGEMENT
RECOVERY, LLC, a Delaware limited

25

liability company; JASON R. BEGLEY,

26

an individual; and WAYNE W.
LUNSFORD,  an individual

27

    **Defendants.**

28

STEVEN SMITH, declares under pentalty of perjury as follows:

1.)     I am a resident of Osford Junction, Iowa and based upon information known to me about which I can testify from my own personal knowledge, I make this declaration to support the defendants' Motion to modify the present preliminary injunction issued by this Court. I herein set forth information of which I believe this Court has not previously been made aware and I am willing to come to this Court and testify personally and be cross-examined because this involves my employment and I believe that the presentation made to this Court by the FTC was very one-sided and not completely accurate in the ways I will state below.

2.)     I work for one of the debt-collection defendants, Rincon Management (Rockwell and Asset) for the last year since its doors opened in October, 2010. Prior to that, I was managing car dealerships for the past 25 years. I consider myself a very law-abiding person.

3.)     My job consists of taking debt that my company has purchased, for example a credit card debt, and making contact with the person who owes that debt in an attempt to negotiate payment to satisfy the debt.  When I made these telephone calls to collect debts, I believe I was only collecting on lawful debts from people who owe them.

4.)     While I have discussed debts with tens of thousands of people who owe them, I am not aware of any time that I have attempted to collect a debt that is not owed by them or that already has been paid. Indeed in the overwelming percentage of the times I am speaking with the many tens of thousands of people I called about their debt, they readily acknowledge that it is owed by them. The question is virtually always when they can pay how much of the debt.

5.)     I have never told someone from whom I was attempting to collect a debt that they had been sued, that this matter was in the courts, that a process server had their paperwork to sue them, or any other words to that effect or carrying that import.  I have never told a debtor that

I am a lawyer or a process server or law enforcement.  The only thing I would say about courts is that we were talking about a lawful debt and the owner could take this matter to court if it were not resolved. I do not understand that to be against the law.

6.)       I am always courteous and never threatening to the people with whom I speak about their debts.  I have been informed that the FTC has told this Court that we acted with "a brazen attempt to defraud each consumer out of thousands of dollars through threat of fictitious lawsuits."  I never did this. I am also informed that the FTC said that we attempted to "extort people."  I never threatened anyone. I understood it was against company policy to mention law enforcement and I did not make any such statements.

7.)       I have never in any collection call I have made, not once, referred to any debtor's military status, much less made any references to any adverse consequences that the debt we were speaking about might impose on his/her status in the military; nor have I otherwise mentioned the military in any debt collection call.

8.)       In fact, I have found that being polite and respectful to people about their debts works much better.  I would explain to them that the debt would not go away until it was paid or reconciled in some lawful way and that if they did agree to a settlement with us, and they made the settlement to which they had agreed, we would send them a letter referring to the debt by its account number and by the original creditor name, and stating that it was "paid in full."  We told them they could then send this letter to the three major credit reporting services, which we named for them.  I informed the person that noone could collect on the debt thereafter.  We always sent them the "paid-in-full" letter when they had paid the agreed upon amount.

9.)     I am very cordial on the telephone. I believe that the overwhelming majority of people with whom I spoke would attest to that. Many of them thanked me for helping them resolve their debts and expressed relief that I was able to help them and that they could get this "monkey" off their back. Virtually every debt that I settled on the phone was settled for a fraction of what was owed by the person involved. Many expressed relief that they could settle the debt for less than one they thought they would have to pay.

10.)    I am not an attorney but I believe that my attempts to collect debts were lawful. I was never told to use any script containing false threats about lawsuits or that suits had begun when a suit had not begun. I was never told to falsely threaten people with lawsuits that were not filed. I understood I was only to make factual statements to people.

I declare under penalties of perjury that the forgoing is true and correct.

Executed this 15 day of December, 2011 in Cedar Rapids, Iowa.

_____
Steven Smith

4

Declaration of Steven Smith

MARKHAM & READ
John J.E. Markham, II (CA Bar No. 69623)
One Commercial Wharf West
Boston, Massachusetts 02110
Tel: (617) 523-6329
Fax: (617) 742-8604
Email: jmarkham@markhamread.com
Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION | CASE NO: ED CV 11-01623- VAP- SPx |
| **Plaintiff,** | |
| **vs.** | |
| RINCON MANAGEMENT SERVICES, LLC, a California limited liability company, also d/b/a "Rincon Debt Management," "Rincon Filing Services," and "Pacific Management Recovery"; PRIME WEST MANAGEMENT SERVICES, LLC, a Delaware limited liability company; UNION MANAGEMENT SERVICES, LLC, a California limited liability company, also d/b/a "Union Filing Services"; NATIONAL FILING SERVICES, LLC, a California limited liability company; CITY INVESTMENT SERVICES, LLC, a California limited liability company; GLOBAL FILING SERVICES, LLC, a California limited liability company; PACIFIC MANAGEMENT RECOVERY, LLC, a Delaware limited liability company; JASON R. BEGLEY, an individual; and WAYNE W. LUNSFORD,  an individual **Defendants.** | **DECLARATION OF HARVEY O'NEIL** |

1

HARVEY O'NEIL, declares under pentalty of perjury as follows:

1.)      I am a resident of Riverside, California and based upon information known to me about which I can testify from my own personal knowledge, I make this declaration to support the defendants' Motion to modify the present preliminary injunction issued by this Court. I herein set forth information of which I believe this Court has not previously been made aware and I am willing to come to this Court and testify personally and be cross-examined because this involves my employment and I believe that the presentation made to this Court by the FTC was very one-sided and not completely accurate in the ways I will state below.

2.)      I work for the debt-collection defendant, National Filing Services, LLC. I have done this work for the last year, working from its offices. Before working in collections, I was a used car dealership manager. I consider myself a very law-abiding person.

3.)      My job consisted of taking debt that my company has purchased, for example a credit card debt, and making contact with the person who owes that debt in an attempt to negotiate payment to satisfy the debt. When I made these telephone calls to collect debts, I believe I was only collecting on lawful debts from people who owe them.

4.)      While I have discussed debts with thousands of people who owe them, I am not aware of any time that I have attempted to collect a debt that is not owed by them or that already has been paid. Indeed in the overwelming percentage of the times I am speaking with the many thousands of people I called about their debt, they readily acknowledge that it is owed by them. The question is virtually always when they can pay how much of the debt.

5.)      I have never told someone from whom I was attempting to collect a debt that they had been sued, that this matter was in the courts, that a process server had their paperwork to sue them, or any other words to that effect or carrying that import. The only thing I would say

about courts is that we were talking about a lawful debt and the owner could take this matter to court if it were not resolved. I do not understand that to be against the law.

6.)          I am always courteous and never threatening to the people with whom I speak about their debts. I have been informed that the FTC has told this Court that we acted with "a brazen attempt to defraud each consumer out of thousands of dollars through threat of fictitious lawsuits." I never did this. I am also informed that the FTC said that we attempted to "extort people." I never threatened anyone. I understood it was against company policy to mention law enforcement and I did not make any such statements.

7.)          I have never in any collection call I have made, not once, referred to any debtor's military status, much less made any references to any adverse consequences that the debt we were speaking about might impose on his/her status in the military; nor have I otherwise mentioned the military in any debt collection call.

8.)          In fact, I have found that being polite and respectful to people about their debts works much better. I would explain to them that the debt would not go away until it was paid or reconciled in some lawful way and that if they did agree to a settlement with us, and they made the settlement to which they had agreed, we would send them a letter referring to the debt by its account number and by the original creditor name, and stating that it was "paid in full." We told them they could then send this letter to the three major credit reporting services, which we named for them. I informed the person that noone could collect on the debt thereafter. We always sent them the "paid-in-full" letter when they had paid the agreed upon amount.

9.)          I am very cordial on the telephone. I believe that the overwhelming majority of people with whom I spoke would attest to that. Many of them thanked me for helping them

resolve their debts and expressed relief that they had been resolved.  Virtually every debt that I settled on the phone was settled for a fraction of what was owed by the person involved. Many expressed relief that they could settle the debt for less than one they thought they would have to pay.

10.)      I am not an attorney but I believe that my attempts to collect debts were lawful. I was never told to use any script containing false threats about lawsuits or that suits had begun when a suit had not begun. I was never told to falsely threaten people with lawsuits that were not filed.  I understood I was only to make factual statements to people.

I declare under penalties of perjury that the forgoing is true and correct.

Executed this _8_ day of December, 2011 in ___RIVERSIDE___, California.

_____
Harvey O'Neil

4

Declaration of Harvey O'Neil

1  MARKHAM & READ
   John J.E. Markham, II (CA Bar No. 69623)
2  One Commercial Wharf West
   Boston, Massachusetts 02110
3  Tel: (617) 523-6329
   Fax: (617) 742-8604
4  Email: jmarkham@markhamread.com
5  Attorney for Defendants

6                 IN THE UNITED STATES DISTRICT COURT
7           FOR THE CENTRAL DISTRICT OF CALIFORNIA

8

9  FEDERAL TRADE COMMISSION          CASE NO: ED CV 11-01623- VAP- SPx

10                       Plaintiff,
11 vs.

12 RINCON MANAGEMENT              DECLARATION OF SARA KAYLOR
   SERVICES, LLC, a California limited
13 liability company, also d/b/a "Rincon
14 Debt Management," "Rincon Filing
   Services," and "Pacific Management
15 Recovery"; PRIME WEST
16 MANAGEMENT SERVICES, LLC, a
   Delaware limited liability company;
17 UNION MANAGEMENT SERVICES,
18 LLC, a California limited liability
   company, also d/b/a "Union Filing
19 Services"; NATIONAL FILING
20 SERVICES, LLC, a California limited
   liability company; CITY
21 INVESTMENT SERVICES, LLC, a
22 California limited liability company;
   GLOBAL FILING SERVICES, LLC, a
23 California limited liability company;
24 PACIFIC MANAGEMENT
   RECOVERY, LLC, a Delaware limited
25 liability company; JASON R. BEGLEY,
26 an individual; and WAYNE W.
   LUNSFORD,  an individual
27
                        Defendants.
28

                              1

                 Declaration of  Sara Kaylor

SARA KAYLOR, declares under pentalty of perjury as follows:

1.)      I am a resident of Mission Viejo, California and based upon information known to me about which I can testify from my own personal knowledge, I make this declaration to support the defendants' Motion to modify of the present preliminary injunction issued by this Court. I herein set forth information of which I believe this Court has not previously been made aware and I am willing to come to this Court and testify personally and be cross-examined because this involves my employment and I believe that the presentation made to this Court by the FTC was very one-sided and not completely accurate in the ways I will state below.

2.)      I work for one of the debt-collection defendants, named Superior Filing Services. I have done this work for the last 15 months, working from its offices. I consider myself a very law-abiding person.

3.)      My job consists of taking debt that my company has purchased, for example a credit card debt, and making contact with the person who owes that debt in an attempt to negotiate payment to satisfy the debt. When I make these telephone calls to collect debts, I believe I am only collecting only lawful debts from people who owe them.

4.)      While I have discussed debts with tens of thousands of people who owe them, I am not aware of any time that I have attempted to collect a debt that is not owed by them or that already has been paid. Indeed in the overwelming percentage of the times I am speaking with the many tens of thousands of people I call about their debt, they readily acknowledge that it is owed by them.

5.)      I have never told someone from whom I was attempting to collect a debt that they had been sued, that this matter was in the courts, that a process server had their paperwork to sue them, or any other words to that effect or carrying that import. The only thing I would say

about courts is that we were talking about a lawful debt and the owner could take this matter to court if it were not settled. I do not understand that to be against the law. Indeed I specifically tell people that no suit has been filed, always.

6.)    I am nice and non-threatening to those with whom I speak. I did urge the people with whom I speak to "get past this or put this behind them" by getting it resolved  I have been informed that the FTC has told this Court that we acted with "a brazen attempt to defraud each consumer out of thousands of dollars through threat of fictitious lawsuits." I never did this. I did not hear thoese around me saying this.  I am also informed that the FTC said that we attempted to "extort people." I never threatened anyone.

7.)    I have never in any collection call I have made, not once, referred to any debtor's military status, much less made any references to any adverse consequences that the debt we were speaking about might impose on his/her status in the military; nor have I otherwise mentioned the military in any debt collection call.

8.)    In fact, I have found that being polite and respectful to people about their debts works much better.  I would explain to them that the debt would not go away until it was paid or reconciled in some lawful way and that if they did agree to a settlement with us, and they made the settlement to which they had agreed, we would send them a letter referring to the debt by its account number and by the original creditor name, and stating that it was "paid in full."  We told them they could then send this letter to the three major credit reporting services, which we named for them.  We always sent them the "paid-in-full" letter when they had paid the agreed upon amount.

9.)    I am very cordial on the telephone. I believe that the overwhelming majority of people with whom I spoke would attest to that.  Many of them thanked me for helping them

3

resolve their debts and expressed relief that they had been resolved.  Virtually every debt that I settled on the phone was settled for a fraction of what was owed by the person involved. Many expressed relief that they could settled the debt for less than one they thought they would have to pay.

10.)          I am not an attorney but I believe that my attempts to collect debts were lawful. I was never told to use any script containing false threats about lawsuits or that suits had begun when that had not begun. I was never told to falsely threaten people with lawsuits that were not filed.

I declare under penalties of perjury that the forgoing is true and correct.

Executed this __11__ day of December, 2011 in _Merifee_, California.

Sara Kaylor

4

Declaration of Sara Kaylor

MARKHAM & READ
John J.E. Markham, II (CA Bar No. 69623)
One Commercial Wharf West
Boston, Massachusetts 02110
Tel: (617) 523-6329
Fax: (617) 742-8604
Email: jmarkham@markhamread.com
Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| FEDERAL TRADE COMMISSION | CASE NO: ED CV 11-01623- VAP- SPx |
|---|---|
|    Plaintiff, | |
| vs. | |
| | DECLARATION OF JOSH MARTENSON |
| RINCON MANAGEMENT SERVICES, LLC, a California limited liability company, also d/b/a "Rincon Debt Management," "Rincon Filing Services," and "Pacific Management Recovery"; PRIME WEST MANAGEMENT SERVICES, LLC, a Delaware limited liability company; UNION MANAGEMENT SERVICES, LLC, a California limited liability company, also d/b/a "Union Filing Services"; NATIONAL FILING SERVICES, LLC, a California limited liability company; CITY INVESTMENT SERVICES, LLC, a California limited liability company; GLOBAL FILING SERVICES, LLC, a California limited liability company; PACIFIC MANAGEMENT RECOVERY, LLC, a Delaware limited liability company; JASON R. BEGLEY, an individual; and WAYNE W. LUNSFORD, an individual **Defendants.** | |

JOSH MARTENSON, declares under penalty of perjury as follows:

1.)       I am a resident of Menifee, California and based upon information known to me about which I can testify from my own personal knowledge, I make this declaration to support the defendants' Motion to modify the present preliminary injunction issued by this Court. I herein set forth information of which I believe this Court has not previously been made aware and I am willing to come to this Court and testify personally and be cross-examined because this involves my employment and I believe that the presentation made to this Court by the FTC was very one-sided and not completely accurate in the ways I will state below.

2.)       I work for the debt-collection defendant, Rincon Management Services, LLC. I have done this work for the last 2 and 1/2 years, working from its offices. Before working in collections, I worked for a veterinarian in Yucipa. I consider myself a very law-abiding person.

3.)       My job consists of taking debt that my company has purchased, for example a credit card debt, and making contact with the person who owes that debt in an attempt to negotiate payment to satisfy the debt. When I made telephone calls to collect debts, I believe I was only collecting on lawful debts from people who owe them.

4.)       While I have discussed debts with tens of thousands of people who owe them, I am not aware of any time that I have attempted to collect a debt that is not owed by them or that already has been paid. Indeed in the overwelming percentage of the times I am speaking with the many thousands of people I called about their debt, they readily acknowledge that it is owed by them. The question is virtually always when they can pay how much of the debt.

5.)       I have never told someone from whom I was attempting to collect a debt that they had been sued, that this matter was in the courts, that a process server had their paperwork to sue

them, or any other words to that effect or carrying that import. The only thing I would say about courts is that we were talking about a lawful debt and the owner could take this matter to court if it were not resolved. I do not understand that to be against the law.

6.)   I am always courteous and never threatening to the people with whom I speak about their debts. I have been informed that the FTC has told this Court that we acted with "a brazen attempt to defraud each consumer out of thousands of dollars through threat of fictitious lawsuits." I never did this. I am also informed that the FTC said that we attempted to "extort people." I never threatened anyone. I understood it was against company policy to mention law enforcement and I did not make any such statements.

7.)   I have never in any collection call I have made, not once, referred to any debtor's military status, much less made any references to any adverse consequences that the debt we were speaking about might impose on his/her status in the military; nor have I otherwise mentioned the military in any debt collection call.

8.)   In fact, I have found that being polite and respectful to people about their debts works much better. I would explain to them that the debt would not go away until it was paid or reconciled in some lawful way and that if they did agree to a settlement with us, and they made the settlement to which they had agreed, we would send them a letter referring to the debt by its account number and by the original creditor name, and stating that it was "paid in full." We told them they could then send this letter to the three major credit reporting services, which we named for them. I informed the person that noone could collect on the debt thereafter. We always sent them the "paid-in-full" letter when they had paid the agreed upon amount.

Declaration of Josh Martenson

9.)      I am very cordial on the telephone.  I believe that the overwhelming majority of people with whom I spoke would attest to that.  Many of them thanked me for helping them resolve their debts and expressed relief that they had been resolved.  Virtually every debt that I settled on the phone was settled for a fraction of what was owed by the person involved. Many expressed relief that they could settle the debt for less than one they thought they would have to pay.

10.)     I am not an attorney but I believe that my attempts to collect debts were lawful. I was never told to use any script containing false threats about lawsuits or that suits had begun when a suit had not begun. I was never told to falsely threaten people with lawsuits that were not filed.  I understood I was only to make factual statements to people.

I declare under penalties of perjury that the forgoing is true and correct.

Executed this 7 day of December, 2011 in MENIFEE , California.

Josh Martenson

4

Declaration of Josh Martenson

MARKHAM & READ
John J.E. Markham, II (CA Bar No. 69623)
One Commercial Wharf West
Boston, Massachusetts 02110
Tel: (617) 523-6329
Fax: (617) 742-8604
Email: jmarkham@markhamread.com
Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION | CASE NO: ED CV 11-01623- VAP- SPx |
|    **Plaintiff,** | |
| **vs.** | |
| RINCON MANAGEMENT SERVICES, LLC, a California limited liability company, also d/b/a "Rincon Debt Management," "Rincon Filing Services," and "Pacific Management Recovery"; PRIME WEST MANAGEMENT SERVICES, LLC, a Delaware limited liability company; UNION MANAGEMENT SERVICES, LLC, a California limited liability company, also d/b/a "Union Filing Services"; NATIONAL FILING SERVICES, LLC, a California limited liability company; CITY INVESTMENT SERVICES, LLC, a California limited liability company; GLOBAL FILING SERVICES, LLC, a California limited liability company; PACIFIC MANAGEMENT RECOVERY, LLC, a Delaware limited liability company; JASON R. BEGLEY, an individual; and WAYNE W. LUNSFORD,  an individual | **DECLARATION OF APRIL MARTENSON** |
|    **Defendants.** | |

APRIL MARTENSON, declares under pentalty of perjury as follows:

1.)     I am a resident of Menifee, California and based upon information known to me about which I can testify from my own personal knowledge, I make this declaration to support the defendants' Motion to modify the present preliminary injunction issued by this Court. I herein set forth information of which I believe this Court has not previously been made aware and I am willing to come to this Court and testify personally and be cross-examined because this involves my employment and I believe that the presentation made to this Court by the FTC was very one-sided and not completely accurate in the ways I will state below.

2.)     I work for the debt-collection defendant, Union Management Services, LLC. I have done this work for the last 2 years, working from its offices. Before working in collections, I worked as a bartender/server. I consider myself a very law-abiding person.

3.)     My job consists of taking debt that my company has purchased, for example a credit card debt, and making contact with the person who owes that debt in an attempt to negotiate payment to satisfy the debt. When I made these telephone calls to collect debts, I believe I was only collecting on lawful debts from people who owe them.

4.)     While I have discussed debts with tens of thousands of people who owe them, I am not aware of any time that I have attempted to collect a debt that is not owed by them or that already has been paid. Indeed in the overwelming percentage of the times I am speaking with the many thousands of people I called about their debt, they readily acknowledge that it is owed by them. The question is virtually always when they can pay how much of the debt.

5.)     I have never told someone from whom I was attempting to collect a debt that they had been sued, that this matter was in the courts, that a process server had their paperwork to sue them, or any other words to that effect or carrying that import. The only thing I would say

about courts is that we were talking about a lawful debt and the owner could take this matter to court if it were not resolved. I do not understand that to be against the law.

6.)        I am always courteous and never threatening to the people with whom I speak about their debts. I have been informed that the FTC has told this Court that we acted with "a brazen attempt to defraud each consumer out of thousands of dollars through threat of fictitious lawsuits." I never did this. I am also informed that the FTC said that we attempted to "extort people." I never threatened anyone. I understood it was against company policy to mention law enforcement and I did not make any such statements.

7.)        I have never in any collection call I have made, not once, referred to any debtor's military status, much less made any references to any adverse consequences that the debt we were speaking about might impose on his/her status in the military; nor have I otherwise mentioned the military in any debt collection call.

8.)        In fact, I have found that being polite and respectful to people about their debts works much better. I would explain to them that the debt would not go away until it was paid or reconciled in some lawful way and that if they did agree to a settlement with us, and they made the settlement to which they had agreed, we would send them a letter referring to the debt by its account number and by the original creditor name, and stating that it was "paid in full." We told them they could then send this letter to the three major credit reporting services, which we named for them. I informed the person that noone could collect on the debt thereafter. We always sent them the "paid-in-full" letter when they had paid the agreed upon amount.

9.)        I am very cordial on the telephone. I believe that the overwhelming majority of people with whom I spoke would attest to that. Many of them thanked me for helping them

Declaration of April Martenson

resolve their debts and expressed relief that they had been resolved. Virtually every debt that I settled on the phone was settled for a fraction of what was owed by the person involved. Many expressed relief that they could settle the debt for less than one they thought they would have to pay.

10.)    I am not an attorney but I believe that my attempts to collect debts were lawful. I was never told to use any script containing false threats about lawsuits or that suits had begun when a suit had not begun. I was never told to falsely threaten people with lawsuits that were not filed. I understood I was only to make factual statements to people.

I declare under penalties of perjury that the forgoing is true and correct.

Executed this 9 day of December, 2011 in Menifee , California.

April Martenson

4

Declaration of April Martenson

MARKHAM & READ
John J.E. Markham, II (CA Bar No. 69623)
One Commercial Wharf West
Boston, Massachusetts 02110
Tel: (617) 523-6329
Fax: (617) 742-8604
Email: jmarkham@markhamread.com
Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION | CASE NO: ED CV 11-01623- VAP- SPx |
| **Plaintiff,** | |
| vs. | |
| RINCON MANAGEMENT SERVICES, LLC, a California limited liability company, also d/b/a "Rincon Debt Management," "Rincon Filing Services," and "Pacific Management Recovery"; PRIME WEST MANAGEMENT SERVICES, LLC, a Delaware limited liability company; UNION MANAGEMENT SERVICES, LLC, a California limited liability company, also d/b/a "Union Filing Services"; NATIONAL FILING SERVICES, LLC, a California limited liability company; CITY INVESTMENT SERVICES, LLC, a California limited liability company; GLOBAL FILING SERVICES, LLC, a California limited liability company; PACIFIC MANAGEMENT RECOVERY, LLC, a Delaware limited liability company; JASON R. BEGLEY, an individual; and WAYNE W. LUNSFORD,  an individual  **Defendants.** | **DECLARATION OF BARBARA O'NEILL** |

1

Declaration of Barbara O'Neill

BARBARA O'NEILL, declares under pentalty of perjury as follows:

1.)       I am a resident of Riverside, California and based upon information known to me about which I can testify from my own personal knowledge, I make this declaration to support the defendants' Motion to modify the present preliminary injunction issued by this Court. I herein set forth information of which I believe this Court has not previously been made aware and I am willing to come to this Court and testify personally and be cross-examined because this involves my employment and I believe that the presentation made to this Court by the FTC was very one-sided and not completely accurate in the ways I will state below.

2.)       I work for one of the debt-collection defendants, National Filing Services. I have done this work for the last 2 years, working from its offices. I was recently promoted to manager in September, 2011. Before that, for 16 years, I worked for worldwide companies as an Executive Business Development Representative. I consider myself a very law-abiding person.

3.)       Before becoming manager, my job consisted of taking debt that my company has purchased, for example a credit card debt, and making contact with the person who owes that debt in an attempt to negotiate payment to satisfy the debt. Now I supervise the people in my office making and receiving calls. When I make or supervise these telephone calls to collect debts, I believe I was only collecting on lawful debts from people who owe them.

4.)       While I have discussed debts with tens of thousands of people who owe them, I am not aware of any time that I have attempted to collect a debt that is not owed by them or that already has been paid. Indeed in the overwelming percentage of the times I am speaking with the many tens of thousands of people I called about their debt, they readily acknowledge that it is owed by them. The question is virtually always when they can pay how much of the debt.

2

Declaration of Barbara O'Neill

5.)        I have never told someone from whom I was attempting to collect a debt that they had been sued, that this matter was in the courts, that a process server had their paperwork to sue them, or any other words to that effect or carrying that import.  The only thing I would say about courts is that we were talking about a lawful debt and the owner could take this matter to court if it were not resolved. I do not understand that to be against the law.

6.)        I am always courteous and never threatening to the people with whom I speak about their debts.  I have been informed that the FTC has told this Court that we acted with "a brazen attempt to defraud each consumer out of thousands of dollars through threat of fictitious lawsuits."  I never did this. I am also informed that the FTC said that we attempted to "extort people."  I never threatened anyone. I understood it was against company policy to mention law enforcement and I did not make any such statements.

7.)        I have never in any collection call I have made, not once, referred to any debtor's military status, much less made any references to any adverse consequences that the debt we were speaking about might impose on his/her status in the military; nor have I otherwise mentioned the military in any debt collection call.

8.)        In fact, I have found that being polite and respectful to people about their debts works much better.  I would explain to them that the debt would not go away until it was paid or reconciled in some lawful way and that if they did agree to a settlement with us, and they made the settlement to which they had agreed, we would send them a letter referring to the debt by its account number and by the original creditor name, and stating that it was "paid in full."  We told them they could then send this letter to the three major credit reporting services, which we named for them.  I informed the person that noone could collect on the

debt thereafter.  We always sent them the "paid-in-full" letter when they had paid the agreed upon amount.

9.)     I am very cordial on the telephone.  I believe that the overwhelming majority of people with whom I spoke would attest to that.  Many of them thanked me for helping them resolve their debts and expressed relief that they had been resolved.  Virtually every debt that I settled on the phone was settled for a fraction of what was owed by the person involved. Many expressed relief that they could settle the debt for less than one they thought they would have to pay.

10.)    I am not an attorney but I believe that my attempts to collect debts were lawful. I was never told to use any script containing false threats about lawsuits or that suits had begun when a suit had not begun. I was never told to falsely threaten people with lawsuits that were not filed.  I understood I was only to make factual statements to people.

I declare under penalties of perjury that the forgoing is true and correct.

Executed this 9th day of December, 2011 in Riverside , California.

Barbara O'Neill

4

Declaration of Barbara O'Neill

MARKHAM & READ
John J.E. Markham, II (CA Bar No. 69623)
One Commercial Wharf West
Boston, Massachusetts 02110
Tel: (617) 523-6329
Fax: (617) 742-8604
Email: jmarkham@markhamread.com
Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION | CASE NO: ED CV 11-01623- VAP- SPx |
| **Plaintiff,** | |
| vs. | |
| | |
| RINCON MANAGEMENT SERVICES, LLC, a California limited liability company, also d/b/a "Rincon Debt Management," "Rincon Filing Services," and "Pacific Management Recovery"; PRIME WEST MANAGEMENT SERVICES, LLC, a Delaware limited liability company; UNION MANAGEMENT SERVICES, LLC, a California limited liability company, also d/b/a "Union Filing Services"; NATIONAL FILING SERVICES, LLC, a California limited liability company; CITY INVESTMENT SERVICES, LLC, a California limited liability company; GLOBAL FILING SERVICES, LLC, a California limited liability company; PACIFIC MANAGEMENT RECOVERY, LLC, a Delaware limited liability company; JASON R. BEGLEY, an individual; and WAYNE W. LUNSFORD,  an individual **Defendants.** | **DECLARATION OF ARMANDO QUINTERO** |

1

ARMANDO QUINTERO, declares under pentalty of perjury as follows:

1.)      I am a resident of Riverside, California and based upon information known to me about which I can testify from my own personal knowledge, I make this declaration to support the defendants' Motion to modify the present preliminary injunction issued by this Court. I herein set forth information of which I believe this Court has not previously been made aware and I am willing to come to this Court and testify personally and be cross-examined because this involves my employment and I believe that the presentation made to this Court by the FTC was very one-sided and not completely accurate in the ways I will state below.

2.)      I work for the debt-collection defendant, City Investment Services, LLC. I have done this work for the last 2 years, working from its offices. Before working in collections, I was employed by Staples Office Supply. I consider myself a very law-abiding person.

3.)      My job consists of taking debt that my company has purchased, for example a credit card debt, and making contact with the person who owes that debt in an attempt to negotiate payment to satisfy the debt. When I made these telephone calls to collect debts, I believe I was only collecting on lawful debts from people who owe them.

4.)      While I have discussed debts with tens of thousands of people who owe them, I am not aware of any time that I have attempted to collect a debt that is not owed by them or that already has been paid. Indeed in the overwelming percentage of the times I am speaking with the many thousands of people I called about their debt, they readily acknowledge that it is owed by them. The question is virtually always when they can pay how much of the debt.

5.)      I have never told someone from whom I was attempting to collect a debt that they had been sued, that this matter was in the courts, that a process server had their paperwork to sue them, or any other words to that effect or carrying that import. The only thing I would say

about courts is that we were talking about a lawful debt and the owner could take this matter to court if it were not resolved. I do not understand that to be against the law.

6.)        I am always courteous and never threatening to the people with whom I speak about their debts. I have been informed that the FTC has told this Court that we acted with "a brazen attempt to defraud each consumer out of thousands of dollars through threat of fictitious lawsuits." I never did this. I am also informed that the FTC said that we attempted to "extort people." I never threatened anyone. I understood it was against company policy to mention law enforcement and I did not make any such statements.

7.)        I have never in any collection call I have made, not once, referred to any debtor's military status, much less made any references to any adverse consequences that the debt we were speaking about might impose on his/her status in the military; nor have I otherwise mentioned the military in any debt collection call.

8.)        In fact, I have found that being polite and respectful to people about their debts works much better. I would explain to them that the debt would not go away until it was paid or reconciled in some lawful way and that if they did agree to a settlement with us, and they made the settlement to which they had agreed, we would send them a letter referring to the debt by its account number and by the original creditor name, and stating that it was "paid in full." We told them they could then send this letter to the three major credit reporting services, which we named for them. I informed the person that noone could collect on the debt thereafter. We always sent them the "paid-in-full" letter when they had paid the agreed upon amount.

9.)        I am very cordial on the telephone. I believe that the overwhelming majority of people with whom I spoke would attest to that. Many of them thanked me for helping them

resolve their debts and expressed relief that they had been resolved.  Virtually every debt that I settled on the phone was settled for a fraction of what was owed by the person involved. Many expressed relief that they could settle the debt for less than one they thought they would have to pay.

10.)       I am not an attorney but I believe that my attempts to collect debts were lawful. I was never told to use any script containing false threats about lawsuits or that suits had begun when a suit had not begun. I was never told to falsely threaten people with lawsuits that were not filed.  I understood I was only to make factual statements to people.

I declare under penalties of perjury that the forgoing is true and correct.

Executed this _9_ day of December, 2011 in _Riverside_, California.

_____
Armando Quintero

Declaration of Armando Quintero

MARKHAM & READ
John J.E. Markham, II (CA Bar No. 69623)
One Commercial Wharf West
Boston, Massachusetts 02110
Tel: (617) 523-6329
Fax: (617) 742-8604
Email: jmarkham@markhamread.com
Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION | CASE NO: ED CV 11-01623- VAP- SPx |
| Plaintiff, | |
| vs. | |
| RINCON MANAGEMENT SERVICES, LLC, a California limited liability company, also d/b/a "Rincon Debt Management," "Rincon Filing Services," and "Pacific Management Recovery"; PRIME WEST MANAGEMENT SERVICES, LLC, a Delaware limited liability company; UNION MANAGEMENT SERVICES, LLC, a California limited liability company, also d/b/a "Union Filing Services"; NATIONAL FILING SERVICES, LLC, a California limited liability company; CITY INVESTMENT SERVICES, LLC, a California limited liability company; GLOBAL FILING SERVICES, LLC, a California limited liability company; PACIFIC MANAGEMENT RECOVERY, LLC, a Delaware limited liability company; JASON R. BEGLEY, an individual; and WAYNE W. LUNSFORD, an individual | DECLARATION OF TINA COCA |
| Defendants. | |

1

TINA COCA, declares under pentalty of perjury as follows:

1.)     I am a resident of Mission Viejo, California and based upon information known to me from my own personal knowledge, I make this declaration to support the defendants' Motion to modify of the present preliminary injunction issued by this Court. I herein set forth information of which I believe this Court has not previously been made aware. Because this involves my employment and I believe that the presentation made to this Court by the FTC was very one-sided and not completely accurate in the ways I will state below.

2.)     I work for one of the debt-collection defendants, named City Investment Services. I have done this work for the last 18 months, working from its offices. Before that, for 16 years, I was a preschool director and a teacher at the local YMCA. I consider myself a very law-abiding person.

3.)     My job consists of taking debt that my company has purchased, for example a credit card debt, and negotiate payment to satisfy that debt. I believe I am only collecting only lawful debts from people who owe them.

4.)     While I have discussed debts with tens of thousands of people who owe them, I am not aware of any time that I have attempted to collect a debt that is not owed by them or that already has been paid. Indeed in the overwelming percentage of the times I am speaking with the many tens of thousands of people, they readily acknowledge that it is owed by them. The question is virtually always when they can pay how much of the debt.

5.)     I have never told someone from whom I was attempting to collect a debt that they had been sued, that this matter was in the courts, or any other words to that effect. The only thing I would say about courts is that we were talking about a lawful debt and the owner could take this matter to court if it were not settled. I do not understand that to be against the law.

2

Declaration of Tina Coca

6.)       I am always courteous and I never threatening to the people with whom I speak about their debts.  I did urge the people with whom I speak to "put this behind them" by getting it resolved  I have been informed that the FTC has told this Court that we acted with "a brazen attempt to defraud each consumer out of thousands of dollars through threat of fictitious lawsuits."  I never did this. I did not hear those around me saying this.  I am also informed that the FTC said that we attempted to "extort people".  I never threatened anyone.

7.)       In fact, I have found that being polite and respectful to people about their debts works much better.  I would explain to them that the debt would not go away until it was paid or reconciled in some lawful way and that if they did agree to a settlement with us, and they made the settlement to which they had agreed, we would send them a letter referring to the debt by its account number and by the original creditor name, and stating that it was "paid in full."  We told them they could then send this letter to the three major credit reporting services, which we named for them.  We always sent them the "paid-in-full" letter when they had paid the agreed upon amount.

8.)       I am very cordial on the telephone.  I believe that the overwhelming majority of people with whom I spoke would attest to that.  Many of them thanked me for helping them resolve their debts and expressed relief that they had been resolved.

9.)       I am not an attorney but I believe that my attempts to collect debts were lawful. I never said that suits had begun when they had not begun. I never falsely threaten people with lawsuits that were not filed.

I declare under penalties of perjury that the forgoing is true and correct.

Executed this _____ day of November, 2011 in Mission Viejo, California.

Tina Coca

Declaration of Tina Coca

MARKHAM & READ
John J.E. Markham, II (CA Bar No. 69623)
One Commercial Wharf West
Boston, Massachusetts 02110
Tel: (617) 523-6329
Fax: (617) 742-8604
Email: jmarkham@markhamread.com
Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION | **CASE NO: ED CV 11-01623- VAP- SPx** |
|    **Plaintiff,** | |
| **vs.** | |
| RINCON MANAGEMENT SERVICES, LLC, a California limited liability company, also d/b/a "Rincon Debt Management," "Rincon Filing Services," and "Pacific Management Recovery"; PRIME WEST MANAGEMENT SERVICES, LLC, a Delaware limited liability company; UNION MANAGEMENT SERVICES, LLC, a California limited liability company, also d/b/a "Union Filing Services"; NATIONAL FILING SERVICES, LLC, a California limited liability company; CITY INVESTMENT SERVICES, LLC, a California limited liability company; GLOBAL FILING SERVICES, LLC, a California limited liability company; PACIFIC MANAGEMENT RECOVERY, LLC, a Delaware limited liability company; JASON R. BEGLEY, an individual; and WAYNE W. LUNSFORD, an individual **Defendants.** | **DECLARATION OF MIKE HARRIS** |

1

Declaration of Mike Harris

MIKE HARRIS, declares under pentalty of perjury as follows:

1.)      I am a resident of Beaumont, California and based upon information known to me about which I can testify from my own personal knowledge, I make this declaration to support the defendants' Motion to modify the present preliminary injunction issued by this Court. I herein set forth information of which I believe this Court has not previously been made aware and I am willing to come to this Court and testify personally and be cross-examined because this involves my employment and I believe that the presentation made to this Court by the FTC was very one-sided and not completely accurate in the ways I will state below.

2.)      I work for the debt-collection defendant, National Filing Services, LLC. I have done this work for the last 2 and 1/2 years, working from its offices. Before working in collections, I worked in construction. I consider myself a very law-abiding person.

3.)      My job consists of taking debt that my company has purchased, for example a credit card debt, and making contact with the person who owes that debt in an attempt to negotiate payment to satisfy the debt. When I made these telephone calls to collect debts, I believe I was only collecting on lawful debts from people who owe them.

4.)      While I have discussed debts with tens of thousands of people who owe them, I am not aware of any time that I have attempted to collect a debt that is not owed by them or that already has been paid. Indeed in the overwelming percentage of the times I am speaking with the many thousands of people I called about their debt, they readily acknowledge that it is owed by them. The question is virtually always when they can pay how much of the debt.

5.)      I have never told someone from whom I was attempting to collect a debt that they had been sued, that this matter was in the courts, that a process server had their paperwork to sue them, or any other words to that effect or carrying that import. The only thing I would say

about courts is that we were talking about a lawful debt and the owner could take this matter

to court if it were not resolved. I do not understand that to be against the law.

6.)          I am always courteous and never threatening to the people with whom I speak about

their debts.  I have been informed that the FTC has told this Court that we acted with "a

brazen attempt to defraud each consumer out of thousands of dollars through threat of

fictitious lawsuits."  I never did this. I am also informed that the FTC said that we attempted

to "extort people."  I never threatened anyone. I understood it was against company policy to

mention law enforcement and I did not make any such statements.

7.)          I have never in any collection call I have made, not once, referred to any debtor's

military status, much less made any references to any adverse consequences that the debt we

were speaking about might impose on his/her status in the military; nor have I otherwise

mentioned the military in any debt collection call.

8.)          In fact, I have found that being polite and respectful to people about their debts works

much better.  I would explain to them that the debt would not go away until it was paid or

reconciled in some lawful way and that if they did agree to a settlement with us, and they

made the settlement to which they had agreed, we would send them a letter referring to the

debt by its account number and by the original creditor name, and stating that it was "paid in

full."  We told them they could then send this letter to the three major credit reporting

services, which we named for them.  I informed the person that noone could collect on the

debt thereafter.  We always sent them the "paid-in-full" letter when they had paid the agreed

upon amount.

9.)          I am very cordial on the telephone.  I believe that the overwhelming majority of

people with whom I spoke would attest to that.  Many of them thanked me for helping them

resolve their debts and expressed relief that they had been resolved.  Virtually every debt that I settled on the phone was settled for a fraction of what was owed by the person involved. Many expressed relief that they could settle the debt for less than one they thought they would have to pay.

10.)      I am not an attorney but I believe that my attempts to collect debts were lawful. I was never told to use any script containing false threats about lawsuits or that suits had begun when a suit had not begun. I was never told to falsely threaten people with lawsuits that were not filed.  I understood I was only to make factual statements to people.

I declare under penalties of perjury that the forgoing is true and correct.

Executed this 8th day of December, 2011 in _Riverside_, California.

_Michael Harris_
Mike Harris

4

Declaration of Mike Harris

1  MARKHAM & READ
   John J.E. Markham, II (CA Bar No. 69623)
2  One Commercial Wharf West
   Boston, Massachusetts 02110
3  Tel: (617) 523-6329
   Fax: (617) 742-8604
4  Email: jmarkham@markhamread.com
5  Attorney for Defendants

6
                    IN THE UNITED STATES DISTRICT COURT
7                 FOR THE CENTRAL DISTRICT OF CALIFORNIA

8
9  FEDERAL TRADE COMMISSION          CASE NO: ED CV 11-01623- VAP- SPx

10     **Plaintiff,**
   **vs.**
11
12  RINCON MANAGEMENT               **DECLARATION OF TODD LOOP**
   SERVICES, LLC, a California limited
13  liability company, also d/b/a "Rincon
   Debt Management," "Rincon Filing
14  Services," and "Pacific Management
   Recovery"; PRIME WEST
15  MANAGEMENT SERVICES, LLC, a
16  Delaware limited liability company;
   UNION MANAGEMENT SERVICES,
17  LLC, a California limited liability
   company, also d/b/a "Union Filing
18  Services"; NATIONAL FILING
19  SERVICES, LLC, a California limited
   liability company; CITY
20  INVESTMENT SERVICES, LLC, a
21  California limited liability company;
   GLOBAL FILING SERVICES, LLC, a
22  California limited liability company;
   PACIFIC MANAGEMENT
23  RECOVERY, LLC, a Delaware limited
24  liability company; JASON R. BEGLEY,
   an individual; and WAYNE W.
25  LUNSFORD,  an individual
26  **Defendants.**
27
28

                                    1

TODD LOOP, declares under pentalty of perjury as follows:

1.)     I am a resident of Riverside, California and based upon information known to me about which I can testify from my own personal knowledge, I make this declaration to support the defendants' Motion to modify the present preliminary injunction issued by this Court. I herein set forth information of which I believe this Court has not previously been made aware and I am willing to come to this Court and testify personally and be cross-examined because this involves my employment and I believe that the presentation made to this Court by the FTC was very one-sided and not completely accurate in the ways I will state below.

2.)     I work for an entity of the debt-collection defendants, County Filing Services, LLC, as a manager. I have done this work for the last year, working from its offices. Before working in collections, I worked for Countrywide Bank in Riverside. I consider myself a very law-abiding person.

3.)     Before becoming manager, my job consisted of taking debt that my company has purchased, for example a credit card debt, and making contact with the person who owes that debt in an attempt to negotiate payment to satisfy the debt. Now I supervise the people in my office making and receiving calls. When I make or supervise these telephone calls to collect debts, I believe I was only collecting on lawful debts from people who owe them.

4.)     While I have discussed debts with thousands of people who owe them, I am not aware of any time that I have attempted to collect a debt that is not owed by them or that already has been paid. Indeed in the overwelming percentage of the times I am speaking with the many thousands of people I called about their debt, they readily acknowledge that it is owed by them. The question is virtually always when they can pay how much of the debt.

5.)        I have never told someone from whom I was attempting to collect a debt that they had been sued, that this matter was in the courts, that a process server had their paperwork to sue them, or any other words to that effect or carrying that import. The only thing I would say about courts is that we were talking about a lawful debt and the owner could take this matter to court if it were not resolved. I do not understand that to be against the law.

6.)        I am always courteous and never threatening to the people with whom I speak about their debts. I have been informed that the FTC has told this Court that we acted with "a brazen attempt to defraud each consumer out of thousands of dollars through threat of fictitious lawsuits." I never did this. I am also informed that the FTC said that we attempted to "extort people." I never threatened anyone. I understood it was against company policy to mention law enforcement and I did not make any such statements.

7.)        I have never in any collection call I have made, not once, referred to any debtor's military status, much less made any references to any adverse consequences that the debt we were speaking about might impose on his/her status in the military; nor have I otherwise mentioned the military in any debt collection call.

8.)        In fact, I have found that being polite and respectful to people about their debts works much better. I would explain to them that the debt would not go away until it was paid or reconciled in some lawful way and that if they did agree to a settlement with us, and they made the settlement to which they had agreed, we would send them a letter referring to the debt by its account number and by the original creditor name, and stating that it was "paid in full." We told them they could then send this letter to the three major credit reporting services, which we named for them. I informed the person that noone could collect on the

debt thereafter.  We always sent them the "paid-in-full" letter when they had paid the agreed upon amount.

9.)       I am very cordial on the telephone.  I believe that the overwhelming majority of people with whom I spoke would attest to that.  Many of them thanked me for helping them resolve their debts and expressed relief that they had been resolved.  Virtually every debt that I settled on the phone was settled for a fraction of what was owed by the person involved.  Many expressed relief that they could settle the debt for less than one they thought they would have to pay.

10.)      I am not an attorney but I believe that my attempts to collect debts were lawful. I was never told to use any script containing false threats about lawsuits or that suits had begun when a suit had not begun. I was never told to falsely threaten people with lawsuits that were not filed.  I understood I was only to make factual statements to people.

I declare under penalties of perjury that the forgoing is true and correct.

Executed this _B_ day of December, 2011 in _Riverside_ , California.

_____
Todd Loop

Declaration of Todd Loop

MARKHAM & READ
John J.E. Markham, II (CA Bar No. 69623)
One Commercial Wharf West
Boston, Massachusetts 02110
Tel: (617) 523-6329
Fax: (617) 742-8604
Email: jmarkham@markhamread.com
Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION | CASE NO: ED CV 11-01623- VAP- SPx |
| Plaintiff, | |
| vs. | |
| RINCON MANAGEMENT SERVICES, LLC, a California limited liability company, also d/b/a "Rincon Debt Management," "Rincon Filing Services," and "Pacific Management Recovery"; PRIME WEST MANAGEMENT SERVICES, LLC, a Delaware limited liability company; UNION MANAGEMENT SERVICES, LLC, a California limited liability company, also d/b/a "Union Filing Services"; NATIONAL FILING SERVICES, LLC, a California limited liability company; CITY INVESTMENT SERVICES, LLC, a California limited liability company; GLOBAL FILING SERVICES, LLC, a California limited liability company; PACIFIC MANAGEMENT RECOVERY, LLC, a Delaware limited liability company; JASON R. BEGLEY, an individual; and WAYNE W. LUNSFORD,  an individual | DECLARATION OF RHONDA LOOP |
| Defendants. | |

1

RHONDA LOOP, declares under pentalty of perjury as follows:

1.)        I am a resident of Menitee, California, and based upon information known to me about which I can testify from my own personal knowledge, I make this declaration to support the defendants' motion to modify of the present preliminary injunction issued by this Court. I herein set forth information of which I believe this Court has not previously been made aware and I am willing to come to this Court and testify personally and be cross-examined because this involves my employment and I believe that the presentation made to this Court by the FTC was very one-sided and not completely accurate in the ways I will state below.

2.)        I work for one of the debt-collection defendants, named Universal Filing Services. I have done this work since September, 2009, working from its offices in Corona. Before that, for many years I worked at a grocery store and then I ran my own clothing store. I am a very law-abiding person and believe that I collected debt for my company in that way.

3.)        My job consists of taking debt that my company has purchased, for example a credit card debt, and making contact with the person who owes that debt in an attempt to negotiate payment to satisfy the debt. When I make these telephone calls to collect debts, I believe I am only collecting only lawful debts from people who owe them.

4.)        While I have discussed debts with tens of thousands of people who owe them, I am not aware of any time that I have attempted to collect a debt that is not owed by them or that already has been paid. Indeed in the overwelming percentage of the times I am speaking with the many tens of thousands of people I call about their debt, they readily acknowledge that it is owed by them. The question is virtually always when they can pay how much of the debt. I have never been told by anyone to collect a debt that is not owed or that has already been paid nor have I ever heard anyone else been told to do so.

5.)       I have never told someone from whom I was attempting to collect a debt that they had

been sued, that this matter was in the courts, that a process server had their paperwork to sue

them, or any other words to that effect or carrying that import.  The only thing I would say

about courts is that we were talking about a lawful debt and the owner could take this matter

to court if it were not settled. I do not understand that to be against the law. In fact, it is in my

opinion counterproductive to tell someone the untruth that a case has been filed when it has

not been. Then, the discussion is likely to focuss on the case, not the debt and making a

compromise that allows them to get this debt behind them.

6.)       I am always very nice, civil, and never threatening to the people with whom I speak

about their debts.  I do urge the people with whom I speak to end this for themselves and get

it behind them so they can move on.  I have been informed that the FTC has told this Court

that we acted with "a brazen attempt to defraud each consumer out of thousands of dollars

through threat of fictitious lawsuits." I never did this. I did not hear those around me saying

this.  I am also informed that the FTC said that we attempted to "extort people".  I never

threatened anyone.

7.)       I have never in any collection call I have made, not once, referred to any debtor's

military status, much less made any references to any adverse consequences that the debt we

were speaking about might impose on his/her status in the military; nor have I otherwise

mentioned the military in any debt collection call.

8.)       I do not theaten and in fact I am nice.  I explain to them that the debt would not go

away until it was paid or reconciled in some lawful way and that if they did agree to a

settlement with us, and they made the settlement to which they had agreed, we would send

them a letter referring to the debt by its account number and by the original creditor name,

Declaration of Rhonda Loop

and stating that it was "paid in full." We tell them they could then send this letter to the three

major credit reporting services, which we named for them. We always sent them the "paid-

in-full" letter when they had paid the agreed upon amount.

9.)     Many, many of the tens of thousands of people I call about their debt thank me for

helping them passed this problem and expressed gratitude that this has had been resolved.

Virtually every debt that I settled on the phone was settled for a fraction of what was owed by

the person involved. Many thanked me for allowing them to settled the debt for less than one

they thought they would have to pay.

10.)    I believe that my attempts to collect debts were at all times lawful. I was never told to

use any script containing false threats about lawsuits or that suits had begun when that had not

begun. I was never told to falsely threaten people with lawsuits that were not filed.

I declare under penalties of perjury that the forgoing is true and correct.

Executed this 13 day of December, 2011 in Menifee, California.

_____
                          Rhonda Loop

4

Declaration of Rhonda Loop

MARKHAM & READ
John J.E. Markham, II (CA Bar No. 69623)
One Commercial Wharf West
Boston, Massachusetts 02110
Tel: (617) 523-6329
Fax: (617) 742-8604
Email: jmarkham@markhamread.com
Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION <br><br> Plaintiff, <br><br> vs. <br><br> RINCON MANAGEMENT SERVICES, LLC, a California limited liability company, also d/b/a "Rincon Debt Management," "Rincon Filing Services," and "Pacific Management Recovery"; PRIME WEST MANAGEMENT SERVICES, LLC, a Delaware limited liability company; UNION MANAGEMENT SERVICES, LLC, a California limited liability company, also d/b/a "Union Filing Services"; NATIONAL FILING SERVICES, LLC, a California limited liability company; CITY INVESTMENT SERVICES, LLC, a California limited liability company; GLOBAL FILING SERVICES, LLC, a California limited liability company; PACIFIC MANAGEMENT RECOVERY, LLC, a Delaware limited liability company; JASON R. BEGLEY, an individual; and WAYNE W. LUNSFORD, an individual <br><br> Defendants. | CASE NO: ED CV 11-01623- VAP- SPx <br><br><br> DECLARATION OF TINA GOFF |

TINA GOFF, declares under pentalty of perjury as follows:

1.)       I am a resident of Riverside, California and based upon information known to me about which I can testify from my own personal knowledge, I make this declaration to support the defendants' Motion to modify the present preliminary injunction issued by this Court. I herein set forth information of which I believe this Court has not previously been made aware and I am willing to come to this Court and testify personally and be cross-examined because this involves my employment and I believe that the presentation made to this Court by the FTC was very one-sided and not completely accurate in the ways I will state below.

2.)       I work for one of the entities of debt-collection defendants, named World Wide Filing Agency. I have done this work for over the last 2 years, working from its offices. Before that, I was employed by Ralph's Supermarket. I consider myself a very law-abiding person.

3.)       My job consists of taking debt that my company has purchased, for example a credit card debt, and making contact with the person who owes that debt in an attempt to negotiate payment to satisfy the debt. When I make these telephone calls to collect debts, I believe I am only collecting only lawful debts from people who owe them.

4.)       While I have discussed debts with tens of thousands of people who owe them, I am not aware of any time that I have attempted to collect a debt that is not owed by them or that already has been paid. Indeed in the overwelming percentage of the times I am speaking with the many tens of thousands of people I call about their debt, they readily acknowledge that it is owed by them. The question is virtually always when they can pay how much of the debt.

5.)       I have never told someone from whom I was attempting to collect a debt that they had been sued, that this matter was in the courts, that a process server had their paperwork to sue them, or any other words to that effect or carrying that import. The only thing I would say

Declaration of Tina Goff

about courts is that we were talking about a lawful debt and the owner could take this matter to court if it were not settled.  I explained that the person could resolve the debt voluntarily rather than risk a case being filed against them. I do not understand that to be against the law.

6.)        I am always courteous and never threatening to the people with whom I speak about their debts.  If the person on the call becomes rude, I end the conversation and do not return the rudeness. I have been informed that the FTC has told this Court that we acted with "a brazen attempt to defraud each consumer out of thousands of dollars through threat of fictitious lawsuits."  I never did this. I did not hear thoese around me saying this.  I am also informed that the FTC said that we attempted to "extort people."  I never threatened anyone. I understood it was against company policy to mention law enforcement because law enforcement was not involved at that time and I did not make any such statements.

7.)        I have never in any collection call I have made, not once, referred to any debtor's military status, much less made any references to any adverse consequences that the debt we were speaking about might impose on his/her status in the military; nor have I otherwise mentioned the military in any debt collection call.

8.)        In fact, I have found that being polite and respectful to people about their debts works much better.  I would explain to them that the debt would not go away until it was paid or reconciled in some lawful way and that if they did agree to a settlement with us, and they made the settlement to which they had agreed, we would send them a letter referring to the debt by its account number and by the original creditor name, and stating that it was "paid in full."  We told them they could then send this letter to the three major credit reporting services, which we named for them.  I informed the person that noone could collect on the

Declaration of Tina Goff

debt thereafter.  We always sent them the "paid-in-full" letter when they had paid the agreed upon amount.

9.)        I am very cordial on the telephone.  I believe that the overwhelming majority of people with whom I spoke would attest to that.  Many of them thanked me for helping them resolve their debts and expressed relief that they had been resolved.  Virtually every debt that I settled on the phone was settled for a fraction of what was owed by the person involved. Many expressed relief that they could settled the debt for less than one they thought they would have to pay.

10.)        I am not an attorney but I believe that my attempts to collect debts were lawful. I was never told to use any script containing false threats about lawsuits or that suits had begun when a suit had not begun. I was never told to falsely threaten people with lawsuits that were not filed.  I understood I was only to make factual statements to people.

I declare under penalties of perjury that the forgoing is true and correct.

Executed this _12th_ day of December, 2011 in _Riverside_ California.

Tina Goff

4

Declaration of Tina Goff

1 | MARKHAM & READ
  | John J.E. Markham, II (CA Bar No. 69623)
2 | One Commercial Wharf West
  | Boston, Massachusetts 02110
3 | Tel: (617) 523-6329
  | Fax: (617) 742-8604
4 | Email: jmarkham@markhamread.com
5 | Attorney for Defendants

6 |             IN THE UNITED STATES DISTRICT COURT
7 |            FOR THE CENTRAL DISTRICT OF CALIFORNIA

8 |

9 | FEDERAL TRADE COMMISSION          | **CASE NO: ED CV 11-01623- VAP- SPx**

10 |    **Plaintiff,**
11 |    **vs.**

12 | RINCON MANAGEMENT             | **DECLARATION OF BRAD MILLER**
   | SERVICES, LLC, a California limited
13 | liability company, also d/b/a "Rincon
14 | Debt Management," "Rincon Filing
   | Services," and "Pacific Management
15 | Recovery"; PRIME WEST
16 | MANAGEMENT SERVICES, LLC, a
   | Delaware limited liability company;
17 | UNION MANAGEMENT SERVICES,
18 | LLC, a California limited liability
19 | company, also d/b/a "Union Filing
   | Services"; NATIONAL FILING
20 | SERVICES, LLC, a California limited
21 | liability company; CITY
   | INVESTMENT SERVICES, LLC, a
22 | California limited liability company;
23 | GLOBAL FILING SERVICES, LLC, a
   | California limited liability company;
24 | PACIFIC MANAGEMENT
25 | RECOVERY, LLC, a Delaware limited
26 | liability company; JASON R. BEGLEY,
   | an individual; and WAYNE W.
27 | LUNSFORD, an individual
28 |    **Defendants.**

1

Declaration of Brad Miller

BRAD MILLER, declares under pentalty of perjury as follows:

1.)     I am a resident of Cedar Rapids, Iowa and based upon information known to me about which I can testify from my own personal knowledge, I make this declaration to support the defendants' Motion to modify the present preliminary injunction issued by this Court. I herein set forth information of which I believe this Court has not previously been made aware and I am willing to come to this Court and testify personally and be cross-examined because this involves my employment and I believe that the presentation made to this Court by the FTC was very one-sided and not completely accurate in the ways I will state below.

2.)     I work for the debt-collection defendant entities, Rockwell Management Services, LLC and Asset Filing Services, LLC. I have done this work for the last year, working from its offices. Before working in collections, I worked for an office supply franchise. I consider myself a very law-abiding person.

3.)     My job consists of taking debt that my company has purchased, for example a credit card debt, and making contact with the person who owes that debt in an attempt to negotiate payment to satisfy the debt. When I made these telephone calls to collect debts, I believe I was only collecting on lawful debts from people who owe them.

4.)     While I have discussed debts with thousands of people who owe them, I am not aware of any time that I have attempted to collect a debt that is not owed by them or that already has been paid. Indeed in the overwelming percentage of the times I am speaking with the many thousands of people I called about their debt, they readily acknowledge that it is owed by them. The question is virtually always when they can pay how much of the debt.

5.)     I have never told someone from whom I was attempting to collect a debt that they had been sued, that this matter was in the courts, that a process server had their paperwork to sue

them, or any other words to that effect or carrying that import. The only thing I would say about courts is that we were talking about a lawful debt and the owner could take this matter to court if it were not resolved. I do not understand that to be against the law.

6.) I am always courteous and never threatening to the people with whom I speak about their debts. I have been informed that the FTC has told this Court that we acted with "a brazen attempt to defraud each consumer out of thousands of dollars through threat of fictitious lawsuits." I never did this. I am also informed that the FTC said that we attempted to "extort people." I never threatened anyone. I understood it was against company policy to mention law enforcement and I did not make any such statements.

7.) I have never in any collection call I have made, not once, referred to any debtor's military status, much less made any references to any adverse consequences that the debt we were speaking about might impose on his/her status in the military; nor have I otherwise mentioned the military in any debt collection call.

8.) In fact, I have found that being polite and respectful to people about their debts works much better. I would explain to them that the debt would not go away until it was paid or reconciled in some lawful way and that if they did agree to a settlement with us, and they made the settlement to which they had agreed, we would send them a letter referring to the debt by its account number and by the original creditor name, and stating that it was "paid in full." We told them they could then send this letter to the three major credit reporting services, which we named for them. I informed the person that noone could collect on the debt thereafter. We always sent them the "paid-in-full" letter when they had paid the agreed upon amount.

Declaration of Brad Miller

9.)     I am very cordial on the telephone. I believe that the overwhelming majority of
people with whom I spoke would attest to that. Many of them thanked me for helping them
resolve their debts and expressed relief that they had been resolved. Virtually every debt that
I settled on the phone was settled for a fraction of what was owed by the person involved.
Many expressed relief that they could settle the debt for less than one they thought they would
have to pay.

10.)    I am not an attorney but I believe that my attempts to collect debts were lawful. I was
never told to use any script containing false threats about lawsuits or that suits had begun
when a suit had not begun. I was never told to falsely threaten people with lawsuits that were
not filed. I understood I was only to make factual statements to people.

        I declare under penalties of perjury that the forgoing is true and correct.

        Executed this 15 day of December, 2011 in Cedar Rapids, Iowa.

                                                        Brad Miller

4

Declaration of Brad Miller

1  MARKHAM & READ
   John J.E. Markham, II (CA Bar No. 69623)
2  One Commercial Wharf West
   Boston, Massachusetts 02110
3  Tel: (617) 523-6329
4  Fax: (617) 742-8604
   Email: jmarkham@markhamread.com
5  Attorney for Defendants

6
                IN THE UNITED STATES DISTRICT COURT
7              FOR THE CENTRAL DISTRICT OF CALIFORNIA

8

| | |
|---|---|
| FEDERAL TRADE COMMISSION | CASE NO: ED CV 11-01623- VAP- SPx |
| Plaintiff, | |
| vs. | |
| RINCON MANAGEMENT SERVICES, LLC, a California limited liability company, also d/b/a "Rincon Debt Management," "Rincon Filing Services," and "Pacific Management Recovery"; PRIME WEST MANAGEMENT SERVICES, LLC, a Delaware limited liability company; UNION MANAGEMENT SERVICES, LLC, a California limited liability company, also d/b/a "Union Filing Services"; NATIONAL FILING SERVICES, LLC, a California limited liability company; CITY INVESTMENT SERVICES, LLC, a California limited liability company; GLOBAL FILING SERVICES, LLC, a California limited liability company; PACIFIC MANAGEMENT RECOVERY, LLC, a Delaware limited liability company; JASON R. BEGLEY, an individual; and WAYNE W. LUNSFORD, an individual | DECLARATION OF STEPHANIE PORCHIA |
| Defendants. | |

1

Declaration of Stephanie Porchia

STEPHANIE PORCHIA, declares under pentalty of perjury as follows:

1.)    I am a resident of Riverside, California and based upon information known to me about which I can testify from my own personal knowledge, I make this declaration to support the defendants' Motion to modify the present preliminary injunction issued by this Court. I herein set forth information of which I believe this Court has not previously been made aware and I am willing to come to this Court and testify personally and be cross-examined because this involves my employment and I believe that the presentation made to this Court by the FTC was very one-sided and not completely accurate in the ways I will state below.

2.)    I work for one of the entities of the debt-collection defendants, Superior Filing Services, LLC. I have done this work for the last year and a half, working from its offices. Before that, I worked in real estate. I consider myself a very law-abiding person.

3.)    M y job consists of taking debt that my company has purchased, for example a credit card debt, and making contact with the person who owes that debt in an attempt to negotiate payment to satisfy the debt. When I make these telephone calls to collect debts, I believe I was only collecting on lawful debts from people who owe them.

4.)    While I have discussed debts with thousands of people who owe them, I am not aware of any time that I have attempted to collect a debt that is not owed by them or that already has been paid. Indeed in the overwelming percentage of the times I am speaking with the many thousands of people I called about their debt, they readily acknowledge that it is owed by them. The question is virtually always when they can pay how much of the debt.

5.)    I have never told someone from whom I was attempting to collect a debt that they had been sued, that this matter was in the courts, that a process server had their paperwork to sue them, or any other words to that effect or carrying that import. The only thing I would say

Declaration of Stephanie Porchia

about courts is that we were talking about a lawful debt and the owner could take this matter to court if it were not resolved. Some people asked what could happen if they did not resolve their debt and I told them that a lawsuit could be filed, and the applicable laws varied by state. I do not understand that to be against the law.

6.)      I am always courteous and never threatening to the people with whom I speak about their debts. I have been informed that the FTC has told this Court that we acted with "a brazen attempt to defraud each consumer out of thousands of dollars through threat of fictitious lawsuits." I never did this. I am also informed that the FTC said that we attempted to "extort people." I never threatened anyone. Frankly, I was schocked by the FTC allegations regarding threatening statements to debtors because I have never made such statements or witnessed others in the office make such statements.

7.)      I have never in any collection call I have made, not once, referred to any debtor's military status, much less made any references to any adverse consequences that the debt we were speaking about might impose on his/her status in the military; nor have I otherwise mentioned the military in any debt collection call.

8.)      In fact, I have found that being polite and respectful to people about their debts works much better. I would explain to them that the debt would not go away until it was paid or reconciled in some lawful way and that if they did agree to a settlement with us, and they made the settlement to which they had agreed, we would send them a letter referring to the debt by its account number and by the original creditor name, and stating that it was "paid in full." We told them they could then send this letter to the three major credit reporting services, which we named for them. I informed the person that noone could collect on the

3

Declaration of Stephanie Porchia

debt thereafter. We always sent them the "paid-in-full" letter when they had paid the agreed upon amount.

9.)     I am very cordial on the telephone. I believe that the overwhelming majority of people with whom I spoke would attest to that. Many of them were grateful that I treated them with respect and were thankful that they could resolve their debt through a settlement or payment plan. Virtually every debt that I settled on the phone was settled for a fraction of what was owed by the person involved. Many expressed relief that they could settled the debt for less than one they thought they would have to pay.

10.)    I am not an attorney but I believe that my attempts to collect debts were lawful. I was never told to use any script containing false threats about lawsuits or that suits had begun when a suit had not begun. I was never told to falsely threaten people with lawsuits that were not filed. I understood I was only to make factual statements to people.

I declare under penalties of perjury that the forgoing is true and correct.

Executed this 9th day of December, 2011 in Riverside California.

Stephanie Porchia

4

Declaration of Stephanie Porchia