MARICELA SEGURA, CA Bar No. 225999
RAYMOND E. MCKOWN, CA Bar No. 150975
e-mail: msegura@ftc.gov and rmckown@ftc.gov
FEDERAL TRADE COMMISSION
10877 Wilshire Blvd., Suite 700
Los Angeles, CA 90024
Telephone: (310) 824-4343
Facsimile:  (310) 824-4380

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>                              Plaintiff,<br>         v.<br><br>RINCON MANAGEMENT SERVICES, LLC, *et al.*,<br><br>                              Defendants. | Case no.  EDCV 11-01623<br><br>JOINT FRCP 26(F) REPORT<br><br><u>Scheduling Conference</u><br>Date:  January 30, 2012<br>Time: 1:30 p.m.<br>Location: U.S. District Court<br>3470 Twelfth Street<br>Riverside, California<br>Courtroom 2 |

## I. Introduction

Pursuant to the Federal Rules of Civil Procedure ("FRCP") 26, Local Rule 26-1, the Court's November 18, 2011 order Setting Rule 26(f) Scheduling Conference (doc. 41), this Joint Report is respectfully submitted by counsel for Plaintiff Federal Trade Commission ("FTC" or "Plaintiff") and counsel for Defendants Rincon Management Services, LLC also d/b/a "Rincon Debt Management," "Rincon Filing Services," and "Pacific Management Recovery"; Prime West Management Recovery, LLC; Union Management Services, LLC also d/b/a "Union Filing Services"; National Filing Services, LLC; City Investment Services, LLC; Global Filing Services, LLC; Pacific Management Recovery, LLC; Jason R. Begley; and Wayne W. Lunsford ("Defendants").

The parties conferred telephonically on December 22, 2011. In attendance were Maricela Segura and Raymond E. McKown, counsel for plaintiff Federal Trade Commission, and John J.E. Markham, II, counsel for Defendants.

## II. Matters discussed pursuant to FRCP 26(f)

### A. Proposed litigation schedule

The parties discussed what they each view as an appropriate litigation schedule, but could not ultimately come to an agreement, with exception of the date upon which to exchange initial disclosures pursuant to Rule 26(a). Set forth below are the parties' separate proposals for the litigation schedule.

Plaintiff:

| FTC's Proposed Litigation Schedule | |
| --- | --- |
| Event | Proposed Dates |
| Parties to exchange Rule 26(a) initial disclosures | January 13, 2012 |
| Last day to disclose expert testimony | May 16, 2012 (approximately 2 ½ months prior to the proposed discovery cut off) |

| | |
|---|---|
| Last day to disclose rebuttal expert | June 15, 2012 (approximately 1 ½ months prior to the proposed discovery cut off) |
| Last day to submit expert report | June 29, 2012 (approximately 1 month prior to the proposed discovery cut off) |
| Last day to submit rebuttal expert report | July 16, 2012 (2 weeks prior to the proposed discovery cut off) |
| Last day to complete discovery | July 30, 2012 (6 month discovery period proposed) |
| Last day to file dispositive motions | August 30, 2012 |
| First day of trial | October 30, 2012, or as soon after the ruling on the parties' dispositive motions as the Court's docket will allow |

Defendants:

Defendants submit that the scheduled proposed just above by the FTC, is way too leisurely given the fact that virtually every asset of these defendants has been locked down. The FTC came to this Court *ex parte* with a mound of paper and assured this Court that the extraordinary step of a TRO, a total asset freeze, and a receivership were fully warranted by their proof. It prevailed and virtually all liquid assets of the individual defendants were taken from them. And unless this Court find that, on our motion to modify the preliminary injunction (Docket No. 45), some of those assets should be returned, this Court should move this case much faster. Given the extraordinary relief that the FTC has obtained, it should be ready to go to trial much sooner than its proposed schedule would allow. Of course, we respect this Court's schedule and are mindful that it has many other cases over which to preside. However, if the schedule proposed by defendants

3

below sets the trial on a date when this Court already has a trial set, then the schedule should be advanced to an earlier date convenient for the Court.

| Defendants' Proposed Litigation Schedule | |
|---|---|
| Event | Proposed Dates |
| Parties to exchange Rule 26(a) initial disclosures | January 13, 2012 |
| Last day to disclose expert testimony | February 3, 2012 |
| Last day to disclose rebuttal expert | February 17, 2012 |
| Last day to submit expert report | February 24, 2012 |
| Last day to submit rebuttal expert report | |
| Last day to complete discovery | March 9, 2012 |
| Last day to file dispositive motions | March 16, 2012 |
| First day of trial | April 16, 2012 |

### B. Initial disclosures

The parties do not believe that any changes in the form or requirements for disclosures under Rule 26(a)(1)(A) are necessary. The parties agree that these disclosures will be exchanged on January 13, 2012.

### C. Subjects on which discovery may be needed

The parties agree that discovery may conducted on all matters within the scope of FRCP 26(b)(1). The parties agree that discovery shall not be conducted in phases or otherwise limited in focus. The parties' respective proposed discovery cut-off dates are set forth in the litigation schedules above. Plaintiff FTC proposes a six-month discovery period with a cut off date of July 30, 2012. Defendants propose six weeks, to March, 9, 2012.

Plaintiff:   The FTC will seek discovery on all matters relevant to the conduct and practices alleged in its complaint, its claims for relief, and Defendants' defenses. Discovery, therefore, will include, but is not limited to information regarding compliance or non-compliance with the FTC Act and the FDCPA, the

scope of involvement of the Individual Defendants, the Defendants' financial status, and the amount and extent of consumer injury caused by Defendants' alleged deceptive, unfair and abusive practices. The FTC anticipates propounding written discovery, including requests for admission, interrogatories, and document requests. The FTC also anticipates taking depositions of individuals with knowledge relating to the case, including the Individual Defendants, as well as a subset of managers, collectors, and consumers who received collections calls from Defendants.

<u>Defendants</u>: We agree with the discovery areas and methods set forth by the FTC.

      **D.    Issues about disclosure or discovery of electronically stored information.**

The parties agree to ensure the preservation of any electronically stored information, including any information Defendants may maintain in locations other than their business premises that is relevant to any claim or defense at issue in this case. The parties further agree that, to the extent practicable, any production of consumer information from Defendants' SimpleCollect program shall be made in electronic form.

      **E.    Issues about claims of privilege or of protection as trial-preparation materials.**

The parties agree to produce privilege logs simultaneously with asserting any privilege with respect to any document production, and further agree to work together to address any issues that arise relating to assertion of privilege. With respect to protective orders arising out of issues relating to privilege, the parties do not believe that any protective order is needed at this time. The parties reserve the right to request such order, either through stipulation or motion, should they deem it necessary during the course of this matter.

    **F.    Proposed changes to the discovery limitations imposed under the federal and local rules of civil procedure.**

    <u>Plaintiff</u>:    The FTC has requested, and Defendants agree that the maximum number of oral exam depositions for the FTC shall be 20. The FTC likewise agrees that the maximum number of oral exam depositions for all Defendants, collectively, shall be 20.

    <u>Defendants</u>: We agree.

    **E.    Any other order that the Court should issue under FRCP 26(a), or under rule 16(b) and 16(c)**

    <u>Plaintiff</u>:    The FTC proposes that the parties enter into a stipulated protective order that would govern the use and disclosure of personally identifiable consumer information that may be disclosed in discovery and that is contained in Defendants' SimpleCollect database and other collection documents.

    The parties do not anticipate requesting the entry of any other orders pursuant to FRCP 16(b), 16(c), or 26(c) at this time.

    Defendants: We agree.

**III.    <u>Matters discussed pursuant to L.R. 26-1</u>**

    The parties discussed the conference matters set forth pursuant to L.R. 26-1 as follows:

    **A.    Complex cases**

    The parties agree that this is not a complex case and that the procedures of the Manual for Complex Litigation are unnecessary for its management.

    **B.    Motion schedule**

    <u>Plaintiff</u>:    The FTC intends to move for summary judgment at the close of discovery. The FTC proposes August 30, 2012 as the deadline applicable to all parties for filing dispositive motions. *See supra* Section II.A., FTC's Proposed Litigation Schedule.

    <u>Defendants</u>: The date should be March 16, 2012. *See supra*, II A.

### C. Settlement and settlement mechanism

Plaintiff FTC and Defendants have engaged in settlement discussions both telephonically and in written communications. These communications have involved discussion of the settlement order language and the parties' positions on monetary relief. Pursuant to the preliminary injunction, Defendants are preparing financial information, which will also facilitate these discussions. This financial information is expected to be provided to the FTC by early January 2012. Pursuant to Local Rule 16-15.4, Plaintiff FTC and Defendants respectfully request Settlement Procedure No. 1 (appearance before the magistrate judge assigned to the case for such settlement proceedings as the judge may conduct or direct). The parties intend to file form ADR-01 (Settlement Procedure Request and Notice) and ADR-09 (ADR Questionnaire) no later than seven days before the scheduling conference date as ordered.

Plaintiff: With respect to the possibility of settlement, although the parties have already engaged in settlement discussions, the litigation schedule proposed by Defendants with a discovery cut off date in March would not leave sufficient time to negotiate or further explore the possibility of a settlement.

Defendants: The FTC, with its massive resources and with its huge head start in this case, having had its investigation ongoing for many months before it proceeded *ex parte* and without having once sought to discuss this matter with defendants before doing so, ought to be able to both discuss settlement and conduct the discovery phase of the case at the same time. After all, settlement discussions are not that additionally time-consuming.

### D. Trial estimate.

Plaintiff: Assuming that the parties are able to resolve many of the issues through dispositive motions and/or stipulations regarding the admissibility of evidence, Plaintiff FTC estimates that the trial against Defendants should require no more than six (6) full days.

Defendants: We agree.

### E.  Additional parties

Plaintiff:   The FTC will engage in discovery and continued investigation to determine if it will need to name additional parties, including but not limited to relief defendants.

### F.  Expert witnesses

The parties' respective proposals for the timing of expert disclosures under FRCP 26(a)(2) are set forth above.  *See supra* Section II.A., FTC and Defendants' Proposed Litigation Schedules.

### G.  Other issues

The parties agree that, pursuant to FRCP 5(b)(2)(E), service of documents in this case may be achieved by either (I) notice of electronic filing through the Court's ECF system, or (ii) email transmission to counsels' email addresses on file in this matter.

Dated: January 4, 2011                    Respectfully submitted,

                                           ___/s/  Maricela Segura_____
                                           Maricela Segura
                                           Raymond E. McKown
                                           Attorneys for Plaintiff
                                           FEDERAL TRADE COMMISSION

                                           /s/ John J.E. Markham, II
                                           John J.E. Markham, II
                                           Attorney for Defendants