1  RICHARD WEISSMAN. ESQ.
   STATE BAR #54781
2  12121 WILSHIRE BLD. SUITE 600
   LOS ANGELES, CA 90025
3  TELEPHONE: (310) 481-6780
   FACSIMILE:  (310) 481-6786
4  E-MAIL: rweissman@rwreceiver.com

5  RECEIVER

6

7                  UNITED STATES DISTRICT COURT

8                  CENTRAL DISTRICT OF CALIFORNIA

9
   FEDERAL TRADE COMMISSION,          )   Case No.  ED CV 11- 01623 VAP (SPx)
10                                     )
                   PLAINTIFF,          )
11        vs.                          )   ASSIGNED JUDGE:
                                       )   HON. VIRGINIA A. PHILLIPS
12  RINCON MANAGEMENT SERVICES,        )
    LLC, a CALIFORNIA limited liability)
13  company, also d/b/a "Rincon Debt   )   NOTICE OF MOTION AND
    Management," "Rincon Filing Services,")  MOTION FOR ORDERS:
14  and "Pacific Management Recovery"; )   (1)  APPROVING AND AWARDING
    PRIME WEST MANAGEMENT              )   PROFESSIONAL ACCOUNTANT'S
15  RECOVERY, LLC, a Delaware limited  )   FEES AND EXPENSES;
    liability company; UNION           )   (2)  APPROVING AND AWARDING
16  MANAGEMENT SERVICES, LLC, a        )   INTERIM RECEIVER'S FEES AND
    CALIFORNIA limited liability company, )  EXPENSES
17  also d/b/a "Union Filing Services"; )
    NATIONAL FILING SERVICES, LLC, a   )   SUPPORTING DECLARATION OF
18  California limited liability company; CITY )  RICHARD WEISSMAN
    INVESTMENT SERVICES, LLC, a        )
19  California limited liability company; )
    GLOBAL FILING SERVICES, LLC, a     )   HEARING DATE: June 18, 2012
20  California limited liability company; )  TIME:              2:00 p.m.
    PACIFIC MANAGEMENT RECOVERY,       )   COURTROOM:     2
21  LLC a Delaware limited liability company; )
    JASON R. BEGLEY, an individual; and )
22  WAYNE W. LUNSFORD, an individual,  )
                                       )
23                                     )
                   Defendants.         )
24  _____)

25     TO: THE HONORABLE VIRGINIA A. PHILLIPS, UNITED STATES

26  DISTRICT COURT JUDGE, INTERESTED PARTIES AND COUNSEL OF

27  RECORD:

28

                                      1

1    **NOTICE IS HEREBY GIVEN** that, on Monday, June 18, 2012, at 2:00 P.M., in

2    Courtroom 2 of the above-entitled Court, located at 3470 Twelfth Street, Riverside

3    California, the Receiver herein, Richard Weissman ("Receiver"), will move the Court for

4    Orders approving and awarding: (1) the Professional Accountant's fees of James Schultz,

5    CPA, and (2) the Receiver's interim fees and expenses incurred through April 30, 2012.

6    Said Motion is made on the grounds:

7    1.    The Receiver and his Paralegal and Accounting personnel have performed

8    administrative and legal services for the benefit of the Receivership during the period of

9    September 7, 2012 through April 30, 2012; and

10    2.    The Receivership has incurred professional fees and expenses of a third

11    party professional, James Schultz, CPA, for the forensic analyses of the Defendants' and

12    Receivership Entities' books and records.

13    3.    The Receiver requests the Court to award and approve the fees and

14    expenses incurred by the Receiver and his staff and by James Schultz, Certified Public

15    Accountant, through April 30, 2102.

16    Said Motion is further based on the above notice, the attached declaration of

17    Richard Weissman, and the exhibits filed therewith, upon the Receiver's First Report Re:

18    Order to Show Cause for Issuance of Preliminary Injunction and Order  Appointing

19    Receiver; Declaration of Richard Weissman in Support Thereof ("First Report") (Docket

20    ("Doc.") No. 30) on November 3, 2011 and the Receiver's Second Report and First

21    Account and Request for Additional Instructions and Orders (Doc. No. 109.1), filed

22    herein on May 7, 2012, the Orders entered on October 11, 2011, November 10, 2011,

23    January 30, 2012, and February 25, 2012 and upon the other pleadings and evidence of

24    ///

25    ///

26    ///

27    ///

28    ///

1  record herein, and upon such further competent oral and documentary evidence as may

2  properly and timely come before the Court for the hearing.

3  Dated: May 18, 2012                          Respectfully submitted,

4

5                                          By: _____

6                                              RICHARD WEISSMAN,
                                               Receiver

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF RICHARD WEISSMAN**

I, Richard Weissman, declare:

1.        I am over the age of 18 years and competent to testify to the following facts of my own personal, firsthand knowledge, except as to those facts of which I am informed by others, and as to those facts I believe them to be true and correct. I am the duly serving receiver in this action, pursuant to an appointment as Temporary Receiver by the Court, the Honorable Virginia A. Phillips, Judge presiding, on October 11, 2011, and confirmed as "Permanent Receiver" on November 10, 2011.

2.        This declaration is submitted in support of my request for approval and award of the various professional fees and expenses the Receivership has incurred in the course of operating, preserving and disposing of the assets of the Defendants and the affiliates and subsidiaries collectively comprising the named "Receivership Entities" (collectively, "Initial Receivership Entities") delineated in the Temporary Restraining Order with Asset Freeze, Appointment of a Receiver, Immediate Access to Business Premises, Expedited Discovery and Order to Show Cause Why a Preliminary Injunction should not issue ("TRO") (Doc. No. 5) and the affiliate and subsidiary entities added as receivership entities by the Preliminary Injunction (Par. 5, Page 3) entered on November 10, 2011 ("PI") (Doc No. 40), as directed and authorized by the Court by the TRO and PI and the services performed as reported in the Receiver's First Interim Report on Order to Show Cause for Issuance of Preliminary Injunction and Order Appointing Receiver ("First Report") (Doc. No. 30) and Receiver's Second Report and First Account and Request for Additional Instructions and Orders (Doc. No. 109.1), filed herein on May 7, 2012, relating to the Receiver's actions and administration on behalf of the Receivership Entities, covering the periods of October 13, 2011 to November 2, 2011, and November 3, 2011 through April 30, 2012, respectively (collectively, "the Second Report").

**ACCOUNTANT'S FEES AND EXPENSES**

3.        The Receiver engaged James Schultz, CPA, to forensically analyze the books and records of the Defendants and of the Initial Receivership Entities. As presented

1  in the First Report, Mr. Schultz was initially obstructed in gaining any access to

2  Defendants' records in the custody of Defendant's accountant, the Brylaw Firm, Inc., by

3  Larry Stephens, its principal. The records were ultimately produced in electronic form, in

4  a "read only" format, which initially hindered Mr. Schultz's analysis of the cash flow of

5  the Initial Receivership Entities. However, he was able to establish the cash flow linkage

6  between alleged third-party collection firms (allegedly owned and operated by

7  Defendants' independent "managers") and the Initial Receivership Entities and the

8  Defendants.

9        4.    Mr. Schultz's report was filed with the Court as Exhibit J (Doc. No. 30-1,

10  pp. 27-40) to the Receiver's First Report, and provided the Court with a complete

11  analysis of the cashflow among the Defendants *and* the collection entities the Individual

12  Defendants Wayne Lunsford and Jason Begley actually controlled, all the while the

13  Defendants asserted such entities were either not owned or controlled by them or were

14  their personal assets, such as their respective legacy trusts. As reported, Mr. Schultz

15  identified more than $2 million disbursed to and through the Individual Defendants'

16  legacy trusts. He reconstructed profit and loss statements for the Defendants and the

17  (alleged) third party entities, which were not Initial Receivership Entities, which he

18  showed were collecting millions of dollars and funneling the money to Defendant

19  Portfolio Investment Financial and/or Portfolio Investment Group, both effectively

20  wholly controlled by the Individual Defendants, which in turn disbursed to the Individual

21  Defendants' personal trusts more than $2 million.

22        5.    Mr. Schultz's analyses formed the foundation for the Court's decision to

23  add all of the third party collection entities and the individual trusts of the Individual

24  Defendants to the receivership under the Preliminary Injunction.

25        6.    Mr. Schultz analyzed some additional records in November and December

26  2011 as they were obtained by the Receiver. A full forensic analysis has not been

27  completed because some important necessary financial records were only recently

28  received from the Brylaw Firm. Defendants Lunsford and Begley have not produced any

of their investment records as required by the TRO and Preliminary Injunction so these records have not been reviewed.

### RECEIVER'S FEES AND EXPENSES

7.    I administered the receivership estate directly and through certain paralegal and accounting staff ("Staff"), who are my employees and seasoned in receivership business administration, crisis management and business fraud audit processes and cash accounting reporting.  Staff rendered the respective services under my direction and supervision. The Receiver and Staff fees and expenses incurred relating to the conduct of the Receivership of the Defendants and Receivership Entities and affiliates, respectively, are presented hereinbelow.

8.    The Receivership took control of cash in the approximate amount of $3,370,411. The sources of these funds (from the Second Report) are as follows:

| | | | | |
|---|---|---|---|---|
| A. | TRO (FTC) Freeze Order: | | | $2,485,116.14 |
| B. | Receiver's Recovery: | | | |
| | Merchant Bank Accounts | $ 746,691.00 | | |
| | Direct Payments | 75,871.00 | | |
| | Bank of America | 34,476.00 | | |
| | Asset Sale | 24,000.00 | | |
| | Lease Commission | 3,808.00 | | |
| | Misc | 449.00 | | |
| | SUBTOTAL : | | | $   885,295.00 |
| | **GROSS INCOME** | | | **$3,370,441.00** |

9.    The Receiver has also recovered, on May 9, 2012, the gold and silver coins ("Coins") purchased by Defendant Jason R. Begley for $300,000.00, which asset is not included in the cash the Receiver has in his possession and under his control.  This recovery is pursuant to the Receiver's Motion for Order to Show Cause prepared in April 2012 and the Court's order for Personal Appearance of Jason R. Begley and Kenneth Paul

1  Begley on May 10, 2012, to show cause why said coins should not be ordered turned over

2  to the Receiver.

3         10.     The fees of the Receiver from September 7, 2011 through April 30, 2012

4  and of his Paralegal and Accounting Staff and administrative expenses for the same

5  period are summarized hereinbelow, as follows:

6         **RECEIVER FEES (ADMINISTRATIVE AND LEGAL SERVICES):**

7            Administrative (See Exhibit C, pp.17-60):            $  43,349.00

8            Legal (See Exhibit D, pp. 61- 182.)

9               (RW)                    $  308,550.00

10              (DLR):                  $     5,992.00

11           **SUBTOTAL RECEIVER'S FEES:**                        $357,891.00

12    **PARALEGAL/FIELD/ADMINISTRATOR FEES:**

13           Paralegals          $  63,537.50

14           Field Supervisor    $  72,594.00

15           Administrators      $  44,088

16           SUBTOTAL                                             $180,219.50

17    **ACCOUNTING FEES (In-house):**                            $  33,385.10

18    **TOTAL FEES AND EXPENSES: 9/7/11-4/30/12:**               **$571,495.60**

19  A summary of hours and amounts billed by the Receiver and each member of his staff,

20  together with a list of all staff members, is filed herewith as Exhibit B.

21         11.     All services were charged in tenths of an hour. The nature of the Receiver's

22  services rendered was recorded contemporaneously with the work being performed. The

23  handwritten records of both my staff and I were compiled into computerized billing

24  statements which identify the services rendered by date, a brief description thereof, the

25  amount of time expended (in tenths of an hour) and the total time expended and fees

26  charged by month ("Billing Statements"). Said Billing Statements have been prepared on

27  a continuous basis and made a permanent record of the Receiver's billings in this matter

28  and maintained at my office as business records. Said records cover the period of

7

September 7, 2011 through April 30, 2012. I have set forth in separate monthly Billing Statements (by month) the Receiver's Administrative and Legal services for the convenience of review by the Court. The charges for the Receiver's services were bifurcated for Administrative and Legal Services. The nature of each of these categories of services are defined herein below. The Billing Statements contain further allocations of the Administrative and Legal services (time) among several general sub-categories of services, which are described hereinbelow. These service sub-categories are totaled by month in each Billing Statement. The Billing Statements for the Receiver's Administrative Services are collectively filed herewith, marked as Exhibit C and made a part hereof ("Receiver Administrative Fees"). The Statements for the Receiver's Legal Services are collectively filed herewith, marked as Exhibit D and made a part hereof ("Receiver Legal Fees").

12. There are Summaries of hours and fees by month (and total) for each sub-category of service charged for the Receiver's Administrative and Legal Services. The Summaries are made a part of Exhibits C and D, respectively.

**RECEIVERSHIP STAFF**

13. The Receiver's Staff includes both an in house accounting staff ("Accounting Staff") and Field Staff, Administrators and Paralegals. The detailed monthly Billing Statements describing the services rendered by both the Accounting Staff, the Field Staff and Paralegals are attached hereto, collectively marked as Exhibit E and are made a part hereof. The Administrators' Billing Statements are attached hereto, collectively marked as Exhibit F and made a part hereof.

**ACCOUNTING STAFF (IN-HOUSE)**

14. The Accounting Staff are my employees and not a part of James Schultz's accounting firm. They monitored the receivership bank accounts, including monitoring deposits from merchant accounts and deposits directly from consumers, analyzing accounts payable, researching vendor claims, preparing checks for all disbursements, accounting for all non-consumer revenue coming into the Receiver's possession and

control, reconciling the receivership bank accounts, preparing reports and reconciling the data for all of the receivership assets. The Accounting Staff prepared monthly income and expense statement data and reports which constitute the Receiver's detailed accounting herein for the period of October 13, 2011 through March 31, 2012, and presented to the Court in the Second Report (See Exhibit C to Second Report (Doc No. 111, pp. 439-462). The Accounting Staff also assisted in the takeover of multiple office sites operated by the Defendants and joined other Receiver's Staff in conducting the inventory of the personal property assets located at each office site. The Billing Statements for the Receiver's in-house Accounting Staff and Paralegal are filed herewith, marked as Exhibit D and are made a part hereof, covering September 1, 2011 through April 30, 2012. Their accounting time is usually referenced in services sub-category "R12," within each monthly Billing Statement.

15.    The Accounting Staff have expended an aggregate of 239.4 hours in the performance of said duties. Said services have been rendered at the reasonable professional rates of compensation, based on the experience and qualifications of each staff person, ranging from $95 per hour to $180. I request approval and an award of $33,385.10 for these services, rendered from September 7, 2011 through April 30, 2012.

**PARALEGAL/FIELD STAFF**

16.    The Receiver's Field Supervisor, Mr. Dipo Fashakin ("Field Supervisor"), supervised the Receiver's Field Staff and Administrators in the initial take-over of the Defendants' initial business locations, securing the assets therein, and conducting the multi-site inventories of furniture, fixtures and equipment ("FFE") (First Report); and supervised the take-over and taking of inventory of FFE at the offices of the Affiliates locations pursuant to the PI (Second Report). The Field Supervisor also initially supervised the Montecito office and the Defendants' corporate staff who were retained prior to the November 7, 2011 Preliminary Injunction hearing. He further supervised subordinate Field Staff who were monitoring the Defendants' Montecito personnel after the PI, collection of mail from numerous postal drops the Defendants maintained and

1    executed the Receiver's instructions relating to Receivership assets and operations as

2    presented in the First and Second Reports. As reported, services by Mr. Fashakin and

3    other personnel were rendered prior to the actual takeover date of October 13, 2011, to

4    develop a logistical plan for simultaneously securing multiple office locations and their

5    assets, and in the development of a questionnaire to be completed by Defendants'

6    employees in the course of interviews contemplated as part of the take-over process.

7         17.    Mr. Fashakin expended 403.3  hours in the performance of said services

8    through April 30, 2012.  A copy of his time records setting forth the date, amount of time

9    and summary of services he rendered are filed herewith, marked collectively as part of

10   Exhibit E, and made a part hereof.  His services have been charged to the receivership at

11   the reasonable rate of $180.00 per hour.  I request the Court to approve and award the

12   sum of $72,594.00 for said services.

13        18.    Secondary Field and Paralegal Staff performed the reported services as

14   directed by the Receiver and supervised by Mr. Fashakin.  The hourly rates for these Staff

15   ranged from $40.00 to $145.00, respectively.  The aggregate of each person's charges are

16   reflected in the monthly invoices which are included in Exhibit E, and the overall staff

17   summary set forth as a part of Exhibit B.  None of these charges are for administrative

18   secretarial or office clerical services that would customarily be included within an

19   attorney's hourly billing rate.  The Court is requested to approve and award the aggregate

20   Field and Paralegal Staff fees in the amount of $63,537.50 for the period of September 7,

21   2011 to April 30, 2012.

22   **ADMINISTRATORS**

23        19.    I have several Administrators who coordinate business operations and

24   investigations in cases in which I serve as receiver. My primary Administrator in this case

25   is Ms. Sandra Stevens, who is a licensed attorney.  She was involved in coordinating

26   Field and Paralegal Staff and other Administrators (with Mr. Fashakin) for the initial

27   multi-location takeover and the subsequent business premises added by the PI.  She also

28   assisted in the development of various pleadings and the Reports the Receiver has filed

herein; coordinated various aspects of the Defendants' business operations with and through Rincon Staff; communicated with consumers; communicated with Parties' counsel in connection with numerous receivership operational issues and has responded to their inquiries regarding a multitude of topics. Ms. Stevens' services have been rendered to the Receivership at the reasonable professional rate of $220.00 per hour.

20.     Ms. Stevens has expended 177.5 hours performing said services. The nature and scope of said services are described and compiled in monthly Billing Statements which are filed herewith, marked as Exhibit F, and made a part hereof. The Court is requested to approve and award said Administrator's fees in the sum of $39,050.00.

21.     There were two other Administrators of the firm who performed services in connection with the initial logistics planning and take-over of the Initial Receivership Entities' offices. They are also charged to the estate at the reasonable professional rate of $220.00 per hour. Their time is set forth as part of the monthly Billing Statements under Exhibit F and made a part hereof. These Administrators are Julie Takeda and Damon Saltzburg (also an attorney), expended an aggregate of 22.9 hours (Takeda: 4.3  hrs.; Salzburg:18.6 hrs.) in the performance of their duties. The Court is requested to approve and award the sum of $ 5,038 for their respective services.

**RECEIVER**

22.     I am an attorney licensed to practice law before all the Courts of the State of California, and the United States District Court, Central District, and several other Districts. I have a Bachelor of Arts Degree from UCLA, and a Juris Doctor from Loyola School of Law, Los Angeles (1972). I have served the Courts as a receiver, provisional director and partition referee for 34 years. My professional practice, since 1985, has been exclusively serving in said capacities in complex Civil, Family Law, Probate and regulatory litigation involving myriad kinds of businesses and personal and real property, and regulatory enforcement of multi-state securities and real estate frauds and Ponzi schemes in the California Superior Courts and United States District Courts. I have served in these capacities in more than 500 cases. Prior to 1985, my areas of practice

1   included real estate and business litigation and complex transactional negotiations and

2   documentation.  I am a member of the state-wide Board of Directors of the California

3   Receiver's Forum, and Past President of its Los Angeles/Orange County Chapter.

4        23.      The Receiver's professional services herein have been charged at two (2)

5   different rates.  For Receivership "Administrative Services", which include general

6   business and administrative non-legal services, the estate has been charged at the

7   reasonable reduced rate of $335.00 per hour.  For "Legal Services" rendered, I have acted

8   as counsel for the receivership in preparing pleadings, declarations and other legally

9   grounded documents relating to the Court Reports, and motions to preserve and sell

10  assets, communicating with counsel and third persons on legal issues, making court

11  appearances, and performing such services as normally would be rendered by counsel to

12  the estate. The reasonable reduced rate of $425.00 per hour has been charged for legal

13  services.  These rates were reduced for this case from my regular rates charged in other

14  cases in 2011 of $395.00 to $450.00 per hour as a receiver, and from $450.00 to $520.00

15  for these legal services.

16       24.      I have rendered both Administrative and Legal services to the receivership

17  in the course of administering: (A) taking control and operating the Defendants' business,

18  marshaling, securing and selling assets; (B) Effecting the surrender of leasehold premises

19  and attempting to obtain a full release and discharge of the receivership's and

20  Defendants' obligations under approximately ten (10) leases; preparing Motions seeking

21  enforcement of Court Orders to recover assets and financial documents, *inter alia*, as

22  reported in the filed Reports.

23       25.      I have expended 129.4 hours in the performance of Administrative Services

24  from September 7, 2011 through April 30, 2012.  I request approval of the professional

25  hourly rate of $335.00 for Administrative Services and a fee award of $43,349.00.

26       26.      I expended 726 hours in the performance of Legal Services, including the

27  preparation of the First and Second Interim Reports and First Account, all of the attendant

28  pleadings in support of the Receiver's motions presented to the Court in respect to said

1     Reports, regarding the marshaling and preservation of cash and other tangible and

2     intangible assets, and the sale of assets (FFE), communications with counsel, legal

3     research and the papers prepared in support of recovery of accounting and investment

4     documents of the Individual Defendants, and as otherwise reported by the Receiver. I

5     request approval of the professional rate of $425.00 per hour for said Legal Services and

6     an award of $308,550.00.

7         27.     The aggregate of the requested award relating to both the Receiver's

8     Administrative and Legal Services, from September 7, 2011 through April 30, 2012, is in

9     the sum of $351,899.00.

10        28.     In preparation for the multi-location take-over, the Receiver's partner,

11     David L. Ray, who also serves as a receiver, participated in the development of a

12     logistical plan and coordinated some of the Field Staff's onsite activities during the initial

13     stages of the operation. Mr. Ray's professional rate is the same as the Receiver's herein,

14     at $425.00 for legal services. He expended 14.1 hours performing said services. The

15     Court is requested to approve and award an amount of $5,992.50 for said services. His

16     time is set forth in the Billing Statements filed herewith as part of Exhibit D, and made a

17     part hereof.

18        29.     Costs incurred and paid directly to third parties, consisting of locksmiths,

19     filed staff mileage, overnight delivery services, airline/hotel/meals (Iowa), etc., are

20     presented in the detailed accounting filed with the Receiver's Second Report and First

21     Account ("Second Report") (Doc. No. 111; Exhibit C).

22        **RECEIVER'S SERVICES ALLOCATION**

23        30.     In summary, the fees for the Receiver, Administrators, Paralegal, Field and

24     Accounting Staff and the administrative expenses hereby petitioned for the period of

25     September 7, 2011 through April 30, 2012, are as follows:

26         Receiver                         $351,899.00

27         David L. Ray                 5,992.50

28         SUBTOTAL: Receiver Fees             $357,891.00

| | | |
|---|---|---|
| Paralegal and Field Staff | $136,131.50 | |
| Accounting Staff/Supervisor | $ 33,385.10 | |
| Administrators | $ 44,088.00 | |
| SUBTOTAL: All Staff Fees | | $ 213,604.60 |

TOTAL RECEIVER'S FEES/EXPENSE

(AS PETITIONED):                                                  $ 571,495.60

Adjustment                                                       <   15,000.00>

SUBTOTAL: Receiver's Fees/Expenses                               $ 556,495.60

TOTAL PROFESSIONAL FEES/EXPENSES (Schultz):      $   28,291.25

**TOTAL ALL FEES/EXPENSES THROUGH 4/30/12:      $ 584,786.85**

## SERVICE CATEGORIES-ALLOCATIONS

31.    The First Report and Second Report and First Account set forth the specific issues the Receiver addressed on behalf of the Defendants and Receivership Entities for the Reporting Periods through April 30, 2012. The Receiver's Billing Statements under Exhibits C and D present the "itemized" services he rendered, which are summarized by time expended under specific sub-categories of services to which the services have been allocated. Monthly summaries of the services sub-categories are set forth within said Exhibits, respectively. It is submitted that all of said services have materially benefitted the receivership and the Parties and consumers herein. The respective categories for administrative and legal services from the Billing Statements and the aggregate fees appertaining to such services (Exhibits C and D), are summarized as follows:

**Administrative Services: (Exhibit C)**

(A) <u>Communications with Parties and their Counsel (R1 and R2)</u>: this category includes all discussions with the Parties' counsel, and third parties' counsel in respect to issues addressed in the receiver's administrative capacity, including audit and accounting issues, consumer claims and vendors and other administrative matters.

4.2 hours                           $  1,074

(B) Financial and Third Party Communications (R4): Analysis and action taken in respect to financial issues of the receivership and communicating with consumers and vendors, bankers and other persons relating to claims, financial issues, administration and general analyses of Defendants' books and records for the declarations and reports filed herein.

35.7 hours                          $ 11,959.50

(C) Communications with the Receiver's Staff (R5): General operations, assets preservation and sales, property management, and in preparation of the First and Second Reports and First Account.

26.0 hours                          $  8,844.00

(D) Property Management (R7): Administrative control and communications with third parties' counsel relating to offices takeovers and possession, rent, surrender of premises and preliminary discussions regarding potential termination of lease liabilities of receivership and Jason Begley, individually.

29.0 hours                          $  9,715.00

(E) Accounting (R12): Communications with Receiver's Accounting Staff and accounting professionals regarding general accounting issues affecting the receivership's operations and control of merchant accounts, payment of operational expenses and sales, and safe-guarding cash and preparation of Income and Expense Reports.

34  hours                           $ 11,256.00

**TOTAL RECEIVER'S ADMINISTRATIVE FEES (through 4/30/12): $43,349.00**

The above Administrative time amounts allocated to each category are approximate and do not attempt to account for every tenth of an hour.

///

///

///

**Legal Services: (Exhibit D)**

(A)  Communications with Parties' Counsel (R2):  - this category includes discussions with Parties' counsel and third parties' counsel relating to the reported legal issues affecting the receivership's operations, preservation, protection, marshaling and sale of assets; production of documents, preparation of documents creating or discharging legal rights and duties of the receivership, Parties and third parties as applicable.

139.2  hours                              $  59,160.00

(B) Pleadings and Court Appearances (R3):  preparation of the First and Second Report and First Account; Preparation of all pleadings relating to motions, declarations and applications for relief brought by the Receiver; preparation of pleadings and declarations and other papers responsive to motions brought by the Parties; Court appearances on all motions; legal research; Preparation of Stipulations for assets sales and other relief, etc.

277.30 hours                              $117,852.50

(C)  Financial and Third Party Communications (R4): Communications with third parties relating to issues affecting the liability of the receivership, recovery of cash and other assets, insurance; banks, etc.

149.1  hours                              $  63,367.50

(D)  Receiver's Communications with Staff (R5) Re: third party communications, operational issues, recovery and sale of assets; preservation of assets; Montecito staffing issues; inventory and general oversight, etc.

48.6    hours                              $  20,655.00

(E) Property Management (R7): Communications with third parties and counsel relating to offices' rent, surrender of possession, maintenance; financial liability of receivership and Parties re rent and continued possession of respective Premises; release of liabilities of receivership and Begley, etc.; termination of leases; disposition of FFE.

72.3    hours                              $  30,727.50

1  (F) Accounting (R12): Conferral with J. Schultz re: forensic analysis for

2  Court Reports and Motions re: Production of Documents;  and Accounting staff re: cash

3  audit issues; Court report accounting; asset and investment and accounting documents

4  recovery; taxes; safe-guarding cash (multiple banks), etc.

5          34  hours                  $ 14,450

6

7  **TOTAL RECEIVER'S LEGAL FEES (through 4/30/12)  $308,550.00**

8  (The summary does not purport to account precisely for the time reflected in the Billing

9  Statements.)

10      32.    The foregoing provides the facts in support of the Receiver's petition for

11  the Court's approval and award of interim fees of the Receiver, his Paralegal/Field and

12  Accounting Staff, and administrative  expenses in the aggregate sum of $556,495.60.

13      33.    The foregoing also supports the Receiver's petition for approval of the

14  professional fees and expenses of James Schultz, CPA, for his forensic analysis and

15  report(s), in the sum of $28,291.25

16

17  I declare under penalty of perjury under the laws of the United States and the state

18  of California that the foregoing is true and correct.

19  Executed on May 18, 2012, at Los Angeles, California.

20

21  Richard Weissman

22

23

24

25

26

27

28