1  John J.E. Markham, II (CA Bar No. 69623)
2  Elizabeth Read (CA Bar No. 87618)
   MARKHAM & READ
3  One Commercial Wharf West
   Boston, Massachusetts 02110
4  Tel: (617) 523-6329
   Fax: (617) 742-8604
5  Email: jmarkham@markhamread.com
6
7  Attorneys for Defendants

8              IN THE UNITED STATES DISTRICT COURT
9          FOR THE CENTRAL DISTRICT OF CALIFORNIA
10                     EASTERN DIVISION
11

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> RINCON MANAGEMENT SERVICES, LLC, a California limited liability company, also d/b/a "Rincon Debt Management," "Rincon Filing Services," and "Pacific Management Recovery"; et al., <br><br> Defendants. | CASE NO: ED CV 11-01623- VAP (SPx) <br><br> DEFENDANTS' RESPONSE TO RECEIVER'S MOTION FOR ORDERS: <br> (1) APPROVING RECEIVER'S FIRST REPORT AND SECOND INTERIM REPORT AND FIRST ACCOUNT; <br> (2) APPROVING STIPULATION PERMITTING SALE OF RECEIVERSHIP ASSETS; <br> (3) APPROVING LEASE TERMINATION AGREEMENTS; <br> (4) AUTHORIZING THE SALE OF DEBT PORTFOLIO; AND <br> (5) FOR FURTHER INSTRUCTIONS TO THE RECEIVER <br><br> DATE:   June 11, 2012 <br> TIME:    2:00pm <br> CTRM:   No. 2 <br> Hon. Virginia A. Phillips |

        Defendants Jason Begley and Wayne Lunsford and related defendant entities respond as set

forth below to the Receiver's motion for orders approving the Receiver's First Report, Second

Interim Report, First Account, the stipulation permitting sale of receivership assets, the lease termination agreements, for orders authorizing the sale of debt portfolio, and for further instructions.

Richard Weissman, Court-appointed Receiver, has managed all of the business and financial affairs of the seven entity defendants in this action, as well as an additional 37 "Receivership Entities" who have as yet not been named as defendants in this action, since the entry of the Preliminary Injunction on November 10, 2011.

Mr. Weissman has submitted this motion to obtain an order of this Court confirming his expenditures in operating the defendant and receivership entities. According to the Profit and Loss Statement submitted by the Receiver, the Receiver has amassed assets totaling $3,224,608.10, and has claimed expenditures for the period from October 13, 2011 (the date of entry of the TRO) through March 31, 2012 of $240,708.79, for a net asset value of $2,983.899.31. In addition, gold and silver in the possession of Jason Begley's father was returned to the Receiver for safekeeping. The remaining major asset, a Brazilian bond investment of approximately $800,000.00 under the control of an advisor, Larry Stephens, is not in the possession or control of the defendants and they have joined with the FTC in an effort to secure the deposition of Mr. Stephens.[1]

The assets collected by the Receiver are derived primarily from the seizure of assets of the defendant and Receivership entities (primarily the latter) that were held in bank accounts or merchant accounts. Following the Receiver's takeover of the operations of the entities, all debt

---

[1] The Receiver has contended that the individual defendants Jason Begley and Wayne Lunsford disbursed to themselves profits from the defendant and receivership entities "in preference to the operating liabilities of the various collection entities they have operated and controlled to date." Receiver's First Report, Docket No. 111, at page 9, para. 9; Receiver's Second Report and First Account, Docket No. 109-1, p. 5, para. 5. Yet nothing in the Receiver's profit and loss statement for the last six months reflects any substantial disbursements to entity creditors that were left unpaid by the individual defendants that would substantiate the Receiver's assertion. The only significant outstanding liability was the debt owed to independent contractor debt collectors on October 15, 2011, totaling approximately $696,000.00, for which there was cash on hand to pay but which the Receiver has not paid.

DEFENDANTS' RESPONSE TO RECEIVER'S MOTION FOR ORDERS

collection efforts ceased, and efforts by the Receiver to restart them did not work and the scaled

back operation resulted in significant complaints and chargebacks. Thereafter, by order of this Court

entered February 25, 2012, the Receiver was ordered to terminate collections and the Receiver

notified those debtors who were subject to on-going payment plans and for whom he had email

addresses that collection efforts were suspended.  Docket 110, page 13 of 50.  Thus, there are limited

on-going business operations, and no additional income from outside sources.  The assets of the

estate are subject only to being depleted, not increased.

        Defendants respectfully request that the Receiver propose a plan for preserving the assets of

the estate pending the trial of this action, set for October, 2012.  There are on-going business

operations, but no business is being conducted. By its February 25 order, the Court granted the

Receiver the authority to terminate 10 leases.  Three months later, the Receiver's submission

indicates the termination of only two.  See Receiver's Motion, Exhibits H and I.  In that same order

the Receiver was authorized to explore opportunities to sell "uncalled debt" but has not done so, and

the value of that asset remains unknown.

        Against this financial backdrop, by motion filed on May 18, 2012, to be heard on June 18,

2012, the Receiver seeks to collect legal, administrator, paralegal and accounting fees covering the

last six months totaling $571,495.60, almost 20% of the cash on hand in the Receiver's estate. This

claim is in the context of litigation brought by the FTC that has to date substantiated by declaration

less than $5,000.00 in allegedly wrongful collections.

        Finally, as of this date, the only defendants in this case are the original two individual and

seven entity defendants.  37 Receivership Entities have not been named as parties. Amounts seized

from underline defendant entity bank accounts underline appear to total approximately $122,549.54. (See Docket 111, p

30 (Bank of America: National and Global); p. 34 (Citibank: Prime West Management Recovery,

Union, and City).)  An additional Bank of America check for $126,416.40, attributable to defendant

Rincon Management Services, does not reference a source. (See Docket 111, p. 31). Assets held by Wells Fargo are all attributable to non-defendant Receivership Entities. Thus, in order for the Court to satisfy the Receiver's requests for approval of expenses, it will exhaust the assets of defendant entities and thereafter require contributions from Receivership entities whom the FTC, to date, has not chosen to bring into this case as defendants. To seize and disburse assets of defendants before trial, pursuant to a preliminary injunction, is a dramatic remedy. To seize and disburse assets of entities who are not even named as parties, and have not yet appeared in the case, is an even more extreme remedy.

And meanwhile, the FTC has continued to object to payment of any on-going living expenses for the individual defendants. Appropriate motions, substantiated by paid and unpaid personal bills related to individual defendant living expenses, will be filed with the Court within the coming weeks.

Dated: May 21, 2012                    Respectfully submitted,

                                       MARKHAM & READ


                                  By: /s/ John J. E. Markham, II
                                       John J. E. Markham, II
                                       Attorneys for All Defendants
                                       Jason Begley, Wayne Lunsford, and related
                                       entities.

---

DEFENDANTS' RESPONSE TO RECEIVER'S MOTION FOR ORDERS

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that service of the foregoing has been made this 21st day of May, 2012 by electronic service, which effected service on the following:

MARICELA SEGURA, CA Bar No. 225999
RAYMOND E. MCKOWN, CA Bar No. 150975
e-mail: msegura@ftc.gov and rmckown@ftc.gov
FEDERAL TRADE COMMISSION
10877 Wilshire Blvd., Suite 700
Los Angeles, CA 90024
Telephone: (310) 824-4343
Facsimile: (310) 824-4380

*Attorneys for Plaintiff*
FEDERAL TRADE COMMISSION

RICHARD WEISSMAN, ESQ., CA Bar No. 54781
12121 Wilshire Boulevard, Suite 600
Los Angeles, CA 90025
Telephone: (310) 481-6780
Facsimile: (310) 481-6786

RECEIVER

Dated: May 21, 2012                         /s/ John J.E. Markham, II
                                            John J.E. Markham, II

DEFENDANTS' RESPONSE TO RECEIVER'S MOTION FOR ORDERS