1  WILLARD K. TOM
   GENERAL COUNSEL
2
3  MARICELA SEGURA, CA Bar No. 225999
   RAYMOND E. MCKOWN, CA Bar No. 150975
4  e-mail: msegura@ftc.gov and rmckown@ftc.gov
   FEDERAL TRADE COMMISSION
5  10877 Wilshire Blvd., Suite 700
   Los Angeles, CA 90024
6  Telephone: (310) 824-4343
   Facsimile:  (310) 824-4380
7
   Attorneys for Plaintiff
8  FEDERAL TRADE COMMISSION

9              UNITED STATES DISTRICT COURT
              CENTRAL DISTRICT OF CALIFORNIA
10

11  FEDERAL TRADE COMMISSION,          Case no.  EDCV 11-01623 VAP (SPx)

12  Plaintiff,
    v.
13
    **RINCON MANAGEMENT**             FIRST AMENDED COMPLAINT FOR
14  **SERVICES, LLC**, a California limited    PERMANENT INJUNCTION AND
    liability company, also d/b/a "Rincon    OTHER EQUITABLE RELIEF
15  Debt Management," "Rincon Filing
    Services," and "Pacific Management
16  Recovery"; **PRIME WEST**
    **MANAGEMENT RECOVERY,**
17  **LLC**, a Delaware limited liability
    company; **UNION MANAGEMENT**
18  **SERVICES, LLC**, a California limited
    liability company, also d/b/a "Union
19  Filing Services"; **NATIONAL FILING**
    **SERVICES, LLC**, a California limited
20  liability company; **CITY**
    **INVESTMENT SERVICES, LLC**, a
21  California limited liability company;
    **GLOBAL FILING SERVICES, LLC**,
22  a California limited liability company;
    **PACIFIC MANAGEMENT**
23  **RECOVERY, LLC**, a Delaware
    limited liability company; **ASSET**
24  **FILING SERVICES, INC.**, a
    California corporation; **CAPITAL**
25  **FILING SERVICES, INC.**, a
    California corporation; **COUNTY**
26  **FILING SERVICES, INC.**, a
    California corporation;
27

28

1  EAGLE FILING SERVICES, INC., a
2  California corporation; **HEAVY
   HITTERS INVESTMENTS, INC.**, a
3  California corporation; **IRVINE
   GROUP & ASSOCIATES**, a
4  California corporation; **MAPLE
   FILING SERVICES, LLC**, a
5  California limited liability company;
   **NATIONWIDE FILING SERVICES,
6  INC.**, a California corporation;
   **PORTFOLIO INVESTMENT
7  FINANCIAL, INC.**, a California
   corporation; **PORTFOLIO
8  INVESTMENT GROUP, LP**, a
   California limited partnership; **PRIME
9  WESTERN INVESTMENTS, LLC**, a
   California limited liability company;
10 **RAINCROSS FILING SERVICES,
   INC.**, a California corporation;
11 **ROCKWELL MANAGEMENT
12 SERVICES, LLC**, an Iowa limited
   liability company; **SOUTHCOAST
13 FINANCIAL SERVICES, INC.**, a
   California corporation; **STATEWIDE
14 ASSOCIATES GROUP**, a California
   corporation; **SUPERIOR FILING
15 SERVICES, INC.**, a California
   corporation; **UNIVERSAL FILING
16 SERVICES, INC.**, a California
   corporation; **WESTCOAST FILING
17 SERVICES, INC.**, a California
   corporation; **WORLDWIDE FILING
18 SERVICES, INC.**, a California
   corporation; **BAGELS CONSULTING
19 FIRM, INC.**, a California corporation;
   **LUNSFORD INVESTMENT AND
20 MANAGEMENT SERVICES, INC.**,
   a California corporation; **JASON R.
21 BEGLEY**, an individual; and **WAYNE
   W. LUNSFORD**, an individual,
22

23              Defendants.

24

25

26

27

28

1   SKYRIDGE LEGACY TRUST;
2   JASON R. BEGLEY, in his capacity
    as trustee of SKYRIDGE LEGACY
3   TRUST; JBEG LEGACY GIFT
    TRUST; JASON R. BEGLEY, in his
4   capacity as trustee of JBEG LEGACY
    GIFT TRUST; WAL LEGACY
5   TRUST; WAYNE W. LUNSFORD,
    in his capacity as trustee of WAL
6   LEGACY TRUST; HEAVY
    HITTERS MOTORS, INC., a
7   California corporation,

8                               Relief Defendants.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  Plaintiff, the Federal Trade Commission ("FTC"), for its first amended
2  complaint (hereinafter "Complaint") alleges:
3      1.   The FTC brings this action under Sections 13(b) and 19 of the Federal
4  Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and Section 814
5  of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692*l*, to obtain
6  temporary, preliminary, and permanent injunctive relief, rescission or reformation of
7  contracts, restitution, the refund of monies paid, disgorgement of ill-gotten monies,
8  the appointment of a receiver, and other equitable relief for Defendants' violation of
9  Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FDCPA, 15 U.S.C. § 1692
10 *et seq.*

11                          **JURISDICTION AND VENUE**
12     2.   This Court has subject matter jurisdiction pursuant to 28 U.S.C.
13 §§ 1331, 1337(a), and 1345, and 15 U.S.C. §§ 45(a), 53(b), 57b, and 1692*l*.
14     3.   Venue is proper in this district under 28 U.S.C. § 1391(b) and (c), and
15 15 U.S.C. § 53(b).

16                                **PLAINTIFF**
17     4.   The FTC is an independent agency of the United States Government
18 created by statute.  15 U.S.C. §§ 41 *et seq.*  The FTC enforces Section 5(a) of the
19 FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in
20 or affecting commerce.  The FTC also enforces the FDCPA, 15 U.S.C. §§ 1692 -
21 1692p, which prohibits deceptive, abusive, and unfair collection practices.
22     5.   The FTC is authorized to initiate federal district court proceedings, by
23 its own attorneys, to enjoin violations of the FTC Act and the FDCPA, and to secure
24 such equitable relief as may be appropriate in each case, including rescission or
25 reformation of contracts, restitution, the refund of monies paid, and the
26 disgorgement of ill-gotten monies.  15 U.S.C. §§ 53(b), 56(a)(2)(A), 56(a)(2)(B),
27 57b, and 1692*l*(a).  Section 814 of the FDCPA further authorizes the FTC to use all
28

                                     1

of the functions and powers of the Commission under the FTC Act to enforce compliance with the FDCPA, including the power to enforce the provisions of the FDCPA in the same manner as if the violations were violations of an FTC trade regulation rule.  15 U.S.C. § 1692*l*.

## DEFENDANTS

6.   Defendant **Rincon Management Services, LLC** ("Rincon"), also doing business as "Rincon Debt Management," "Rincon Filing Services," and "Pacific Management Recovery," is a California limited liability company, which holds itself out as doing business from the following physical addresses: 495 E. Rincon Street, Suites 201 and 204, Corona, CA 92879, and 980 Montecito Drive, Suite 205, Corona, CA 92879.  Rincon also uses the following private mail box addresses: 1191 Magnolia Ave., D-381 and D-396, Corona, CA 92879, and 1240 E. Ontario Ave., Ste. 102-210.

7.   Defendant **Prime West Management Recovery, LLC** ("Prime West"), is a Delaware limited liability company also registered as a limited liability company in the state of California.  Prime West holds itself out as doing business from the following physical addresses: 109 North Maple Street, Suite C, Corona, CA 92880, and 980 Montecito Drive, Suite 205, Corona, CA 92879.  Prime West also uses, or has used, the following private mail box addresses: 1191 Magnolia Ave., D-381 and D-396, Corona, CA 92879, and 541 North Main Street, 104-261, Corona, CA 92882.

8.   Defendant **Union Management Services, LLC** ("Union Management"), also doing business as "Union Filing Services," is a California limited liability company and holds itself out as doing business from the following physical addresses: 355 N. Sheridan St., Corona, CA 92880, 495 E. Rincon, Suite 204, Corona, CA 92879, and 980 Montecito Drive, Suite 205, Corona, CA 92879.  Union Management also uses, or has used, the following private mail box addresses:

1191 Magnolia Ave, Ste. D-381, Corona, CA 92879, 541 North Main Street, 104-261, Corona, CA 92882, and 1240 E. Ontario Ave., Ste. 102-164, Corona, CA 92881.

9.      Defendant **National Filing Services, LLC** ("National Filing"), is a California limited liability company and holds itself out as doing business from the following physical addresses: 109 N. Maple St., Unit C, Corona, CA 92880, and 980 Montecito Drive, Suite 205, Corona, CA 92879.  National Filing also uses the following private mail box addresses: 1191 Magnolia Ave., D-381, Corona, CA 92879, and 1240 E. Ontario Ave., Ste. 102-198, Corona, CA 92881.

10.      Defendant **City Investment Services, LLC** ("City Investment"), is a California limited liability company and holds itself out as doing business from the following physical addresses: 268 N. Lincoln St., Suite 9, Corona, CA 92882, and 980 Montecito Drive, Suite 205, Corona, CA 92879.  City Investment also uses, or has used, the following private mail box addresses: 1191 Magnolia Ave., D-381 and D-396, Corona, CA 92879, 541 North Main Street, 104-261, Corona, CA 92882, and 1240 E. Ontario Ave., Ste 102-190, Corona, CA 92881.

11.      Defendant **Global Filing Services, LLC** ("Global Filing"), is a California limited liability company and holds itself out as doing business from the following physical address: 495 E. Rincon St., Suite 204, Corona, CA 92879, and 980 Montecito Drive, Suite 205, Corona, CA 92879.  Global Filing also uses the following private mail box addresses: 1191 Magnolia Ave, Ste. D, Corona, CA 92879, and 1240 E. Ontario Ave., Ste. 102-175, Corona, CA 92881.

12.      Defendant **Pacific Management Recovery, LLC** ("Pacific Management"), is a Delaware limited liability company and holds itself out as doing business from the following physical addresses: 355 N. Sheridan St., Corona, CA 92880, and 980 Montecito Drive, Suite 205, Corona, CA 92879.  Pacific Management also uses, or has used, the following private mail box address: 541

3

1   North Main Street, 104-261, Corona, CA 92882.

2       13.   Defendant **Asset Filing Services, Inc.** ("Asset Filing") is a California

3   corporation and holds itself out as doing business from the following physical

4   addresses: 1241 Park Pl NE, Suite B, Cedar Rapids, IA 92881, and 980 Montecito

5   Drive, Suite 205, Corona, CA 92879. Asset Filing also uses, or has used, the

6   following private mail box address: 1240 E. Ontario Ave., Ste. 102-267, Corona,

7   CA 92881.

8       14.   Defendant **Capital Filing Services, Inc.** ("Capital Filing"), is a

9   California corporation and holds itself out as doing business from the following

10  physical addresses: 10370 Hemet St., Suite 110, Riverside, CA 92503, and 980

11  Montecito Drive, Suite 205, Corona, CA 92879. Capital Filing also uses, or has

12  used, the following private mail box address: 1240 E. Ontario Ave., Ste. 102-266,

13  Corona, CA 92881.

14      15.   Defendant **County Filing Services, Inc.** ("County Filing"), is a

15  California corporation and holds itself out as doing business from the following

16  physical addresses: 3610 Central Ave., Suite 200, Riverside, CA 92506, and  980

17  Montecito Drive, Suite 205, Corona, CA 92879. Capital Filing also uses, or has

18  used, the following private mail box address: 1240 E. Ontario Ave., Ste. 102-271,

19  Corona, CA 92881.

20      16.   Defendant **Eagle Filing Services, Inc.**, ("Eagle Filing"), is a California

21  corporation and holds itself out as doing business from the following physical

22  addresses: 495 E. Rincon Ave., Suite 204, Corona, CA 92879, and 980 Montecito

23  Drive, Suite 205, Corona, CA 92879. Eagle Filing also uses, or has used, the

24  following private mail box address: 1240 E. Ontario Ave., Ste 102-164, Corona, CA

25  92881.

26      17.   Defendant **Heavy Hitters Investments, Inc.**, is a California

27  corporation and holds itself out as doing business from the following physical

28

4

1    address: 980 Montecito Drive, Suite 205, Corona, CA 92879.

2         18.    Defendant **Irvine Group & Associates** ("Irvine Group") is a California

3    corporation and holds itself out as doing business from the following physical

4    addresses: 15 Corporate Park, Irvine, CA 92606, and 980 Montecito Drive, Suite

5    205, Corona, CA 92879, and.  Irvine Group also uses, or has used, the following

6    private mail box address: 3972 Barranca Pkwy, Ste. J-417, Irvine, CA 92606.

7         19.    Defendant **Maple Filing Services, LLC** ("Maple Filing") is a

8    California limited liability company and holds itself out as doing business from the

9    following physical addresses: 1351 Pomona Rd., Ste. 120, Corona, CA 92882, and

10   980 Montecito Drive, Suite 205, Corona, CA 92879.  Maple Filing also uses, or has

11   used, the following private mail box addresses: 1191 Magnolia Rd., Ste. 120,

12   Corona, CA 92882, and 1240 E. Ontario Ave., Ste. 102-208, Corona, CA 92881.

13        20.    Defendant **Nationwide Filing Services, Inc.**, ("Nationwide Filing"), is

14   a California corporation and holds itself out as doing business from the following

15   physical addresses: 268 N. Lincoln St., Suite 9, Corona, CA 92882, and 980

16   Montecito Drive, Suite 205, Corona, CA 92879.  Nationwide Filing also uses, or has

17   used, the following private mail box address: 1240 E. Ontario Ave., Ste. 102-190,

18   Corona, CA 92881.

19        21.    Defendant **Portfolio Investment Financial, Inc.** ("PIF"), is a

20   California corporation and holds itself out as doing business from the following

21   physical address: 980 Montecito Drive, Suite 205, Corona, CA 92879.

22        22.    Defendant **Portfolio Investment Group, LP** ("PIG"), is a California

23   limited partnership and holds itself out as doing business from the following

24   physical address: 980 Montecito Drive, Suite 205, Corona, CA 92879.

25        23.    Defendant **Prime Western Investments, LLC** ("Prime Western"), is a

26   California limited liability company and holds itself out as doing business from the

27   following physical addresses: 1351 Pomona Rd., Ste. 120, Corona, CA 92882, and

28   980 Montecito Drive, Suite 205, Corona, CA 92879.  Prime Western also uses, or

1    has used, the following private mail box address: 1240 E. Ontario Ave., Ste. 102-
2    109, Corona, CA 92881.

3        24.    Defendant **Raincross Filing Services, Inc.** ("Raincross Filing"), is a
4    California corporation and holds itself out as doing business from the following
5    physical addresses: 109 N. Maple St., Ste., 102-198, Corona, CA 92881, and 980
6    Montecito Drive, Suite 205, Corona, CA 92879. Raincross Filing uses, or has used,
7    the following private mail box address: 1240 E. Ontario Ave., Ste. 102-198, Corona,
8    CA 92881.

9        25.    Defendant **Rockwell Management Services, LLC** ("Rockwell
10   Management"), is an Iowa limited liability company and holds itself out as doing
11   business from the following physical addresses: 1503 42nd St., Suite 210, West Des
12   Moines, IA 50266, 1241 Park Pl., NE, Suite B, Cedar Rapids, IA 52402, and 980
13   Montecito Drive, Suite 205, Corona, CA 92879. Rockwell Management also uses,
14   or has used, the following private mail box addresses: 1191 Magnolia Ave., Ste. D-
15   396, Corona, CA 92879, and 1240 E. Ontario Ave., Ste. 102-267, Corona, CA
16   92881.

17       26.    Defendant **Southcoast Financial Services, Inc.**, ("Southcoast
18   Financial"), is a California corporation and holds itself out as doing business from
19   the following physical addresses: 1351 Pomona Rd., Suites 116 and 120, Corona,
20   CA 92882, and 980 Montecito Drive, Suite 205, Corona, CA 92879. Southcoast
21   Financial uses, or has also used, the following private mail box address: 1240 E.
22   Ontario Ave., Ste. 102-208, Corona, CA 92881.

23       27.    Defendant **Statewide Associates Group** ("Statewide Associates") is a
24   California corporation and holds itself out as doing business from the following
25   physical addresses: 1181 California St., Suite 203, Corona, CA 92881, and 980
26   Montecito Drive, Suite 205, Corona, CA 92879. Statewide Associates uses, or has
27   also used, the following private mail box address: 1240 E. Ontario Ave., Ste. 102-
28   216, Corona, CA 92881.

6

28.     Defendant **Superior Filing Services, Inc.,** ("Superior Filing"), is a California corporation and holds itself out as doing business from the following physical addresses: 495 E. Rincon Ave., Suite 105, Corona, CA 92881, and 980 Montecito Drive, Suite 205, Corona, CA 92879.  Superior Filing uses, or has used, the following private mail box address: 1240 E. Ontario Ave., Ste. 102-128, Corona, CA 92881.

29.     Defendant **Universal Filing Services, Inc.** ("Universal Filing") is a California corporation and holds itself out as doing business from the following physical addresses: 495 E. Rincon Ave., Suite 201, Corona, CA 92881, and 980 Montecito Drive, Suite 205, Corona, CA 92879.  Universal Filing uses, or has used, the following private mail box address: 1240 E. Ontario Ave., Ste. 102-210, Corona, CA 92881.

30.     Defendant **Westcoast Filing Services, Inc.,** ("Westcoast Filing"), is a California corporation and holds itself out as doing business from the following physical addresses: 1351 Pomona Rd., Suite 120, Corona, CA 92882, and 980 Montecito Drive, Suite 205, Corona, CA 92879.  Westcoast Filing uses, or has also used, the following private mail box address: 1240 E. Ontario Ave., Ste 102-109, Corona, CA 92881.

31.     Defendant **Worldwide Filing Services, Inc.,** ("Worldwide Filing"), is a California corporation and holds itself out as doing business from the following physical addresses: 495 E. Rincon St., Suite 204, Corona, CA 92879, and 980 Montecito Drive, Suite 205, Corona, CA 92879.  Worldwide Filing uses, or has used, the following private mail box address: 1240 E. Ontario Ave., Ste. 102-175, Corona, CA 92881.

32.     Defendant **Bagels Consulting Firm, Inc.** ("Bagels Consulting") is a California corporation and holds itself out as doing business from the following physical address: 980 Montecito Drive, Suite 205, Corona, CA 92879.  Defendant Begley is an officer of Bagels Consulting.

7

33.     Defendant **Lunsford Investment and Management Services, Inc.**
("Lunsford Investment"), is a California corporation and holds itself out as doing
business from the following physical address: 980 Montecito Drive, Suite 205,
Corona, CA 92879. Defendant Lunsford is an officer of Lunsford Investment.

34.     Defendant **Jason R. Begley** ("Begley"), is one of the principals of all
of the entity Defendants identified in Paragraphs 6 to 32 above. At all times
material to this Complaint, acting alone or in concert with others, he has formulated,
directed, controlled, had the authority to control, or participated in the acts and
practices of the entity Defendants, including the acts and practices set forth in this
Complaint. Begley resides in this district and, in connection with the matters
alleged herein, transacts or has transacted business in this district and throughout the
United States.

35.     Defendant **Wayne W. Lunsford** ("Lunsford"), is one of the principals
of all of the entity Defendants identified in Paragraphs 6 to 31 and Paragraph 33
above. At all times material to this Complaint, acting alone or in concert with
others, he has formulated, directed, controlled, had the authority to control, or
participated in the acts and practices of the entity Defendants, including the acts and
practices set forth in this Complaint. Lunsford resides in this district and, in
connection with the matters alleged herein, transacts or has transacted business in
this district and throughout the United States.

36.     Relief defendant **Skyridge Legacy Trust** ("Skyridge Trust").
Skyridge Trust is an irrevocable trust governed by the laws of the state of
California. Skyridge Trust has received funds that can be traced directly to
Defendants' unlawful acts or practices alleged below, and it has no legitimate claim
to those funds.

37.     Relief defendant **Jason R. Begley in his capacity as trustee of
Skyridge Legacy Trust.** Defendant Begley is the trustee of the Skyridge Trust.
Skyridge Trust has received funds that can be traced directly to Defendants'

8

1    unlawful acts or practices alleged below, and it has no legitimate claim to those

2    funds.

3        38.    Relief defendant **Jbeg Legacy Gift Trust** ("Jbeg Trust"). Jbeg Trust is

4    an irrevocable trust governed by the laws of the state of California. Jbeg Trust has

5    received funds that can be traced directly to Defendants' unlawful acts or practices

6    alleged below, and it has no legitimate claim to those funds.

7        39.    **Jason R. Begley in his capacity as trustee of Jbeg Legacy Gift**

8    **Trust.** Defendant Begley is the trustee of the Jbeg Trust. Defendant Begley in his

9    capacity of trustee of Jbeg Trust holds a partnership interest in defendant Portfolio

10   Investment Group, LP. Jbeg Trust has received funds that can be traced directly to

11   Defendants' unlawful acts or practices alleged below, and it has no legitimate claim

12   to those funds.

13       40.    Relief defendant **WAL Legacy Trust** ("WAL Trust"). WAL Trust has

14   received funds that can be traced directly to Defendants' unlawful acts or practices

15   alleged below, and it has no legitimate claim to those funds.

16       41.    **Wayne W. Lunsford in his capacity as trustee of WAL Legacy**

17   **Trust.** Defendant Lunsford is the trustee of the WAL Trust. WAL Trust has

18   received funds that can be traced directly to Defendants' unlawful acts or practices

19   alleged below, and it has no legitimate claim to those funds.

20       42.    Relief defendant **Heavy Hitters Motors, Inc.** ("HH Motors"), is a

21   California corporation and holds itself out as doing business from the following

22   physical address: 26111 Ynez Road, Suite B-13, Temecula, CA 92591. Defendants

23   Lunsford and Begley are officers of HH Motors. HH Motors has received funds

24   that can be traced directly to Defendants' unlawful acts or practices alleged below,

25   and it has no legitimate claim to those funds.

26                              **COMMON ENTERPRISE**

27       43.    The Defendants identified in Paragraphs 6-33 above ("Entity

28   Defendants"), have operated together as a common enterprise in conducting the

                                        9

1   business practices described in this Complaint.  The Entity Defendants have
2   conducted business through an interrelated network of companies that have common
3   ownership, officers, managers, and business functions.  Individual Defendants
4   Begley and Lunsford have formulated, directed, controlled, or had authority to
5   control, or participated in the acts and practices of the Entity Defendants that
6   comprise the common enterprise.  The common enterprise transacts or has
7   transacted business in this district and a substantial part of the events or omissions
8   giving rise to the claims occurring herein have occurred in this district.

9                                        **COMMERCE**

10        44.    At all times material to this Complaint, Defendants have maintained a
11   substantial course of trade in or affecting commerce, as "commerce" is defined in
12   Section 4 of the FTC Act, 15 U.S.C. § 44.

13                          **NATURE OF ENFORCEMENT ACTION**

14        45.    This enforcement action is brought to remedy unlawful debt collection
15   practices by Defendants.  Defendants' practices violate Section 5(a) of the FTC Act,
16   15 U.S.C. § 45(a), and various provisions of the FDCPA, 15 U.S.C. §§ 1692-1692p.
17        46.    In numerous instances, Defendants rely on deceptive and misleading
18   representations to collect debt, in violation of Section 5(a) FTC Act and Section 807
19   of the FDCPA.  15 U.S.C. § 45(a), 15 U.S.C. § 1692e.  Specifically, Defendants
20   falsely claim that a lawsuit has been or soon will be filed against the consumer to
21   collect the debt.  They falsely claim that the consumer owes attorney fees and/or
22   court costs for the fictitious legal action.  They falsely represent they are process
23   servers seeking to serve the consumer with legal papers pertaining to a lawsuit.
24   Defendants also threaten consumers with legal action or arrest, or seizure,
25   garnishment, or attachment of a consumer's property or wages if the consumer does
26   not agree to pay the alleged debt, when such action is not lawful or when
27   Defendants have no intention of taking such action.
28        47.    In addition, Defendants violate other FDCPA provisions.  In numerous

1  instances, in connection with the collection of debts, Defendants engage in improper
2  communications with third parties, do not meaningfully disclose their identity
3  during telephone calls with consumers, and fail to notify consumers of their right to
4  dispute and obtain verification of their debts.  As detailed below, these actions
5  violate Sections 805(b), 806(6), and 809(a) of the FDCPA, respectively.  15 U.S.C.
6  §§ 1692c(b), 1692d(6), 1692g(a).

## DEFENDANTS' UNLAWFUL BUSINESS PRACTICES

8      48.  Defendants began their debt collection operations in 2009 as Pacific
9  Management, and since that time, they have considerably expanded their debt
10  collection business.

11      49.  Defendants engage in the collection of consumer credit card and other
12  consumer debt.  In many instances, the alleged debts that Defendants are collecting
13  or attempting to collect are not owed by the consumer.  Defendants employ both
14  English- and Spanish-speaking collectors who follow English and Spanish scripts in
15  the collection of consumer debt.

16      50.  The key element of Defendants' scheme is to make the consumer
17  believe that a lawsuit has been filed, or will soon be filed against him.  In calls with
18  a third party or the consumer, Defendants' collector often poses as a process server,
19  a lawyer, or an employee of a law office handling a lawsuit against the consumer.
20  Defendants represent to the consumer that he can "settle" the case by making an
21  immediate payment to Defendants.  In fact, no lawsuit has been filed, nor will soon
22  be filed against the consumer.  Defendants simply use these tactics in an attempt to
23  unlawfully collect money from the consumer.

24      51.  Defendants' violative collection practices begin with a call from
25  Defendants' first-level collectors, usually to a consumer's employer, family
26  member, friend, or neighbor.  During these calls, Defendants' collectors
27  misrepresent that they are process servers who are seeking to serve the consumer
28  with pleadings or "papers" pertaining to a lawsuit that has allegedly been filed

11

against the consumer. Defendants' collectors leave messages with these third parties to be relayed to the consumer. The messages include a "case number," a callback number, and, in many instances, a statement that the consumer must call back that day or else the consumer will be personally served with process to appear in court. In addition, in some instances, Defendants' collectors misrepresent that they are from the sheriff's department and threaten that the consumer will be arrested if the consumer does not promptly call back the telephone number left for the consumer.

52.    In most instances, Defendants instruct their first-level collectors not to call the consumer directly, but to call the consumer's current employer or a family member. This is designed to apply pressure and create a sense of urgency on the part of the consumer so that the consumer will pay the alleged debt to resolve the matter. In some instances, Defendants' collectors call the consumer directly, and, during those calls, collectors also misrepresent that they are process servers who are seeking to serve the consumer with court papers. During these calls, Defendants' collectors also provide the consumer with a callback telephone number and an alleged court case number.

53.    In fact, Defendants do not employ or contract with process servers to contact consumers or third parties. All calls made to consumers and third parties are made by Defendants' collectors.

54.    Defendants provide their collectors with written guidelines and scripts to be used in the collection process. These guidelines and scripts instruct collectors to employ the collection techniques described in Paragraphs 51 and 52, above. In one of the documents provided to collectors called "New Hire Pointers," collectors are instructed to do the following:

> ~when first coming to an account it is always best to call the [place of employment] first
>
> . . .

*~contact relatives instead of the debtor on the initial phone call to create urgency*

. . . .

*~when doing a standard talk off and the person on the phone is prying ... it is best to say you are a process server and due to the federal privacy act you are not given that information*

55. The scripts for the first-level collectors are referred to by Defendants as "standard talk offs" ("STOs"). Defendants use STOs in both English and Spanish. Defendants use different STOs for calls made to third parties, such as the consumer's employer, friends, and relatives, and for calls made directly to the consumer.

56. One STO, which apparently is to be used for calls directed to a consumer's friends and relatives, where the recipient's primary language is Spanish, instructs the first-level collector to state the following:

*Soy (Miguel Davis/ Veronica Garcia) y estoy llamando par aver si alguien va a estar en casa para recibir documentos legales para ir a courte. [sic]*

*Senor/ Senora los procescoras de servicios va intentar a server estos documentos (2) veces. [sic]*

*El senor/ La senora tiene que responder, o se tiene que presenter en la courte. Si no puede tiene que hablar in-me-dia-ta-mente. [sic]*

*Lo que voy a ser es darle el numero de la oficiana legally el numero [sic] de caso. Tiene papel y pluma? [sic]*

*El numero de telefono es 1 (???) ???-???? y el numero de caso es (10??-?????). [sic]*

*Ahora voy a puntarque hable con _____ si el senor/senora no habla voy a entragar estos documentos legales con el processor. [sic]*

57. The following is an English translation of the Spanish STO:

*I am (Miguel Davis/Veronica Garcia) and am calling to see if there*

13

*will be someone at home to receive legal documents to go to court.*

*Sir/Madam the service processors will try to serve these documents twice(2x).*

*Sir/Madam must respond or appear in court. If unable to do so, [they] should say so immediately.*
*What I will do is give you the number of the legal office and the case number. Do you have pencil and paper?*

*The phone number is 1(???)???-???? and the case number is (10??-?????).*

*Now I'm going to write down now that I spoke to _____ and if Sir/Madam do not say anything I will have the processor deliver these legal documents.*

58.  As part of the collection process, Defendants provide their collectors with "rebuttal answers" to use on calls with third parties. The rebuttal answers are drafted to convince the third party that the consumer is in serious legal trouble and that a message must be relayed to the consumer immediately. For example, the "JOB REBUTTAL ANSWERS" sheet instructs, in part:

> *QUESTION: WE DON'T PASS INFORMATION TO THE EMPLOYEES*
> *A. LOOK I AM TRYING TO HELP YOUR COMPANY. THIS MATTER IS SERIOUS AND WILL CAUSE PROBLEMS AT THE JOB. GRAB A PEN AND GET THIS REDIRECTED TO THE EMPLOYEES [sic] HOME.*
> *B. STILL NO – (STRONGLY ASK) WHAT IS YOUR NAME AND YOUR POSITION IN THE COMPANY? WE WILL DOCUMENT FOR THE RECORD THAT YOU MADE THE DECISION FOR THE [DEBTOR] TO BE SERVED AT HIS PLACE OF EMPLOYMENT.*
>
> *. . .*
>
> *QUESTION: JUST GO AHEAD AND SERVE THE DOCUMENTS. WE WILL BRING UP [sic] THE [DEBTOR] THEN*
> *A. LOOK I SEE HERE THAT THERE IS AN OPPORTUNITY FOR SERVICE AT THE HOME RESIDENCE. MY SUGGESTION WOULD BE TO GRAB A PEN TAKE DOWN THE CASE NUMBER AND THE PH # TO THE ISSUING AGENT HANDLING THE CASE AND HAVE*

14

*THE SERVICE REDIRECTED. THIS WILL HELP REDUCE ANY PROBLEMS AT THE WORK PLACE AND SAVE ANY POSSIBLE EMBARRASSMENT.*

*. . .*

*QUESTION: WE DON'T VERIFY EMPLOYMENT OR GIVE OUT PERSONAL INFORMATION.*
*A. I AM NOT ASKING YOU TO VERIFY EMPLOYMENT. I AM TELLING YOU I HAVE A COURT ORDER HERE AGAINST ONE OF YOUR EMPLOYEES.*
*B. I AM NOT ASKING FOR ANY INFORMATION. I AM TELLING YOU WE HAVE A COURT ORDER. I AM TRYING TO SET UP SERVICE. GRAB A PEN GET [DEBTOR] TO REROUTE THIS CASE TO HIS HOME. HELP YOURSELF AND YOUR EMPLOYEE.*

59.    In addition, another of Defendants' written guidelines instructs collectors to say the following to a consumer's employer:

*Say–I need to send the summons today, if you do not want your business to be interrupted what I need you to do is give the number I am going to provide to your employee to call the legal department to have the sheriff deliver the summons to their home address. I can only put a 3 hour hold on the summons the employee must call prior to re-direct the summons to their home.*

*Here is the number and case number[.]*

60.    Similarly, the guideline titled "STO REBUTTAL ANSWERS," which is to be used by collectors for non-employer third-party calls, instructs collectors to say, in part:

*QUESTION: I HAVE NO CONTACT WITH [DEBTOR]*
*A. WHY IS HE USING YOUR ADDRESS? HOW LONG SINCE YOU HAVE HAD CONTACT? WOW THEY ARE COMING TO YOUR HOUSE AFTER 2 ATTEMPTS THIS COURT PROCEEDING WILL GO ON WITHOUT THEM THEY WILL GET A FAILURE TO APPEAR. GRAB A PIN. [sic]*

*QUESTION: WHO ARE YOU AND WHAT COUNTY ARE YOU CALLING FROM?*
*A. I AM WITH THE PROCESS SERVICE DIVISION CALL [sic] FROM -------COUNTY.*

15

. . .

*QUESTION: I AM DRIVING RIGHT NOW.*
*A. I SUGGEST YOU PULL OVER. THIS IS TIME SENSITIVE AND*
*SINCE YOU ARE NOT AT THE SERVICE LOCATION IT WILL BE*
*NOTED AS A FAILURE TO SERVE.*

61.    In numerous instances, when consumers call back the telephone number provided by the first-level collector, second-level collectors will answer the phone and represent to consumers that they are with a law office or business office that is handling a lawsuit against the consumer. In many instances, Defendants' collectors represent to consumers that they are attorneys. On these calls, Defendants' collectors state that the case involves a debt that the consumer owes. Defendants' collectors make additional representations to imply that legal action has been taken or will be taken shortly against the consumer because of non-payment of a debt. Defendants' collectors advise consumers that they can "settle" the action for an immediate payment of the entire debt, or the collectors offer consumers a payment plan. Defendants' collectors instruct the consumer that payment should be made over the telephone via his or her credit card or bank account.

62.    Defendants' collectors demand from consumers the amount of the purported debt, plus an additional amount of money. Defendants' collectors represent that the additional amount is for "court costs" and "legal fees." These amounts are fictitious because no lawsuit has been filed. Defendants induce their collectors to seek these additional fees by paying them large commissions on the additional fees collected.

63.    Defendants' collectors threaten that if the consumer does not pay, Defendants will proceed with legal action against the consumer. In addition, in numerous instances, Defendants' collectors threaten that Defendants will have the consumer arrested, will garnish the consumer's wages, and/or seize the consumer's

1  property, unless Defendants receive prompt payment from the consumer.

2  64.  In fact, the telephone numbers provided to consumers and third parties

3  by the "process server" do not belong to a law office or a business office that is

4  handling the "lawsuit" against the consumer, but connect to Defendants' collections

5  offices. In instances when Defendants' collectors threaten consumers with legal

6  action, no legal action has been taken, nor do Defendants intend to take legal action

7  against the consumer. In numerous instances, Defendants cannot bring a legal

8  action to collect consumer's debts because the debt is not owed by the consumer. In

9  addition, because Defendants have not filed an action, obtained a judgment, and

10  received an award of costs, Defendants cannot collect court costs and attorneys'

11  fees from the consumer.

12  ## VIOLATIONS OF SECTION 5 OF THE FTC ACT

13  65.  Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or

14  deceptive acts or practices in or affecting commerce." Misrepresentations or

15  deceptive omissions of material fact constitute deceptive acts or practices prohibited

16  by Section 5(a) of the FTC Act.

17  ## COUNT ONE

18  66.  In numerous instances, in connection with the collection of debts,

19  Defendants have represented to third parties and/or the consumer, expressly or by

20  implication, that:

21      a.  Defendants' collector is a process server seeking to serve the consumer

22         with pleadings or legal papers pertaining to a lawsuit filed against the

23         consumer;

24      b.  Defendants' collector is an attorney, or Defendants' communication is

25         from an attorney;

26      c.  nonpayment of the debt will result in the consumer's arrest, or in the

27         seizure, garnishment, or attachment of the consumer's property or

28         wages; and

d.     Defendants have filed or intend to file a lawsuit against the consumer.

67.     In truth and in fact, in numerous instances:

a.     Defendants' collector is not a process server seeking to serve the consumer with pleadings or legal papers pertaining to a lawsuit filed against the consumer;

b.     Defendants' collector is not an attorney, and Defendants' communication is not from an attorney;

c.     nonpayment of the debt will not result in the consumer's arrest, or in the seizure, garnishment, or attachment of the consumer's property or wages; and

d.     Defendants have not filed and do not intend to file a lawsuit against the consumer.

68.     Therefore, Defendants' representations as set forth in Paragraph 66 are false or misleading and constitute deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

69.     In 1977, Congress passed the FDCPA, 15 U.S.C. §§ 1692-1692o, which became effective on March 20, 1978, and has been in force ever since that date. Section 814 of the FDCPA, 15 U.S.C. § 16921, provides that a violation of the FDCPA shall be deemed an unfair or deceptive act or practice in violation of the FTC Act.

70.     Defendants are "debt collectors" as defined by Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).

71.     A "consumer," as defined in Section 803(3) of the FDCPA, 15 U.S.C. § 1692a(3), "means any natural person obligated or allegedly obligated to pay any debt."

72.     A "consumer debt," as defined in Section 803(3) of the FDCPA, 15 U.S.C. § 1692a(5), "means any obligation or alleged obligation of a consumer to

18

pay money arising out of a transaction in which the money, property, insurance or
services which are the subject of the transaction are primarily for personal, family,
or household purposes, whether or not such obligation has been reduced to
judgment."

## COUNT TWO

73.    In numerous instances, in connection with the collection of debts,
Defendants have communicated with third parties for purposes other than acquiring
location information about a consumer, without having obtained directly the prior
consent of the consumer or the express permission of a court of competent
jurisdiction, and when not reasonably necessary to effectuate a post-judgment
judicial remedy, in violation of Section 805(b) of the FDCPA, 15 U.S.C. § 1692c(b).

## COUNT THREE

74.    In numerous instances, in connection with the collection of debts,
Defendants have engaged in conduct the natural consequence of which is to harass,
oppress, or abuse a person by placing telephone calls without meaningful disclosure
of the caller's identity in violation of Section 806(6) of the FDCPA, 15 U.S.C.
§1692d(6). As set forth in Paragraph 52, Defendants' collectors do not identify
themselves to the consumer as a debt collector, provide the consumer with the name
of the company they are working for, or identify the purpose of the call as a
collection call.

## COUNT FOUR

75.    In numerous instances, in connection with the collection of debts,
Defendants have used false, deceptive, or misleading representations or means, in
violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e, including, but not
limited to:

a.    Falsely representing the character, amount, or legal status of a debt, in
       violation of Section 807(2)(A) of the FDCPA, 15 U.S.C. §1692e(2)(A);

b.    Falsely representing or implying that an individual is an attorney or that

19

1    a communication is from an attorney, in violation of Section 807(3) of
2    the FDCPA, 15 U.S.C. § 1692e(3);

3    c.   Falsely representing that nonpayment of a debt will result in
4         imprisonment of a person or seizure, garnishment, or attachment of a
5         person's property or wages, when such action is not lawful or when
6         Defendants have no intention of taking such action, in violation of
7         Section 807(4) of the FDCPA, 15 U.S.C. § 1692e(4);

8    d.   Threatening to take action that Defendants do not intend to take, such as
9         filing a lawsuit, in violation of Section 807(5) of the FDCPA, 15 U.S.C.
10        § 1692e(5); and

11   e.   Using false representations or deceptive means to collect or attempt to
12        collect a debt or to obtain information concerning a consumer, in
13        violation of Section 807(10) of the FDCPA, 15 U.S.C. § 1692e(10).

14                          **COUNT FIVE**

15        76.   In numerous instances, in connection with the collection of debts,
16   Defendants have failed to notify consumers of their right to dispute and obtain
17   verification of their debts, either in the initial communication with consumers by
18   Defendants, or within five days thereafter, in violation of Section 809(a) of the
19   FDCPA, 15 U.S.C. § 1692g(a).

20                     **RELIEF DEFENDANTS**
21                          **COUNT SIX**

22        77.   The Relief Defendants identified in Paragraphs 36 to 42 above have
23   received, directly or indirectly, funds and other assets from Defendants that are
24   traceable to funds obtained from consumers through Defendants' deceptive, abusive,
25   and unlawful collection practices described herein.

26        78.   Relief Defendants are not bona fide purchasers with legal and equitable
27   title to funds or other assets obtained from consumers through Defendants'
28   deceptive, abusive, and unlawful collection practices described herein. Relief

1    Defendants will be unjustly enriched if they are not required to disgorge the funds or
2    the value of the benefit they received as a result of Defendants' deceptive, abusive,
3    and unlawful acts or practices.

4        79.    By reason of the foregoing, Relief Defendants hold funds and assets in
5    constructive trust for the benefit of consumers harmed by Defendants.

6                    **THIS COURT'S POWER TO GRANT RELIEF**

7        80.    Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court
8    to grant injunctive and such other relief as the Court may deem appropriate to halt
9    and redress violations of any provision of law enforced by the FTC.

10                        **PRAYER FOR RELIEF**

11       81.    Wherefore, Plaintiff Federal Trade Commission, pursuant to Sections
12   13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b, and Section 814(a) of the
13   FDCPA, 15 U.S.C. § 1692*l*(a), and the Court's own equitable powers, requests that
14   the Court:

15       a.    Award Plaintiff such preliminary injunctive and ancillary relief as may
16            be necessary to avert the likelihood of consumer injury during the
17            pendency of this action and to preserve the possibility of effective final
18            relief, including but not limited to a temporary restraining order, a
19            preliminary injunction, an order freezing assets, immediate access to
20            business premises, and appointment of a receiver;

21       b.    Enter a permanent injunction to prevent future violations of the FTC
22            Act and the FDCPA by Defendants;

23       c.    Award such relief as the Court finds necessary to redress injury to
24            consumers resulting from Defendants' violations of the FTC Act and
25            the FDCPA, including, but not limited to, rescission or reformation of
26            contracts, the refund of monies paid, restitution, and the disgorgement
27            of ill-gotten gains by Defendants;

28

                                21

1      d.    Enter an order requiring Relief Defendants to disgorge all funds and

2             assets, or the value of the benefit they received from the funds and

3             assets, which are traceable to Defendants' unlawful acts or practices;

4             and

5      e.    Award Plaintiff the costs of bringing this action, as well as such other

6             and additional equitable relief as the Court may determine to be just and

7             proper.

8

9  Dated: August 16, 2012          Respectfully submitted,

10                               WILLARD K. TOM

                                    General Counsel

11

12

13                             MARICELA SEGURA

                            RAYMOND E. MCKOWN

14                             Attorneys for Plaintiff

                            Federal Trade Commission

15

16

17

18

19

20

21

22

23

24

25

26

27

28

22