MARICELA SEGURA, CA Bar No. 225999
RAYMOND E. MCKOWN, CA Bar No. 150975
e-mail: msegura@ftc.gov and rmckown@ftc.gov
FEDERAL TRADE COMMISSION
10877 Wilshire Blvd., Suite 700
Los Angeles, CA 90024
Telephone: (310) 824-4343
Facsimile:  (310) 824-4380

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>                              Plaintiff,<br><br>v.<br><br>RINCON MANAGEMENT SERVICES, LLC, a California limited liability company, also d/b/a "Rincon Debt Management," "Rincon Filing Services," and "Pacific Management Recovery" *et al.*,<br><br>                              Defendants. | Case no.  EDCV 11-01623 VAP (SPx)<br><br>FTC'S AMENDED MOTION FOR ORDER TO SHOW CAUSE WHY LARRY STEPHENS, AND BRYLAW FIRM, INC., SHOULD NOT BE HELD IN CONTEMPT OF THE ORDER COMPELLING TURNOVER OF ALL DOCUMENTS AND RECORDS PERTAINING TO RECEIVERSHIP ENTITIES AND INDIVIDUAL DEFENDANTS' INVESTMENTS (DOCKET # 96)<br><br>Date: October 8, 2012<br>Time: 2:00 pm<br>Place: Courtroom 2, Federal Court, 3470 Twelfth Street, Riverside, CA 92501 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that on October 8, 2012, at 2:00 p.m., or as soon thereafter as counsel may be heard in Courtroom 2 of the United States District Court, located at 3470 Twelfth Street, Riverside, California 92501, Plaintiff Federal Trade Commission ("FTC") will and hereby does move this Court for an Order to Show Cause Why Larry Stephens, and Brylaw Firm, Inc., should not be held in contempt of the Order Compelling Turnover of All Documents and Records Pertaining to Receivership Entities and Individual Defendants' Investments. [Dkt. 96] (hereinafter "OSC Motion).

The instant OSC Motion amends the FTC's previous motion filed at docket #149 by re-setting the hearing date on the matter against Larry Stephens to October 8, 2012.[1]  Because the FTC's previous efforts to personally serve Mr. Stephens were unsuccessful, the amended motion provides Mr. Stephens with the required notice under Local Rule 6-1.

This Amended Motion is based on this notice of motion and motion, the accompanying points and authorities and exhibits thereto, the files and records in this case, and such further evidence and argument as may be presented at any hearing on this motion.

Dated: August 28, 2012                          Respectfully submitted,


                                                */s/ Maricela Segura*
                                                Maricela Segura
                                                Raymond E. McKown
                                                Attorneys for Plaintiff
                                                FEDERAL TRADE COMMISSION

---

[1] The FTC's Motion for an Order to Show Cause at docket #149 has previously been withdrawn as against Defendants and Defendants' counsel.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      Background**

On February 3, 2012, Receiver Richard Weissman ("Receiver") filed an *ex parte* motion requesting, among other things, an Order compelling Larry Stephens and Brylaw Firm, Inc. ("Brylaw") to turnover all documents and records pertaining to receivership entities and individual Defendants' investments. [Dkt. 80.]  On February 25, 2012, this Court granted the Receiver's motion, and issued an Order Compelling Larry Stephens, and Brylaw Firm, Inc. ("Brylaw") to Turnover All Documents and Records Pertaining to Receivership Entities and Individual Defendants' Investments (the "Turnover Order"). [Dkt. 96.]  The Turnover Order required Larry Stephens and Brylaw to turnover the documents and records by no later than March 5, 2012.  Mr. Stephens had notice of the order for several months, and turned over partial accounting records to the Receiver, but nothing with respect to the investments at issue.  To date, Larry Stephens and his firm Brylaw have failed to turn over these records.

Counsel for the FTC has attempted to contact Larry Stephens and Brylaw on numerous occasions regarding the Turnover Order, the turnover of documents and records, and this motion. However, efforts to contact Mr. Stephens and the staff at Brylaw have been unsuccessful.

**II.     Larry Stephens, and Brylaw are in Contempt of the Turnover Order.**

"It is beyond question that obedience to judicial orders is an important public policy."  *W.R. Grace and Co. V. Local Union 759*, 461 U.S. 757, 766 (1983) (citations omitted).  "The standard for finding a party in civil contempt is well settled: The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply."  *FTC v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999) (citation

omitted). anctions for civil contempt may be employed to coerce the contemnors to comply with the court's order. *U.S. v. United Mine Workers of Am.*, 330 U.S. 258, 303-04 (1947).

Here, the Turnover Order is Specific and Definite, and the contemnors have failed to demonstrate why they are unable to comply. Accordingly, Larry Stephens and Brylaw are in contempt of the Turnover Order, and coercive sanctions are appropriate.

### A. The Language of the Turnover Order is Specific and Definite.

Under the Turnover Order, Larry Stephens and Brylaw were required to "turn over to the Receiver, within seven (7) days of entry of this Order, any and all documents, information and electronically stored records . . . pertaining to: (i) Defendants' records regarding all of the Receivership Entities; and (ii) documents, records and other information, however maintained and kept by Brylaw and/or Individual Defendants relating or pertaining in any way to ownership of, title to and/or possession of Individual Defendants' investments . . . ." [Dkt. 96 ¶ 7.] The Court's Order unambiguously required Larry Stephens and Brylaw to turn over certain documents and records by no later than March 5, 2012. Thus, the Turnover Order is definite and specific.

### B. Larry Stephens and Brylaw Have Violated the Turnover Order and Have Failed to Demonstrate Why they Cannot Comply.

To date, Larry Stephens and Brylaw have failed to turnover any such documents or records, despite this Court's order and several requests from the Receiver and the FTC. Moreover, Larry Stephens and Brylaw have failed to respond to demands for such documents and information by the FTC and the Receiver. In fact, the FTC has contacted Larry Stephens on several occasions to request such information and to attempt to meet and confer about the issues raised in this motion. *See generally,* Declaration of Raymond M. McKown. The FTC also has contacted staff at Brylaw to request additional information and to attempt to

meet and confer with Brylaw staff about the issues raised in this motion. *See generally,* Declarations of Ambar Carvalho and Maricela Segura. One member of the Brylaw staff has indicated she has no further information and did not want to lose her job by speaking with the FTC regarding the Defendants' documents and records. Segura Decl. Attachment 1. Other staff at Brylaw have been completely unresponsive. Carvalho Decl. ¶¶ 4-9. Several recent attempts to locate Larry Stephens have also proven unsuccessful, despite the fact that someone has been checking Mr. Stephens' e-mail. *See* Carvalho decl. ¶ 8, Attachment 5; *see generally,* Declaration of Bruce Gale

### C. Coercive Sanctions are Appropriate until the Contemnors Purge

"[W]hen a court imposes fine and punishments on a contemnor, it is not only vindicating its legal authority to enter the initial court order, but it also is seeking to give effect to the law's purpose of modifying the contemnor's behavior to conform to the terms required in the order." *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 828 (1994). A coercive, civil contempt sanction may involve confining a contemnor or imposing a per diem fine against a contemnor until he complies with an affirmative command. *See id.* at 828-829.

Imprisonment is a proper sanction for coercive contempt because the contemnor may purge the contempt by committing the affirmative act and essentially "carries the keys of his prison in his own pocket." *Bagwell*, 512 U.S. at 828 (citations omitted). It would be proper for a court to order a per diem fine imposed for each day a contemnor fails to comply with the Court's affirmative order because the contemnor could purge the contempt by committing the affirmative act. *Id.* at 829.

Here, the contemnors have had every opportunity to purge their contempt by turning over documents and records relating to the receivership entities and to the individual defendants' investments. However, more than four months has passed since this Court's definite and specific Turnover Order required them to do so. To

date, no contemnor has provided sufficient evidence or a sufficient reason why they have failed to comply with the Turnover Order.  Thus, the FTC asks that this Court issue a proper coercive sanction until the contemnors comply with this Court's Order.

### III.     Conclusion

This Court ordered Larry Stephens and Brylaw to turnover certain documents and information by no later than March 5, 2012.  The Turnover Order was definite and specific.  Each person ordered to turnover such documents and information has failed to do so and has failed to provide affirmative evidence that he or she cannot comply with the Turnover Order.  The contemnor have not purged their contempt, and as such, an appropriate coercive sanction should be imposed until the requisite documents and records are turned order as required by this Court.  As such, the FTC requests that this Court enter and Order to Show Cause Why Defendants Jason Begley and Wayne Lunsford, Defendants' counsel, Larry Stephens and Brylaw Should Not be Held in Contempt of the Turnover Order [Dkt. 96].


Dated: August 28, 2012                    Respectfully submitted,


                                           /s/ Maricela Segura
                                          Maricela Segura
                                          Attorney for Plaintiff
                                          FEDERAL TRADE COMMISSION