**PRIORITY SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 11-01623 VAP (SPx)                   Date:  October 22, 2012

Title:        FEDERAL TRADE COMMISSION -*v*- RINCON MANAGEMENT
              SERVICES, LLC, et al.
=================================================================
PRESENT:        HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

        Marva Dillard                              None Present
        Courtroom Deputy                           Court Reporter

ATTORNEYS PRESENT FOR                ATTORNEYS PRESENT FOR
PLAINTIFFS:                          DEFENDANTS:

        None                                None

PROCEEDINGS:        MINUTE ORDER DIRECTING LARRY STEPHENS AND
                    BRYLAW FIRM, INC. TO SHOW CAUSE **ON TUESDAY,
                    NOVEMBER 20, 2012 AT 10 A.M.** WHY THEY SHOULD
                    NOT BE HELD IN CIVIL CONTEMPT (IN CHAMBERS)

        On February 25, 2012, the Court ordered Larry Stephens, individually and as
the agent for Brylaw Firm, Inc. ("Brylaw"), to turn over to the Receiver within seven
days any and all documents pertaining to ownership of, title to, and/or possession of
Defendants Jason R. Begley and Wayne W. Lunsford's investments, including
investments in Brazilian Bonds, the "Barbie" Venture, and "Black Canyon" ("the
Investments").  (Order (Doc. No. 96).)  Plaintiff Federal Trade Commission now
reports that Stephens and Brylaw (collectively, "Respondents") have failed to turn
over any documents or information relating to the Investments.

MINUTES FORM 11                              Initials of Deputy Clerk ___md____
CIVIL -- GEN                    Page 1

EDCV 11-01623 VAP (SPx)
FEDERAL TRADE COMMISSION v. RINCON MANAGEMENT SERVICES, LLC, et al.
MINUTE ORDER of October 22, 2012

On July 23, 2012, Plaintiff moved the Court to issue an Order to Show Cause why Defendants Begley and Lunsford, their counsel, Stephens, and Brylaw should not be held in contempt.  (<u>See</u> Motion (Doc. No. 149).)  Plaintiff withdrew its motion as to Defendants' Counsel on July 25, 2012 (Doc. No. 151), and as to Defendants Begley and Lunsford on August 14, 2012 (Doc. No. 161).

Plaintiff filed an Amended Motion for Order to Show Cause why Stephens and Brylaw should not be held in contempt on September 4, 2012 (Doc. No. 163).  On September 12, 2012, the Court ordered Plaintiff to file supplemental briefing on the Court's jurisdiction to hold non-parties in contempt (Doc. No. 167).  Plaintiff filed its Supplement on October 5, 2012 (Doc. No. 175).[1]

The Court, having considered all papers filed in support of Plaintiff's Motion, finds the Motion appropriate for resolution without a hearing.  See Fed. R. Civ. P. 78; Local Rule 7-15.  For the reasons set forth, the Court GRANTS the Motion and ORDERS Stephens and Brylaw TO SHOW CAUSE in person on [DATE], why they should not be held in civil contempt for their failure to turn over all documents relating to the Investments.

## LEGAL STANDARD

The Court will issue an order to show cause why a respondent should not be held in contempt when the plaintiff makes a sufficient showing that the respondent has failed to comply with specific provisions of the Court's order or injunction.  <u>See</u> <u>In re Grand Jury Proceedings</u>, 142 F.3d 1416, 1424 (11th Cir. 1998) (citing <u>Wyatt v. Rogers</u>, 92 F.3d 1074, 1078 n.8 (11th Cir. 1996)).

---

[1] Plaintiff's Amended Motion and Supplement (Docs. No. 163, 175) failed to comply with Local Rules 5-4.5, 11-3.2, 11-3.5, and 11-5.3, which require mandatory chambers copies to be single-sided,  pre-punched, and blue-backed, with all exhibits tabbed.  In the future, Plaintiff is directed to submit mandatory chambers copies that comply in all respects with the Federal Rules of Civil Procedure and the Local Rules. Failure to do so may result in sanctions.

EDCV 11-01623 VAP (SPx)
**FEDERAL TRADE COMMISSION v. RINCON MANAGEMENT SERVICES, LLC, et al.**
**MINUTE ORDER of October 22, 2012**

## DISCUSSION

On February 25, 2012, the Court issued an order requiring Stephens, individually and as the agent for Brylaw, to turn over to the Receiver within seven days any and all documents pertaining to, among other things, ownership of, title to, and/or possession of the Investments.  (Doc. No. 96 ¶ 7.)  Respondents did not contact the Receiver to arrange for turnover; on April 3, 2012, the Receiver notified Stephens that he intended to seek an Order to Show Cause for contempt against Respondents for failing to comply with the Order.  (Decl. of Richard Weissman ("Weissman Decl.") (Doc. No. 160) ¶ 7.)  Two days later, Stephens contacted the Receiver and arranged to turn over documents on a "flash drive."  (Id. ¶ 8.)  Upon review, the Receiver determined that Stephens and Brylaw had failed to turn over any records or information regarding the Investments (Id.)  Stephens and Brylaw have still not produced this information.  (Id.)

Plaintiff has sufficiently alleged that Respondents have failed to comply with the Court's order to turn over to the Receiver all documents related to the Investments.  Such noncompliance, if unexcused, is sanctionable as contempt.  See Labor/Cmty. Strategy Ctr. v. L.A. Cnty. Metro. Transp. Auth., 564 F.3d 1115, 1123 (9th Cir. 2009); Fed. Trade Comm'n v. Affordable Media, 179 F.3d 1228, 1239 (9th Cir. 1999).

Although Respondents are not parties to this action, nonparties are "liable to the same process for enforcing obedience to [an] order as if a party."  Fed. R. Civ. Proc. 71.  Because Respondents were named in the Court's Order and provided notice thereof, they may be held in contempt for violation of the Order as if they were parties.  See Irwin v. Mascott, 370 F.3d 924, 931 (9th Cir. 2004) (holding that "when an injunction is addressed to a non-party and he is given notice of the injunction," the non-party may be held in contempt for violating the injunction); accord Peterson v. Highland Music, Inc., 140 F.2d 1313, 1323 (9th Cir. 1998).

MINUTES FORM 11                                          Initials of Deputy Clerk ___md____
CIVIL -- GEN                          Page 3

**EDCV 11-01623 VAP (SPx)**
**FEDERAL TRADE COMMISSION v. RINCON MANAGEMENT SERVICES, LLC, et al.**
**MINUTE ORDER of October 22, 2012**

Accordingly, the Court ORDERS Stephens and Brylaw TO SHOW CAUSE in person on **Tuesday, November 20, 2012 at 10 a.m.**, why they should not be so sanctioned.  If Respondents fail to respond adequately to this Order, sanctions will issue.

**IT IS SO ORDERED.**