John J.E. Markham, II (CA Bar No. 69623)
Elizabeth Read (CA Bar No. 87618)
MARKHAM & READ
One Commercial Wharf West
Boston, Massachusetts 02110
Tel: (617) 523-6329
Fax: (617) 742-8604
Email: jmarkham@markhamread.com

Attorneys for Defendants
Jason Begley, Wayne Lunsford
And certain entity defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>                          Plaintiff,<br><br>   vs.<br><br>RINCON MANAGEMENT SERVICES, LLC, a California limited liability company, also d/b/a "Rincon Debt Management," "Rincon Filing Services," and "Pacific Management Recovery"; et al.,<br>                          Defendants. | CASE NO: ED CV 11-01623-VAP (SPx)<br><br>**NOTICE OF MOTION AND MOTION OF COUNSEL FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANT WAYNE LUNSFORD AND CERTAIN ENTITY DEFENDANTS**<br><br>DATE:    February 10, 2014<br>TIME:    2:00 p.m.<br>CTRM:    No. 2<br>Hon. Virginia A. Phillips<br><br>Filed Concurrently with Declaration of Elizabeth Read and (Proposed) Order |

    This motion is made following a conference among counsel for the FTC and the defendants that took place on January 7, 2014.

    PLEASE TAKE NOTICE that John J. E. Markham, II and Elizabeth Read, of the firm of Markham & Read, counsel for Defendants Jason Begley, Wayne Lunsford and seven defendant

1

NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL (LUNSFORD)

entities as to which the firm has filed a notice of appearance, including Rincon Management Services LLC, a California limited liability company *doing business as* Rincon Debt Management, Rincon Filing Services and Pacific Management Recovery, Prime West Management Recovery, LLC, Union Management Services LLC, National Filing Services LLC, City Investment Services LLC, Global Filing Services LLC, and Pacific Management Recovery LLC, will move this Court on Monday, February 10, 2014, at 2:00 p.m. or as soon thereafter as this matter can be heard, in Courtroom No. 2 of the United States District Court for the Central District of California, Eastern Division, the Honorable Virginia A. Phillips, presiding, at 4100 Main Street, Riverside, California, for leave to withdraw from further representation of individual defendant Wayne Lunsford, and the entities identified above.

      Withdrawal from representation of Jason Begley, as well as the seven entities, is also being sought pursuant to a Request for Approval of Substitution or Withdrawal of Counsel filed herewith.

      This motion is based on the following Memorandum of Points and Authorities and the Declaration of Elizabeth Read.

Dated: January 8, 2014                     Respectfully submitted,

                                             MARKHAM & READ

                                               By: /s/ John J.E. Markham, II
                                                   John J.E. Markham, II
                                                   Attorneys for All Defendants
                                                   Jason Begley, Wayne Lunsford,
                                                   Rincon Management Services, LLC, Prime
                                                   West Management Recovery LLC, Union
                                                   Management Services LLC, National Filing
                                                   Services LLC, City Investment Services, LLC,
                                                   Global Filing Services, LLC and Pacific
                                                   Management Recovery LLC

## MEMORANDUM OF POINTS AND AUTHORITIES

Markham & Read submits this memorandum in support of its motion to withdraw as counsel for defendant Wayne Lunsford.  While co-defendant Jason Begley has consented to the withdrawal by John Markham and Elizabeth Read of their representation of the entities identified above, to the extent the consent of Wayne Lunsford is also required, this motion seeks withdrawal from the representation of those seven entities as well.  Counsel does not represent the remaining 25 defendant entities named in the amended complaint.

Co-defendant Jason Begley, on his own behalf and on behalf of the entities co-owned with Mr. Lunsford and, since October 11, 2011, under the control of Receiver Richard Weissman, has submitted a Request for Approval of Substitution or Withdrawal of Counsel, filed herewith, in which he consents to withdrawal of Markham & Read from representation of himself, personally, as well as the identified entities, and states his intention to appear *pro se*.

Mr. Lunsford has been advised that Markham & Read is submitting this request for withdrawal, but to date, while not stating any opposition, has not returned the signature page and contact information required in order to submit his voluntary request.  Due to the upcoming status conference scheduled for January 27, 2014, and the stated intention of the FTC to pursue litigation of this matter, Markham & Read brings this motion.

### Factual Background

This action was commenced by the Federal Trade Commission on October 11, 2011, and a temporary restraining order and later preliminary injunction were entered against defendants Begley, Lunsford, and certain entities identified above.  Docket Nos. 1, 5, 40. By order of the Court, John Markham substituted in as counsel on behalf of Begley, Lunsford and seven entities on February 3,

2012. Docket Nos. 82-90. Elizabeth Read entered an appearance as counsel on April 2, 2012. Docket Nos. 100, 101.

This matter was referred to mediation with ADR Panel Mediator Leonard Gumport, who filed his first Mediation Report on April 2, 2012, advising that the case had been partially resolved. Docket No. 102. After a second mediation, resolution was not obtained. Docket No. 138. A third mediation was set for July 23, 2012, and on September 13 the mediator advised the Court that the case had been completely settled. Docket No. 169.  Following a stipulation, on September 13, 2012, this Court entered an order to vacate litigation dates pending approval of the stipulated judgment. Docket No. 171.

Meanwhile, a first amended complaint had been filed by the Federal Trade Commission on August 17, 2012, naming an additional 25 entity defendants, but no additional individual defendants. Counsel has not appeared on behalf of the additional entity defendants and they are unrepresented in this action.  All entity defendants are under the control of the Receiver.

Litigation proceeded through the end of 2012 and 2013 as the FTC and the Receiver sought to recover assets from Jason Begley's father (gold and silver) and the defendants' former financial advisor, Larry Stephens.  No further litigation was undertaken concerning Mr. Lunsford.

Mr. Lunsford's wife, Amber Lunsford, was not named as a defendant, is not a party to the preliminary injunction, and owned a house as to which the FTC never filed a lien or lis pendens. Markham & Read does not represent Amber Lunsford. It is with regard to the sale of that house in the spring of 2013 that the FTC now takes issue, and demands information from Wayne Lunsford as to the disposition of the proceeds by his wife.  Absent documentation of expenditures, counsel for the FTC has indicated it intends to proceed to trial against Mr. Lunsford.

## ARGUMENT

Under the California Rules of Professional Conduct, Rule 3-700(C), an attorney may request permission to withdraw from representation if certain conditions are met. Specifically, in this case, counsel submit (1) it is unreasonably difficult for counsel to carry out the representation effectively (Rule 3-700(B)(1)d), and (2) Mr. Lunsford has breached an agreement or obligation as to expenses or fees (Rule 3-700(B)(1)(f).

We have been advised that Mr. Lunsford no longer lives in Southern California. After his wife sold her house, the family moved to Texas, but we do not have a physical address for him. He has not been in regular contact with counsel, nor sought legal advice on an on-going basis. He can only be contacted by way of cell phone and email. He has been advised of our intent to seek permission to withdraw, and has indicated his non-opposition, but he has not returned the signature page, or provided the contact information required by the Court. With respect to on-going representation, despite repeated attempts, we have been unable to secure the documentary evidence the FTC has requested concerning the disposition of the proceeds of his wife's house, which the FTC insists it must have before a settlement of this action can proceed.

As to fees, Markham & Read was initially retained by Begley and Lunsford in late 2011 and when retained, an agreement was entered into regarding the payment of fees. That agreement has not been honored by the defendants. The specific nature of the agreement between Begley, Lunsford, and Markham & Read are confidential and required to be kept confidential pursuant to California Business and Professions Code §6068(e), rule 3-100(A), California Rules of Professional Conduct, and by the attorney-client privilege (California Evid. C., §§950 *et seq.*). In the event that this court desires further information to ascertain the good faith basis for this motion and for withdrawal, it is respectfully requested that the court have an *in camera* hearing outside of the presence of all other parties so that the specific facts demonstrating good cause for this withdrawal

may be demonstrated to the court. (*Manfredi & Levine v. Superior Court* (1998) 66 Cal.App.4th 1128, 1136-1137; 3-700(B) or (C))".[1]

While Markham & Read continued to represent the defendants through what the FTC advised this Court was a settlement of this action "pending approval of Stipulated Judgment" (Docket 170) in November, 2012, after more than a year counsel for the FTC has apparently not presented a settlement agreement to the Federal Trade Commission.  To require Markham & Read to continue to represent the defendants and incur additional expense when the FTC appears intent on litigating this matter *ad infinitem* is not justified under the circumstances of this case.

## CONCLUSION

John J. E. Markham, II and Elizabeth Read, of the firm of Markham & Read, respectfully request that this Court grant their request to be allowed to withdraw from representing defendants in this action.

Dated: January 8, 2014                                    Respectfully submitted,

MARKHAM & READ

By: /s/ John J.E. Markham, II
John J.E. Markham, II
Attorneys for All Defendants
Jason Begley, Wayne Lunsford,
Rincon Management Services, LLC, Prime
West Management Recovery LLC, Union
Management Services LLC, National Filing
Services LLC, City Investment Services, LLC,
Global Filing Services, LLC and Pacific
Management Recovery LLC

---

[1] Begley and Lunsford are also defendants in a related California Superior Court case of *Bruch, et al. v. Begley, et al.* Markham & Read will be moving to withdraw from representation in that case as well.

# CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing document has been made this 8th day of January, 2014, by electronic service, which effected service on the following:

MARICELA SEGURA, CA Bar No. 225999
RAYMOND E. MCKOWN, CA Bar No. 150975
e-mail: msegura@ftc.gov and rmckown@ftc.gov
FEDERAL TRADE COMMISSION
10877 Wilshire Blvd., Suite 700
Los Angeles, CA 90024
Telephone: (310) 824-4343
Facsimile: (310) 824-4380

*Attorneys for Plaintiff*
FEDERAL TRADE COMMISSION

RICHARD WEISSMAN, ESQ., CA Bar No. 54781
Email: rweissman@rwreiver.com
12121 Wilshire Blvd., Suite 600
Los Angeles, CA 90025
Telephone: (310) 481-6780
Facsimile: (310) 481-6786

RECEIVER
Copies were also served on individual defendants, via email, as follows:

Jason Begley: jason.heavyhitters@gmail.com
Wayne Lunsford: wayne.heavyhitter@gmail.com

                                                /s/ John J.E. Markham, II
                                                  John J.E. Markham, II