MARICELA SEGURA, Cal. Bar No. 225999
e-mail: msegura@ftc.gov
RAYMOND E. MCKOWN, Cal. Bar No. 150975
e-mail: rmckown@ftc.gov
FEDERAL TRADE COMMISSION
10877 Wilshire Blvd., Suite 700
Los Angeles, CA 90024
Telephone: (310) 824-4343
Facsimile: (310) 824-4380

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>           Plaintiff,<br><br>v.<br><br>RINCON MANAGEMENT SERVICES, LLC, *et. al.*<br><br>           Defendants. | Case no. EDCV11-01623 VAP (SPx)<br><br>FTC'S RESPONSE TO MARKHAM & READ'S REQUEST FOR APPROVAL TO WITHDRAW AS COUNSEL FOR JASON BEGELY AND MOTION FOR LEAVE TO WITHDRAW AS COUSNEL FOR WAYNE LUNSFORD AND CERTAIN ENTITY DEFENDANTS, AND REQUEST FOR A MODIFIED ORDER APPROVING WITHDRAWAL AND FOR CONTINUANCE OF THE CASE MANAGEMENT CONFERENCE ON JANUARY 27, 2014<br><br>Motion Hearing Date: February 10, 2014<br>Time: 2:00 p.m.<br>Location: U.S. District Court<br>3470 Twelfth Street<br>Riverside, California 92501<br>Courtroom 2 |

1

## I. INTRODUCTION

John J.E. Markham II and Elizabeth Read, counsel for defendants Rincon Management Services, LLC; Prime West Management Recovery, LLC; Union Management Services, LLC; National Filing Services, LLC; City Investment Services, LLC; Global Filing Services, LLC; Pacific Management Recovery, LLC; Jason R. Begley and Wayne W. Lunsford, (hereinafter "Markham and Read" or "defense counsel") have submitted a request for approval to withdraw as counsel for defendant Jason R. Begley ("Begley") and business entity defendants Rincon Management Services, LLC; Prime West Management Recovery, LLC; Union Management Services, LLC; National Filing Services, LLC; City Investment Services, LLC; Global Filing Services, LLC; Pacific Management Recovery, LLC and a motion to withdraw as counsel for Wayne W. Lunsford ("Lunsford") and the seven business entity defendants listed above.

As set forth below, the FTC does not oppose the withdrawal of John J.E. Markham II and Elizabeth Read as counsel for defendants, but requests further orders from the Court in the event of their withdrawal as counsel with respect to the business entity defendants, which cannot appear in *propria persona*, and to facilitate future service of documents in this action to individual defendants Begley and Lunsford. The FTC also requests continuance of the scheduling conference on January 27, 2014 should the issue of Defendants' representation remain unresolved at that time.

## II. RELEVANT FACTUAL BACKGROUND

On October 11, 2011, the Federal Trade Commission ("FTC" or the "Commission") filed a complaint and obtained a temporary restraining order against Begley, Lunsford and the seven business entity defendants listed above. Docket ("Dkt.") Nos. 1, 5. On November 10, 2011, following the submission of additional evidence, the parties' pleadings, and oral argument, the Court entered a preliminary injunction against Begley, Lunsford, the seven business entity

2

defendants listed above, and a number of additional shell companies owned and controlled by Begley and Lunsford in connection with their debt collection enterprise.  Dkt. No. 40.  As shown by Defendants, these entities controlled by Begley and Lunsford formed a common enterprise in their debt collection business.  *See e.g.,* Dkt. No. 45-5 p. 2 (Exhibit A-3 to declaration of Jason Begley); *see also* Dkt. No. 32-1 p. 3 (Defendants' organizational chart attached to second declaration of Ann Stahl).  Other entities, such as Begley's and Lunsford's trusts and S-corporations served merely as a conduit for payment of funds directly to them.  *See id.*  In addition, numerous debt collection entities, though formed to provide the guise of separateness, were actually owned and controlled by Lunsford and Begley.  *See e.g.,* Dkt. 25-5 p. 32-33.  These additional shell companies were placed under receivership pursuant to the preliminary injunction.  *See* Dkt. No. 40 at 4.  On July 31, 2012, the parties stipulated that the FTC be granted leave to amend the complaint to add twenty five of these entities as either defendants or relief defendants.[1]  Dkt. No. 154.

On August 17, 2012, by leave of the Court, the FTC filed its First Amended Complaint ("FAC").  Dkt. No. 162.  That month, counsel for the FTC and Defendants also reached a tentative agreement to settle the case in its entirety (including as to the additional defendants and relief defendants named in the FAC).

---

[1]  The defendant entities added in the first amended complaint are: Asset Filing Services, Inc.; Capital Filing Services, Inc.; County Filing Services, Inc.; Eagle Filing Services, Inc.; Heavy Hitters Investments, Inc.; Irvine Group & Associates; Maple Filing Services, Inc.; Nationwide Filing Services, Inc.; Portfolio Investment Financial, Inc.; Portfolio Investment Group, LP; Prime Western Investments, LLC; Raincross Filing Services, Inc.; Rockwell Management Services, LLC; Southcoast Financial Services, Inc.; Statewide Associates Group; Superior Filing Services, Inc.; Universal Filing Services, Inc.; Westcoast Filing Services, Inc.; Worldwide Filing Services, Inc.; Bagels Consulting Firm, Inc.; and Lunsford Investment and Management Services, Inc. The relief defendants added in the first amended complaint are:  Skyridge Legacy Trust; Jason R. Begley, in his capacity as trustee of Skyridge Legacy Trust; JBEG Legacy Gift Trust; Jason R. Begley, in his capacity as trustee of JBEG Legacy Gift Trust; WAL Legacy Trust, Wayne W. Lunsford, in his capacity as trustee of WAL Legacy Trust; and Heavy Hitters Motors, Inc.

*See* Dkt. No. 170 p. 3 (Stipulation to Vacate Litigation Dates).  The tentative agreement was predicated on the truthfulness and accuracy of Defendants' sworn statements regarding their financial condition, and all parties and counsel agreed and understood that Markham and Read would sign as settlement counsel for all named Defendants.  *See e.g.,* Dkt. No. 249 p. 3-4 (FTC's Motion for Further Court-Ordered Mediation).  Thus, in mid-September 2012, the parties stipulated to vacate all litigation dates pending the Commission's approval of the settlement.  *See* Dkt. No. 170.  Despite agreeing to settle on behalf of all Defendants, Markham & Read have not entered a formal appearance on behalf of the 25 entities added in the First Amended Complaint as either defendants or relief defendants.  Moreover, no other counsel has filed an answer on behalf of these entities.

In addition, contrary to defense counsels' assertion, settlements have *never* been "obtained" for *any* Defendants.  As discussed at length with Markham and Read on numerous occasions, and set forth in the FTC's Motion for Further Court-Ordered Mediation, each time potential settlement terms were re-negotiated and stipulations were signed by Defendants, the proposed agreements were scuttled by Defendants' contumacious behavior.  *See generally* Dkt. No. 249 (FTC's Motion for Further Court-Ordered Mediation).

III.   ARGUMENT

An attorney may not withdraw as counsel except by leave of court.  Local Rule 83-2.3.2.  The decision to grant or deny counsel's motion to withdraw lies within the sound discretion of the trial court.  *See McNally v. Eye Dog Found. for the Blind, Inc.*, 2011 WL 1087117, at *1 (E.D. Cal. March 24, 2011).  Where counsel's withdrawal will cause a delay in prosecution of the case, the moving party must show "good cause" and that the "ends of justice require" withdrawal.  Local Rule 83-2.3.5.  An attorney who requests leave to withdraw from representation of an organization must give written notice to the organization of the consequences of its inability to appear pro se.  Local Rule 83-2.3.4.

It is well-settled that a corporation may only appear in federal court through counsel. *See Parino v. Bidrack, Inc.,* 2011 WL 5024348, at *1 (N.D. Cal. Oct. 20, 2011); *see also* Local Rule 83-2.2.2. Thus, a corporate defendant's who fails to obtain counsel necessarily risks default. *See McNally v. Commonwealth Fin. Sys., Inc.*, 2013 WL 685364, at *1 (S.D. Cal. Feb. 25, 2013) (cautioning that a failure to "promptly retain substitute counsel risks default."); *see also Oracle Am., Inc. v. Service Key, LLC*, 2013 WL 1195620, at *2 (holding if substitute counsel fails to appear for entity defendant within 15 days of counsel's withdrawal, the court will strike the entity's answer and direct entry of default against it), *citing U.S. v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (holding it was "appropriate" for the district court to enter default judgment when the defaulting corporation failed to obtain counsel in compliance with the court's order). *C.f. CE Res., Inc. v. Magellan Group, LLC*, 2009 WL 3367489, at *3 (E.D. Cal. Oct. 14, 2009) (denying counsel's motion to withdraw noting "[i]t would be an injustice to leave the [corporate defendant] In a judicial stalemate until a replacement attorney could be located.").

Here, Markham and Read's withdrawal will leave numerous business entity defendants unrepresented and unable to appear in *propria persona*.[2] As discussed above, these entities are essentially corporate shells owned and controlled by Lunsford and Begley either for the purpose of running their debt collection operation or funneling money from the business to themselves. As co-owners of these companies, Lunsford and Begley are the real parties in interest who stand to gain or lose those business entities' frozen assets if they default in this action. Thus, Lunsford and Begley must decide whether to hire replacement counsel and

---

[2] Although unclear from the request and motion to withdraw, we assume that Markham and Read have complied with Local Rule Local Rule 83-2.3.4 and advised Lunsford and Begley of the consequences of their withdrawal as counsel for their business entities.

make arrangements for such representation, if any, going forward. In order to avoid a judicial stalemate should the Court relieve Markham and Read as counsel for the business entities, the FTC requests the following additional orders:

- that substitute counsel must appear on behalf of the business entity defendants named in the First Amended Complaint within a reasonable amount of time, not to exceed 30 days from Markham and Read's withdrawal, and must file an answer on behalf of the business entity defendants within 20 days of replacement counsel's retention;
- if substitute counsel does not appear within 30 days of Markham and Read's withdrawal, the Court shall strike the answer[3] on behalf of business entity defendants Rincon Management Services, LLC; Prime West Management Recovery, LLC; Union Management Services, LLC; National Filing Services, LLC; City Investment Services, LLC; Global Filing Services, LLC; Pacific Management Recovery, LLC (Dkt. No. 29) and direct the entry of default against these and all other business entity defendants named in the First Amended Complaint that have not answered. Thereafter, the FTC may file a motion for default judgment against the business entity defendants.

The above approach has been followed by other courts faced with unrepresented business entities. *See Oracle Am., Inc.*, 2013 WL 1195620, at *2; *High Country Broad. Co.*, 3 F.3d at 1245; *see also Indymac Fed. Bank v. McComic*, 2010 WL 2000013, at *2 (S.D. Cal. May 18, 2010) (ordering that corporate defendants obtain substitute counsel within 30 days of the Court's order approving withdrawal of counsel); *ST Ventures, LLC v. KBA Assets and*

---

[3] In our telephone conference on January 6, 2014, Markham and Read indicated that Defendants may be willing to stipulate to strike the answer on behalf of the business entity defendants incident to their withdrawal as counsel. Currently, it is unclear what Defendants' position is on this issue.

*Acquisitions, LLC*, 2013 WL 5764640, at *2 (requiring defendants to file notice of successor counsel within 30 days of the court's order approving withdrawal).

In addition, the FTC does not oppose Markham and Read's withdrawal as counsel for Begley and Lunsford. However, the FTC requests the following additional orders to facilitate service of documents to Begley and Lunsford in the litigation going forward:

- within 5 days of the Court's order approving withdrawal of Markham and Read as counsel, Begley and Lunsford must provide to the Court, the FTC, and the Receiver their current telephone number, email address, and residential address;
- that the FTC and the Receiver may serve documents and notices to Begley and Lunsford via both email and U.S. Mail to their residential address;
- that Begley and Lunsford be reminded of their duty under Local Rule 83-2.4 to provide notice to the Court and the parties of any change of residential address, telephone number, or email address within 5 days of the change.

The FTC submits that these additional orders are necessary to facilitate the litigation going forward and to avoid the service issues that have plagued this case in the past. *See e.g.,* Dkt. Nos. 206, 216. The FTC notes that during their January 6, 2014, telephone conference, counsel Markham and Read stated that Lunsford had not been in touch with them for some time and that Lunsford's telephone number would not accept voicemail messages. In addition, counsel Elizabeth Read states that Lunsford has not provided them with a physical address, even though they have requested this information from him. *See* Dkt. No. 265-1 p. 2-3 (Decl. of E. Read ¶ 5).[4]  Markham and Read also have not provided the FTC with a

---

[4] Counsel Elizabeth Read misstates that FTC counsel advised her that they have a physical address for Lunsford through public records. *See* 265-1 p. 3. This is not so. The FTC does not have a confirmed physical address for Lunsford. In any event, the duty should be on Lunsford, as a defendant in this matter, to provide his current residential address to this Court, the FTC and the Receiver. This litigation should not be allowed to devolve into a game of cat and mouse.

telephone number or residential address for defendant Begley. Defense counsels' trouble in maintaining contact with their client suggests that this issue will persist unless Lunsford and Begley are under specific order to provide their current contact information and additional orders are in place regarding service. Moreover, an order providing for service by email <u>and</u> U.S. Mail to Lunsford and Begley is beneficial to them: service by email will provide Begley and Lunsford with a more immediate form of service, akin to CM/ECF, should they not elect to register with CM/ECF as *pro se* defendants. And, service by U.S. Mail gives additional assurance of service to Begley and Lunsford and will provide them with paper copies of all filings and other service documents.

## IV. <u>FTC REQUESTS A CONTINUANCE OF SCHEDULING CONFERENCE SET FOR JANUARY 27, 2014</u>

On December 6, 2013, the Court ordered a scheduling conference on January 27, 2014. Dkt. No. 252. On January 6, 2014, the last day for the parties to confer on a discovery plan pursuant to Federal Rule of Civil Procedure ("FRCP") 26(f), Markham and Read confirmed that they would submit their request and motion to withdraw as counsel for Defendants. As such, Markham and Read stated that they were unable to confer with FTC counsel on the 26(f) topics because they did not feel they had the authority to do so. In response, the FTC requested permission from Markham and Read to allow FTC counsel to contact Lunsford and Begley directly to confer on the FRCP 26(f) topics. Defense counsel Elizabeth Read responded that, without speaking to Lunsford, they could not authorize our direct contact with him as they were still counsel of record. She also stated that she would share our request with Begley, but we still have not heard back from Ms. Read on whether we can confer with Begley directly. In light of this, we asked that Ms. Read provide Lunsford and Begley with the FTC's proposed litigation schedule.

Although counsel for the FTC is prepared to submit a unilateral FRCP 26(f) report to the Court, we want the opportunity to confer with Begley and Lunsford prior to the scheduling conference before this Court. However, because the hearing on defense counsels' motion to withdraw as counsel for Lunsford is set for February 10, 2014, the issues related to Defendants' representation are unlikely to be resolved by January 27, 2014; thus, the FTC requests that the scheduling conference be continued until after the Court rules on Markham and Read's motion to withdraw.

## V. CONCLUSION

WHEREFORE, the FTC respectfully requests that, should the Court approve Markham and Read's withdrawal as counsel for Lunsford, Begley and the business entity defendants, the Court issue the following additional orders:

- substitute counsel must appear on behalf of the business entity defendants named in the First Amended Complaint within a reasonable amount of time, not to exceed 30 days from Markham and Read's withdrawal, and must file an answer on behalf of the business entity defendants within 20 days of replacement counsel's retention;

- if substitute counsel does not appear within 30 days of Markham and Read's withdrawal, the Court shall strike the answer on behalf of business entity defendants Rincon Management Services, LLC; Prime West Management Recovery, LLC; Union Management Services, LLC; National Filing Services, LLC; City Investment Services, LLC; Global Filing Services, LLC; Pacific Management Recovery, LLC (Dkt. No. 29) and direct the entry of default against these and all other business entity defendants named in the First Amended Complaint that have not answered. Thereafter, the FTC may file a motion for default judgment against the business entity defendants;

- within 5 days of the Court's order approving withdrawal of Markham and Read as counsel, Begley and Lunsford must provide to the Court, the FTC,

and the Receiver their current telephone number, email address, and residential address;

- the FTC and the Receiver may serve documents and notices to Begley and Lunsford via both email and U.S. Mail to their residential address;
- that Begley and Lunsford be reminded of their duty under Local Rule 83-2.4 to provide notice to the Court and the parties of any change of residential address, telephone number, or email address within 5 days of the change.

The FTC further requests that the Court continue the scheduling conference currently set for January 27, 2014 to some date after the Court rules on Markham and Read's motion to withdraw as counsel for Defendants.

Dated:  January 9, 2014                         Respectfully submitted,


                                          _/s/ Maricela Segura_ _____
                                          Maricela Segura
                                          Attorney for Plaintiff
                                  FEDERAL TRADE COMMISSION