Jonathan E. Nuechterlein
General Counsel
MARICELA SEGURA, CA Bar No. 225999
RAYMOND E. MCKOWN, CA Bar No. 150975
e-mail: msegura@ftc.gov and rmckown@ftc.gov
FEDERAL TRADE COMMISSION
10877 Wilshire Blvd., Suite 700
Los Angeles, CA 90024
Telephone: (310) 824-4343
Facsimile:  (310) 824-4380

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>RINCON MANAGEMENT SERVICES, LLC, et al.,<br><br>    Defendants. | Case No.  EDCV11-01623 VAP (SPx)<br><br>[Proposed] FINAL ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AGAINST DEFENDANTS JASON R. BEGLEY AND WAYNE W. LUNSFORD |

Plaintiff, the Federal Trade Commission ("Commission" or "FTC") filed its Complaint for Permanent Injunction and Other Equitable Relief [Dkt. 1], subsequently amended as First Amended Complaint for Permanent Injunction and Other Equitable Relief [Dkt. 162] (collectively, "Complaint"), for a permanent injunction and other equitable relief in this matter, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and Section 814 of the Fair Debt Collection Practices Act ("FDCPA"), 15

U.S.C. § 1692*l* [Dkt. 162].  The Commission and Defendants Jason R. Begley and Wayne W. Lunsford ("Settling Defendants") having agreed in the "Stipulation To Enter Final Order for Permanent Injunction and Monetary Judgment Against Defendants Jason R. Begley and Wayne W. Lunsford," hereby request that the Court enter this Final Order for Permanent Injunction and Monetary Judgment Against Defendants Jason R. Begley and Wayne W. Lunsford ("Order") to resolve all matters in dispute between the FTC and Settling Defendants:

## FINDINGS

By stipulation of the Commission and Settling Defendants, the Court finds:

1. The Court has jurisdiction over this matter.

2. The Complaint charges that Defendants participated in deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a) and Sections 805(b), 806(6), 807, 809(a) of the FDCPA, 15 U.S.C. §§ 1692c(b), 1692d(6), 1692e, 1692g(a), in the collection of consumer debt.

3. Settling Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order.  Only for purposes of this action, Settling Defendants admit the facts necessary to establish jurisdiction.

4. Settling Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5. Settling Defendants stipulate that the assets identified in Section III titled Monetary Judgment and Partial Suspension as to Settling Defendants is derived from payments made by consumers and attributable to the acts and practices alleged in the Complaint.  Therefore, said property is subject to a constructive trust for consumers; Settling Defendants hold only legal title and not an equitable interest in said assets.

    6.    Settling Defendants waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purposes of this Order, the following definitions shall apply:

1.    *"Consumer"* means any natural person.

2.    *"Credit repair services"* means using any instrumentality of interstate commerce or the mails to sell, provide, or perform any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of (a) improving any consumer's credit record, credit history, or credit rating, or (b) providing advice or assistance to any consumer with regard to any activity or service described in clause (a).

3.    *"Debt"* means any obligation or alleged obligation to pay money arising out of a transaction, whether or not such obligation has been reduced to judgment.

4.    *"Debt collection activities"* means any activities of a debt collector to collect or attempt to collect, directly or indirectly, a debt owed or due, or asserted to be owed or due, another.

5.    *"Debt collector"* means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.  The term also includes any creditor who, in the process of collecting its own debts, uses any name other than its own which would indicate that a third person is collecting or attempting to collect such debts.  The term also includes any person to the extent such person receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt.

6.    *"Defendants"* means all of the Defendants set forth in the First Amended Complaint, individually, collectively, or in any combination.

7. "*Financial-related product or service*" means any product, service, plan, or program represented, expressly or by implication, to: (a) provide to any consumer, arrange for any consumer to receive, or assist any consumer in receiving, an extension of consumer credit; (b) provide to any consumer, arrange for any consumer to receive, or assist any consumer in receiving, credit repair services; (c) provide to any consumer, arrange for any consumer to receive, or assist any consumer in receiving, any secured or unsecured debt relief product or service.

8. "*Person*" means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, or any other group or combination acting as an entity.

9. "*Receiver*" means Richard Weissman appointed as Receiver in the Preliminary Injunction in this matter [Dkt. 40].

10. "*Receivership Defendants*" means the following entities under receivership pursuant to the Preliminary Injunction [Dkt. 40]: Rincon Management Services, LLC also d/b/a "Rincon Debt Management," "Rincon Filing Services," and "Pacific Management Recovery"; Prime West Management Recovery, LLC; Union Management Services, LLC also d/b/a "Union Filing Services"; National Filing Services, LLC; City Investment Services, LLC; Global Filing Services, LLC; Pacific Management Recovery, LLC; Nationwide Filing Services, Inc.; Worldwide Filing Services, Inc.; Maple Filing Services, LLC; Southcoast Financial Services, Inc.; National Filing Services, LLC; Raincross Filing Services, Inc.; Pacific Management and Recovery, LLC; Prime Western Investments, LLC; Universal Filing Services, Inc.; Rockwell Management Services, LLC; Asset Filing Services, Inc.; Eagle Filing Services, LLC; Capital Filing Services, Inc.; County Filing Services, Inc.; Irvine Group & Associates; Statewide Associates Group; Superior Filing Services, Inc.; West Coast Filing

Services, Inc.; Bagels Consulting Firm, Inc.; Lunsford Investment and Management Services, Inc.; Debt Marketing Solutions, LLC; Debt Tech Solutions, LLC; Heavy Hitters Investments, Inc.; Heavy Hitters Motors, Inc.; Heavy Hitters Real Estate, Inc.; Portfolio Investment Partners, LP; Portfolio Investments Partners, Inc.; Portfolio Investment Group, LP; Portfolio Investment Financial, Inc.; Skyridge Legacy Trust (Jason R. Begley, Trustee); WAL Legacy Trust (Wayne Lunsford, Trustee); Spiff Money Legacy Gift Trust (Wayne Lunsford, Trustee); JRB Intellect, LLC; JBEG, LLC; LAL Intellect, LLC; Heavy Hitters Spiff Money Management Corp.; Spiff Management, Inc., and each of them by whatever names they might be known.

11.   ***Secured or unsecured debt relief product or service*** means, with respect to any mortgage, loan, debt, or obligation between a person and one or more secured or unsecured creditors or debt collectors, any product, service, plan, or program represented, expressly or by implication, to (a) negotiate, settle, or in any way alter the terms of payment or other terms of the mortgage, loan, debt, or obligation, including but not limited to, a reduction in the amount of interest, principal balance, monthly payments, or fees owed by a person to a secured or unsecured creditor or debt collector; (b) stop, prevent, or postpone any mortgage or deed of foreclosure sale for a person's dwelling, any other sale of collateral, any repossession of a person's dwelling or other collateral, or otherwise save a person's dwelling or other collateral from foreclosure or repossession; (c) obtain any forbearance or modification in the timing of payments from any secured or unsecured holder of any mortgage, loan, debt, or obligation; (d) negotiate, obtain, or arrange any extension of the period of time within which the person may (i) cure his or her default on the mortgage, loan, debt, or obligation, (ii) reinstate his or her mortgage, loan, debt, or obligation, (iii) redeem a dwelling or other collateral, or (iv) exercise any right to reinstate the mortgage, loan, debt, or obligation or redeem a dwelling or other collateral; (e) obtain any waiver of an acceleration clause or

5

balloon payment contained in any promissory note or contract secured by any dwelling or other collateral; or (f) negotiate, obtain, or arrange (i) a short sale of a dwelling or other collateral, (ii) a deed-in-lieu of foreclosure, or (iii) any other disposition of a mortgage, loan, debt, or obligation other than a sale to a third party that is not the secured or unsecured loan holder. The foregoing shall include any manner of claimed assistance, including, but not limited to, auditing or examining a person's application for the mortgage, loan, debt, or obligation.

## ORDER

## I. DEBT COLLECTION BAN

IT IS ORDERED that Settling Defendants are permanently restrained and enjoined from:

    A.    Engaging in debt collection activities;

    B.    Assisting others engaged in debt collection activities; and

    C.    Advertising, marketing, promoting, offering for sale, selling, or assisting others engaged in the advertising, marketing, promoting, offering for sale, or selling, of any portfolio of consumer or commercial debt and any program that gathers, organizes, or stores consumer information relating to a debt or debt collection activities.

## II. PROHIBITED MISREPRESENTATIONS RELATING TO FINANCIAL-RELATED PRODUCTS OR SERVICES

IT IS FURTHER ORDERED that the Settling Defendants, Settling Defendants' officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promotion, offering for sale or sale of any financial-related product or service, are permanently restrained and enjoined from:

    A.    Misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including but not limited to:

1. The terms or rates that are available for any loan or other extension of credit;

2. Any person's ability to improve or otherwise affect a consumer's credit record, credit history, credit rating, or ability to obtain credit;

3. That any person can improve any consumer's credit record, credit history, or credit rating by permanently removing negative information from the consumer's credit record, credit history, or credit rating, even where such information is accurate and not obsolete;

4. Any aspect of any secured or unsecured debt relief product or service, including but not limited to, the amount of savings a consumer will receive from purchasing, using, or enrolling in such secured or unsecured debt relief product or service; the amount of time before which a consumer will receive settlement of that consumer's debts; or the reduction or cessation of collection calls;

5. That a consumer will receive legal representation;

6. That any particular outcome or result from a financial-related product or service is guaranteed, assured, highly likely or probable, or very likely or probable;

7. The nature or terms of any refund, cancellation, exchange, or repurchase policy, including, but not limited to, the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be provided to the consumer; and

8. Any other fact material to consumers concerning any financial-related product or service, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics; and

B. Advertising or assisting others in advertising credit terms other than those terms that actually are or will be arranged or offered by a creditor or lender.

## III. MONETARY JUDGMENT AND PARTIAL SUSPENSION AS TO SETTLING DEFENDANTS

IT IS FURTHER ORDERED that:

A. Judgment in the amount of TWENTY-THREE MILLION EIGHTY-FOUR THOUSAND EIGHT HUNDRED EIGHTY-FIVE DOLLARS ($23,084,885) is entered in favor of the Commission against Settling Defendants, jointly and severally, as equitable monetary relief (hereafter the "Equitable Judgment"). The Equitable Judgment is suspended, subject to the Subsections below.

B. Defendant Jason R. Begley relinquishes his right, title, and claim to all gold and silver purchased with funds from Defendants and/or Skyridge Legacy Trust, or purchased by or for the benefit of Jason R. Begley, from California Numismatic Investments on or about August 26, 2011 (collectively "gold and silver"), including that portion of the gold and silver previously turned over to and under the control of the Receiver. Defendant Jason R. Begley grants the Receiver full authority to sell or otherwise liquidate the gold and silver previously turned over to the Receiver and to pay any net proceeds from the sale or liquidation of said gold and silver to the Commission as soon as practicable.

C. Settling Defendants hereby assign to the Commission all of their right, title, interest in, and any claim or right they may have to receive property or payment of money from Lawrence Stephens, BryLaw Firm, Inc. and/or Infinite Partners, Inc. (hereinafter, collectively the "BryLaw Firm") based on investments, loans, or business opportunities arranged on their behalf by, or any other dealings with, the BryLaw Firm. If funds, proceeds, or assets from the BryLaw Firm are paid, transferred, or delivered to any Settling Defendant, or to any person on the Settling Defendant's behalf, the Settling Defendant is ordered to immediately turn over such funds, proceeds, or assets to the Commission or its representatives or agents.

D.  Settling Defendants hereby grant to the Commission all legal and equitable right, title, and interest in all assets held by the Receiver including those in the name of and for the benefit of Settling Defendants and Receivership Defendants.  After satisfaction of any Court-authorized payments to the Receiver, the Receiver shall transfer Settling Defendants' and Receivership Defendants' remaining assets and the net proceeds, if any, from the sale of any remaining assets belonging to the Settling Defendants and Receivership Defendants, to the Commission.  Any assets or proceeds turned over to the Commission as part of this Section shall be applied to the Equitable Judgment, with the remainder of the Equitable Judgment suspended as described in this Section.

E.  Settling Defendants further stipulate that they will cooperate fully to effectuate any asset transfer or assignment of right pursuant to this Section, and within 7 days of a written request by a representative of the Commission, shall execute all documents and take all actions necessary to do so.

G.  The Commission's agreement to the suspension of part of the Equitable Judgment is expressly premised upon the truthfulness, accuracy, and completeness of Settling Defendants' sworn financial statements and related documents (collectively, "financial representations"), submitted to the Commission, namely those documents identified in Attachment A hereto.

H.  The suspension of the Equitable Judgment will be lifted as to any Settling Defendant if, upon motion by the Commission, the Court finds that Settling Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified in Attachment A.

I.  If the suspension of the Equitable Judgment is lifted, the Equitable Judgment becomes immediately due as to that Settling Defendant in the amount specified in Subsection A above, which the parties stipulate only for purposes of this Section represents the consumer injury alleged in the Complaint, less any

payment previously made to the Commission pursuant to this Section, plus interest computed from the date of entry of this Order.

## IV. SECOND MONETARY JUDGMENT AS TO DEFENDANT JASON R. BEGLEY

A. Judgment in the amount of ONE HUNDRED SEVENTY-SIX THOUSAND ONE HUNDRED FIFTEEN DOLLARS ($176,115) is entered in favor of the Commission against Defendant Jason R. Begley, individually, and is immediately due and collectible (hereinafter "Begley Contempt Judgment").

B. Jason R. Begley further agrees that, should any gold or silver, referenced in Section III.B above, come into his possession, custody, or control at any point in the future, Jason R. Begley will immediately liquidate the gold and/or silver and turn over the proceeds to the Commission as a partial satisfaction of the Begley Contempt Judgment.

C. No portion of any funds or assets turned over to the Commission pursuant to Section III will pay down the Begley Contempt Judgment.

## V. SECOND MONETARY JUDGMENT AS TO DEFENDANT WAYNE W. LUNSFORD

A. Judgment in the amount of ONE HUNDRED THIRTY-FOUR THOUSAND DOLLARS ($134,000) is entered in favor of the Commission against Defendant Wayne W. Lunsford, individually, and is immediately due and collectible (hereinafter "Lunsford Contempt Judgment").

B. No portion of any funds or assets turned over to the Commission pursuant to Section III will pay down the Lunsford Contempt Judgment.

## VI. ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

A. Settling Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

10

B. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C. The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D. Settling Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Defendants previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

E. All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund.  If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Settling Defendants' practices alleged in the Complaint.  Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement.  Settling Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## VII.  CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Settling Defendants, Settling Defendants' officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order,are permanently restrained and enjoined from directly or indirectly:

A. Failing to provide sufficient customer information to enable the Commission to administer efficiently consumer redress.  If a representative of the Commission requests in writing any information related to redress, Settling Defendants must provide it, in the form prescribed by the Commission, within 14 days.

B. Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a consumer's account (including a credit card, bank account, credit report, or other financial account) that any Defendant obtained prior to entry of this Order in connection with the collection of consumer debt; and

C. Failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the Commission.

**Provided, however**, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by a law, regulation, or court order.

## VIII.  COOPERATION

IT IS FURTHER ORDERED that Settling Defendants must fully cooperate with representatives of the Commission and the Receiver in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint.  Settling Defendants must provide truthful and complete information, evidence, and testimony.  Settling Defendants must appear

for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.

## IX. ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Settling Defendants obtain acknowledgments of receipt of this Order:

A. Each Settling Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 15 years after entry of this Order, each Settling Defendant for any business that such Settling Defendant, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in the collection of consumer debt; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within 7 days of entry of this Order for current personnel.  For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which a Settling Defendant delivered a copy of this Order, that Settling Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## X. COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Settling Defendants make timely submissions to the Commission:

A. One year after entry of this Order, each Settling Defendant must submit a compliance report, sworn under penalty of perjury:

1. Each Settling Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Settling Defendant; (b) identify all of that Settling Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Settling Defendants must describe if they know or should know due to their own involvement); (d) describe in detail whether and how that Settling Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

2. Additionally, each Settling Defendant must: (a) identify all telephone numbers and all physical, postal, email, and Internet addresses, including all residences; (b) identify all business activities, including any business for which such Settling Defendant performs services whether as an employee or otherwise and any entity in which such Settling Defendant has any ownership interest; and (c) describe in detail such Settling Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For 20 years following entry of this Order, each Settling Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. Each Settling Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any entity that Settling Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger,

sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

   2. Additionally, each Settling Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Settling Defendant performs services whether as an employee or otherwise and any entity in which such Settling Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

  C. Each Settling Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or any similar proceeding by or against such Defendant within 14 days of its filing.

  D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on:_____" and supplying the date, signatory's full name, title (if applicable), and signature.

  E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. Rincon Management Services, et al., X120019.

## XI. RECORDKEEPING

IT IS FURTHER ORDERED that Settling Defendants must create certain records for 20 years after entry of the Order, and retain each such record for 5 years. Specifically, each Settling Defendant for any business that such Settling Defendant, individually or collectively with any other Defendants, is a majority

15

owner or controls directly or indirectly, must create and retain the following records:

    A.    Accounting records showing the revenues from all goods or services sold;

    B.    Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

    C.    Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response; and

    D.    All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission.

## XII.  COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Settling Defendants' compliance with this Order, including the financial representations upon which part of the Equitable Judgment was suspended and any failure to transfer any assets as required by this Order:

    A.    Within 14 days of receipt of a written request from a representative of the Commission, each Settling Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

    B.    For matters concerning this Order, the Commission is authorized to communicate directly with each Settling Defendant.  Settling Defendants permit representatives of the Commission to interview any employee or other person

16

1  affiliated with any Settling Defendant who has agreed to such an interview.  The
2  person interviewed may have counsel present.
3     C. The Commission may use all other lawful means, including posing,
4  through its representatives, as consumers, suppliers, or other individuals or entities,
5  to Settling Defendants, or any individual or entity affiliated with Settling
6  Defendants, without the necessity of identification or prior notice.  Nothing in this
7  Order limits the Commission's lawful use of compulsory process, pursuant to
8  Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

### XIII.  RETENTION OF JURISDICTION

   IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED.**

DATE: _March 26, 2014_      _____
                 Hon. Virginia A. Phillips
                 UNITED STATES DISTRICT JUDGE