UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>RINCON MANAGEMENT SERVICES, LLC, ET. AL.<br><br>Defendants. | Case No. EDCV 11-01623 VAP (SPx)<br><br>**JUDGMENT AND PERMANENT INJUNCTION** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to the Order filed herewith, IT IS ORDERED AND ADJUDGED that a Judgment and Permanent Injunction is entered in favor of Plaintiff, the Federal Trade Commission, and against Defendants Rincon Management Services, LLC, also d/b/a "Rincon Debt Management," "Rincon Filing Services," and "Pacific Management Recovery,"; Prime West Management Recovery, LLC; Union Management Services, LLC, also d/b/a "Union Filing Services,"; National Filing Services, LLC; City

Investment Services, LLC; Global Filing Services, LLC; and Pacific Management Recovery, LLC, as follows:

## I. DEFINITIONS

For the purposes of this Order, the following definitions shall apply:

1. "Business Entity Defendants" means Rincon Management Services, LLC, also d/b/a "Rincon Debt Management," "Rincon Filing Services," and "Pacific Management Recovery,"; Prime West Management Recovery, LLC; Union Management Services, LLC, also d/b/a "Union Filing Services,"; National Filing Services, LLC; City Investment Services, LLC; Global Filing Services, LLC; and Pacific Management Recovery, LLC, by whatever other names each may be known, and their successors and assigns, as well as any subsidiaries and any fictitious business entities or business names created or used by these entities, or any of them.

2. "Consumer" means any natural person.

3. "Credit repair services" means using any instrumentality of interstate commerce or the mails to sell, provide, or perform any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of (a) improving any consumer's credit record, credit history, or credit

rating, or (b) providing advice or assistance to any consumer with regard to any activity or service described in clause (a).

  4. "Debt" means any obligation or alleged obligation to pay money arising out of a transaction, whether or not such obligation has been reduced to judgment.

  5. "Debt collection activities" means any activities of a debt collector to collect or attempt to collect, directly or indirectly, a debt owed or due, or asserted to be owed or due, another.

  6. "Debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. The term also includes any creditor who, in the process of collecting its own debts, uses any name other than its own which would indicate that a third person is collecting or attempting to collect such debts. The term also includes any person to the extent such person receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt.

7. "Defendants" means all of the Defendants set forth in the First Amended Complaint, individually, collectively, or in any combination.

8. "Financial-related product or service" means any product, service, plan, or program represented, expressly or by implication, to: (a) provide to any consumer, arrange for any consumer to receive, or assist any consumer in receiving, an extension of consumer credit; (b) provide to any consumer, arrange for any consumer to receive, or assist any consumer in receiving, credit repair services; (c) provide to any consumer, arrange for any consumer to receive, or assist any consumer in receiving, any secured or unsecured debt relief product or service.

9. "Person" means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, or any other group or combination acting as an entity.

10. "Receiver" means Richard Weissman appointed as Receiver in the Preliminary Injunction in this matter [Doc. No. 40].

11. "Receivership Defendants" means the following entities under receivership pursuant to the Preliminary

4

Injunction [Dkt. 40]: Rincon Management Services, LLC also d/b/a "Rincon Debt Management," "Rincon Filing Services," and "Pacific Management Recovery"; Prime West Management Recovery, LLC; Union Management Services, LLC also d/b/a "Union Filing Services"; National Filing Services, LLC; City Investment Services, LLC; Global Filing Services, LLC; Pacific Management Recovery, LLC; Nationwide FilingServices, Inc.; Worldwide Filing Services, Inc.; Maple Filing Services, LLC; Southcoast Financial Services, Inc.; National Filing Services, LLC; Raincross Filing Services, Inc.; Pacific Management and Recovery, LLC; Prime Western Investments, LLC; Universal Filing Services, Inc.; Rockwell Management Services, LLC; Asset Filing Services, Inc.; Eagle Filing Services, LLC; Capital Filing Services, Inc.; County Filing Services, Inc.; Irvine Group & Associates; Statewide Associates Group; Superior Filing Services, Inc.; West Coast Filing Services, Inc.; Bagels Consulting Firm, Inc.; Lunsford Investment and Management Services, Inc.; Debt Marketing Solutions, LLC; Debt Tech Solutions, LLC; Heavy Hitters Investments, Inc.; Heavy Hitters Motors, Inc.; Heavy Hitters Real Estate, Inc.; Portfolio Investment Partners, LP; Portfolio Investments Partners, Inc.; Portfolio Investment Group, LP; Portfolio Investment Financial, Inc.; Skyridge Legacy Trust (Jason R. Begley, Trustee); WAL Legacy Trust (Wayne Lunsford, Trustee); Spiff Money Legacy Gift Trust (Wayne Lunsford, Trustee); JRB

Intellect, LLC; JBEG, LLC; LAL Intellect, LLC; Heavy Hitters Spiff Money Management Corp.; Spiff Management, Inc., and each of them by whatever names they might be known.

12. "Secured or unsecured debt relief product or service" means, with respect to any mortgage, loan, debt, or obligation between a person and one or more secured or unsecured creditors or debt collectors, any product, service, plan, or program represented, expressly or by implication, to (a) negotiate, settle, or in any way alter the terms of payment or other terms of the mortgage, loan, debt, or obligation, including but not limited to, a reduction in the amount of interest, principal balance, monthly payments, or fees owed by a person to a secured or unsecured creditor or debt collector; (b) stop, prevent, or postpone any mortgage or deed of foreclosure sale for a person's dwelling, any other sale of collateral, any repossession of a person's dwelling or other collateral, or otherwise save a person's dwelling or other collateral from foreclosure or repossession; (c) obtain any forbearance or modification in the timing of payments from any secured or unsecured holder of any mortgage, loan, debt, or obligation; (d) negotiate, obtain, or arrange any extension of the period of time within which the person may (i) cure his or her default on the mortgage, loan, debt, or obligation, (ii)

reinstate his or her mortgage, loan, debt, or obligation, (iii) redeem a dwelling or other collateral, or (iv) exercise any right to reinstate the mortgage, loan, debt, or obligation or redeem a dwelling or other collateral; (e) obtain any waiver of an acceleration clause or balloon payment contained in any promissory note or contract secured by any dwelling or other collateral; or (f) negotiate, obtain, or arrange (i) a short sale of a dwelling or other collateral, (ii) a deed-in-lieu of foreclosure, or (iii) any other disposition of a mortgage, loan, debt, or obligation other than a sale to a third party that is not the secured or unsecured loan holder. The foregoing shall include any manner of claimed assistance, including, but not limited to, auditing or examining a person's application for the mortgage, loan, debt, or obligation.

## II. DEBT COLLECTION BAN

IT IS ORDERED that the Business Entity Defendants are permanently restrained and enjoined from:

    A. Engaging in debt collection activities;

    B. Assisting others engaged in debt collection activities; and

1   C. Advertising, marketing, promoting, offering for
2 sale, selling, or assisting others engaged in the
3 advertising, marketing, promoting, offering for sale, or
4 selling, of any portfolio of consumer or commercial debt
5 and any program that gathers, organizes, or stores
6 consumer information relating to a debt or debt
7 collection activities.

## III. PROHIBITED MISREPRESENTATIONS RELATING TO FINANCIAL-RELATED PRODUCTS OR SERVICES

IT IS FURTHER ORDERED that the Business Entity Defendants, Business Entity Defendants' officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promotion, offering for sale or sale of any financial related product or service, are permanently restrained and enjoined from:

A. Misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including but not limited to:

1. The terms or rates that are available for any loan or other extension of credit;

8

2. Any person's ability to improve or otherwise affect a consumer's credit record, credit history, credit rating, or ability to obtain credit;

3. That any person can improve any consumer's credit record, credit history, or credit rating by permanently removing negative information from the consumer's credit record, credit history, or credit rating, even where such information is accurate and not obsolete;

4. Any aspect of any secured or unsecured debt relief product or service, including but not limited to, the amount of savings a consumer will receive from purchasing, using, or enrolling in such secured or unsecured debt relief product or service; the amount of time before which a consumer will receive settlement of that consumer's debts; or the reduction or cessation of collection calls;

5. That a consumer will receive legal representation;

6. That any particular outcome or result from a financial-related product or service is guaranteed, assured, highly likely or probable, or very likely or probable;

7. The nature or terms of any refund, cancellation, exchange, or repurchase policy, including, but not limited to, the likelihood of a consumer obtaining a full or partial refund, or the circumstances

in which a full or partial refund will be provided to the consumer; and

      8. Any other fact material to consumers concerning any financial-related product or service, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics; and

B.  Advertising or assisting others in advertising credit terms other than those terms that actually are or will be arranged or offered by a creditor or lender.

**IV. MONETARY JUDGMENT AS TO BUSINESS ENTITY DEFENDANTS**

IT IS FURTHER ORDERED that:

A. Judgment is hereby entered against the Business Entity Defendants, jointly and severally, in the amount of $23,395,653.99. This amount shall become immediately due and payable by the Business Entity Defendants upon entry of this Order, and interest computed at the rate prescribed under 28 U.S.C. § 1961, as amended, shall immediately begin to accrue on the unpaid balance;

B. All funds paid pursuant to this Order shall be deposited into a fund administered by the Commission or its agent to be used for equitable relief, including, but not limited to, consumer redress, and any attendant

expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Business Entity Defendants' practices alleged in the Amended Complaint. Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Business Entity Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

   C. Business Entity Defendants relinquish all legal and equitable right, title, and interest in all assets held by the Receiver including those in the name of and for the benefit of the Business Entity Defendants and any Receivership Defendant. After satisfaction of any Court-authorized payments to the Receiver, the Receiver shall transfer the Business Entity Defendants' remaining assets and the net proceeds, if any, from the sale of any remaining assets belonging to the Business Entity Defendants to the Commission. Business Entity Defendants shall make no claim to or demand for return of the funds, directly or indirectly, through counsel or otherwise.

**V. CUSTOMER INFORMATION**

IT IS FURTHER ORDERED that the Business Entity Defendants, Business Entity Defendants' officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly:

A. Failing to provide sufficient customer information to enable the Commission to administer efficiently consumer redress. If a representative of the Commission requests in writing any information related to redress, Business Entity Defendants must provide it, in the form prescribed by the Commission, within 14 days.

B. Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a consumer's account (including a credit card, bank account, credit report, or other financial account) that any Business Entity Defendant obtained prior to entry of this Order in connection with the collection of consumer debt; and

C. Failing to destroy such customer information in all forms in their possession, custody, or control within

30 days after receipt of written direction to do so from a representative of the Commission.

Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by a law, regulation, or court order.

## VI. ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Business Entity Defendants obtain acknowledgments of receipt of this Order:

A. Each Business Entity Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 15 years after entry of this Order, each Business Entity Defendant for any business that such Business Entity Defendant is the majority owner or controls directly or indirectly, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in the collection of consumer debt; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7

days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which a Business Entity Defendant delivered a copy of this Order, that Business Entity Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## VII. COMPLIANCE REPORTING

IT IS FURTHER ORDERED that the Business Entity Defendants make timely submissions to the Commission:

A. One year after entry of this Order, each Business Entity Defendant must submit a compliance report, sworn under penalty of perjury, each Business Entity Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Business Entity Defendant; (b) identify all of that Business Entity Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Business Entity Defendants must describe

14

if they know or should know due to their own involvement); (d) describe in detail whether and how that Business Entity Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

    B. For 20 years following entry of this Order, each Business Entity Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

        1. Each Business Entity Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any entity that Business Entity Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

    C. Each Business Entity Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or any similar proceeding by or against such Defendant within 14 days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on:_____" and supplying the date, signatory's full name, title, and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. Rincon Management Services, et al., X120019.

## VIII. RECORDKEEPING

IT IS FURTHER ORDERED that the Business Entity Defendants must create certain records for 20 years after entry of the Order, and retain each such record for 5 years. Specifically, each Business Entity Defendant for any business that such Business Entity Defendant is a majority owner or controls directly or indirectly, must create and retain the following records:

    A. Accounting records showing the revenues from all goods or services sold;

    B. Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

    C. Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response; and

    D. All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission.

### IX. COMPLIANCE MONITORING

    IT IS FURTHER ORDERED that, for the purpose of monitoring the Business Entity Defendants' compliance with this Order:

    A. Within 14 days of receipt of a written request from a representative of the Commission, each Business Entity Defendant must: submit additional compliance reports or other requested information, which must be

sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B. For matters concerning this Order, the Commission is authorized to communicate directly with each Business Entity Defendant. The Business Entity Defendants permit representatives of the Commission to interview any employee or other person affiliated with any Business Entity Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C. The Commission may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Business Entity Defendants, or any individual or entity affiliated with Business Entity Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## X. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

Dated: May 2, 2014

VIRGINIA A. PHILLIPS
United States District Judge